# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

I/P ENGINE, INC.

                Plaintiff,

      v.

AOL, INC., *et al.*,

                Defendants.

Civil Action No. 2:11-cv-512

## DEFENDANT GOOGLE INC.'S FIRST AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF I/P ENGINE, INC.'S COMPLAINT

      Defendant Google Inc. ("Google"), by and through its undersigned counsel, hereby answers Plaintiff I/P Engine, Inc.'s ("I/P Engine") Complaint ("Complaint").

## NATURE OF ACTION

      1.    Google admits that this purports to be an action for infringement of U.S. Patent Nos. 6,314,420 ("the '420 patent") and 6,775,664 ("the '664 patent").  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and, on that basis, denies them.  To the extent that the allegations set forth in paragraph 1 relate to other defendants, such allegations require no response from Google.

## JURISDICTION AND VENUE

      2.    Google admits that Plaintiff's claims purport to arise under the United States Patent Act, but denies that such claims have merit.

      3.    Google does not contest that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4.      Google does not contest personal jurisdiction in this District for this case.  Google denies infringing the '420 and '664 patent.  In addition, to the extent that the remaining allegations set forth in paragraph are directed to Google, Google denies the remaining allegations in paragraph 4.  To the extent that the allegations set forth in paragraph 4 relate to other defendants, such allegations require no response from Google.

5.      Google does not contest venue in this District for this case.  Google denies infringing the '420 and '664 patent.  In addition, to the extent that the remaining allegations set forth in paragraph are directed to Google, Google denies the remaining allegations in paragraph 5.  To the extent that the allegations set forth in paragraph 5 relate to other defendants, such allegations require no response from Google.

## PARTIES

6.      Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 and, on that basis, denies them.

7.      The allegations of paragraph 7 of the Complaint are not directed to Google, and therefore no answer is required.

8.      Google admits that it is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google admits that it has facilities and employs workers in the state of Virginia.

9.      The allegations of paragraph 9 of the Complaint are not directed to Google, and therefore no answer is required.

10.     The allegations of paragraph 10 of the Complaint are not directed to Google, and therefore no answer is required.

11.     The allegations of paragraph 11 of the Complaint are not directed to Google, and therefore no answer is required.

## FACTUAL BACKGROUND

### The Inventors' Involvement in Early Search Companies

12.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and, on that basis, denies them.

13.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 and, on that basis, denies them.

14.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and, on that basis, denies them.

15.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and, on that basis, denies them.

16.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and, on that basis, denies them.

17.     Google admits that the amount of content (*e.g.*, web pages) available on the Internet has grown since the mid-to-late 1990s.  Google also admits that users accessed Internet web pages by visiting portal sites, some of which presented content categorized directories through which the users could select links to available web pages.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17 and, on that basis, denies them.

18.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and, on that basis, denies them.

19.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and, on that basis, denies them.

20.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 and, on that basis, denies them.

21.     Google admits that AOL has offered content through AOL.com and other web sites.  Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 and, on that basis, denies them.

22.     Google admits that the increase in volume of available Internet content can create issues for manual categorization processes.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 and, on that basis, denies them.

23.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 and, on that basis, denies them.

24.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 and, on that basis, denies them.

25.     Google admits that query-based search engines incorporating algorithms exist. Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 and, on that basis, denies them.

### The Search Engine Industry

26.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and, on that basis, denies them.

27.     Google admits that GoTo.com, later renamed Overture Services, Inc. ("Overture"),  auctioned the placement of links to web sites in their search results.  In GoTo.com,

whichever bidder bid the most would have the best position on the search results page.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 and, on that basis, denies them.

28.     Google admits that GoTo.com, later renamed Overture, auctioned the placement of links to web sites in their search results.  In GoTo.com, whichever bidder bid the most would have the best position on the search results page.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 and, on that basis, denies them.

29.     Google admits that in GoTo.com, whichever bidder bid the most would have the best position on the search results page, the next highest bidder would appear second in the search results, and each successive entry would be awarded to the next highest bidder.  In GoTo.com, a bidder would only pay the bid amount if an end-user "clicked" on the link to its web site.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29 and, on that basis, denies them.

30.     Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 30 and, on that basis, denies them.

## The '420 and '664 Patents

## Development of the Search Engine Industry

31.      Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and, on that basis, denies them.

32.     Google admits the '420 patent is directed to search engines.  Google denies any remaining allegations in paragraph 32.

33.     Google admits the '664 patent is related to the '420 patent and relates to search engines.  Google denies any remaining allegations in paragraph 33.

34.     Google denies incorporating any technology claimed by the '420 and '664 patents into any of its products.  To the extent that the allegations set forth in paragraph 34 are not directed to Google, no answer is required.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 34 and, on that basis, denies them.

35.     Google denies each and every allegation of paragraph 35 of the Complaint.

36.     Google admits that claim 10 of the '420 patent includes the following language: "A search engine system comprising: a system for scanning a network to make a demand search for informons relevant to a query from an individual user; a content-based filter system for receiving the informons from the scanning system and for filtering the informons on the basis of applicable content profile data for relevance to the query; and a feedback system for receiving collaborative feedback data from system users relative to informons considered by such users; the filter system combining pertaining feedback data from the feedback system with the content profile data in filtering each informon for relevance to the query."  Google denies any remaining allegations in paragraph 36.

37.     Google denies that Google products use the Lang/Kosak Relevance Filtering Technology.  In addition, to the extent that the allegations set forth in paragraph are directed to Google, Google denies the remaining allegations in paragraph 37.  To the extent that the allegations set forth in paragraph 37 are not directed to Google, no answer is required.

38.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and, on that basis, denies them.

### Development of the Search Engine Industry

39.    Google admits that it generates revenue through search advertising.  Paragraph 39 does not include a citation for the quotations.  Google lacks sufficient information to form a belief as to the truth of falsity of the remaining allegations contained in paragraph 39 and on that basis, denies them.

40.    Paragraph 40 does not include a citation for the quotation.  Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 40 and, on that basis, denies them.

41.    Google denies that Google products use the Lang/Kosak Relevance Filtering Technology.  Google also denies marketing its search advertising systems based on the features of the Lang/Kosak Relevance Filtering Technology.  In addition, to the extent that the allegations set forth in paragraph are directed to Google, Google denies the remaining allegations in paragraph 41.  To the extent that the allegations set forth in paragraph 41 are not directed to Google, no answer is required.

### Google's Use of the Patented Technology

42.    Google denies the allegations in paragraph 42.

43.    Google denies that it adopted Lang/Kosak Relevance Filtering Technology with its use of "Quality Score."  AdWords is the online advertising auction system used to display advertisements next to search results on www.google.com.  Google admits that it uses what refers to externally as "Quality Scores" in AdWords, but denies that the allegations of paragraph 43 provide a full and complete description of any "Quality Score".  Google denies any remaining allegations in paragraph 43.

44.     Google admits that AdWords is the online advertising auction system used to display advertisements next to search results on www.google.com.  Google admits that some third party websites include Google services that allow advertisements to be shown on their websites in connection with searches performed through their websites.  The system that performs this function is called AdSense for Search.  Google admits that it uses what is referred to externally as one or more "Quality Scores" in AdWords and AdSense for Search, but denies that the allegations of paragraph 44 provide a full and complete description of any "Quality Score," AdWords, or AdSense for Search.  Google denies any remaining allegations in paragraph 44.

45.     Google admits that some third party websites include Google services that allow advertisements to be shown on their websites in connection with searches performed through their websites.  The system that performs this function is called AdSense for Search.  Google denies that the allegations of paragraph 45 provide a full and complete description of AdSense for Search.  Google denies any remaining allegations of paragraph 45.

46.     Google denies the allegations in paragraph 46.

47.     Google denies the allegations in paragraph 47.

### Google's Knowledge of the Patented Technology

48.     Google denies the allegations of paragraph 48.

49.     Google admits that it was involved in litigation with Overture related to United States Patent No. 6,269,361.  Google admits that in order to resolve this litigation, other issues with Yahoo!.com, Google, Overture and Yahoo! entered into a confidential settlement agreement.  Google admits that as part of that settlement agreement, it entered into a license agreement for United States Patent No. 6,269,361 and any patents or patent applications related

to U.S. Patent Application No. 09/322,677, and any foreign counterparts.  Google denies any remaining allegations in paragraph 49.

50.     Google admits that it incurred a non-recurring non-cash charge of $201.0 million in the third quarter of 2004 related to this settlement.  Google denies any remaining allegations in paragraph 50.

51.      Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 and, on that basis, denies them.

52.     Google lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 and, on that basis, denies them.

53.     Google denies the allegations in paragraph 53.

## AOL's Use of the Patented Technology

54.     The allegations of paragraph 54 of the Complaint are not directed to Google, and therefore no answer is required.

55.     The allegations of paragraph 55 of the Complaint are not directed to Google, and therefore no answer is required.

56.     The allegations of paragraph 56 of the Complaint are not directed to Google, and therefore no answer is required.

57.     Google denies that it adopted Lang/Kosak Relevance Filtering Technology with its use of "Quality Score.  Google admits that AOL Search Marketplace is a rebranded version of Google AdWords.  AdWords is the online advertising auction system used to display relevant advertisements next to search results on www.google.com.  Google admits that it uses what is referred to externally as one or more "Quality Scores" in AdWords, but denies that the

allegations of paragraph 57 provide a full and complete description of any "Quality Score".
Google denies any remaining allegations in paragraph 57.

58.     The allegations of paragraph 58 of the Complaint are not directed to Google, and
therefore no answer is required.

59.     The allegations of paragraph 59 of the Complaint are not directed to Google, and
therefore no answer is required.

60.     The allegations of paragraph 60 of the Complaint are not directed to Google, and
therefore no answer is required.

## AOL's Knowledge of the Patented Technology

61.     The allegations of paragraph 61 of the Complaint are not directed to Google, and
therefore no answer is required.

62.     The allegations of paragraph 62 of the Complaint are not directed to Google, and
therefore no answer is required.

63.     The allegations of paragraph 63 of the Complaint are not directed to Google, and
therefore no answer is required.

64.     The allegations of paragraph 64 of the Complaint are not directed to Google, and
therefore no answer is required.

65.     The allegations of paragraph 65 of the Complaint are not directed to Google, and
therefore no answer is required.

## IAC's Use of the Patented Technology

66.     The allegations of paragraph 66 of the Complaint are not directed to Google, and
therefore no answer is required.

67.     The allegations of paragraph 67 of the Complaint are not directed to Google, and therefore no answer is required.

68.     The allegations of paragraph 68 of the Complaint are not directed to Google, and therefore no answer is required.

69.     Google denies that it adopted Lang/Kosak Relevance Filtering Technology with its use of "Quality Score."  Google admits that IAC's website[s] use a Google search engine and allow advertisements to be shown on its website[s] in connection with searches performed through its website[s].  The system that performs this function is called AdSense for Search. Google admits that it uses what is referred to externally as one or more "Quality Scores" in AdSense for Search, but denies that the allegations of paragraph 69 of the Complaint provide a full and complete description of any "Quality Score".  Google denies any remaining allegations in paragraph 69 of the Complaint.

70.     The allegations of paragraph 70 of the Complaint are not directed to Google, and therefore no answer is required.

71.     The allegations of paragraph 71 of the Complaint are not directed to Google, and therefore no answer is required.

## Others that Use the Patented Technology

72.     The allegations of paragraph 72 of the Complaint are not directed to Google, and therefore no answer is required.

73.     The allegations of paragraph 73 of the Complaint are not directed to Google, and therefore no answer is required.

74.     The allegations of paragraph 74 of the Complaint are not directed to Google, and therefore no answer is required.

75.     Google denies that it adopted Lang/Kosak Relevance Filtering Technology with its use of "Quality Score."  Google admits that Target's website[s] include a Google search engine and allow advertisements to be shown on its website[s] in connection with searches performed through its website[s].  The system that performs this function is called AdSense for Search.  Google admits that it uses what is referred to externally as one or more "Quality Scores" in AdSense for Search, but denies that the allegations of paragraph 75 of the Complaint provide a full and complete description of any "Quality Score".  Google denies any remaining allegations in paragraph 75 of the Complaint.

76.     The allegations of paragraph 76 of the Complaint are not directed to Google, and therefore no answer is required.

77.     Google admits that Target uses Google advertising products.  Google denies the remaining allegations in paragraph 77 of the complaint.

### FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,314,420)

78.     Google incorporates by reference its responses contained in paragraphs 1 through 77 above.

79.     Google admits that the '420 patent appears on its face to be entitled "Collaborative/Adaptive Search Engine."  In addition, Google admits that the patent on its face states that the named inventors of the '420 patent are Messrs Andrew K. Lang and Donald M. Kosak.  Google also admits that what appears to be a true and correct copy of the '420 patent was attached as Exhibit A.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 79 and, on that basis, denies them.

80.     The allegations of paragraph 80 of the Complaint are not directed to Google, and therefore no answer is required.

81.     The allegations of paragraph 81 of the Complaint are not directed to Google, and therefore no answer is required.

82.     The allegations of paragraph 82 of the Complaint are not directed to Google, and therefore no answer is required.

83.     The allegations of paragraph 83 of the Complaint are not directed to Google, and therefore no answer is required.

84.     Google denies the allegations in paragraph 84 of the complaint.

85.     Google denies the allegations in paragraph 85 of the complaint.

86.     Google denies the allegations in paragraph 86 of the complaint.

87.     Google denies the allegations in paragraph 87 of the complaint.

88.     The allegations of paragraph 88 of the Complaint are not directed to Google, and therefore no answer is required.

89.     The allegations of paragraph 89 of the Complaint are not directed to Google, and therefore no answer is required.

90.     The allegations of paragraph 90 of the Complaint are not directed to Google, and therefore no answer is required.

91.     The allegations of paragraph 91 of the Complaint are not directed to Google, and therefore no answer is required.

92.     The allegations of paragraph 92 of the Complaint are not directed to Google, and therefore no answer is required.

93.     To the extent paragraph 93 is directed to Google products, Google denies the allegations of paragraph 93 of the complaint. Paragraph 93 of the Complaint are not directed to Google, and therefore no answer is required.

94.     The allegations of paragraph 94 of the Complaint are not directed to Google, and therefore no answer is required.

95.     The allegations of paragraph 95 of the Complaint are not directed to Google, and therefore no answer is required.

96.     The allegations of paragraph 96 of the Complaint are not directed to Google, and therefore no answer is required.

97.     The allegations of paragraph 97 of the Complaint are not directed to Google, and therefore no answer is required.

98.     To the extent paragraph 98 is directed to Google products, Google denies the allegations of paragraph 8 of the complaint. The allegations of paragraph 98 of the Complaint are not directed to Google, and therefore no answer is required.

99.     The allegations of paragraph 99 of the Complaint are not directed to Google, and therefore no answer is required.

100.    The allegations of paragraph 100 of the Complaint are not directed to Google, and therefore no answer is required.

101.    The allegations of paragraph 101 of the Complaint are not directed to Google, and therefore no answer is required.

102.    The allegations of paragraph 102 of the Complaint are not directed to Google, and therefore no answer is required.

103.    To the extent the allegations in paragraph 103 of the Complaint are directed to Google, Google denies the allegations in paragraph 103.  To the extent the allegations in paragraph 103 of the Complaint are not directed to Google, no answer is required.

104.     To the extent the allegations in paragraph 104 of the Complaint are directed to Google, Google denies the allegations in paragraph 104.  To the extent the allegations in paragraph 104 of the Complaint are not directed to Google, no answer is required.

105.     To the extent the allegations in paragraph 105 of the Complaint are directed to Google, Google denies the allegations in paragraph 105.  To the extent the allegations in paragraph 105 of the Complaint are not directed to Google, no answer is required.

## SECOND CLAIM FOR RELIEF
(Infringement of U.S. Patent NO. 6,775,664)

106.     Google incorporates by reference its responses contained in paragraphs 1 through 105 above.

107.     Google admits that the '664 patent appears on its face to be entitled "Information Filter System and Method for Integrated Content-based and Collaborative/Adaptive Feedback Queries."  In addition, Google admits that the patent on its face states that the named inventors of the '664 patent are Messrs Andrew K. Lang and Donald M. Kosak.  Google also admits that what appears to be a true and correct copy of the '664 patent was attached as Exhibit B.  Google lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 107 on that basis, denies them.

108.     The allegations of paragraph 108 of the Complaint are not directed to Google, and therefore no answer is required.

109.     The allegations of paragraph 109 of the Complaint are not directed to Google, and therefore no answer is required.

110.     The allegations of paragraph 110 of the Complaint are not directed to Google, and therefore no answer is required.

111.    The allegations of paragraph 111 of the Complaint are not directed to Google, and therefore no answer is required.

112.    The allegations of paragraph 112 of the Complaint are not directed to Google, and therefore no answer is required.

113.    Google denies the allegations of paragraph 113 of the Complaint.

114.    Google denies the allegations of paragraph 114 of the Complaint.

115.    Google denies the allegations of paragraph 115 of the Complaint.

116.    Google admits that the Complaint contains reference to the '664 patent.  Google denies the remaining allegations in paragraph 116.

117.    Google admits that the Complaint contains reference to the '664 patent.  Google denies the remaining allegations in paragraph 117.

118.    The allegations of paragraph 118 of the Complaint are not directed to Google, and therefore no answer is required.

119.    The allegations of paragraph 119 of the Complaint are not directed to Google, and therefore no answer is required.

120.    The allegations of paragraph 120 of the Complaint are not directed to Google, and therefore no answer is required.

121.    The allegations of paragraph 121 of the Complaint are not directed to Google, and therefore no answer is required.

122.    The allegations of paragraph 122 of the Complaint are not directed to Google, and therefore no answer is required.

123.    To the extent paragraph 123 is directed to Google products, Google denies the allegations of paragraph 123of the complaint.

124.    The allegations of paragraph 124 of the Complaint are not directed to Google, and therefore no answer is required.

125.    The allegations of paragraph 125 of the Complaint are not directed to Google, and therefore no answer is required.

126.    The allegations of paragraph 126 of the Complaint are not directed to Google, and therefore no answer is required.

127.    The allegations of paragraph 127 of the Complaint are not directed to Google, and therefore no answer is required.

128.    To the extent paragraph 128 is directed to Google products, Google denies the allegations of paragraph 128 of the complaint.

129.    The allegations of paragraph 129 of the Complaint are not directed to Google, and therefore no answer is required.

130.    The allegations of paragraph 130 of the Complaint are not directed to Google, and therefore no answer is required.

131.    The allegations of paragraph 131 of the Complaint are not directed to Google, and therefore no answer is required.

132.    The allegations of paragraph 132 of the Complaint are not directed to Google, and therefore no answer is required.

133.    To the extent the allegations in paragraph 133 of the Complaint are directed to Google, Google denies the allegations in paragraph 133.  To the extent the allegations in paragraph 133 of the Complaint are not directed to Google, no answer is required.

134.    To the extent the allegations in paragraph 134 of the Complaint are directed to Google, Google denies the allegations in paragraph 134.  To the extent the allegations in paragraph 134 of the Complaint are not directed to Google, no answer is required.

135.    To the extent the allegations in paragraph 135 of the Complaint are directed to Google, Google denies the allegations in paragraph 135.  To the extent the allegations in paragraph 135 of the Complaint are not directed to Google, no answer is required.

## DEMAND FOR JURY TRIAL

136.    Google admits that plaintiff has requested a trial by jury, and joins in that demand.

## PRAYER FOR RELIEF

1.    Google denies that it has infringed at least one claim of the '420 or '664 patent and that Plaintiff is entitled to any relief.

2.    Google denies that Plaintiff is entitled to any damages

3.    Google denies that Plaintiff is entitled to costs and attorneys' fees.

4.    Google denies that Plaintiff is entitled to any further relief.

## DEFENSES

137.    Without admitting or acknowledging that it bears the burden of proof as to any of them, Google asserts the following affirmative and other defenses.

## FIRST DEFENSE
### Non-Infringement of the I/P Engine patents

138.    Google has not infringed, and is not infringing, any valid claim of the '420 patent or the '664 patent (collectively, the "I/P Engine patents").

**SECOND DEFENSE**
**Invalidity and/or Enforceability of the I/P Engine patents**

139.    The claims of the I/P Engine patents are invalid for failure to satisfy one or more

conditions of patentability set forth in Title 35 of the United States Code, including, but not

limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THIRD DEFENSE**
**Laches/Estoppel**

140.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the

equitable doctrines of laches and estoppel.

**FOURTH DEFENSE**
**Limitation on Damages and Recovery**

141.    Plaintiff's ability to recover damages is limited by the provisions of 35 U.S.C. §§

286-287.

**GOOGLE'S COUNTERCLAIMS FOR DECLARATORY RELIEF**

Google, for its counterclaims against Plaintiff I/P Engine, states and alleges as follows:

**NATURE OF THE ACTION**

142.    These counterclaims seek declaratory judgments of non-infringement and

invalidity of the '420 and '664 patents asserted by I/P Engine in this action.  Google seeks

judgment under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory

Judgment Act, 28 U.S.C. § 2201, 2202.

**PARTIES**

143.    Google is a corporation organized and existing under the laws of Delaware, with

its corporate headquarters at 1600 Amphitheatre Parkway, Mountain View, California 94043.

144.    I/P Engine has alleged that it is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

145.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

146.    Plaintiff I/P Engine has consented to personal jurisdiction of this Court by commencing its action for patent infringement in this Court.

147.    To the extent the action initiated by I/P Engine's Complaint is adjudicated in this District, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

148.    The '420 patent was issued by the United States Patent and Trademark Office on November 6, 2001.  Plaintiff I/P Engine, based on averments in its Complaint, claims to be the assignee of the '420 patent and claims to hold the right to sue and recover for past, present, and future infringement thereof.  Plaintiff I/P Engine also claims that Google has infringed the '420 patent.

149.    The '664 patent was issued by the United States Patent and Trademark Office on August 10, 2004.  Plaintiff I/P Engine, based on averments in its Complaint, claims to be the assignee of the '664 patent and claims to hold the right to sue and recover for past, present, and future infringement thereof.  Plaintiff I/P Engine also claims that Google has infringed the '664 patent.

## COUNT I

### (DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF THE '420 PATENT)

150.   An actual and justiciable controversy exists between Google and Plaintiff as to Google's non-infringement of the '420 patent, as evidenced by Plaintiff's Complaint and Google's Answer to Plaintiff's Complaint.

151.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google is entitled to a declaration of the Court that Google has not infringed and does not currently infringe any claim of the '420 patent, either directly, contributorily, or by inducement.

## COUNT II

### (DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF THE '664 PATENT)

152.   An actual and justiciable controversy exists between Google and Plaintiff as to Google's non-infringement of the '664 patent, as evidenced by Plaintiff's Complaint and Google's Answer to Plaintiff's Complaint.

153.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google is entitled to a declaration of the Court that Google has not infringed and does not currently infringe any claim of the '664 patent, either directly, contributorily, or by inducement.

## COUNT III

### (DECLARATORY RELIEF REGARDING INVALIDITY OF THE '420 PATENT)

154.   An actual and justiciable controversy exists between Google and Plaintiff as to the validity of the '420 patent, as evidenced by Plaintiff's Complaint and Google's Answer to Plaintiff's Complaint.

155.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google is entitled to a declaration of the Court that each claim of the '420 patent is invalid for failure to

satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United

States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT IV

## (DECLARATORY RELIEF REGARDING INVALIDITY OF THE '664 PATENT)

156.    An actual and justiciable controversy exists between Google and Plaintiff as to the

validity of the '664 patent, as evidenced by Plaintiff's Complaint and Google's Answer to

Plaintiff's Complaint.

157.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google is

entitled to a declaration of the Court that each claim of the '664 patent is invalid for failure to

satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United

States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests:

1)    A judgment in favor of Google denying Plaintiff all relief requested in this action

and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2)    A judgment declaring that each claim of the '420 patent and each claim of the '664

patent is invalid and/or unenforceable;

3)    A judgment declaring that Google has not infringed and is not infringing any

valid and/or enforceable claim of the '420 patent or the '664 patent, and that Google has not

contributed to or induced and is not contributing to or inducing infringement of any valid and

enforceable claim of the '420 patent or the '664 patent;

4)    A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and

awarding Google its costs, expenses, and reasonable attorneys' fees; and

5)      That the Court award Google such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL


Pursuant to Rule 38 of the Federal Rules for Civil Procedure, Google hereby requests a trial by jury for all issues so triable.

DATED: December 5, 2011

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624.3000
Facsimile:  (757) 624.3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Attorneys for Google  Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2011, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

*Counsel for Plaintiff, I/P Engine, Inc.*

Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

*Counsel for Google Inc.,*
*Target Corporation,*
*IAC Search & Media, Inc., and*
*Gannett Co., Inc.*

                                                  */s/ Stephen E. Noona*
                                                  Stephen E. Noona
                                                  Virginia State Bar No. 25367
                                                  KAUFMAN & CANOLES, P.C.
                                                  150 West Main Street, Suite 2100
                                                  Norfolk, VA 23510
                                                  Telephone:  (757) 624.3000
                                                  Facsimile:  (757) 624.3169
                                                  senoona@kaufcan.com

11434978_1.DOC