UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

I/P ENGINE, INC.

        Plaintiff,

v.

AOL, INC., *et al.*,

        Defendants.

Civil Action No. 2:11-cv-512

**BRIEF IN SUPPORT OF DEFENDANTS GOOGLE INC.'S AND IAC SEARCH & MEDIA, INC.'S MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37, Defendants Google Inc. ("Google") and IAC Search & Media, Inc. ("IAC Search") move to compel Plaintiff I/P Engine, Inc. ("Plaintiff") to provide supplemental infringement contentions for Google Search, Google AdWords, Google AdSense for Search, and IAC Search's Ask Sponsored Listings ("ASL").[1] Plaintiff has repeatedly refused to supplement its infringement contentions to provide its allegations regarding where each claim limitation is found in each accused product, despite its obligations and prior agreement to do so.

*First*, Plaintiff has failed to produce *any* supplemental infringement contentions with respect to Google Search and ASL. Plaintiff provided initial infringement contentions about

---

[1] For simplicity, we refer to Google and IAC Search collectively as "Defendants" in this brief.

1

these products based solely upon publicly-available information. Because Plaintiff did not have the benefit of Google's and IAC Search's documents, its initial infringement contentions were noticeably incomplete in many regards. It now has no excuse. Google and IAC Search have produced technical documents. Plaintiff must now provide supplemental contentions with respect to these products or drop them from the case.

*Second*, while Plaintiff did provide supplemental infringement contentions with respect to Google AdWords and AdSense for Search, these contentions are insufficient. Importantly, they fail to address key limitations of the patents-in-suit.

Plaintiff was supposed to supplement all of its infringement contentions no later than February 17, 2012. This date has now come and passed. Despite repeated requests by Defendants, Plaintiff has simply refused to provide any more information on the issue of infringement contentions. The parties are on the cusp of litigating claim construction, yet Defendants do not understand why their products allegedly infringe the patents-in-suit. Defendants are entitled to know how each of their products allegedly meets each of the limitations of the asserted claims so that they can defend themselves.

For all these reasons, Defendants respectfully request that the Court compel Plaintiff to supplement its infringement contentions to address the issues raised by Defendants.

## II. FACTUAL BACKGROUND

### A. Plaintiff Agreed to Supplement its Early Infringement Contentions

On November 4, 2011, the parties agreed that Plaintiff would serve infringement contentions based on publically available information on November 7 (for Google) and November 11 (for all other defendants). The parties also agreed that Defendants would produce technical documents related to the accused products from their technical repositories by December 7, 2011 (for Google) and December 12, 2011 (for all other defendants). (Declaration

2

of Emily C. O'Brien ("O'Brien Decl."), Ex. A, 1-2.) Even though they had no obligation to do so, Defendants agreed to produce technical documents early in the case in exchange for receiving fulsome infringement contentions from the Plaintiff. (O'Brien Decl., ¶ 3.)

On November 7, 2011, Plaintiff served infringement contentions for Google Search, AdWords, and AdSense for Search. (*Id.*, Exs. B-C.) On November 11, 2011, Plaintiff served infringement contentions for IAC Search's ASL, for AOL's Advertising.com Sponsored Listings ("AOL Sponsored Listings"), and for the use of Google AdSense for Search by IAC Search, AOL, Gannett, and Target. (*Id.*, Exs. D-I.) On December 7, Plaintiff served its responses to Google's First Set of Interrogatories. (*Id.*, Ex. J.) Plaintiff incorporated its infringement contentions served on November 7 and 11, 2011 in response to Google's Interrogatory Nos. 5 and 7. (*Id.*, 8-13.)

On December 7, 2011, Google produced 217,614 pages of technical documents from its technical repositories regarding AdWords, Search and AdSense for Search. (O'Brien Decl., Ex. K, 1.) As of January 18, 2012, IAC Search produced almost 20,000 pages of documents regarding ASL and IAC Search's use of AdSense for Search. (O'Brien Decl., ¶ 14.) These Google and IAC Search document productions included technical specifications, design requirements and other technical documentation. (*Id.*, ¶ 15.) Notably, all of these documents were produced months prior to the March 9, 2012 date set by the Court for beginning document production, as part of the parties' agreement regarding infringement contentions. (Dkt. 83.)

In January 2012, Defendants requested that Plaintiff supplement its infringement contentions to account for the technical documents produced. (O'Brien Decl., Ex. L, 2.) After correspondence and meet and confers, Plaintiff agreed to supplement its infringement contentions no later than February 17, 2012. (O'Brien Decl., ¶ 17.)

On February 17, 2012, Plaintiff served its supplemental infringement contentions. These contentions included supplementations for Google AdWords and AdSense for Search (O'Brien Decl., Ex. M.), for the other defendants' use of AdSense for Search, and for AOL Sponsored Listing. Plaintiff's infringement contentions, however, did not include a supplementation for Google Search or IAC Search's ASL. And it was insufficient as to AdWords for reasons detailed below.

### B. Plaintiff Has Refused to Supplement Its Infringement Contentions Despite Defendants' Meet-and-Confer Efforts

On February 27, 2012, Defendants sent a letter to Plaintiff raising a number of deficiencies with Plaintiff's supplemental infringement contentions that made these contentions inadequate and insufficient to understand Plaintiff's allegations regarding the accused products in the case. (*Id.*, Ex. N.) Specifically, Defendants noted that claim 10(b) from U.S. Patent No. 6,314,420 ("the '420 Patent") requires "a system for scanning a network to make a demand search for informons relevant to a query from an individual user." (*Id.*, 1.) Plaintiff failed to identify what it contends in AdWords or AdSense for Search involves "scanning a network." (*Id.*) Claim 10(d) of the '420 Patent requires "collaborative feedback data" received by the system. (*Id.*) Defendants noted that Plaintiff had not identified what it contends is "collaborative feedback data" received by AdWords or AdSense for Search. (*Id.*)

Similarly, Defendants pointed to a number of deficiencies in Plaintiff's contentions regarding U.S. Patent No. 6,775,664 ("the '664 Patent"). (*Id.*, 2-3.) For example, Defendants pointed out that Plaintiff failed to identify the "scanning system" (Claim 1(b)) and "feedback system" (Claim 1(c)) found in Google AdWords or AdSense for Search. (*Id.*, 2.) For the '664 Patent, Defendants also raised their concern that Plaintiff failed to show how AdWords or AdSense for Search information is filtered "for relevance to . . . the query" (Claim 1(d)). (*Id.*)

4

Defendants also noted that Plaintiff failed to provide any supplemental infringement contentions for Google Search and ASL. (*Id.*, 3.) Plaintiff failed to provide this supplementation despite the substantial technical production by Google and IAC Search related to these accused products.

On February 29, 2012, Plaintiff sent a letter refusing to further supplement any of its contentions, and stating that it believed that its supplemental infringement contentions were sufficient. (O'Brien Decl., Ex. O.) On March 1, 2012, the parties met and conferred by telephone. On this call, Plaintiff refused to supplement its infringement contentions to address the concerns raised by Defendants in Defendants' February 27, 2012 letter. (*Id.*, Ex. P.) During that call, Defendants noted that Plaintiff's contentions did not mention "collaborative filtering" and asked whether it was Plaintiff's position that the patents do not require collaborative filtering. (*Id.*, 2.) Plaintiff refused to respond, except to state that it believed it had identified the element in Google's advertising system that meets the requirement for collaborative filtering in the patent claims. (*Id.*) Defendants asked that Plaintiff point out where in the contentions Plaintiff thought it had pointed to collaborative filtering. (*Id.*) Plaintiff refused. (*Id.*) In fact, Plaintiff similarly refused to discuss any of the substantive issues raised by Defendants' February 27, 2012 letter. (*Id.*) After the parties' meet and confer, the parties exchanged four more letters regarding these issues, but Plaintiff continued to refuse to supplement its infringement contentions as requested by Defendants. (*Id.*, Exs. Q-T.)

On March 14, 2012, Plaintiff for the first time offered to supplement its infringement contentions, incorrectly suggesting it had done so on the call the day before.[2] (*Id.*, Ex. U.) In

---

[2] On March 13, 2012, the parties met and conferred regarding a proposed discovery stipulation and ESI Agreement. (O'Brien Decl., ¶ 25.) At no time during that call did Plaintiff

5

any event, Plaintiff did not articulate what this supplementation would include, whether it would address Defendants' concerns, or when it would occur. (*Id.*) Defendants sought clarification regarding the time frame and extent to which the supplement would address Defendants' concerns. (*Id.*) Despite multiple emails over the next two days, and a voicemail from Plaintiff, Plaintiff refused to respond to Defendants' request for confirmation that the supplemental infringement contentions would address all issues raised by Defendants. (*Id.*, Ex. V.) Plaintiff also continued to refuse to commit to a date certain by which it would amend its contentions and began ignoring Defendants' correspondence on the issue. (*Id.*)

Under the Scheduling Order entered by the Court in this case, the parties' deadline to exchange claim terms for construction was March 14, 2012. (Dkt. 90, 5.) The parties' deadline to exchange proposed claim constructions and intrinsic and extrinsic evidence in support was March 21, 2012. (*Id.*) The parties will submit opening claim construction briefs on or before April 12, 2012, and reply briefs on or before May 3, 2012. (*Id.*) The Markman Hearing is scheduled for June 4, 2012. (*Id.*)

### III. ARGUMENT

#### A. Plaintiff Should Be Required to Supplement Its Infringement Contentions for Google Search and Ask Sponsored Listings

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling disclosure or discovery." The trial court has broad discretion in deciding whether to grant a motion to compel. *Graves v. Industrial Power Generating Corp.*, Civil Action No. 3:09cv717, 2010 WL 2943079 at *4 (E.D. Va. Jul. 20, 2010) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). This Court

---

suggest that it would be supplementing its infringement contentions to respond to the issues raised by Defendants. (*Id.*)

has compelled discovery where a party failed to provide discovery responses, *Graves*, 2010 WL 2943079 at *4, and where a party provided deficient discovery responses. *Wu v. Tseng*, Civil Action No. 2:06cv346, 2007 WL 4143077 (E.D. Va. Nov. 19, 2007).

A plaintiff in a patent suit bears the burden of proving infringement by showing that each accused product includes each and every element of the asserted claims. As such, the plaintiff must provide the defendant with clear notice of its infringement theories so that the defendant can adequately prepare its defense. *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, Civil Action No. 6:09cv89, 2009 WL 4906860 (E.D. Tex. Dec. 9, 2009) (granting motion to compel supplemental interrogatory response regarding infringement contentions). *See also In re Papst Licensing GMBH & Co. KG Litigation*, 273 F.R.D. 339, 343-4 (D. D.C. 2011) (granting sanctions where plaintiff failed to supplement its contentions with the specificity required by the court); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1026 (N.D. Cal. 2010) (granting motion to compel supplementation of infringement contentions); *Diagnostic Sys. Corp. v. Symantec Corp.*, 2009 U.S. Dist. Lexis 53916, * 6 (C.D. Cal. June 5, 2009) (same); *McKesson Information Solutions LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 694-695 (N.D. Ga. 2007) (same); *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 528-529 (E.D. Tex. 2005) (rejecting infringement contentions mimicking the claim language and requiring further specificity, especially in light of plaintiff's access to defendant's source code). Plaintiff's preliminary infringement contentions as to Google Search and ASL do not provide sufficient notice.

Plaintiff's initial infringement contentions relied solely on publicly available information. (O'Brien Decl., Exs. B-I.) From these infringement contentions, Defendants could not determine how Plaintiff contended that the accused products met all of the elements of the asserted claims

of the patents-in-suit. For example, Plaintiff's initial infringement contentions did not explain how the accused products met the elements of the asserted claims related to "collaborative filtering"—an element of each of the independent claims of the '420 Patent. (*See, e.g., id.*, Ex. B, 6-7, 9-10; Ex. D, 6-8.) Google and IAC Search produced extensive technical documents which describe the functionality of these accused products as of December 7, 2011 and January 18, 2012. (*Id.*, Ex. K; *see also id.*, ¶ 14.) Plaintiff has now been in possession of Google's and IAC Search's confidential technical documents for many weeks. (*Id.*) Despite this, Plaintiff has refused to supplement its infringement contentions as to these accused devices.

Plaintiff may argue that it needs additional information from Defendants or that it will provide further supplementation after claim construction. Neither argument excuses its duty to supplement. *Balsam*, 2009 WL 4906860 at *4. Defendants expended significant time and resources to produce a substantial number of confidential technical documents to Plaintiff early in the litigation. (O'Brien Decl., Ex. K; *id.*, ¶¶ 14-15.) Plaintiff has had ample time to review these documents and supplement its contentions. If Plaintiff is missing any information, it has not specified what information it still needs. Instead, Plaintiff has simply refused to supplement its contentions without good cause. And the fact that the parties will soon be litigating claim construction issues should require Plaintiff to supplement its infringement contentions now, not later. The Federal Circuit has recognized that claim construction is a process that should be informed by infringement and invalidity issues and not one that is done in the abstract. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-7 (Fed. Cir. 2006) ("Therefore, in reviewing claim construction in the context of infringement, the legal function of giving meaning to claim terms always takes place in the context of a specific accused infringing device or process. While a trial court should certainly not prejudge the ultimate infringement

analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction."). Plaintiff's refusal to supplement hinders that process.

For the reasons set forth above, Defendants respectfully request that the Court order Plaintiff to supplement its infringement contentions to clearly identify how the accused products infringe the patents-in-suit. If despite Defendants' extensive technical production Plaintiff still cannot supplement its infringement contentions to demonstrate how Google Search and ASL meet every limitation of the asserted claims, then Plaintiff should drop its claims against Google Search and ASL for lack of evidence that these services infringe the patents-in-suit.

### B. Plaintiff Should Be Required to Supplement Its Infringement Contentions for Google AdWords and AdSense for Search

Despite providing both initial and supplemental infringement contentions with respect to Google AdWords and AdSense, Plaintiff has failed to explain how these products include key claim limitations. For example, the asserted claims of the '420 Patent require a system or method for receiving "collaborative feedback data." (O'Brien Decl., Ex. W, 28:1-15, 28:41-45, 29:32-45, 29:48-49.) Independent claim 10 recites:

> 10. (a) A search engine system comprising:
> (b) a system for scanning a network to make a demand search for informons relevant to a query from an individual user;
> (c) a content-based filter system for receiving the informons from the scanning system and for filtering the informons on the basis of applicable content profile data for relevance to the query; and
> (d) a feedback system for receiving *collaborative feedback data* from system users relative to informons considered by such users;
> (e) the filter system combining pertaining feedback data from the feedback system with the content profile data in filtering each informon for relevance to the query.

(*Id.*, claim 10 (emphasis added).) Indeed, the '420 Patent is titled "Collaborative/adaptive Search Engine." (*Id.*) The term "collaborative feedback data" is thus integral to '420 Patent and its asserted claims.[3]

Despite the importance of the limitation, Plaintiff refuses to identify in its infringement contentions what "collaborative feedback data" is received by AdWords or AdSense for Search. (O'Brien Decl., Ex. M, 8-9.) In its supplemental infringement contentions, Plaintiff never once uses the term "collaborative feedback data" in discussing the accused AdWords and AdSense for Search products. (*Id.*) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Plaintiff's refusal to identify the "collaborative feedback data" that is received by AdWords and AdSense for Search prevents Google from being able to adequately prepare its non-infringement defense. *Balsam*, 2009 WL 4906860 at *4.

If Plaintiff contends that Google AdWords and AdSense for Search do not have to receive "collaborative feedback data" to infringe the patents-in-suit, Google is entitled to know this now in order to prepare its invalidity defense. *See Peters v. Active Mfg. Co.*, 129 US 530. 538 (1889) ("That which infringes, if later, would anticipate, if earlier."). In addition, Plaintiff's identification of what "collaborative feedback data" AdWords and AdSense for Search receive is relevant to claim construction. As such, Plaintiff's failure to articulate how this limitation is met by AdWords and AdSense for Search is severely hindering Google's ability to defend itself.

---

[3] Strangely, in Plaintiff's March 5, 2012 letter, Plaintiff appears to disagree that the claims require collaborative filtering. (O'Brien Decl., Ex. Q at 1.)

Plaintiff's supplementation also fails to include numerous other limitations of the independent claims of the patents-at-issue. Plaintiff's supplementation fails to identify what in AdWords and AdSense for Search involves "scanning a network" as required by Claims 10(b) and 25(b) of the '420 Patent. (*See* O'Brien Decl., Ex. M, 6-7, 12-13.) Plaintiff's supplementation fails to identify where the "scanning system" and "feedback system" are found in Google AdWords and AdSense for Search, as required by Claims 1(b) and (c) respectively of the '664 Patent. (*Id.*, 19-20.) And Plaintiff's supplementation fails to identify how or through what in AdWords and AdSense for Search information is filtered for relevance to the query as required by Claim 1(d) of the '664 Patent. (*Id.*, 20-21.)

As stated above, if Plaintiff has a good faith basis for proceeding with its claims against Google AdWords and AdSense for Search, then it should disclose that basis. If Plaintiff does not have a good faith basis to proceed, it should withdraw its claims against Google AdWords and AdSense for Search, and the other defendants' use of AdSense for Search. Defendants unsuccessfully have attempted in good faith to resolve these issues and to obtain the information sought, which is crucial to its defenses in this matter; Plaintiff's failure to provide these contentions is substantially prejudicing the defendants. Accordingly, Defendants respectfully request that the Court compel Plaintiff to identify where it alleges all limitations of the asserted claims are found in Google AdWords and AdSense for Search as well as the evidence it is relying upon for these allegations.

## IV. CONCLUSION

For the foregoing reasons, Defendants Google and IAC Search respectfully request that the Court compel Plaintiff to supplement its infringement contentions to address Defendants' concerns raised above.

DATED: March 27, 2012     /s/ *Stephen E. Noona*
                Stephen E. Noona
                Virginia State Bar No. 25367
                KAUFMAN & CANOLES, P.C.
                150 West Main Street, Suite 2100
                Norfolk, VA 23510
                Telephone: (757) 624.3000
                Facsimile: (757) 624.3169
                senoona@kaufcan.com

                David Bilsker
                David A. Perlson
                QUINN EMANUEL URQUHART &
                 SULLIVAN, LLP
                50 California Street, 22nd Floor
                San Francisco, California 94111
                Telephone: (415) 875-6600
                Facsimile: (415) 875-6700
                davidbilsker@quinnemanuel.com
                davidperlson@quinnemanuel.com

                *Attorneys for Google Inc., and IAC Search & Media, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*


Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Google Inc.,
Target Corporation,
IAC Search & Media, Inc.,
Gannet Co., Inc. and AOL, Inc.*

/s/ *Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624.3000
Facsimile: (757) 624.3169
senoona@kaufcan.com