IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



I/P ENGINE, INC.

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:11cv512

AOL, INC., et al.,

        Defendants.

### *MEMORANDUM ORDER*

Before the Court is Defendants' Motion for Reconsideration in Part of the Court's Claim Construction Order. The parties have fully briefed the matter, and it is now ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Reconsideration is **GRANTED in part and DENIED in part.**

### I. BACKGROUND & PROCEDURAL HISTORY

On June 4, 2012, the Court held a hearing to construe the following terms: (1) *"collaborative feedback data"*; (2) *"[feedback system for] receiving information found to be relevant to the query by other users"*; (3) *"scan[ning] a network"*; (4) *"a scanning system"*; (5) *"demand search"*; and (6) *"Order of Steps."* After the hearing, the Court entered a Memorandum Opinion & Order on June 15, 2012 construing the aforementioned terms.

Now, Defendants come before the Court and ask it to reconsider its claim construction for the terms *"collaborative feedback data"* (from Claims 10 and 25 of the '420 patent) and

1

*"[feedback system for] receiving information found to be relevant to the query by other users"* (from claims 1 and 26 of the '664 patent). They contend that the Court's construction of these terms was the result of a misunderstanding of the parties' actual dispute. Moreover, Defendants claim that the Court's construction of *"collaborative feedback data"* fails to take into account the parties' agreement that "collaborative feedback" requires feedback from users "with similar interests or needs." Mem. Supp. Mot. Recons. 1.

## II. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, an interlocutory order is subject to revision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). However, the district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of a final judgment. *See Am. Canoe Ass'n*, 326 F.3d at 514. Instead, the district judge may exercise discretion to afford relief from interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.32d at 1473. A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Gordon v. ArmorGroup, N.A., Inc.*, No. 1:10cv002, 2010 WL 4272979, at *1 (E.D. Va. Oct. 19, 2010).

## III. DISCUSSION

### A. *"collaborative feedback data"*

The Court construed the term *"collaborative feedback data"* as it appears in Claims 10 and 25 of the '420 patent as "data from system users regarding what informons such users found to be relevant."

Defendants maintain that both parties recognize that the data must come from "users with similar interests or needs." Mem. Supp. 1. In its Memorandum in Opposition to Defendants' Motion for Reconsideration, Plaintiff does not dispute that the parties were in agreement with respect to this requirement. The crux of Plaintiff's opposition is that Defendants attempt to merely rehash arguments the Court has previously rejected.

Notwithstanding Plaintiff's argument, the Court concludes that it inadvertently misconstrued the central dispute between the parties as whether the system users must have "similar interests or needs" and not whether the data must come *from* those users. The Court resolved the latter question in favor of Defendants' construction when it determined that the data must come from system users. While the Court's misunderstanding resulted in a belief that only the Defendants desired to create an additional limitation, it is clear that both parties agree that such a limitation exists.

While the Federal Circuit has tasked the trial court with making its own independent assessment of each term, a clearer understanding of the parties' dispute suggests that the Court's independent assessment was inaccurate. The Plaintiffs, in their Claim Construction Brief, argue: "As the specification indicates, the system considers " 'what informons other users with similar interests or needs found to be relevant.' The parties agree that this is the claimed 'collaborative

3

feedback data' but only I/P Engine's proposal faithfully adheres to the specification's description." *See* Pl.'s Claim Constr. Br. 22. It is clear that Plaintiff disagreed with Defendants' construction only insofar as it required that the data originate from the system users. Therefore, the Court reasons that the insertion of the phrase "with similar interests or needs" was not the result of an attempt to narrowly construe the claim but the result of an agreement between the parties upon a disputed phrase and a proper interpretation of the specification.

It is the duty of the Court to grant a motion for reconsideration to correct a clear error of law. *See Hutchinson*, 994 F.2d at 1081. Based on the Court's misunderstanding of the parties' dispute, the Court finds that such an error occurred. Therefore, the Court amends its construction of the term *"collaborative feedback data"* as it appears in Claims 10 and 25 of the '420 patent to "data from system users with similar interests or needs regarding what informons such users found to be relevant."

B. *"[feedback system for] receiving information found to be relevant to the query by other users"*

The term *"[feedback system for] receiving information found to be relevant to the query by other users"* appears in Claims 1 and 26 of the '664 patent. In its Memorandum Opinion and Order, the Court found that no construction of this term was necessary because it concluded that the meaning of the term was apparent from the claim language itself.

Defendants argue that because a dispute exists between the parties as to whether the information received must come from "other users with similar interests or needs," the Court should resolve this dispute by construing the term as Defendants propose. However, Defendants have failed to sufficiently prove that the Court's previous conclusion warrants reconsideration.

4

Consequently, the Court finds that the meaning of this term is in fact apparent from the claim language itself.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that the term *"collaborative feedback data"* as it appears in Claims 10 and 25 of the '420 patent be defined as "data from system users with similar interests or needs regarding what informons such users found to be relevant."

**IT IS FURTHER ORDERED** that the meaning of the term *"[feedback system for] receiving information found to be relevant to the query by other users"* is apparent from the claim language itself.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 16, 2012

5