**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 2:11-cv-512 |
| ) | |
| AOL, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF I/P ENGINE, INC.'S**
**SECOND MOTION FOR DISCOVERY SANCTIONS**
**REGARDING UNTIMELY DISCOVERY RESPONSES**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff I/P Engine, Inc. ("I/P Engine") requests that this Court remedy the untimely and highly prejudicial discovery tactics employed by Defendants by precluding them from using in any form (including any reliance thereon by their experts), for any purpose in this litigation:

1. Google's First Supplemental and Second Supplemental Responses to I/P Engine's Interrogatory No. 15, served on August 29, and September 13, respectively, which is directed to Google's revenues for its U.S. based properties. I/P Engine also seeks to have stricken any reliance by Defendants' damages expert, Dr. Keith Ugone, on these Supplemental Interrogatory Responses or the data included in these responses;

2. Emails and the information provided therein produced as Bates Nos. G-IPE-0888897, G-IPE-0888898-99, G-IPE-0888900 and G-IPE-888901-02. I/P Engine also seeks to preclude and have stricken any reliance by Defendants' damages expert, Dr. Ugone, on these emails or the data provided therein; and

3. Google's Supplemental Response to I/P Engine's Interrogatory No. 9, served on August 30, which is directed to Google's non-infringing alternatives contentions. I/P Engine also seeks to preclude and have stricken any reliance by Google's experts, Dr. Ugone and Dr. Ungar, on these responses and the information provided therein.

For the reasons set forth in the accompanying Memorandum in Support of Plaintiff I/P Engine, Inc.'s Second Motion for Discovery Sanctions Regarding Untimely Discovery Response, precluding the use of and striking these untimely discovery responses is the only meaningful remedy for Google's violation of the discovery rules. Any other remedy (such as an extension of time) would reward Google for its dilatory tactics.

Dated: September 21, 2012

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Dawn Rudenko Albert
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Counsel for Plaintiff I/P Engine, Inc.

## **CERTIFICATE OF GOOD FAITH**

In accordance with Local Rule 37(E), I certify that counsel conferred in good faith to resolve this dispute prior to the filing of the present Motion. Counsel's meet-and-confer efforts included correspondence and telephonic meet-and-confers.

    /s/ Charles J. Monterio, Jr.
Charles J. Monterio, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2012, the foregoing **PLAINTIFF I/P ENGINE, INC.'S SECOND MOTION FOR DISCOVERY SANCTIONS REGARDING UNTIMELY DISCOVERY RESPONSES**, was served via the Court's CM/ECF system and via Hand Delivery, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

/s/ Jeffrey K. Sherwood