**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 2:11-cv-512 |
| | ) |
| AOL, INC. et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF I/P ENGINE, INC.'S**
**THIRD MOTION *IN LIMINE* TO EXCLUDE IMPROPER PRIOR ART EVIDENCE**

**I.      INTRODUCTION**

Pursuant to Rules 26(a)(2) and 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiff I/P Engine, Inc. ("I/P Engine") requests that this Court preclude Defendants (collectively "Google") from calling at trial three individuals who are named in Defendants' September 19, 2012 Rule 26(b)(3) disclosures. Those three "prior art witnesses" – Messrs. Culliss, Ortega, and Rose – are inventors of three different prior art patents that Google plans to use to support its invalidity case. Google clearly intends to elicit expert testimony from these witnesses, even though they were never disclosed as experts. Based upon the existence of documents on Defendants' Rule 26(a)(3) list of exhibits, served on September 19, 2012, Google also intends to expand the scope of its prior art case with documents about purported commercial embodiments of these witnesses' inventions, and about their businesses that have never been identified by Google as prior art. Such testimony is plainly prohibited by the applicable rules, case law

1

interpreting those rules, and indeed by the logic of the Court's ruling on September 18 on IPE's First Motion for Discovery Sanctions.

Every item of prior art that Google disclosed during discovery is a printed patent: for purposes of this motion, those references are the Culliss, Ortega, and Rose patents, which were the subject of a previous motion to exclude because they were known, but not disclosed until July 2, 2012. No products, commercial embodiments or other documents relating to these patents, aside from the patents themselves, have ever been disclosed by the Defendants during discovery as additional prior art, nor is any such information addressed in Google's invalidity expert report. As a result, the patents themselves are the only prior art at issue here.

This fact is critically important because invalidity based on a printed publication such as a patent is done by comparing the disclosure in the printed prior art patents to the asserted claims of the patents-in-suit to determine if the patents-in-suit were anticipated or obvious. *Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.*, 347 F.3d 1367 (Fed. Cir. 2003). This comparison is the province of expert testimony. Early in the litigation, Google identified more than 40 witnesses who might testify regarding prior art issues. Google identified as an expert only one witness (Dr. Lyle Ungar) from its list of "prior art witnesses." Dr. Ungar subsequently provided an expert report, as required by Fed. R. Civ. P. 26(a)(2). Neither the Defendants nor Messrs. Culliss, Ortega, and Rose have complied with Fed. R. Civ. P. 26(a)(2). They have not submitted a written report, nor have they provided a disclosure of the subject matter of their testimony. Under no circumstances can these witnesses therefore be permitted to testify based on any "specialized skill or knowledge" of the technology at issue. *See, e.g., Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) (affirming exclusion of technical testimony by prior art inventor).

Because these witnesses are barred from providing expert testimony, and because any lay testimony would either be wholly cumulative to the patents themselves (i.e., the witnesses reading the text of the patents to the jury), or would address alleged prior art that has never been identified as such, Messrs. Culliss, Ortega, and Rose are precluded from testifying.

## II.    BACKGROUND

In its Rule 26(b)(3) Pretrial Disclosures, Google identified Messrs. Culliss and Ortega as "will call" witnesses, and Mr. Rose as a "may call" witness. Google previously identified these individuals as "prior art witnesses." Ex. 1 at 4-9. Each of these "prior art witnesses" are named inventors on patents relied upon by Google for its invalidity case.

Other than identify these witnesses as "prior art witnesses", Google has not provided any further suggestion as to the subject, scope, or relevance of their testimony.[1] It is I/P Engine's understanding, however, that Google intends to proffer these "prior art witnesses" as "experts in lay witness clothing." Such testimony would be in direct contravention of the Federal Rules of Evidence. I/P Engine suspects these witnesses also may attempt to testify regarding prior art (e.g., other patents or inventions) not listed on any of Google's invalidity contentions or relevant interrogatory responses, as well as testify about purported embodiments of their patents, their business dealings, and other irrelevant evidence.

This Court's Scheduling Order set firm deadlines for complying with the expert witness disclosure requirements of Fed. R. Civ. P. 26(a)(2). Pursuant to this Scheduling Order, Google

---

[1] Mr. Ortega is a Google employee, although his patent predated his Google employment. His deposition is scheduled for September 27. Mr. Culliss is co-represented by Google's counsel; his deposition is scheduled for September 25. Mr. Rose is not represented by any counsel, is outside of the trial subpoena power of this Court, and is reluctant to voluntarily attend trial. He has not been deposed, and no deposition is scheduled.

identified only one witness from its list of "prior art witnesses," Dr. Lyle Ungar, to provide expert witness testimony regarding invalidity.  Ex. 2.

Google served a single expert witness report regarding invalidity, by Dr. Ungar.  Dr. Ungar's report includes discussion of five main prior art references.  Ex. 3.  I/P Engine's expert witness, Dr. Jaime Carbonell, served a rebuttal to Dr. Ungar's report.  Dr. Carbonell's report explained how several elements recited in the claims of the patents-in-suit could not be found in, and were not taught by, the references.  Ex.4.  Thus, the appropriately identified expert witnesses in this case, Dr. Ungar and Dr. Carbonell, have already joined issue on the core invalidity issue: whether *the references themselves* disclosed every element in the asserted claims of the patents-in-suit.

## III.  DISCUSSION

Messrs. Culliss, Ortega, and Rose may not interpret the content of their patents in this case, because what the patents disclose to a person of ordinary skill in the art, and whether those prior art patents disclose every element in the asserted claims of the patents-in-suit, is the province of expert testimony.  Comparisons of the patents to the asserted claims are similarly prohibited for lay witnesses, as that is solely the scope of expert testimony.  Messrs. Culliss, Ortega, and Rose have not been disclosed as experts nor have they otherwise complied with the requirements that Rule 26 places on expert witnesses.

Nor may these prior art witnesses testify about their embodiments of the inventions.  Whether any of these prior art patents was actually practiced was never disclosed by the Defendants in their invalidity contentions and interrogatory answers.  Nor do the Defendants assert that the patents-in-suit are invalid because someone else was practicing them first.  Any testimony by the prior art witnesses regarding their attempts to commercialize their inventions, including Defendants' trial exhibits relating to Mr. Culliss's business, should be barred.

The only conceivably permissible subject for these prior art witnesses would be for them to read the actual words of the prior art patents. *Innogenetics,* 512 F.3d at 1375 (to the extent a prior art inventor is allowed to testify at all, the testimony should be limited solely to the words in the prior art patent). But having Messrs. Culliss, Ortega, and Rose read their patents on the stand would be needlessly cumulative. The prior art patents will be extensively discussed by the experts. The words of the prior art patents will be published to the jury by the experts. Having the prior art patents read to the jury by the inventors is a waste of time.

### A. Expert Testimony Should Not Be Accepted From Messrs. Culliss, Ortega, and Rose

#### 1. Expert Testimony Should Be Prohibited Because Google Has Not Complied With The Disclosure Requirements That Govern Expert Testimony

Google never made any expert disclosures for Messrs. Culliss, Ortega, and Rose. Pursuant to Rule 26(a)(2)(A), a party must disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702." For some witnesses, this disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). For all other witnesses, this disclosure must be accompanied by a statement of: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702 …; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Court's deadlines for compliance with Rule 26(a)(2) have passed with no disclosures from Messrs. Culliss, Ortega, and Rose.

Rule 37(c)(1) provides for exclusion of expert testimony offered by a witness for whom a Rule 26(a)(2) disclosure has not been made. *Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011) (Rule 37(c)(1) "gives teeth to the written report requirement of Rule

5

26(a)(2)(B)." The Fourth Circuit[2] has emphasized the importance of excluding expert testimony that does not comply with the Rule 26 disclosure requirements:

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolong litigation, and undermines the district court's management of the case. For this reason, "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."

*Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (*quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003)); *see also ActiveVideo networks, Inc. v. Verizon Comm's., Inc.*, Case No. 2:10-cv-00248, 2011 WL 7036048 (E.D.Va. Jul. 5, 2011) ("Expert testimony shall be limited to the facts and conclusions contained in the expert's report.").

Whether a witness is identified as an "expert witness," a "lay witness," or, in this case, a "prior art witness" is of no consequence for expert disclosure purposes. The disclosure requirements of Rule 26(a)(2) are triggered by expert <u>testimony</u>, not by the label Google places on the witness. *See, e.g., Baratto v. Brushstrokes Fine Art*, 701 F. Supp. 2d 1068, 1074 (W.D. Wis. 2010) ("The relevant distinction is between expert and lay *testimony*, not expert and lay *witnesses*") (emphasis in original). Indeed, Federal Rule of Evidence 701 was amended specifically to eliminate the risk of a "lay witness" offering undisclosed opinions based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701 (advisory committee notes—2000 Amendment).

---

[2] Admissibility of expert testimony in a patent suit is governed by the law of the regional circuit in which the district court resides. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

Because Google has not complied with the disclosure requirements of Rule 26(a)(2) by the times mandated by this Court's Scheduling Order, any testimony from Messrs. Culliss, Ortega, and Rose that is beyond the ken of a lay witness should be excluded.

> 2. Precluding Expert Testimony Includes Precluding Messrs. Culliss, Ortega, and Rose From Doing Anything More Than Reciting The Words of Their Patents

As lay witnesses, Messrs. Culliss, Ortega, and Rose should be precluded from explaining the content of their own prior art references, from describing any embodiment or prior uses, or from comparing their prior art to other systems (such as the asserted claims), or from indicating how the prior art could have been modified or combined, or from offering any other opinions or testimony that rely on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Google apparently intends to use testimony from Culliss, Ortega, and Rose to expand the teachings of their prior art references under the guise of explaining the patents. I/P Engine bases this concern on Google's previous statement that it could not identify how its "prior art witnesses" would be used until it knew how I/P Engine's expert witness would rebut Google's expert report.[3] Ex. 5.

The Federal Circuit has affirmed a District Court limiting a prior art inventor's testimony to "the actual words and content" of the prior art. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008). In *Innogenetics*, the inventor of the prior art had not been disclosed as an expert, yet he sought to testify regarding his patent application and his other prior art references. *Id*. at 1375. Because he had not been disclosed as an expert pursuant to Fed. R. Civ.

---

[3] I/P Engine has not disputed that these patents are prior art [*See*, Ex. 4 (Carbonell report)]. Therefore, no testimony is needed about the dates of the patents. In addition, the dates appear on the faces of the patents.

P. 26(a)(2), the District Court limited the inventor's testimony "to the actual words and content" of his patent application. As will be discussed in more detail below, the District Court also provided an additional basis for this limitation on the prior art inventor's testimony. *See also WNS Holdings, LLC v. United Parcel Service, Inc.*, 2009 WL 2136961 (W.D. Wis. 2009) (prohibiting lay testimony directed to how a device operates); *BorgWarner, Inc. v. Honeywell Intern., Inc*, 750 F. Supp. 2d 596, 604 (W.D.N.C. 2010) (excluding lay testimony directed to the attributes of a prior art system); *Baratto*, 701 F. Supp. 2d at 1074 (excluding lay testimony directed to how the invention is supposed to function, and how those functions relate to the accused products).

Lay witnesses cannot offer testimony "when it is the type that 'could have been offered by any individual with specialized knowledge of the relevant topic.'" *Id.* (*quoting United States v. Conn.*, 297 F.3d 548, 555 (7th Cir. 2002) and *WNS Holdings, LLC v. United Parcel Service, Inc.*, Case No. 08-cv-275, 2009 WL 2136961, *5 (W.D. Wis. Jul. 14, 2009)). Opinions "as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness" are reserved for experts. *Certain Underwriters at Lloyd's, London*, 232 F.3d at 203. Those holdings are equally applicable here.

### 3. Permitting Google to Present Expert Testimony Through its "Prior Art Witnesses" Would Significantly Prejudice I/P Engine

Any attempt by Google to present expert testimony through its identified "prior art witnesses" without having complied with the Rule 26 disclosure requirements would be unjustifiably harmful to I/P Engine. The burden is on Google to prove otherwise. *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006) ("It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless.").

The Fourth Circuit has held that skirting Rule 26(a)(2)'s disclosure requirements for expert testimony "unfairly inhibits [the] opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi,* 427 F.3d at 278-79. A deposition at this late stage would do little to mitigate this harm. I/P Engine "would be required to prepare for such a deposition without the benefit of a written report and thus would be left guessing as to what opinions [they] might have and the bases for them." *BorgWarner*, 750 F. Supp. 2d at 605-06.

Even if Google were to comply with the Rule 26(a)(2) disclosure requirements at this late juncture the harm could not be cured. A late-produced expert report (well after the due date for both opening and rebuttal reports) would allow no meaningful opportunity for I/P Engine to properly analyze and rebut any new testimony from these witnesses. And as the court in *BorgWarner* concluded, "[s]ubmission of a belated report . . . would require the parties to undergo the expense of additional rounds of depositions and supplemental reports and briefing, which would be completely disruptive to the trial schedule of this case." *Id*.

Google cannot offer any justification for failing to comply with the expert disclosure requirements of Rule 26, despite its apparent intention to offer specialized technical testimony from these "prior art witnesses." The closest thing to a justification is Google's counsel's statement that Google could not decide what testimony would be presented until after it had a chance to review I/P Engine's expert rebuttal report. Ex. 5. This turns the expert discovery procedure on its head and proves Google's improper purpose.[4]

---

[4] Google's non-compliance with the Rules also undermines this Court's ability to perform its gatekeeper function, as it prevents I/P Engine from subjecting the testimony to scrutiny under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

### B. Any Lay Testimony From Messrs. Culliss, Ortega, and Rose Would Be Needlessly Cumulative And Potentially Irrelevant, Misleading, And Confusing

Messrs. Culliss, Ortega, and Rose should be precluded from testifying about the prior art in any capacity. This is because (1) their testimony must be limited to repeating the words of their patent applications and (2) repeating the words of their patent applications is needlessly cumulative.

#### 1. Federal Rule of Evidence 403 Requires That Any Testimony From Messrs. Culliss, Ortega, and Rose Be Limited To The Text Of Their Patents

As explained above, keeping these lay witnesses from giving expert opinions (Rule 701) requires limiting them to repeating the words of their patent applications. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008). Rule 403 requires the same result.

In *Innogenetics*, the District Court justified limiting lay witnesses to the words of their patent applications by noting the risks of allowing them to say more, reasoning that a jury would confuse what the prior art discloses with what the inventor testified to:

> [A]ny information [the prior art inventor] might have to offer beyond the words of [his patent application] would be irrelevant to the issue before the jury of 'whether the [patent application] was sufficient in itself to have informed a person of ordinary skill in the art' [of the features that the defendant asserted were found in the patent application].

*Id.*[5] In affirming the District Court, the Federal Circuit emphasized the concern about permitting lay witnesses to testify regarding the prior art, stating that the inventor "could have added information that might not have been understood by a person of ordinary skill in the art just from reading the application." *Id*.

---

[5] It is well settled that a patent "speaks for itself and [its inventor's] opinion on how it should be interpreted is largely irrelevant." *Baratto*, 701 F. Supp. 2d at 1074.

10

Even factual (but irrelevant) testimony, such as what Messrs. Culliss, Ortega, and Rose knew or intended to say in their respective patents, risks creating the confusion the Federal Circuit described. The testimony of Messrs. Culliss, Ortega, and Rose must be limited to repeating the text of their patent applications for this additional reason.

        2.        <u>The Only Permissible Testimony Is Needlessly Cumulative, So Messrs. Culliss, Ortega, and Rose Should Be Precluded From Testifying</u>

Limiting Messrs. Culliss, Ortega, and Rose to only the text of the prior art renders their testimony needlessly cumulative. Indeed, the prior art patents will be published and offered into evidence. Further, any explanation or summaries of the prior art will be provided by the expert witnesses. Because the conceivable scope of their testimony is limited to matters that are needlessly cumulative, irrelevant, or otherwise prohibited by Rules 403 or 701, Messrs. Culliss, Ortega, and Rose should not be allowed to testify about the prior art at all.

      **C.        Any Testimony Regarding Undisclosed Prior Art Should Be Excluded**

I/P Engine also suspects that Messrs. Culliss, Ortega, and Rose may be asked to testify about technical topics that relate to their prior art patents but are not part of the prior art patents themselves. For example, I/P Engine suspects that Mr. Culliss may be asked to testify about Direct Hit, which is a product his company commercialized in the late 1990's. Google has included Direct Hit documents on its list of trial exhibits. Although there is no expert opinion in this case to support such as assertion, I/P Engine suspects that the jury would be led to believe that Direct Hit embodied the invention of the Culliss patent. But Direct Hit is not prior art in this case, and it is totally irrelevant to the invalidity issues.

Any testimony about Direct Hit, or about any other technology or businesses related to the inventions of Messrs. Culliss, Ortega, and Rose, would be improper from these lay witnesses. In addition to the issues discussed above regarding Rules 402, 403, and 701, such testimony

11

would violate Fed. R. Civ. P. 37(c)(1) (which requires timely supplementation of interrogatories) as well as the Court's Scheduling Order. Specifically, such evidence was not included in Google's invalidity contentions and is not identified in Google's relevant interrogatory responses. Ex. 7.

Thus, any testimony from these "prior art witnesses" about prior art products, prior uses, or anything that is outside the four corners of their respective patents should be excluded. *See Respironics, Inc. v. Invacare Corp.*, 303 Fed. Appx. 865, 877 (Fed. Cir. 2008) (finding evidence of one device irrelevant to the properties of another device). There is no justification such testimony when such products, prior uses, and other materials were never disclosed as prior art. Introducing any such evidence would greatly prejudice I/P Engine, who would be ill-prepared to respond to these previously-undisclosed contentions and theories.[6]

---

[6] Google may argue that non-opinion testimony about new prior art products may be introduced for some other purpose, which I/P Engine cannot now fathom. Even if Google makes this argument, evidence of other prior art should be excluded due to (1) irrelevance to Google's actual invalidity contentions and (2) the high risk of misleading the jury into believing that these products are relevant to the validity issues in the case.

## IV. CONCLUSION

For the reasons discussed above, I/P Engine's Third Motion *In Limine* to preclude Messrs. Culliss, Ortega, and Rose from testifying should be granted.

Dated: September 21, 2012

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Dawn Rudenko Albert
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201

Counsel for Plaintiff I/P Engine, Inc.

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 21st day of September, 2012, the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF I/P ENGINE, INC.'S THIRD MOTION *IN LIMINE* TO EXCLUDE IMPROPER PRIOR ART EVIDENCE,** was served via the Court's CM/ECF system and via Hand Delivery, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

                    /s/ Jeffrey K. Sherwood