IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT 5 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

I/P ENGINE, INC.,

    Plaintiff,

V.                                                      CIVIL ACTION NO. 2:11cv512

AOL INC., *et al.*,

    Defendants.

## ORDER

Before the Court are three (3) *Motions in Limine* filed by I/P Engine, Inc. ("Plaintiff") to exclude evidence from trial in the above-styled matter. Also before the Court are five (5) *Motions in Limine* to exclude evidence filed by Defendants AOL Inc., Google Inc., Target Corporation, IAC Search & Media, Inc. and Gannett Co., Inc. ("Defendants"). These matters have been fully briefed by the Parties. The Court finds that oral arguments of these motions will not aid its decisional process. Having reviewed the motions and related materials, the Court finds these matters ripe for judicial determination. For the reasons stated herein, and pursuant to the inherent authority to make evidentiary rulings prior to trial, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), the Court resolves the Parties' *Motions in Limine* as outlined below.[1]

### I. I/P Engine's *Motions in Limine*

**A.    Plaintiff's First Motion in Limine to Exclude Inadmissible Evidence**

Having reviewed parties' arguments, the Court finds no legal basis to admit as evidence documents/testimony identified in numbers 1, 3, 4, 5, 7, 8, or 9 of Plaintiff's motion. Accordingly, Plaintiff's First *Motion in Limine* to Exclude Inadmissible Evidence (ECF No. 314)

---

[1] Additional pre-trial motions are pending and will be addressed at a later date.

as to these items is **GRANTED**. As to Item 2 (evidence concerning recent offers and other negotiations for, and the 2011 purchase price of, the patent portfolio that included the patents-in-suit) and Item 6 (evidence concerning Plaintiff's failure to practice the inventions claimed in the patents), consideration of the admissibility of these items is **DEFERRED**.

    **B.    Plaintiff's Second Motion in Limine to Preclude Non-Comparable License Agreements**

The Court finds it appropriate to address this issue as it arises during the course of the trial. Accordingly, consideration of Plaintiff's Second *Motion in Limine* to Preclude Non-Comparable License Agreements (ECF No. 333) is **DEFERRED**.

    **C. Plaintiff's Third Motion in Limine to Exclude Improper Prior Art Evidence**

Having reviewed parties' arguments, the Court finds witnesses Culliss, Ortega, and Rose may be called as fact witnesses. However, the Court will carefully scrutinize any testimony from these witnesses to ensure impermissible expert testimony is not introduced. Accordingly, Plaintiff's Third *Motion in Limine* (ECF No. 335) is **DENIED**.

## II. Defendants' *Motions in Limine*

    **A.    Defendants' *Motion in Limine* No. 1 to Preclude Plaintiff from Introducing Evidence on Willful Infringement, Pre-Suit Knowledge, or Copying**

The Supreme Court and the Federal Circuit require "knowledge that the induced acts constituted patent infringement" for claims of induced and indirect infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2061 (2011); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Furthermore, although evidence of copying is generally irrelevant in a patent case, evidence that an accused infringer "copied" the patentee's invention or copies from the patent of the invention may be relevant to the issue of willful infringement. *See In re Hayes Microcomputer Prods., Inc. Patent Litig.*, 982 F.2d 1527,

1543 (Fed. Cir. 1992) ("Whether the infringer intentionally copied the ideas of another" is a relevant factor to a willfulness determination). In addition, the Federal Circuit has held that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

After reviewing the arguments on this motion, the Court finds that it must make a determination at a later point as to whether Plaintiff adequately pled willful infringement or might choose to later amend their pleadings to conform them to the evidence found at discovery and presented at trial. Accordingly, Defendant's *Motion in Limine* #1 (ECF No. 299) is **DEFFERED**.

      B.    **Defendants' *Motion in Limine* No. 2 to Exclude Evidence of Entire Market Value of Accused Products and of Defendants' Size, Wealth and Overall Revenues**

Although damage awards based on gross speculation may not be sustained, *see Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1321–22 (Fed. Cir. 2010), a district court may consider a hypothetical negotiation between a willing licensor and a willing licensee as a tool to fix a royalty rate that is adequate to compensate a patentee for infringement. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 869–70 (Fed. Cir. 2003). As the Federal Circuit has indicated in *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1338-29 (Fed. Cir. 2009), "[s]imply put, the base used in a running royalty calculation can always be the value

of the entire commercial embodiment, as long as the magnitude of the rate is within an acceptable range (as determined by the evidence)." *See also Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp.1116 (S.D.N.Y.). I/P Engine is prepared to offer evidence at trial that "patented technology forms a substantial basis of the consumer demand of the accused products" and thus market share calculations may be relevant to a reasonable royalty calculation. Accordingly, Defendants' Motion in Limine No. 2 is **DENIED** (ECF No. 301).

    C.    **Defendants' *Motion in Limine* No. 3 to Exclude Marketing and High-Level Non-Technical Materials Related To Historical Click-Through Rate**

Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Court finds that because it is unclear precisely what materials would be excluded under Defendants' motion, the Court will defer resolution of this motion until trial and Defendants' specific objection to materials Plaintiff may seek to introduce. Accordingly, consideration of Motion in Limine No. 3 is **DEFERRED** (ECF No. 303).

    D.    **Defendants' *Motion in Limine* No. 4 to Preclude Plaintiff From Offering Evidence or Argument Relating to Defendants' Conduct During Discovery or to Google's Unproduced Licenses.**

Generally, evidence of conduct during discovery should not be introduced to the jury without leave of the Court. Given the outstanding sanctions motions in this case regarding Defendants' conduct and its potential impact on the introduction of evidence and argument at trial, as well as the broad and non-particularized nature of the motion, the Court finds it appropriate to address this motion at trial. Accordingly, consideration of Defendants' *Motion in*

*Limine* No. 4 is **DEFERRED** (ECF No. 305).

E. **Defendants' *Motion in Limine* No. 5 to Preclude Plaintiff from Introducing Evidence of Damages Against AOL Inc., Gannett Co., Inc., IAC Search & Media, Inc., and Target Corporation**

The Federal Circuit has held that "the parties that make and sell an infringing device are joint tort-feasors with parties that purchase an infringing device for use or resale...." *Shockley v. Arcan Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001). As a result, AOL, Gannett, IAC Search & Media, and Target Corporation maybe be jointly and severally liable for any alleged infringement with their co-defendant, Google, Inc. Furthermore, I/P Engine's damages expert, Dr. Becker, has provided damages calculations as to AOL, Inc., Gannett Co., and Target Corporation. Accordingly, Defendants' *Motion in Limine* No. 5 (ECF No. 307) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 5 , 2012

5