**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC. | |
| Plaintiff, | |
| v. | Civil Action No. 2:11-cv-512 |
| AOL, INC., *et al.*, | |
| Defendants. | |

## DEFENDANTS' PROPOSED POST-TRIAL JURY INSTRUCTIONS

Defendants Google, Inc., AOL Inc., IAC Search & Media, Inc., Gannett Co., Inc., and Target Corp. ("Defendants") propose the following post-trial jury instructions. Defendants' proposed post-trial jury instructions are made without waiver of Defendants' pending motions, which if granted, may render portions of the following instructions unnecessary. Defendants further reserve the right to amend, supplement, or modify these post-trial instructions in light of further developments, including any remaining fact or expert discovery, and based on the evidence and arguments presented at trial. Defendants expect that the parties will meet and confer to refine the post-trial jury instructions as events continue to narrow the issues.

## 1.    FINAL INSTRUCTIONS - GENERAL[1]

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE

AND THE ARGUMENTS OF THE ATTORNEYS, IT IS MY DUTY TO INSTRUCT YOU

ON THE LAW WHICH APPLIES TO THIS CASE.  IT IS YOUR DUTY TO FIND THE

FACTS FROM ALL THE EVIDENCE IN THE CASE.  TO THOSE FACTS, YOU WILL

APPLY THE LAW AS I GIVE IT TO YOU.  YOU MUST NOT READ INTO THESE

INSTRUCTIONS, OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE, ANY

SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN – THAT IS A MATTER

ENTIRELY UP TO YOU.  YOU ARE INSTRUCTED THAT ALL PERSONS, INCLUDING

THE PLAINTIFF AND DEFENDANTS IN THIS CASE, STAND EQUAL BEFORE THE

LAW, AND ARE TO BE DEALT WITH AS EQUALS IN THIS COURT.

---

[1]   Defendants' proposed instructions are adapted from the Model Patent Jury Instructions prepared by the Federal Circuit Bar Association (Feb. 2012), 2006 Fifth Circuit Civil Pattern Jury Instructions (available at http://www.lb5.uscourts.gov/juryinstructions/), Third Circuit Model Civil Jury Instructions (available at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm), the jury instructions from *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.), and cited federal case law.

## 1.1    EVIDENCE IN THE CASE[2]

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. IN YOUR CONSIDERATION OF THE EVIDENCE, HOWEVER, YOU ARE NOT LIMITED ONLY TO THE STATEMENTS OF THE WITNESSES.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFIED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN LIGHT OF EXPERIENCE.

---

[2]    *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

## 1.2     STIPULATED FACTS[3]

BEFORE THE TRIAL OF THIS CASE THE COURT HELD A CONFERENCE WITH THE ATTORNEYS FOR ALL THE PARTIES.  AT THIS CONFERENCE THE PARTIES ENTERED INTO CERTAIN STIPULATIONS OR AGREEMENTS IN WHICH THEY AGREED THAT FACTS COULD BE TAKEN AS TRUE WITHOUT ANY FURTHER PROOF.  BY THIS PROCEDURE IT IS OFTEN POSSIBLE TO SAVE TIME.

I WILL NOW READ THE STIPULATED FACTS:

[STIPULATED FACTS]

---

[3]  *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.). Defendants request that the Court read the stipulated facts into the record.

## 1.3    INFERENCES[4]

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE.  HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

YOU MAY ALSO CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS A DOCUMENT OR THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF FACTS, SUCH AS AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS.  THE LAW MAKES NO DISTINCTION THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

---

[4]  *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.); 2006 Fifth Circuit Civil Pattern Jury Instructions.

### 1.4     PREPONDERANCE OF THE EVIDENCE[5]

THIS IS A CIVIL CASE.  I/P ENGINE IS THE PARTY THAT BROUGHT THIS LAWSUIT.  GOOGLE, AOL, IAC, TARGET, AND GANNETT ARE THE PARTIES AGAINST WHICH THE LAWSUIT WAS FILED.  I/P ENGINE HAS THE BURDEN OF PROVING THAT THE DEFENDANTS INFRINGE ITS PATENTS BY WHAT IS CALLED THE PREPONDERANCE OF THE EVIDENCE.  THAT MEANS I/P ENGINE HAS TO PROVE TO YOU, IN LIGHT OF ALL THE EVIDENCE, THAT WHAT IT CLAIMS IS MORE LIKELY SO THAN NOT SO.  TO SAY IT DIFFERENTLY: IF YOU WERE TO PUT THE EVIDENCE FAVORABLE TO I/P ENGINE AND THE EVIDENCE FAVORABLE TO DEFENDANTS ON OPPOSITE SIDES OF THE SCALES, I/P ENGINE WOULD HAVE TO MAKE THE SCALES TIP ON ITS SIDE.  IF I/P ENGINE FAILS TO MEET THIS BURDEN, THE VERDICT MUST BE FOR DEFENDANTS.  IF YOU FIND AFTER CONSIDERING ALL THE EVIDENCE THAT A CLAIM OR FACT IS MORE LIKELY SO THAN NOT SO, THEN THE CLAIM OR FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE.   IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF I/P ENGINE'S INFRINGEMENT CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR DEFENDANTS AS TO THAT CLAIM.

I/P ENGINE ALSO HAS THE  BURDEN OF PROVING ENTITLEMENT TO DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF

---

[5]   Third Circuit Model Civil Jury Instructions.

WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

YOU MAY HAVE HEARD OF THE TERM PROOF BEYOND A REASONABLE DOUBT.  THAT IS A STRICTER STANDARD OF PROOF AND IT APPLIES ONLY TO CRIMINAL CASES.  IT DOES NOT APPLY IN CIVIL CASES SUCH AS THIS.  SO YOU SHOULD PUT IT OUT OF YOUR MIND.

## 1.5 **CLEAR AND CONVINCING EVIDENCE**[6]

CLEAR AND CONVINCING EVIDENCE IS EVIDENCE THAT PRODUCES IN YOUR MIND A FIRM BELIEF OR CONVICTION THAT THE ALLEGATIONS SOUGHT TO BE PROVED BY THE EVIDENCE ARE TRUE.  CLEAR AND CONVINCING EVIDENCE INVOLVES A HIGHER DEGREE OF PERSUASION THAN IS NECESSARY TO MEET THE PREPONDERANCE OF THE EVIDENCE STANDARD.  BUT IT DOES NOT REQUIRE PROOF BEYOND A REASONABLE DOUBT, THE STANDARD APPLIED IN CRIMINAL CASES.

---

[6] Third Circuit Model Civil Jury Instructions.

## 1.6    CREDIBILITY OF WITNESSES[7]

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES. YOU MAY BE GUIDED BY THE APPEARANCE AND THE CONDUCT OF THE WITNESS, OR BY THE MANNER IN WHICH THE WITNESSES TESTIFY, OR BY THE CHARACTER OF THE TESTIMONY GIVEN, OR BY EVIDENCE TO THE CONTRARY OF THE TESTIMONY GIVEN. YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER THE WITNESS WAS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, THEIR DEMEANOR OR MANNER WHILE ON THE STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE JURY; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU, AS A JUROR, TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR TRANSACTION MAY SEE IT OR HEAR IT

---

[7]    *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

DIFFERENTLY. AN INNOCENT MISRECOLLECTION, LIKE A FAILURE OF

RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT

OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER

OF IMPORTANCE OR AN UNIMPORTANT DETAIL AND WHETHER THE

DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, LADIES AND GENTLEMEN, YOU

ARE TO GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU

THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY

OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED,

AGAIN, BY THE NUMBER OF WITNESSES TESTIFYING TO THE EXISTENCE OR THE

NONEXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A

SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE

TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

## 1.7    EXPERT WITNESSES[8]

WE HAD A NUMBER OF EXPERT WITNESSES IN THIS CASE. WITNESSES WHO, BY EDUCATION OR EXPERIENCE, HAVE BECOME EXPERTS IN SOME ART OR SCIENCE OR PROFESSION OR CALLING, MAY STATE AN OPINION AS TO RELEVANT AND MATERIAL MATTER, AS TO WHICH THEY POSSESS EXPERTISE, AND MAY ALSO STATE THEIR REASONS FOR THEIR OPINION.

OPINION TESTIMONY BY QUALIFIED EXPERT WITNESSES IS COMPETENT EVIDENCE.  YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE EACH SUCH OPINION THE WEIGHT YOU FIND IT DESERVES.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS OR HIS OR HER QUALIFICATIONS ARE NOT SUPPORTED BY SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION ENTIRELY.

---

[8]    *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

## 1.8    USE OF DEPOSITIONS[9]

DURING THE TRIAL OF THIS CASE CERTAIN TESTIMONY HAS BEEN GIVEN, PRESENTED TO YOU BY WAY OF A DEPOSITION, CONSISTING OF SWORN RECORDED ANSWERS TO QUESTIONS ASKED OF THE WITNESS IN ADVANCE OF THE TRIAL BY ONE OR MORE OF THE ATTORNEYS FOR THE PARTIES IN THIS CASE.  THE TESTIMONY OF A WITNESS WHO, FOR SOME REASON, CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND MAY BE PRESENTED TO YOU, AS IT WAS DONE HERE, UNDER OATH.  SUCH TESTIMONY, LADIES AND GENTLEMEN, IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED AS TO CREDIBILITY, AND WEIGHED, AND OTHERWISE CONSIDERED BY YOU, THE JURY, INSOFAR AS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND.

---

[9]    *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

## 1.9    IMPEACHMENT[10]

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAD SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING WHICH IS INCONSISTENT WITH THE WITNESS'S TESTIMONY HERE IN COURT, HIS PRESENT TESTIMONY.  IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND, THUS, DISCREDITED, IT IS YOUR EXCLUSIVE DECISION TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY AS YOU THINK IT DESERVES.

IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY TO ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS'S TESTIMONY IN OTHER PARTICULARS AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU THINK IT DESERVES.

---

[10]    *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

## 1.10     EFFECT OF PRIOR INCONSISTENT STATEMENTS OF CONDUCT[11]

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING THAT WAS DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

---

[11]   Fifth Circuit Model Jury Instructions (2006).

### 1.11   CONTENTIONS OF THE PARTIES

I WILL NOW SUMMARIZE THE CONTENTIONS OF THE PARTIES BEFORE I PROVIDE YOU INSTRUCTIONS ON THE LAW TO APPLY DURING YOUR DELIBERATIONS.  PLAINTIFF I/P ENGINE. INC. CONTENDS THAT DEFENDANTS GOOGLE, INC., AOL, INC., IAC SEARCH & MEDIA, INC., GANNETT CO., INC., AND TARGET CORP. INFRINGE CLAIMS 10, 14, 15, 25, 27 AND 28 OF U.S. PATENT NO. 6,314,420, WHICH HAS BEEN REFERRED TO AS "THE '420 PATENT," AND CLAIMS 1, 5, 6, 21, 22, 26, 28 AND 38 OF U.S. PATENT NO. 6,775,664, WHICH HAS BEEN REFERRED TO AS "THE '664 PATENT."  SPECIFICALLY, I/P ENGINE CONTENDS THAT GOOGLE'S ADWORDS DIRECTLY INFRINGES THE ASSERTED CLAIMS, AND THAT AOL, INC., IAC SEARCH & MEDIA, GANNETT, AND TARGET INFRINGE THROUGH THEIR USE OF GOOGLE'S ADWORDS SYSTEM.  I/P ENGINE HAS THE BURDEN OF PROVING THAT DEFENDANTS INFRINGE ANY OF THESE CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.  THAT MEANS THAT I/P ENGINE MUST SHOW THAT IT IS MORE LIKELY THAN NOT THAT GOOGLE'S ADWORDS INFRINGES THE CLAIMS.

DEFENDANTS DENY THAT THEY INFRINGE ANY CLAIMS OF THE '420 PATENT OR THE '664 PATENT.  DEFENDANTS ALSO CONTEND THAT THE ASSERTED CLAIMS OF THE '420 PATENT AND THE '664 PATENT ARE INVALID. INVALIDITY IS A DEFENSE TO PATENT INFRINGEMENT.  EVEN THOUGH THE UNITED STATES PATENT AND TRADEMARK OFFICE HAS ALLOWED THE CLAIMS OF THE '420 PATENT AND THE '664 PATENT, YOU, THE JURY, ARE RESPONSIBLE FOR DECIDING WHETHER THE CLAIMS OF THE PATENT ARE VALID.

DEFENDANTS BEAR THE BURDEN OF PROVING INVALIDITY BY CLEAR AND CONVINCING EVIDENCE.

YOUR JOB IS TO DECIDE WHETHER OR NOT THE ASSERTED CLAIMS OF THE '420 PATENT OR THE '664 PATENT HAVE BEEN INFRINGED AND WHETHER OR NOT THOSE CLAIMS ARE INVALID.  IF YOU DECIDE THAT ANY CLAIM OF THE '420 PATENT OR THE '664 PATENT HAS BEEN INFRINGED AND ALSO THAT AN INFRINGED CLAIM IS NOT INVALID, THEN YOU WILL THEN NEED TO DECIDE MONEY DAMAGES TO BE AWARDED TO I/P ENGINE.

I/P ENGINE HAS THE BURDEN OF PROVING THAT IT IS ENTITLED TO THE DAMAGES IT SEEKS BY A PREPONDERANCE OF THE EVIDENCE.

I WILL NOW GIVE YOU INSTRUCTIONS AND DEFINITIONS TO HELP YOU IN ANSWERING THE QUESTIONS TO FOLLOW.

## 1.12    THE ROLE OF THE CLAIMS OF A PATENT[12]

BEFORE YOU CAN DECIDE MANY OF THE ISSUES IN THIS CASE, YOU WILL NEED TO UNDERSTAND THE ROLE OF PATENT "CLAIMS."  THE PATENT CLAIMS ARE THE NUMBERED SENTENCES AT THE END OF EACH PATENT. THE CLAIMS ARE IMPORTANT BECAUSE IT IS THE WORDS OF THE CLAIMS THAT DEFINE WHAT A PATENT COVERS.  THE FIGURES AND TEXT IN THE REST OF THE PATENT PROVIDE A DESCRIPTION AND/OR EXAMPLES OF THE INVENTION AND PROVIDE A CONTEXT FOR THE CLAIMS, BUT IT IS THE CLAIMS THAT DEFINE THE BREADTH OF THE PATENT'S COVERAGE.  EACH CLAIM IS EFFECTIVELY TREATED AS IF IT WERE A SEPARATE PATENT, AND EACH CLAIM MAY COVER MORE OR LESS THAN ANOTHER CLAIM.  THEREFORE, WHAT A PATENT COVERS DEPENDS, IN TURN, ON WHAT EACH OF ITS CLAIMS COVERS.

YOU WILL FIRST NEED TO UNDERSTAND WHAT EACH CLAIM COVERS IN ORDER TO DECIDE WHETHER OR NOT THERE IS INFRINGEMENT OF THE CLAIM AND TO DECIDE WHETHER OR NOT THE CLAIM IS INVALID. THE LAW SAYS THAT IT IS MY ROLE TO DEFINE THE TERMS OF THE CLAIMS AND IT IS YOUR ROLE TO APPLY MY DEFINITIONS TO THE ISSUES THAT YOU ARE ASKED TO DECIDE IN THIS CASE.  THEREFORE, AS I EXPLAINED TO YOU AT THE START OF THE CASE, I HAVE DETERMINED THE MEANING OF THE CLAIMS AND I WILL PROVIDE TO YOU MY DEFINITIONS OF CERTAIN CLAIM TERMS.  YOU MUST ACCEPT MY DEFINITIONS OF THESE WORDS IN THE CLAIMS AS BEING CORRECT.  IT IS YOUR

---

[12]    Patent Jury Instructions prepared by the Federal Circuit Bar Association.

JOB TO TAKE THESE DEFINITIONS AND APPLY THEM TO THE ISSUES THAT YOU

ARE DECIDING, INCLUDING THE ISSUES OF INFRINGEMENT AND VALIDITY.

## 1.13    HOW A CLAIM DEFINES WHAT IT COVERS[13]

I WILL NOW EXPLAIN HOW A CLAIM DEFINES WHAT IT COVERS.

A CLAIM SETS FORTH, IN WORDS, A SET OF REQUIREMENTS.  EACH CLAIM SETS FORTH ITS REQUIREMENTS IN A SINGLE SENTENCE.  IF A DEVICE OR A METHOD SATISFIES EACH OF THESE REQUIREMENTS, THEN IT IS COVERED BY THE CLAIM.

THERE CAN BE SEVERAL CLAIMS IN A PATENT.  EACH CLAIM MAY BE NARROWER OR BROADER THAN ANOTHER CLAIM BY SETTING FORTH MORE OR FEWER REQUIREMENTS.  THE COVERAGE OF A PATENT IS ASSESSED CLAIM-BY-CLAIM.  IN PATENT LAW, THE REQUIREMENTS OF A CLAIM ARE OFTEN REFERRED TO AS "CLAIM ELEMENTS" OR "CLAIM LIMITATIONS."  WHEN A THING (SUCH AS A PRODUCT OR A PROCESS) MEETS ALL OF THE REQUIREMENTS OF A CLAIM, THE CLAIM IS SAID TO "COVER" THAT THING, AND THAT THING IS SAID TO "FALL" WITHIN THE SCOPE OF THAT CLAIM.  IN OTHER WORDS, A CLAIM COVERS A PRODUCT OR PROCESS WHERE EACH OF THE CLAIM ELEMENTS OR LIMITATIONS IS PRESENT IN THAT PRODUCT OR PROCESS.

SOMETIMES THE WORDS IN A PATENT CLAIM ARE DIFFICULT TO UNDERSTAND, AND THEREFORE IT IS DIFFICULT TO UNDERSTAND WHAT REQUIREMENTS THESE WORDS IMPOSE.  IT IS MY JOB TO EXPLAIN TO YOU THE MEANING OF THE WORDS IN THE CLAIMS AND THE REQUIREMENTS THESE WORDS IMPOSE.

---

[13]    Patent Jury Instructions prepared by the Federal Circuit Bar Association.

AS I JUST INSTRUCTED YOU, THERE ARE CERTAIN SPECIFIC TERMS THAT I HAVE DEFINED AND YOU ARE TO APPLY THE DEFINITIONS THAT I PROVIDE TO YOU.

BY UNDERSTANDING THE MEANING OF THE WORDS IN A CLAIM AND BY UNDERSTANDING THAT THE WORDS IN A CLAIM SET FORTH THE REQUIREMENTS THAT A PRODUCT OR PROCESS MUST MEET IN ORDER TO BE COVERED BY THAT CLAIM, YOU WILL BE ABLE TO UNDERSTAND THE SCOPE OF COVERAGE FOR EACH CLAIM.  ONCE YOU UNDERSTAND WHAT EACH CLAIM COVERS, THEN YOU ARE PREPARED TO DECIDE THE ISSUES THAT YOU WILL BE ASKED TO DECIDE, SUCH AS INFRINGEMENT AND INVALIDITY.

## 1.14   INDEPENDENT AND DEPENDENT CLAIMS[14]

THIS CASE INVOLVES TWO TYPES OF PATENT CLAIMS: INDEPENDENT CLAIMS AND DEPENDENT CLAIMS.

AN "INDEPENDENT CLAIM" SETS FORTH ALL OF THE REQUIREMENTS THAT MUST BE MET IN ORDER TO BE COVERED BY THAT CLAIM. THUS, IT IS NOT NECESSARY TO LOOK AT ANY OTHER CLAIM TO DETERMINE WHAT AN INDEPENDENT CLAIM COVERS. IN THIS CASE, CLAIMS 10 AND 25 OF THE '420 PATENT ARE EACH INDEPENDENT CLAIMS, AND CLAIMS 1 AND 26 OF THE '664 PATENT ARE EACH INDEPENDENT CLAIMS.

CLAIMS 14, 15, 27, AND 28 OF THE "420 PATENT ARE EACH DEPENDENT CLAIMS. CLAIMS 5, 6, 21, 22, 28, AND 38 OF THE '664 PATENT ARE EACH DEPENDENT CLAIMS. A DEPENDENT CLAIM DOES NOT ITSELF RECITE ALL OF THE REQUIREMENTS OF THE CLAIM BUT REFERS TO ANOTHER CLAIM FOR SOME OF ITS REQUIREMENTS. IN THIS WAY, THE CLAIM "DEPENDS" ON ANOTHER CLAIM. A DEPENDENT CLAIM INCORPORATES ALL OF THE REQUIREMENTS OF THE CLAIM(S) TO WHICH IT REFERS. THE DEPENDENT CLAIM THEN ADDS ITS OWN ADDITIONAL REQUIREMENTS. TO DETERMINE WHAT A DEPENDENT CLAIM COVERS, IT IS NECESSARY TO LOOK AT BOTH THE DEPENDENT CLAIM AND ANY OTHER CLAIM(S) TO WHICH IT REFERS. A PRODUCT THAT MEETS ALL OF THE REQUIREMENTS OF BOTH THE DEPENDENT CLAIM AND THE CLAIM(S) TO WHICH IT REFERS IS COVERED BY THAT DEPENDENT CLAIM. A DEPENDENT CLAIM INCORPORATES ALL OF THE REQUIREMENTS OF THE INDEPENDENT CLAIM(S) TO

---

[14]   Patent Jury Instructions prepared by the Federal Circuit Bar Association; *Active Video Networks, Inc. v. Verizon Comm., Inc.*, No. 2:10cv248 (E.D. Va.).

WHICH IT REFERS AND ALL OF THE REQUIREMENTS OF ANY DEPENDENT

CLAIM(S) TO WHICH IT REFERS.  IF AN INDEPENDENT CLAIM IS NOT INFRINGED,

ITS DEPENDENT CLAIMS CANNOT BE INFRINGED.

## 1.15    CLAIM INTERPRETATION[15]

I WILL NOW EXPLAIN TO YOU THE MEANING OF SOME OF THE WORDS OF THE CLAIMS IN THIS CASE.  IN DOING SO, I WILL EXPLAIN SOME OF THE REQUIREMENTS OF THE CLAIMS.  AS I HAVE PREVIOUSLY INSTRUCTED YOU, YOU MUST ACCEPT MY DEFINITION OF THESE WORDS IN THE CLAIMS AS CORRECT.  FOR ANY WORDS IN THE CLAIM FOR WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU SHOULD APPLY THEIR COMMON MEANING.  YOU SHOULD NOT TAKE MY DEFINITION OF THE LANGUAGE OF THE CLAIMS AS AN INDICATION THAT I HAVE A VIEW REGARDING HOW YOU SHOULD DECIDE THE ISSUES THAT YOU ARE BEING ASKED TO DECIDE, SUCH AS INFRINGEMENT AND INVALIDITY.  THESE ISSUES ARE YOURS TO DECIDE.

I WILL NOW INSTRUCT YOU HOW THOSE WORDS ARE TO BE CONSTRUED AND UNDERSTOOD WHEN DECIDING THE ISSUES OF INFRINGEMENT AND VALIDITY.  YOU HAVE BEEN PROVIDED WITH WRITTEN COPIES OF THE '420 PATENT AND THE "664 PATENT, AND YOU MAY USE THEM DURING YOUR DELIBERATIONS.

"COLLABORATIVE FEEDBACK DATA" MEANS "DATA FROM SYSTEM USERS WITH SIMILAR INTERESTS OR NEEDS REGARDING WHAT INFORMONS SUCH USERS FOUND TO BE RELEVANT."

"SCANNING A NETWORK" MEANS "LOOKING FOR OR EXAMINING ITEMS IN A NETWORK."

---

[15]    Patent Jury Instructions prepared by the Federal Circuit Bar Association.

"DEMAND SEARCH" MEANS "A SINGLE SEARCH ENGINE QUERY PERFORMED UPON A USER REQUEST."

"INFORMON" MEANS "INFORMATION ENTITY OF POTENTIAL OR ACTUAL INTEREST TO THE [INDIVIDUAL/FIRST] USER."

"USER" MEANS "AN INDIVIDUAL IN COMMUNICATION WITH THE NETWORK." (FOR THE '420 CLAIMS).

"USER" MEANS "AN INDIVIDUAL IN COMMUNICATION WITH A NETWORK." (FOR THE '664 CLAIMS).

"RELEVANCE TO THE QUERY" MEANS "HOW WELL AN INFORMON SATISFIES THE INDIVIDUAL USER'S INFORMATION NEED IN THE QUERY."

"QUERY" MEANS "REQUEST FOR SEARCH RESULTS."

### 1.16    CLAIM STEP ORDER

THE STEP [A] OF CLAIM 25 OF THE '420 PATENT MUST BE PERFORMED BEFORE STEP [B].  IN ORDER FOR YOU TO FIND THAT CLAIM 25 OF THE '420 PATENT IS INFRINGED, YOU MUST FIRST FIND THAT GOOGLE ADWORDS PERFORMS STEP [A] BEFORE STEP [B].

STEPS [A] AND [B] OF CLAIM 26 OF THE '664 PATENT MUST BE PERFORMED BEFORE STEP [C].  IN ORDER FOR YOU TO FIND THAT CLAIM 26 OF THE '664 PATENT IS INFRINGED, YOU MUST FIRST FIND THAT GOOGLE ADWORDS PERFORMS STEPS [A] AND [B] BEFORE STEP [C].

2.      **PATENT INFRINGEMENT**

2.1      **DIRECT INFRINGEMENT – GENERALLY**

I WILL NOW INSTRUCT YOU ON THE SPECIFIC RULES YOU MUST FOLLOW TO DETERMINE WHETHER I/P ENGINE HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANTS HAVE INFRINGED THE '420 PATENT OR THE '664 PATENT.  INFRINGEMENT IS ASSESSED ON A CLAIM-BY-CLAIM BASIS. THEREFORE, THERE MAY BE INFRINGEMENT AS TO ONE CLAIM BUT NO INFRINGEMENT AS TO ANOTHER.

IN THIS CASE, I/P ENGINE HAS ALLEGED THAT DEFENDANTS DIRECTLY INFRINGE CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT.  IN ADDITION, I/P ENGINE HAS ALLEGED THAT THIRD PARTIES DIRECTLY INFRINGE THE '420 PATENT AND THE '664 PATENT, AND DEFENDANTS ARE LIABLE FOR ACTIVELY INDUCING OR CONTRIBUTING TO THAT DIRECT INFRINGEMENT BY THOSE THIRD PARTIES.

## 2.2    DIRECT INFRINGEMENT – LITERAL INFRINGEMENT[16]

YOU MUST DECIDE WHETHER GOOGLE HAS MADE, USED, SOLD, OR OFFERED FOR SALE WITHIN THE UNITED STATES, OR IMPORTED INTO THE UNITED STATES, A PRODUCT COVERED BY CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT OR CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT.  I/P ENGINE CONTENDS THAT GOOGLE'S ADWORDS DIRECTLY INFRINGES CLAIMS 10, 14, 15, 25, 27 AND 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28 AND 38 OF THE '664 PATENT.  YOU MUST COMPARE THE ADWORDS SYSTEM WITH EACH AND EVERY ONE OF THE REQUIREMENTS OF A CLAIM TO DETERMINE WHETHER ALL OF THE REQUIREMENTS OF THAT CLAIM ARE MET.

YOU MUST DETERMINE, SEPARATELY FOR EACH ASSERTED CLAIM, WHETHER OR NOT THERE IS INFRINGEMENT.  THERE IS ONE EXCEPTION TO THIS RULE.  IF YOU FIND THAT A CLAIM ON WHICH OTHER CLAIMS DEPEND IS NOT INFRINGED, THERE CANNOT BE INFRINGEMENT OF ANY DEPENDENT CLAIM THAT REFERS DIRECTLY OR INDIRECTLY TO THAT INDEPENDENT CLAIM.  ON THE OTHER HAND, IF YOU FIND THAT AN INDEPENDENT CLAIM HAS BEEN INFRINGED, YOU MUST STILL DECIDE, SEPARATELY, WHETHER THE PRODUCT MEETS ADDITIONAL REQUIREMENTS OF ANY CLAIMS THAT DEPEND FROM THE INDEPENDENT CLAIM, THUS, WHETHER THOSE CLAIMS HAVE ALSO BEEN INFRINGED.  A DEPENDENT CLAIM INCLUDES ALL THE REQUIREMENTS OF ANY OF THE CLAIMS TO WHICH IT REFERS PLUS ADDITIONAL REQUIREMENTS OF ITS OWN.

---

[16]   Adapted from Patent Jury Instructions prepared by the Federal Circuit Bar Association.

TO PROVE LITERAL INFRINGEMENT, I/P ENGINE MUST PROVE THAT IT IS MORE LIKELY THAN NOT THAT GOOGLE'S ADWORDS INCLUDES EVERY REQUIREMENT IN THE PATENT CLAIM.  YOU MUST COMPARE THE ADWORDS SYSTEM WITH EACH AND EVERY ONE OF THE REQUIREMENTS OF A CLAIM TO DETERMINE WHETHER ALL OF THE REQUIREMENTS OF THAT CLAIM ARE MET.  IF GOOGLE'S ADWORDS SYSTEM FAILS TO INCLUDE EVEN ONE REQUIREMENT RECITED IN THE PATENT CLAIM, THE SYSTEM DOES NOT INFRINGE THAT CLAIM.

## 2.3     INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT[17]

I/P ENGINE ALLEGES THAT DEFENDANTS ARE LIABLE FOR INFRINGEMENT BY ACTIVELY INDUCING THIRD PARTIES TO DIRECTLY INFRINGE THE '420 PATENT AND THE '664 PATENT.  AS WITH DIRECT INFRINGEMENT, YOU MUST DETERMINE WHETHER THERE HAS BEEN ACTIVE INDUCEMENT ON A CLAIM-BY-CLAIM BASIS.

DEFENDANTS ARE LIABLE FOR ACTIVE INDUCEMENT OF A CLAIM ONLY IF I/P ENGINE PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1) THE ACTS ARE ACTUALLY CARRIED OUT BY THIRD PARTIES AND DIRECTLY INFRINGE THAT CLAIM;

(2) DEFENDANTS TOOK ACTION DURING THE TIME THE '420 PATENT AND '664 PATENT WERE IN FORCE INTENDING TO CAUSE THE INFRINGING ACTS BY THIRD PARTIES; AND

(3) DEFENDANTS WERE AWARE OF THE '420 PATENT AND '664 PATENT AND KNEW THAT THE ACTS, IF TAKEN, WOULD CONSTITUTE INFRINGEMENT OF THAT PATENT.

IN ORDER TO ESTABLISH ACTIVE INDUCEMENT OF INFRINGEMENT, IT IS NOT SUFFICIENT THAT THIRD PARTIES THEMSELVES DIRECTLY INFRINGE THE CLAIM.  NOR IS IT SUFFICIENT THAT DEFENDANTS WERE AWARE OF THE ACT(S) BY THE THIRD PARTIES THAT ALLEGEDLY CONSTITUTE THE DIRECT INFRINGEMENT.  RATHER, YOU MUST FIND THAT DEFENDANTS SPECIFICALLY INTENDED THIRD PARTIES TO INFRINGE THE '420 PATENT AND THE '664 PATENT.

---

[17]  Patent Jury Instructions prepared by the Federal Circuit Bar Association.

## 2.4    INFRINGEMENT LIMITED TO ACTIVITIES WITHIN THE UNITED STATES[18]

AN ACCUSED METHOD INFRINGES IF IT IS USED IN THE UNITED STATES.  A ACCUSED METHOD IS USED IN THE UNITED STATES ONLY IF EVERY STEP OF THE ACCUSED METHOD IS PERFORMED WITHIN THE UNITED STATES.  I/P ENGINE MUST PROVE THAT IT IS MORE PROBABLE THAN NOT THAT EVERY STEP OF THE ADWORDS METHOD OCCURS WITHIN THE UNITED STATES IN ORDER FOR THE USE OF THE METHOD TO INFRINGE.

---

[18]    *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 156-57 (D.R.I. 2009).

3.      **INVALIDITY**

3.1      **INVALIDITY – GENERALLY**[19]

PATENT INVALIDITY IS A DEFENSE TO PATENT INFRINGEMENT.  I WILL NOW INSTRUCT YOU ON THE RULES YOU MUST FOLLOW IN DECIDING WHETHER OR NOT DEFENDANTS HAVE PROVEN THAT CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT ARE INVALID. TO PROVE THAT ANY CLAIM OF A PATENT IS INVALID, DEFENDANTS MUST PERSUADE YOU BY CLEAR AND CONVINCING EVIDENCE.

DURING THE COURSE OF THIS TRIAL, DEFENDANTS HAVE PRESENTED YOU WITH A NUMBER OF PRIOR ART REFERENCES.  THE FACT THAT ANY PARTICULAR REFERENCE WAS NOT BEFORE THE PTO EXAMINER DURING PROSECUTION OF THE PATENT APPLICATION DOES NOT CHANGE DEFENDANTS' BURDEN OF PROOF OR THE PRESUMPTION THAT THE PATENT IS VALID.  HOWEVER, IN MAKING YOUR DECISION WHETHER DEFENDANTS HAVE MET THEIR BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE AS TO A PARTICULAR PATENT CLAIM, YOU MAY CONSIDER WHETHER YOU HAVE HEARD PRIOR ART REFERENCES THAT ARE MATERIALLY NEW THAT THE PATENT OFFICE HAS NO OPPORTUNITY TO EVALUATE.[20]

I WILL NOW INSTRUCT YOU ON THE INVALIDITY ISSUES YOU SHOULD CONSIDER.

---

[19]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

[20]   *Oracle Am., Inc. v. Google Inc*., No. C 10-03561 WHA, 2012 U.S. Dist. LEXIS 688, *10-12 (N.D. Cal. Jan. 4, 2012)

### 3.2     WRITTEN DESCRIPTION[21]

THE PATENT LAW CONTAINS CERTAIN REQUIREMENTS FOR THE PART OF THE PATENT CALLED THE SPECIFICATION.  DEFENDANTS CONTEND THAT CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT ARE INVALID FOR FAILURE TO PROVIDE AN ADEQUATE WRITTEN DESCRIPTION OF THE CLAIMED INVENTION IN THE '420 PATENT SPECIFICATION, AND CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT ARE INVALID FOR FAILURE TO PROVIDE AN ADEQUATE WRITTEN DESCRIPTION OF THE CLAIMED INVENTION IN THE '664 PATENT SPECIFICATION.

IN THE PATENT APPLICATION PROCESS, THE APPLICANT MAY KEEP THE ORIGINALLY FILED CLAIMS, OR CHANGE THE CLAIMS BETWEEN THE TIME THE PATENT APPLICATION IS FIRST FILED AND THE TIME A PATENT IS ISSUED.  AN APPLICANT MAY AMEND THE CLAIMS OR ADD NEW CLAIMS.  THESE CHANGES MAY NARROW OR BROADEN THE SCOPE OF THE CLAIMS.  THE WRITTEN DESCRIPTION REQUIREMENT ENSURES THAT THE ISSUED CLAIMS CORRESPOND TO THE SCOPE OF THE WRITTEN DESCRIPTION THAT WAS PROVIDED IN THE ORIGINAL APPLICATION.

IN DECIDING WHETHER THE PATENT SATISFIES THIS WRITTEN DESCRIPTION REQUIREMENT, YOU MUST CONSIDER THE DESCRIPTION FROM THE VIEWPOINT OF A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT WHEN THE APPLICATION WAS FILED.  THE WRITTEN DESCRIPTION REQUIREMENT IS SATISFIED IF A PERSON HAVING ORDINARY SKILL READING THE ORIGINAL PATENT APPLICATION WOULD HAVE

---

[21]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

RECOGNIZED THAT IT DESCRIBES THE FULL SCOPE OF THE CLAIMED INVENTION AS IT IS FINALLY CLAIMED IN THE ISSUED PATENT AND THAT THE INVENTOR ACTUALLY POSSESSED THAT FULL SCOPE BY THE FILING DATE OF THE ORIGINAL APPLICATION.

THE WRITTEN DESCRIPTION REQUIREMENT MAY BE SATISFIED BY ANY COMBINATION OF THE WORDS, STRUCTURES, FIGURES, DIAGRAMS, FORMULAS, ETC., CONTAINED IN THE PATENT APPLICATION.  THE FULL SCOPE OF A CLAIM OR ANY PARTICULAR REQUIREMENT IN A CLAIM NEED NOT BE EXPRESSLY DISCLOSED IN THE ORIGINAL PATENT APPLICATION IF A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE TIME OF FILING WOULD HAVE UNDERSTOOD THAT THE FULL SCOPE OR MISSING REQUIREMENT IS IN THE WRITTEN DESCRIPTION IN THE PATENT APPLICATION.

THUS, THE DESCRIPTION MUST SHOW THAT THE ALLEGED INVENTOR ACTUALLY INVENTED THE CLAIMED INVENTION.  BUT MERELY SHOWING INVENTION IS NOT SUFFICIENT; THE ULTIMATE QUESTION IS WHETHER THE SPECIFICATION DESCRIBES IN FULL, CLEAR, AND EXACT TERMS THE NATURE AND EXTENT OF THE CLAIMED INVENTION.[22]

IF YOU FIND THAT ONE OR MORE OF THE CLAIMS CHALLENGED BY DEFENDANTS LACKED AN ADEQUATE WRITTEN DESCRIPTION, YOU MUST FIND EACH SUCH CLAIM INVALID.

---

[22] Jury Instr. No. 5.6 in *Fractus, S.A. v. Samsung Elecs. Co.*, No. 6:09-CV-203 (E.D. Tex. May 23, 2011) (D.I. 997); 35 U.S.C. § 112, ¶¶ 1, 2; *Schriber-Schroth Co. v. Cleveland Trust Co.*, 305 U.S. 47 (1938); *Permutit Co. v. Graver Corp.*, 284 U.S. 52 (1931); *O'Reilly v. Morse*, 56 U.S. (15 How.) 62 (1853); *Evans v. Eaton*, 20 U.S. 356, 435 (1822); *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (en banc).

## 3.3    PRIOR ART[23]

PRIOR ART MAY INCLUDE ITEMS THAT WERE PUBLICLY KNOWN OR THAT HAVE BEEN USED OR OFFERED FOR SALE, PUBLICATIONS, OR PATENTS THAT DISCLOSE THE CLAIMED INVENTION OR ELEMENTS OF THE CLAIMED INVENTION. TO BE PRIOR ART, THE ITEM OR REFERENCE MUST HAVE BEEN MADE, KNOWN, USED, PUBLISHED, OR PATENTED EITHER BEFORE THE INVENTION WAS MADE OR MORE THAN ONE YEAR BEFORE THE FILING DATE OF THE PATENT APPLICATION. HOWEVER, PRIOR ART DOES NOT INCLUDE A PUBLICATION THAT DESCRIBES THE INVENTOR'S OWN WORK AND WAS PUBLISHED LESS THAN ONE YEAR BEFORE THE DATE OF INVENTION.

FOR THE CLAIM TO BE INVALID BECAUSE IT IS NOT NEW, DEFENDANTS MUST SHOW THAT ALL OF THE REQUIREMENTS OF THAT CLAIM WERE PRESENT IN A SINGLE PREVIOUS DEVICE OR METHOD THAT WAS KNOWN OF, USED, OR DESCRIBED IN A SINGLE PREVIOUS PRINTED PUBLICATION OR PATENT.  WE CALL THESE THINGS "ANTICIPATING PRIOR ART."  TO ANTICIPATE, THE PRIOR ART DOES NOT HAVE TO USE THE SAME WORDS AS THE CLAIM, BUT ALL OF THE REQUIREMENTS OF THE CLAIM MUST HAVE BEEN DISCLOSED, EITHER STATED EXPRESSLY OR IMPLIED TO A PERSON HAVING ORDINARY SKILL IN THE ART IN THE TECHNOLOGY OF THE INVENTION, SO THAT LOOKING AT THAT ONE REFERENCE, THAT PERSON COULD MAKE AND USE THE CLAIMED INVENTION.

---

[23] Patent Jury Instructions prepared by the Federal Circuit Bar Association.

### 3.4     ANTICIPATION – PUBLICLY USED, KNOWN OR PREVIOUSLY PUBLISHED[24]

THE PATENT LAWS OF THE UNITED STATES REQUIRE THAT AN INVENTION MUST BE NEW FOR A PERSON TO BE ENTITLED TO A PATENT.  IN GENERAL, INVENTIONS ARE NEW WHEN THE PRODUCT HAS NOT BEEN MADE, USED, OR DISCLOSED BEFORE.  DEFENDANTS CONTEND THAT CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT ARE INVALID BECAUSE THEY WERE NOT NEW OR LACKED NOVELTY.  FOR A CLAIM TO BE INVALID BECAUSE IT IS NOT NEW, DEFENDANTS MUST SHOW THAT ALL OF ITS REQUIREMENTS WERE PRESENT IN A SINGLE DEVICE OR METHOD THAT PREDATES THE CLAIMED INVENTION, OR MUST HAVE BEEN DESCRIBED IN A SINGLE PREVIOUS PUBLICATION OR PATENT THAT PREDATES THE CLAIMED INVENTION.  IN PATENT LAW, SUCH PREVIOUS DEVICE, METHOD, PUBLICATION OR PATENT IS CALLED A "PRIOR ART REFERENCE."  IF A PATENT CLAIM IS NOT NEW, WE SAY IT IS "ANTICIPATED" BY A PRIOR ART REFERENCE.

IN ORDER FOR SOMEONE TO BE ENTITLED TO A PATENT, THE INVENTION MUST ACTUALLY BE "NEW" AND THE INVENTOR MUST NOT HAVE LOST HER OR HIS RIGHTS BY DELAYING THE FILING OF AN APPLICATION CLAIMING THE INVENTION.  IN GENERAL, INVENTIONS ARE NEW WHEN THE IDENTICAL PRODUCT OR PROCESS HAS NOT BEEN MADE, USED, OR DISCLOSED BEFORE. ANTICIPATION MUST BE DETERMINED ON A CLAIM-BY-CLAIM BASIS.

---

[24]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

HERE IS A LIST OF WAYS THAT DEFENDANTS CAN SHOW THAT A PATENT CLAIM WAS NOT NEW OR THAT THE PATENTEE LOST THE RIGHT TO PATENT THE CLAIMS:

(1) AN INVENTION IS NOT NEW IF IT WAS KNOWN TO OR USED BY OTHERS IN THE UNITED STATES BEFORE THE INVENTORS' INVENTION.  AN INVENTION IS KNOWN WHEN THE INFORMATION ABOUT IT WAS REASONABLY ACCESSIBLE TO THE PUBLIC ON THAT DATE.

(2) AN INVENTION IS NOT NEW IF IT WAS ALREADY PATENTED OR DESCRIBED IN A PRINTED PUBLICATION, ANYWHERE IN THE WORLD BEFORE THE INVENTORS' INVENTION.

(3) I/P ENGINE HAS LOST ITS RIGHTS IF THE CLAIMED INVENTION WAS ALREADY PATENTED OR DESCRIBED IN A PRINTED PUBLICATION, ANYWHERE IN THE WORLD BY THE INVENTORS OR ANYONE ELSE, MORE THAN A YEAR BEFORE DECEMBER 3, 1998, WHICH IS THE EFFECTIVE FILING DATE OF THE APPLICATION FOR THE '420 PATENT AND THE '664 PATENT.  AN INVENTION WAS PATENTED BY ANOTHER IF THE OTHER PATENT DESCRIBES THE SAME INVENTION CLAIMED BY I/P ENGINE TO A PERSON HAVING ORDINARY SKILL IN THE TECHNOLOGY.

(4) I/P ENGINE HAS LOST ITS RIGHTS IF THE CLAIMED INVENTION WAS PUBLICLY USED, SOLD, OR OFFERED FOR SALE IN THE UNITED STATES MORE THAN ONE YEAR BEFORE DECEMBER 3, 1998, WHICH IS THE EFFECTIVE FILING DATE OF THE APPLICATION FOR THE '420 PATENT.  AN INVENTION WAS PUBLICLY USED WHEN IT WAS EITHER ACCESSIBLE TO THE PUBLIC OR COMMERCIALLY EXPLOITED.  AN INVENTION WAS SOLD OR OFFERED FOR SALE

WHEN IT WAS OFFERED COMMERCIALLY AND WHAT WAS OFFERED WAS READY TO BE PATENTED, I.E., A DESCRIPTION TO ONE HAVING ORDINARY SKILL IN THE FIELD OF THE TECHNOLOGY COULD HAVE MADE AND USED THE CLAIMED INVENTION, EVEN IF IT WAS NOT YET REDUCED TO PRACTICE.

(5) AN INVENTION IS NOT NEW IF IT WAS DESCRIBED IN A PUBLISHED PATENT APPLICATION FILED BY ANOTHER IN THE UNITED STATES BEFORE THE EFFECTIVE FILING DATE OF THE PATENT, IN THIS CASE DECEMBER 3, 1998.

(8) AN INVENTION IS NOT NEW IF THE CLAIMED INVENTION WAS DESCRIBED IN A PATENT GRANTED ON AN APPLICATION FOR PATENT BY ANOTHER FILED IN THE UNITED STATES AND THE APPLICATION WAS FILED BEFORE THE EFFECTIVE FILING DATE OF THE PATENT, IN THIS CASE DECEMBER 3, 1998.

IF A PATENT CLAIM IS NOT NEW, AS EXPLAINED ABOVE, YOU MUST FIND THAT CLAIM TO BE INVALID.

### 3.5    OBVIOUSNESS[25]

EVEN THOUGH AN INVENTION MAY NOT HAVE BEEN IDENTICALLY DISCLOSED OR DESCRIBED BEFORE IT WAS MADE BY AN INVENTOR, IN ORDER TO BE PATENTABLE, THE INVENTION MUST ALSO NOT HAVE BEEN OBVIOUS TO A PERSON OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE TIME THE INVENTION WAS MADE.

DEFENDANTS CONTEND THAT CLAIMS 10, 14, 15, 25, 27 OR 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28 OR 38 OF THE '664 PATENT ARE INVALID BECAUSE THE INVENTION WAS OBVIOUS.  DEFENDANTS MAY ESTABLISH THAT A PATENT CLAIM IS INVALID BY SHOWING THAT THE CLAIMED INVENTION WOULD HAVE BEEN OBVIOUS TO PERSONS HAVING ORDINARY SKILL IN THE ART AT THE TIME THE INVENTION WAS MADE IN THE FIELD OF THE INVENTION.

IN DETERMINING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MUST CONSIDER THE LEVEL OF ORDINARY SKILL IN THE FIELD OF THE INVENTION THAT SOMEONE WOULD HAVE HAD AT THE TIME THE CLAIMED INVENTION WAS MADE, THE SCOPE AND CONTENT OF THE PRIOR ART, AND ANY DIFFERENCES BETWEEN THE PRIOR ART AND THE CLAIMED INVENTION.

KEEP IN MIND THAT THE EXISTENCE OF EACH AND EVERY ELEMENT OF THE CLAIMED INVENTION IN THE PRIOR ART DOES NOT NECESSARILY PROVE OBVIOUSNESS.  MOST, IF NOT ALL, INVENTIONS RELY ON BUILDING BLOCKS OF PRIOR ART.  IN CONSIDERING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MAY BUT ARE NOT REQUIRED TO FIND OBVIOUSNESS IF YOU FIND THAT AT

---

[25]    Patent Jury Instructions prepared by the Federal Circuit Bar Association.

THE TIME OF THE CLAIMED INVENTION THERE WAS A REASON THAT WOULD HAVE PROMPTED A PERSON HAVING ORDINARY SKILL IN THE FIELD OF THE INVENTION TO COMBINE THE KNOWN ELEMENTS IN A WAY THE CLAIMED INVENTION DOES, TAKING INTO ACCOUNT SUCH FACTORS AS (1) WHETHER THE CLAIMED INVENTION WAS MERELY THE PREDICTABLE RESULT OF USING PRIOR ART ELEMENTS ACCORDING TO THEIR KNOWN FUNCTION(S); (2) WHETHER THE CLAIMED INVENTION PROVIDES AN OBVIOUS SOLUTION TO A KNOWN PROBLEM IN THE RELEVANT FIELD; (3) WHETHER THE PRIOR ART TEACHES OR SUGGESTS THE DESIRABILITY OF COMBINING ELEMENTS CLAIMED IN THE INVENTION; (4) WHETHER THE PRIOR ART TEACHES AWAY FROM COMBINING ELEMENTS IN THE CLAIMED INVENTION; (5) WHETHER IT WOULD HAVE BEEN OBVIOUS TO TRY THE COMBINATIONS OF ELEMENTS, SUCH AS WHEN THERE IS A DESIGN NEED OR MARKET PRESSURE TO SOLVE A PROBLEM AND THERE ARE A FINITE NUMBER OF IDENTIFIED, PREDICTABLE SOLUTIONS; AND (6) WHETHER THE CHANGE RESULTED MORE FROM DESIGN INCENTIVES OR OTHER MARKET FORCES.  TO FIND THAT A COMBINATION OF ART RENDERS THE INVENTION OBVIOUS, YOU MUST FIND THAT THE PRIOR ART PROVIDED A REASONABLE EXPECTATION OF SUCCESS.

IN DETERMINING WHETHER THE CLAIMED INVENTION WAS OBVIOUS, CONSIDER EACH CLAIM SEPARATELY.  DO NOT USE HINDSIGHT, I.E., CONSIDER ONLY WHAT WAS KNOWN AT THE TIME OF THE INVENTION.

IN MAKING THESE ASSESSMENTS, YOU SHOULD TAKE INTO ACCOUNT ANY OBJECTIVE EVIDENCE (SOMETIMES CALLED "SECONDARY CONSIDERATIONS")

THAT MAY HAVE EXISTED AT THE TIME OF THE INVENTION AND AFTERWARDS THAT MAY SHED LIGHT ON THE OBVIOUSNESS OR NOT OF THE CLAIMED INVENTION, SUCH AS:

A. WHETHER THE INVENTION WAS COMMERCIALLY SUCCESSFUL AS A RESULT OF THE MERITS OF THE CLAIMED INVENTION (RATHER THAN THE RESULT OF DESIGN NEEDS OR MARKET-PRESSURE);

B. WHETHER THE INVENTION SATISFIED A LONG-FELT NEED;

C. WHETHER OTHERS HAD TRIED AND FAILED TO MAKE THE INVENTION;

D. WHETHER OTHERS INVENTED THE INVENTION AT ROUGHLY THE SAME TIME;

E. WHETHER OTHERS COPIED THE INVENTION;

F. WHETHER THERE WERE CHANGES OR RELATED TECHNOLOGIES OR MARKET NEEDS CONTEMPORANEOUS WITH THE INVENTION;

G. WHETHER THE INVENTION ACHIEVED UNEXPECTED RESULTS;

H. WHETHER OTHERS IN THE FIELD PRAISED THE INVENTION;

I. WHETHER PERSONS HAVING ORDINARY SKILL IN THE ART OF THE INVENTION EXPRESSED SURPRISE OR DISBELIEF REGARDING THE INVENTION;

J. WHETHER OTHERS SOUGHT OR OBTAINED RIGHTS TO THE PATENT FROM THE PATENT HOLDER; AND

K. WHETHER THE INVENTOR PROCEEDED CONTRARY TO ACCEPTED WISDOM IN THE FIELD.

IF YOU FIND THAT A CLAIMED INVENTION WAS OBVIOUS AS EXPLAINED ABOVE, YOU MUST FIND THAT CLAIM INVALID.

4.      **DAMAGES**

**4.1      DAMAGES – GENERALLY**[26]

IF YOU FIND THAT DEFENDANTS INFRINGED ANY VALID CLAIM OF THE

'420 PATENT OR THE '664 PATENT, YOU MUST THEN CONSIDER WHAT AMOUNT

OF DAMAGES TO AWARD TO I/P ENGINE.  I WILL NOW INSTRUCT YOU ABOUT THE

MEASURE OF DAMAGES.  BY INSTRUCTING YOU ON DAMAGES, I AM NOT

SUGGESTING WHICH PARTY SHOULD WIN THIS CASE, ON ANY ISSUE.  THESE

INSTRUCTIONS ARE PROVIDED TO GUIDE YOU ON THE CALCULATION OF

DAMAGES IN THE EVENT YOU FIND INFRINGEMENT OF A VALID PATENT CLAIM

AND THUS MUST ADDRESS THE DAMAGES ISSUE.

THE DAMAGES YOU AWARD MUST BE ADEQUATE TO COMPENSATE I/P

ENGINE FOR THE INFRINGEMENT. THEY ARE NOT MEANT TO PUNISH AN

INFRINGER. YOUR DAMAGES AWARD, IF YOU REACH THIS ISSUE, SHOULD PUT I/P

ENGINE IN APPROXIMATELY THE SAME FINANCIAL POSITION THAT IT WOULD

HAVE BEEN IN HAD THE INFRINGEMENT NOT OCCURRED.  IN THIS CASE, I/P

ENGINE SEEKS A REASONABLE ROYALTY.  A REASONABLE ROYALTY IS DEFINED

AS THE MONEY AMOUNT THE PATENT HOLDER AND THE INFRINGER WOULD

HAVE AGREED UPON AS A FEE FOR USE OF THE INVENTION AT THE TIME PRIOR

TO WHEN INFRINGEMENT BEGAN.

---

[26]   Patent Jury Instructions prepared by the Federal Circuit Bar Association; Final Jury Instructions in *Shelbyzyme LLC v. Genzyme Corp.* (Dist. Del., Civil Action No. 09-768-GMS) (D.I. 183) (July 13, 2012); and Final Jury Instructions in *CNH America LLC and Blue Leaf I.P., Inc. v. Kinze Mfg., Inc.* (Dist. Del., Civil Action No. 08-945-GMS) (D.I. 301) (February 10, 2011).

I/P ENGINE HAS THE BURDEN TO ESTABLISH THE AMOUNT OF ITS

DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.  IN OTHER WORDS, YOU

SHOULD AWARD ONLY THOSE DAMAGES THAT I/P ENGINE ESTABLISHES THAT IT

MORE LIKELY THAN NOT SUFFERED.

**4.2     DAMAGES – LIMITED TO ACTIVITIES WITHIN THE UNITED STATES[27]**

IF YOU CHOOSE TO AWARD I/P ENGINE DAMAGES, YOU MUST REMEMBER THAT I/P ENGINE IS ENTITLED ONLY TO DAMAGES DUE TO INFRINGEMENT OCCURRING WITHIN THE UNITED STATES.  IN DETERMINING WHETHER INFRINGEMENT OCCURS WITHIN THE UNITED STATES, YOU MUST DETERMINE WHETHER EACH AND EVERY STEP OF THE CLAIMED METHOD IS PERFORMED WITHIN THIS COUNTRY.  I/P ENGINE MUST PROVE THAT IT IS MORE PROBABLE THAN NOT THAT THE DAMAGES IT SEEKS ARE DUE TO INFRINGEMENT OCCURRING WITHIN THE UNITED STATES.

---

[27]   *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005).

### 4.3   DAMAGES – LIMITED TO INFRINGING ACTIVITIES

IF YOU FIND INFRINGEMENT OF A VALID CLAIM OF THE '420 PATENT OR THE '664 PATENT, YOU MUST ALSO REMEMBER THAT I/P ENGINE IS ENTITLED ONLY TO DAMAGES FOR ACTUAL INFRINGEMENT, AND NOT FOR ACTIVITIES PRIOR TO THE FIRST INFRINGEMENT.  I/P ENGINE CONTENDS THAT YOU SHOULD ASSESS DAMAGES STARTING ON SEPTEMBER 15, 2005.  DEFENDANTS CONTEND THAT YOU SHOULD ASSESS DAMAGES ONLY BEGINNING IN NOVEMBER 2010 BECAUSE GOOGLE DID NOT BEGIN USING THE ALLEGEDLY INFRINGING FEATURES OF THE SMARTADS SYSTEM UNTIL THIS TIME.

### 4.4     REASONABLE ROYALTY - DEFINITION[28]

A ROYALTY IS A PAYMENT MADE TO A PATENT HOLDER IN EXCHANGE
FOR RIGHTS TO MAKE, USE OR SELL THE CLAIMED INVENTION.  A REASONABLE
ROYALTY IS THE AMOUNT OF ROYALTY PAYMENT THAT A PATENT HOLDER
AND THE INFRINGER WOULD HAVE AGREED TO IN A HYPOTHETICAL
NEGOTIATION TAKING PLACE AT A TIME PRIOR TO WHEN THE INFRINGEMENT
FIRST BEGAN.

IF YOU CHOOSE TO AWARD I/P ENGINE DAMAGES, YOU MUST DECIDE
WHAT REASONABLE ROYALTY WOULD HAVE RESULTED FROM A
HYPOTHETICAL NEGOTIATION BETWEEN LYCOS AND GOOGLE TAKING PLACE
JUST BEFORE THE TIME WHEN THE INFRINGEMENT FIRST BEGAN.

IN CONSIDERING THIS HYPOTHETICAL NEGOTIATION, YOU SHOULD FOCUS
ON WHAT THE EXPECTATIONS OF THE PATENT HOLDER AND THE INFRINGER
WOULD HAVE BEEN HAD THEY ENTERED INTO AN AGREEMENT AT THAT TIME,
AND HAD THEY ACTED REASONABLY IN THEIR NEGOTIATIONS.  IN
DETERMINING THIS, YOU MUST ASSUME THAT BOTH PARTIES BELIEVED THE
PATENT WAS VALID AND INFRINGED AND THE PATENT HOLDER AND INFRINGER
WERE WILLING TO ENTER INTO AN AGREEMENT.  THE REASONABLE ROYALTY
YOU DETERMINE MUST BE A ROYALTY THAT WOULD HAVE RESULTED FROM
THE HYPOTHETICAL NEGOTIATION, AND NOT SIMPLY A ROYALTY EITHER
PARTY WOULD HAVE PREFERRED.  EVIDENCE OF THINGS THAT HAPPENED
AFTER THE INFRINGEMENT FIRST BEGAN CAN BE CONSIDERED IN EVALUATING

---

[28]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

THE REASONABLE ROYALTY ONLY TO THE EXTENT THAT THE EVIDENCE AIDS IN ASSESSING WHAT ROYALTY WOULD HAVE RESULTED FROM A HYPOTHETICAL NEGOTIATION.  ALTHOUGH EVIDENCE OF THE ACTUAL PROFITS AN ALLEGED INFRINGER MADE MAY BE USED TO DETERMINE THE ANTICIPATED PROFITS AT THE TIME OF THE HYPOTHETICAL NEGOTIATION, THE ROYALTY MAY NOT BE LIMITED OR INCREASED BASED ON THE ACTUAL PROFITS THE ALLEGED INFRINGER MADE.

### 4.5    REASONABLE ROYALTY – RELEVANT FACTORS[29]

IN DETERMINING THE ROYALTY THAT WOULD HAVE RESULTED FROM THE HYPOTHETICAL NEGOTIATION, YOU MUST FOCUS ON THE PORTION OF A PRODUCT'S VALUE THAT IS ATTRIBUTABLE TO THE PATENTED TECHNOLOGY, AS OPPOSED TO THE PORTION OF THE PRODUCT'S VALUE THAT IS ATTRIBUTABLE TO OTHER FEATURES OR TECHNOLOGIES.[30]  IN DOING SO, YOU MAY CONSIDER REAL WORLD FACTS KNOWN AND AVAILABLE TO THE PARTIES AT THE TIME THE INFRINGEMENT BEGAN, INCLUDING THE FOLLOWING, TO THE EXTENT THEY ARE HELPFUL TO YOU:

(1) THE ROYALTIES RECEIVED BY THE PATENTEE FOR THE LICENSING OF THE PATENT-IN-SUIT, PROVING OR TENDING TO PROVE AN ESTABLISHED ROYALTY.

(2) THE RATES PAID BY THE LICENSEE FOR THE USE OF OTHER PATENTS COMPARABLE TO THE PATENT-IN-SUIT.

(3) THE NATURE AND SCOPE OF THE LICENSE, AS EXCLUSIVE OR NONEXCLUSIVE, OR AS RESTRICTED OR NONRESTRICTED IN TERMS OF TERRITORY OR WITH RESPECT TO WHOM THE MANUFACTURED PRODUCT MAY BE SOLD.

(4) THE LICENSOR'S ESTABLISHED POLICY AND MARKETING PROGRAM TO MAINTAIN HIS OR HER PATENT MONOPOLY BY NOT LICENSING OTHERS TO USE

---

[29]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

[30] *Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337-38 (Fed. Cir. 2009); *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549-50 (Fed. Cir. 1995) (en banc); *Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 185 (D.R.I. 2009).

THE INVENTION OR BY GRANTING LICENSES UNDER SPECIAL CONDITIONS DESIGNED TO PRESERVE THAT MONOPOLY.

(5) THE COMMERCIAL RELATIONSHIP BETWEEN THE LICENSOR AND LICENSEE, SUCH AS WHETHER THEY ARE COMPETITORS IN THE SAME TERRITORY IN THE SAME LINE OF BUSINESS, OR WHETHER THEY ARE INVENTOR AND PROMOTER.

(6) THE EFFECT OF SELLING THE PATENTED SPECIALTY IN PROMOTING SALES OF OTHER PRODUCTS OF THE LICENSEE, THE EXISTING VALUE OF THE INVENTION TO THE LICENSOR AS A GENERATOR OF SALES OF HIS NONPATENTED ITEMS, AND THE EXTENT OF SUCH DERIVATIVE OR CONVOYED SALES.

(7) THE DURATION OF THE PATENT AND THE TERM OF THE LICENSE.

(8) THE ESTABLISHED PROFITABILITY OF THE PRODUCT MADE UNDER THE PATENTS, ITS COMMERCIAL SUCCESS, AND ITS CURRENT POPULARITY.

(9) THE UTILITY AND ADVANTAGES OF THE PATENTED PROPERTY OVER THE OLD MODES OR DEVICES, IF ANY, THAT HAD BEEN USED FOR WORKING OUT SIMILAR RESULTS.

(10) THE NATURE OF THE PATENTED INVENTION, THE CHARACTER OF THE COMMERCIAL EMBODIMENT OF IT AS OWNED AND PRODUCED BY THE LICENSOR, AND THE BENEFITS TO THOSE WHO HAVE USED THE INVENTION.

(11) THE EXTENT TO WHICH THE INFRINGER HAS MADE USE OF THE INVENTION AND ANY EVIDENCE PROBATIVE OF THE VALUE OF THAT USE.

(12) THE PORTION OF THE PROFIT OR OF THE SELLING PRICE THAT MAY BE CUSTOMARY IN THE PARTICULAR BUSINESS OR IN COMPARABLE BUSINESSES TO ALLOW FOR THE USE OF THE INVENTION OR ANALOGOUS INVENTIONS.

(13) THE PORTION OF THE REALIZABLE PROFITS THAT SHOULD BE CREDITED TO THE INVENTION AS DISTINGUISHED FROM NONPATENTED ELEMENTS, THE MANUFACTURING PROCESS, BUSINESS RISKS, OR SIGNIFICANT FEATURES OR IMPROVEMENTS ADDED BY THE INFRINGER.

(14) THE OPINION AND TESTIMONY OF QUALIFIED EXPERTS.

(15) THE AMOUNT THAT A LICENSOR (SUCH AS THE PATENTEE) AND A LICENSEE (SUCH AS THE INFRINGER) WOULD HAVE AGREED UPON (AT THE TIME THE INFRINGEMENT BEGAN) IF BOTH HAD BEEN REASONABLY AND VOLUNTARILY TRYING TO REACH AN AGREEMENT; THAT IS, THE AMOUNT WHICH A PRUDENT LICENSEE—WHO DESIRED, AS A BUSINESS PROPOSITION, TO OBTAIN A LICENSE TO MANUFACTURE AND SELL A PARTICULAR ARTICLE EMBODYING THE PATENTED INVENTION—WOULD HAVE BEEN WILLING TO PAY AS A ROYALTY AND YET BE ABLE TO MAKE A REASONABLE PROFIT AND WHICH AMOUNT WOULD HAVE BEEN ACCEPTABLE BY A PRUDENT PATENTEE WHO WAS WILLING TO GRANT A LICENSE.

NO ONE FACTOR IS DISPOSITIVE AND YOU CAN AND SHOULD CONSIDER THE EVIDENCE THAT HAS BEEN PRESENTED TO YOU IN THIS CASE ON EACH OF THESE FACTORS. YOU MAY ALSO CONSIDER ANY OTHER FACTORS WHICH IN YOUR MIND WOULD HAVE INCREASED OR DECREASED THE ROYALTY THE INFRINGER WOULD HAVE BEEN WILLING TO PAY AND THE PATENT HOLDER

WOULD HAVE BEEN WILLING TO ACCEPT, ACTING AS NORMALLY PRUDENT

BUSINESS PEOPLE.  THE FINAL FACTOR ESTABLISHES THE FRAMEWORK WHICH

YOU SHOULD USE IN DETERMINING A REASONABLE ROYALTY, THAT IS, THE

PAYMENT THAT WOULD HAVE RESULTED FROM A NEGOTIATION BETWEEN THE

PATENT HOLDER AND THE INFRINGER TAKING PLACE AT A TIME PRIOR TO

WHEN THE INFRINGEMENT BEGAN.

### 4.6     ENTIRE MARKET VALUE[31]

REASONABLE ROYALTY DAMAGES MUST BE BASED ON "THE USE MADE
OF THE INVENTION BY THE INFRINGER."  THEREFORE, WHEN THE PATENTED
INVENTION IS JUST ONE FEATURE OF A SYSTEM WITH MULTIPLE FEATURES OR
FUNCTIONALITIES, A PATENT HOLDER MUST APPORTION THE DAMAGES
BETWEEN THE PATENTED FEATURE OF THE ACCUSED SYSTEM AND THE OTHER
NON-INFRINGING FEATURES, AND THE ROYALTY SHOULD NOT BE BASED ON
THE VALUE OF THE ENTIRE SYSTEM.  IN ADDITION, YOU MUST CONSIDER
WHETHER THOSE FEATURES DERIVE VALUE ONLY FROM THEIR USE OF THE
PATENTED INVENTION, OR WHETHER THEY WOULD STILL HAVE VALUE IF THEY
DID NOT USE THAT INVENTION.  YOU MAY AWARD DAMAGES BASED ONLY ON
THE PORTION OF AN INFRINGING FEATURE'S VALUE THAT IS ATTRIBUTABLE TO
ITS USE OF THE PATENTED INVENTION.[32]

THE "ENTIRE MARKET VALUE RULE" IS AN EXCEPTION TO THIS GENERAL
RULE.  UNDER THE ENTIRE MARKET VALUE RULE, A PATENT OWNER MAY
RECOVER DAMAGES BASED ON THE VALUE OF AN ENTIRE SYSTEM CONTAINING
SEVERAL FEATURES, EVEN THOUGH ONLY ONE FEATURE IS PATENTED, ONLY IF
THE PATENT OWNER CAN SHOW THAT THE PATENTED FEATURE DRIVES THE
DEMAND FOR THE ENTIRE SYSTEM.  IT IS NOT ENOUGH TO SHOW THAT THE

---

[31]   *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011); *Laser Dynamics, Inc. v. Quanta Computer, Inc. et al.*, Case No. 2011-1140 at 22-23 (Fed. Cir. Aug. 30, 2012).

[32] *Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337-38 (Fed. Cir. 2009); *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549-50 (Fed. Cir. 1995) (en banc); *Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 185 (D.R.I. 2009).

PATENTED FEATURE IS VIEWED AS VALUABLE, IMPORTANT, OR EVEN

ESSENTIAL TO THE USE OF THE ENTIRE SYSTEM.  INSTEAD, A PATENT OWNER

MUST SHOW THAT THE PATENTED FEATURE IS WHAT MOTIVATES CUSTOMERS

TO USE THE ENTIRE SYSTEM IN THE FIRST PLACE.  ONLY IF YOU FIND THAT I/P

ENGINE HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE

ENTIRE MARKET VALUE RULE IS MET, MAY YOU AWARD DAMAGES AS A

PERCENTAGE OF THE REVENUES OR PROFITS ATTRIBUTABLE TO THE ENTIRE

SMARTADS SYSTEM.

**4.7     OTHER LICENSES OR AGREEMENTS MUST BE COMPARABLE[33]**

IF YOU CHOSE TO AWARD DAMAGES, YOU MUST LIMIT THE AMOUNT OF DAMAGES TO WHAT THE EVIDENCE SHOWS IS FAIR COMPENSATION FOR THE ECONOMIC HARM CAUSED BY INFRINGEMENT OF THE CLAIMED INVENTION. EVIDENCE OF DAMAGES, INCLUDING OTHER LICENSES OR AGREEMENTS, MUST BE FAIRLY COMPARABLE TO A HYPOTHETICAL LICENSE FOR I/P ENGINE'S PATENTS.  I/P ENGINE HAS THE BURDEN TO PROVE THAT OTHER LICENSES OR AGREEMENTS ARE SUFFICIENTLY COMPARABLE TO SUPPORT AN AWARD OF DAMAGES.

---

[33] *ResQNet.com, Inc. v. Lansa*, 594 F.3d 860, 872 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway*, 580 F.3d 1301, 1327-28 (Fed.Cir.2009).

### 4.8    APPORTIONMENT OF DAMAGES BASED ON THE CONTRIBUTION OF THE PATENTED TECHNOLOGY TO THE INFRINGING PRODUCTS

YOU HAVE HEARD TESTIMONY FROM THE DAMAGES EXPERTS REGARDING THE AMOUNT OF BENEFIT THE DEFENDANTS REALIZED FROM USING THE TECHNOLOGY OF THE PATENT.  KEEP IN MIND THAT THE REASONABLE ROYALTY ANALYSIS MUST TAKE INTO ACCOUNT THE CONTRIBUTION OF THE PATENTED TECHNOLOGY AS COMPARED TO THE CONTRIBUTIONS OF NON-PATENTED TECHNOLOGY OR CONTRIBUTIONS OF PATENTS HELD BY THE DEFENDANTS OR OTHERS.[34]

THE PATENTEE HAS THE BURDEN TO ESTABLISH THIS RELATIVE CONTRIBUTION.[35]  IF YOU FIND THAT I/P ENGINE'S DAMAGES EXPERT HAS NOT PROPERLY CONSIDERED THE VALUE OF THE PATENT TO THE INFRINGING PRODUCTS AS COMPARED TO OTHER TECHNOLOGY, HIS TESTIMONY IS NOT RELIABLE AND YOU MUST NOT CONSIDER IT.

---

[34] *Cornell Univ. v. Hewlett-Packard Co.,* 2008 U.S. Dist. LEXIS 41848, at *6 (S.D.N.Y. May 27, 2008); *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002).
[35] *Garretson v. Clark,* 111 U.S. 120, 121 (1884); *Suffolk Co. v. Hayden,* 70 U.S. 315, 319-20 (1865); *Mowry v. Whitney,*  81 U.S. 6230, 651 (1871).

## 4.9     LACHES[36]

DEFENDANTS CONTEND THAT I/P ENGINE IS NOT ENTITLED TO RECOVER DAMAGES FOR ACTS THAT OCCURRED BEFORE IT FILED A LAWSUIT BECAUSE: (1) I/P ENGINE DELAYED FILING THE LAWSUIT FOR AN UNREASONABLY LONG AND INEXCUSABLE PERIOD OF TIME, AND (2) DEFENDANTS HAVE BEEN OR WILL BE PREJUDICED IN A SIGNIFICANT WAY DUE TO I/P ENGINE'S DELAY IN FILING THE LAWSUIT.  THIS IS REFERRED TO AS LACHES.  DEFENDANTS MUST PROVE DELAY AND PREJUDICE BY A PREPONDERANCE OF THE EVIDENCE.

WHETHER I/P ENGINE'S DELAY WAS UNREASONABLY LONG AND UNJUSTIFIED IS A QUESTION THAT MUST BE ANSWERED BY CONSIDERING THE FACTS AND CIRCUMSTANCES AS THEY EXISTED DURING THE PERIOD OF DELAY. THERE IS NO MINIMUM AMOUNT OF DELAY REQUIRED TO ESTABLISH LACHES. IF SUIT WAS DELAYED FOR SIX YEARS, A REBUTTABLE PRESUMPTION ARISES THAT THE DELAY WAS UNREASONABLE AND UNJUSTIFIED, AND THAT MATERIAL PREJUDICE RESULTED.  THIS PRESUMPTION SHIFTS THE BURDEN OF PROOF TO I/P ENGINE TO COME FORWARD WITH EVIDENCE TO PROVE THAT THE DELAY WAS JUSTIFIED OR THAT MATERIAL PREJUDICE DID NOT RESULT, AND IF I/P ENGINE PRESENTS SUCH EVIDENCE, THE BURDEN OF PROVING LACHES REMAINS WITH DEFENDANTS.  LACHES MAY BE FOUND FOR DELAYS OF LESS THAN SIX YEARS IF THERE IS PROOF OF UNREASONABLY LONG AND UNJUSTIFIABLE DELAY CAUSING MATERIAL PREJUDICE TO DEFENDANTS. FACTS AND CIRCUMSTANCES THAT CAN JUSTIFY A LONG DELAY CAN INCLUDE:

---

[36]   Patent Jury Instructions prepared by the Federal Circuit Bar Association.

(1) BEING INVOLVED IN OTHER LITIGATION INVOLVING THE

ASSERTED PATENTS DURING THE PERIOD OF DELAY IF ADEQUATE

NOTICE OF THE OTHER LITIGATION WAS GIVEN TO THE

DEFENDANTS INFORMING THE DEFENDANTS OF I/P ENGINE'S

INTENTION TO ENFORCE ITS PATENT UPON COMPLETION OF THAT

PROCEEDING[37];

(2) BEING INVOLVED IN NEGOTIATIONS WITH DEFENDANTS DURING

THE PERIOD OF DELAY;

(3) POVERTY OR ILLNESS DURING THE PERIOD OF DELAY;

(4) WARTIME CONDITIONS DURING THE PERIOD OF DELAY;

(5) BEING INVOLVED IN A DISPUTE ABOUT OWNERSHIP OF THE

PATENT DURING THE PERIOD OF DELAY; OR

(6) MINIMAL AMOUNTS OF ALLEGEDLY INFRINGING ACTIVITY BY

DEFENDANTS DURING THE PERIOD OF DELAY.

IF YOU FIND UNREASONABLE AND UNJUSTIFIED DELAY OCCURRED, TO FIND

LACHES, YOU MUST ALSO DETERMINE IF DEFENDANTS SUFFERED MATERIAL

PREJUDICE AS A RESULT OF THE DELAY. PREJUDICE TO DEFENDANTS CAN BE

EVIDENTIARY OR ECONOMIC. WHETHER DEFENDANTS SUFFERED EVIDENTIARY

PREJUDICE IS A QUESTION THAT MUST BE ANSWERED BY EVALUATING

WHETHER DELAY IN FILING THIS CASE RESULTED IN DEFENDANTS NOT BEING

---

[37] *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 877 (Fed. Cir. 1991) ("For other litigation to excuse a delay in bringing suit, there must be adequate notice of the proceedings to the accused infringer. The notice must also inform the alleged infringer of the patentee's intention to enforce its patent upon completion of that proceeding.") (citations omitted).

ABLE TO PRESENT A FULL AND FAIR DEFENSE ON THE MERITS TO I/P ENGINE'S

INFRINGEMENT CLAIM.  NOT BEING ABLE TO PRESENT A FULL AND FAIR

DEFENSE ON THE MERITS TO AN INFRINGEMENT CLAIM CAN OCCUR DUE TO THE

LOSS OF IMPORTANT RECORDS, THE DEATH OR IMPAIRMENT OF AN IMPORTANT

WITNESS(ES), THE UNRELIABILITY OF MEMORIES ABOUT IMPORTANT EVENTS

BECAUSE THEY OCCURRED IN THE DISTANT PAST, OR OTHER SIMILAR TYPES OF

THINGS.

ECONOMIC PREJUDICE IS DETERMINED BY WHETHER OR NOT

DEFENDANTS CHANGED THEIR ECONOMIC POSITIONS IN A SIGNIFICANT WAY

DURING THE PERIOD OF DELAY RESULTING IN LOSSES BEYOND MERELY PAYING

FOR INFRINGEMENT (SUCH AS IF THAT DEFENDANT COULD HAVE SWITCHED TO

A NONINFRINGING PRODUCT IF SUED EARLIER), AND ALSO WHETHER

DEFENDANTS' LOSSES AS A RESULT OF THAT CHANGE IN ECONOMIC POSITION

LIKELY WOULD HAVE BEEN AVOIDED IF I/P ENGINE HAD FILED THIS LAWSUIT

SOONER.  IN ALL SCENARIOS THOUGH, THE ULTIMATE DETERMINATION OF

WHETHER LACHES SHOULD APPLY IN THIS CASE IS A QUESTION OF FAIRNESS,

GIVEN ALL THE FACTS AND CIRCUMSTANCES.  THUS, YOU MAY FIND THAT

LACHES DOES NOT APPLY IF THERE IS NO EVIDENCE ESTABLISHING EACH OF

THE THREE ELEMENTS NOTED ABOVE (UNREASONABLE DELAY, LACK OF

EXCUSE OR JUSTIFICATION, AND SIGNIFICANT PREJUDICE).  YOU MAY ALSO

FIND THAT EVEN THOUGH ALL OF THE ELEMENTS OF LACHES HAVE BEEN

PROVED, IT SHOULD NOT, IN FAIRNESS, APPLY, GIVEN ALL THE FACTS AND

CIRCUMSTANCES IN THIS CASE.

5.      **FINAL INSTRUCTIONS – DELIBERATION**

NOTHING THAT I MAY HAVE SAID OR DONE DURING THE COURSE OF THIS

TRIAL IS INTENDED TO INDICATE ANY VIEW OF MINE AS TO WHICH PARTY

SHOULD, OR SHOULD NOT, WIN THIS CASE.  AS I INSTRUCTED YOU PREVIOUSLY,

THE JURY IS THE SOLE JUDGE OF THE CREDIBILITY OF THE TESTIMONY AND THE

WEIGHT TO BE GIVEN THE EVIDENCE.  THESE INSTRUCTIONS ARE GIVEN TO YOU

AS A WHOLE, AND YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS

STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.  YOU

HAVE HEARD ALL OF THE EVIDENCE IN THE CASE AND YOU HAVE HEARD THE

ARGUMENT OF COUNSEL.  THE COURT HAS GIVEN YOU THE CHARGE IN THIS

CASE.

IN A FEW MOMENTS YOU WILL RETIRE TO THE JURY ROOM, SELECT ONE

OF YOUR MEMBERS TO ACT AS FOREPERSON, AND BEGIN PERFORMING THE

FUNCTION FOR WHICH YOU HAVE BEEN CHOSEN AND FOR WHICH YOU HAVE

BEEN EMPANELLED, IN ACCORDANCE WITH THE OATH YOU TOOK AS JURORS.

YOU WILL REMEMBER THAT AT THE BEGINNING OF THE TRIAL, THE COURT

ADMONISHED YOU NOT TO DISCUSS THE CASE WITH EACH OTHER UNTIL IT WAS

SUBMITTED TO YOU.  NOW IS THE TIME FOR YOU TO BEGIN YOUR DISCUSSION,

AND YOU CERTAINLY MAY EXPRESS AN OPINION FROM THE EVIDENCE THAT

YOU HAVE HEARD AND USE ANY REASONABLE MEANS TO PERSUADE OTHER

MEMBERS OF THE JURY TO YOUR CONVICTIONS AND TO YOUR HONEST OPINION.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE

YOUR OWN VIEWS, AND CHANGE YOUR OPINION IF CONVINCED IT IS

ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE

WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF

YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

YOU ARE TO REACH A VERDICT WHICH SPEAKS THE TRUTH, AND WHICH

DOES JUSTICE TO ALL PARTIES WITHOUT FAVOR, BIAS, OR PREJUDICE IN ANY

PARTICULAR WAY, EITHER FOR OR AGAINST ANY PARTY TO THIS LAWSUIT.  THE

LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY OR

PREJUDICE.  A CORPORATION AND ALL OTHER PERSONS, INCLUDING THE

PLAINTIFF AND DEFENDANTS IN THIS CASE, ARE EQUAL BEFORE THE LAW AND

MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH

JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR

AGREE THERETO.  YOUR VERDICT MUST BE UNANIMOUS.  AS SOON AS YOU

HAVE REACHED A VERDICT, YOU WILL LET THIS FACT BE KNOWN TO THE

OFFICER WHO WILL BE WAITING UPON YOU AND HE WILL REPORT TO THE

COURT.

YOUR VERDICT WILL BE IN THE FORM OF QUESTIONS FOR YOU TO

ANSWER.  YOU WILL TAKE THESE QUESTIONS TO THE JURY ROOM, AND WHEN

YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU

WILL HAVE YOUR FOREPERSON FILL IN, DATE, AND SIGN THE FORM AND THEN

ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.

DURING YOUR DELIBERATIONS, YOU MAY HAVE ANY OF THE EXHIBITS WHICH

HAVE BEEN OFFERED INTO EVIDENCE, AND THE COURT WILL SEND THEM TO

YOU UPON WRITTEN REQUEST.

IF YOU DESIRE FURTHER INSTRUCTIONS, YOUR FOREPERSON MAY MAKE THIS KNOWN IN WRITING, AND THE COURT WILL TRY TO COMPLY WITH YOUR WISHES.  ALL COMMUNICATIONS WITH THE COURT MUST BE IN WRITING, BUT AT NO TIME SHOULD YOU INDICATE TO THE COURT OR TO ANYONE ELSE HOW THE JURY IS DIVIDED IN ANSWERING ANY PARTICULAR QUESTION.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDES TO MEMORY.  IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  THE NOTES ARE NOT EVIDENCE.  A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR CONCERNING THE TESTIMONY.

I NOW HAND THE QUESTIONS TO THE COURT SECURITY OFFICER.  YOU WILL FOLLOW HIM TO THE JURY ROOM, SELECT ONE OF YOUR MEMBERS AS FOREPERSON, AND BEGIN YOUR DELIBERATIONS.

DATED: October 9, 2012              /s/ Stephen E. Noona
                                    Stephen E. Noona
                                    Virginia State Bar No. 25367
                                    KAUFMAN & CANOLES, P.C.
                                    150 West Main Street, Suite 2100
                                    Norfolk, VA 23510
                                    Telephone:  (757) 624-3000
                                    Facsimile:  (757) 624-3169
                                    senoona@kaufcan.com

                                    David Bilsker
                                    David A. Perlson
                                    QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
                                    50 California Street, 22nd Floor
                                    San Francisco, California  94111
                                    Telephone:  (415) 875-6600
                                    Facsimile:  (415) 875-6700
                                    davidbilsker@quinnemanuel.com
                                    davidperlson@quinnemanuel.com

                                    *Counsel for Google Inc., Target Corporation,
                                    IAC Search & Media, Inc., and Gannett Co., Inc.*


                                    By:  /s/ Stephen E. Noona
                                    Stephen E. Noona
                                    Virginia State Bar No. 25367
                                    KAUFMAN & CANOLES, P.C.
                                    150 W. Main Street, Suite 2100
                                    Norfolk, VA 23510
                                    Telephone: (757) 624-3000
                                    Facsimile:  (757) 624-3169
                                    senoona@kaufcan.com

                                    Robert L. Burns
                                    FINNEGAN, HENDERSON, FARABOW,  GARRETT &
                                    DUNNER, LLP
                                    Two Freedom Square
                                    11955 Freedom Drive
                                    Reston, VA 20190
                                    Telephone: (571) 203-2700
                                    Facsimile:  (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2012, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

Craig C. Reilly Esq.
Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA  22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-2604
craig.reilly@ccreillylaw.com

Craig T. Merritt
Christian & Barton, LLP
909 E. Main Street, Suite 1200
Richmond VA 23219-3095
Telephone:  (804) 697-4128
Facsimile:  (804) 697-6128
cmerritt@cblaw.com

Roderick G. Dorman (pro hac vice)
Jeanne Irving (pro hac vice)
Alan P. Block (pro hac vice)
Jeffrey Huang (pro hac vice)
McKool Smith Hennigan P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, CA  90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234
rdorman@mckoolsmithhennigan.com
jirving@mckoolsmithhennigan.com
ablock@mckoolsmithhennigan.com
jhuang@mckoolsmithhennigan.com

Douglas A. Cawley (pro hac vice)
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, TX  75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044
dcawley@mckoolsmithhennigan.com
acurry@mckoolsmithhennigan.com

*Counsel for Plaintiff Suffolk Technologies, LLC*

                                            */s/ Stephen E. Noona*
                                            Stephen E. Noona
                                            Virginia State Bar No. 25367
                                            KAUFMAN & CANOLES, P.C.
                                            150 West Main Street, Suite 2100
                                            Norfolk, VA 23510
                                            Telephone:  (757) 624-3000
                                            Facsimile:  (757) 624-3169
                                            senoona@kaufcan.com

11972055v1