# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

I/P ENGINE, INC.

                Plaintiff,

        v.

AOL, INC., *et al.*,

                Defendants.

Civil Action No. 2:11-cv-512

**DEFENDANTS' PROPOSED VERDICT FORM**

Defendants Google, Inc., AOL Inc., IAC Search & Media, Inc., Gannett Co., Inc., and Target Corp. ("Defendants") propose the following verdict form. Defendants' proposed verdict form is made without waiver of Defendants' pending motions, which if granted, may render portions of the following unnecessary. Defendants further reserve the right to amend, supplement, or modify this proposed verdict form in light of further developments, including any remaining fact or expert discovery, and based on the evidence and arguments presented at trial. Defendants expect that the parties will meet and confer to refine the proposed verdict form as events continue to narrow the issues.

This is the verdict form. It contains all of the questions set forth in the Jury Instructions. Once you have reached unanimous agreement on a verdict, the foreperson must fill in this verdict form, sign and date it, and advise the court that you have reached a verdict.

## QUESTION NO. 1.

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdWords directly infringes claims 10, 14, 15, 25, 27 and 28 of U.S. Patent No. 6,314,420 ("the '420 patent")?

Answer "Yes" or "No" for each claim.

Claim 10:  _____

Claim 14:  _____

Claim 15:  _____

Claim 25:  _____

Claim 27:  _____

Claim 28:  _____

**QUESTION NO. 2.**

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdSense for Search directly infringes claims 10, 14, 15, 25, 27 and 28 of U.S. Patent No. 6,314,420 ("the '420 patent")?

Answer "Yes" or "No" for each claim.

Claim 10:  _____

Claim 14:  _____

Claim 15:  _____

Claim 25:  _____

Claim 27:  _____

Claim 28:  _____

**QUESTION NO. 3.**

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdSense for Mobile Search directly infringes claims 10, 14, 15, 25, 27 and 28 of U.S. Patent No. 6,314,420 ("the '420 patent")?

Answer "Yes" or "No" for each claim.

Claim 10: _____

Claim 14: _____

Claim 15: _____

Claim 25: _____

Claim 27: _____

Claim 28: _____

## QUESTION NO. 4.

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdWords directly infringes claims 1, 5, 6, 21, 22, 26, 28 and 38 of U.S. Patent No. 6,775,664 ("the '664 patent")?

Answer "Yes" or "No" for each claim.

Claim 1:  _____

Claim 5:  _____

Claim 6:  _____

Claim 21:  _____

Claim 22:  _____

Claim 26:  _____

Claim 28:  _____

Claim 38:  _____

**QUESTION NO. 5.**

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdSense for Search directly infringes claims 1, 5, 6, 21, 22, 26, 28 and 38 of U.S. Patent No. 6,775,664 ("the '664 patent")?

Answer "Yes" or "No" for each claim.

Claim 1:  _____

Claim 5:  _____

Claim 6:  _____

Claim 21:  _____

Claim 22:  _____

Claim 26:  _____

Claim 28:  _____

Claim 38:  _____

## QUESTION NO. 6.

Has Plaintiff I/P Engine proven, by a preponderance of the evidence, that Google's AdSense for Mobile Search directly infringes claims 1, 5, 6, 21, 22, 26, 28 and 38 of U.S. Patent No. 6,775,664 ("the '664 patent")?

Answer "Yes" or "No" for each claim.

Claim 1:  _____

Claim 5:  _____

Claim 6:  _____

Claim 21:  _____

Claim 22:  _____

Claim 26:  _____

Claim 28:  _____

Claim 38:  _____

**QUESTION NO. 7.**

Do you find that Defendants have proven, by clear and convincing evidence, that any of the following claims of the '420 patent are invalid for the following reasons?

*"Yes" means the claim is invalid.*
*"No" means the claim is not invalid.*

A.      Because it is anticipated by the prior art?

Answer "Yes" or "No" for each claim.

Claim 10: _____

Claim 14: _____

Claim 15: _____

Claim 25: _____

Claim 27: _____

Claim 28: _____

B.      Because it is rendered obvious by the prior art?

Answer "Yes" or "No" for each claim.

Claim 10: _____

Claim 14: _____

Claim 15: _____

Claim 25: _____

Claim 27: _____

Claim 28: _____

C.      Because it lacks an adequate written description?

Answer "Yes" or "No" for each claim.

Claim 10:  _____

Claim 14:  _____

Claim 15:  _____

Claim 25:  _____

Claim 27:  _____

Claim 28:  _____

## QUESTION NO. 8.

Do you find that Defendants have proven, by clear and convincing evidence, that any of the following claims of the '664 patent are invalid for the following reasons?

*"Yes" means the claim is invalid.*
*"No" means the claim is not invalid.*

A.     Because it is anticipated by the prior art?

Answer "Yes" or "No" for each claim.

Claim 1:  _____

Claim 5:  _____

Claim 6:  _____

Claim 21:  _____

Claim 22:  _____

Claim 26:  _____

Claim 28:  _____

Claim 38:  _____


B.     Because it is rendered obvious by the prior art?

Answer "Yes" or "No" for each claim.

Claim 1:  _____

Claim 5:  _____

Claim 6:  _____

Claim 21:  _____

Claim 22:  _____

Claim 26:  _____

Claim 28: _____

Claim 38: _____


C.      Because it lacks an adequate written description?

Answer "Yes" or "No" for each claim.

Claim 1: _____

Claim 5: _____

Claim 6: _____

Claim 21: _____

Claim 22: _____

Claim 26: _____

Claim 28: _____

Claim 38: _____

*If you have found that any of the claims were infringed by Google and are valid (i.e., you have answered "yes" to any of the claims in Question 1, Question 2, or Question 3 and "no" to all sections of Question 7 for the corresponding claim OR you have answered "yes" to any of the claims in Question 4, Question 5, or Question 6 and "no" to all sections of Question 8 for the corresponding claim), then answer Question 9, Question 10, Question 11, Question 12, and Question 13.  Otherwise, do not answer the following questions.*

## QUESTION NO. 9.

If you have found any claim of the '420 patent or the '664 patent to be both valid and infringed by Google, have Defendants proven by a preponderance of the evidence that Plaintiff I/P Engine forfeited its right to recover damages for activities occurring before September 15, 2011 under the doctrine of laches?

*A "yes" is a finding for Defendants.  A "no" is a finding for I/P Engine.*

Answer (check one):

_____ Yes.

_____ No.

## QUESTION NO. 10.

You have heard testimony that the hypothetical negotiation to determine the reasonable royalty would have occurred in 2004.  You also have heard testimony that the hypothetical negotiation to determine a reasonable royalty would have occurred in 2010.  If you have found any claim of the '420 patent or the '664 patent to be both valid and infringed by Google, is your damages analysis based on a hypothetical negotiation in 2004 or a hypothetical negotiation in 2010?

Answer (check one):

2004 _____; or 2010 _____.

**QUESTION NO. 11.**

You have heard testimony regarding a "lump sum paid up royalty," which is a fixed amount paid to the patent holder regardless of the amount of use of the purported invention over time.  You also have heard testimony regarding a "running royalty," which is a royalty determined by the amount of use of the purported invention over time.  If you have found any claim of the '420 patent or the '664 patent to be both valid and infringed by Google, should reasonable royalty damages be based on a "lump sum paid up royalty" or a "running royalty"?

Answer (check one):

"lump sum paid up royalty" _____; or "running royalty" _____.

## QUESTION NO. 12.

If you have found that damages should be based on a "running royalty," what should be the rate for that running royalty?

Answer as a percentage.

Running Royalty Rate:  _____

## QUESTION NO. 13.

If you have found any claim of the '420 patent or the '664 patent to be both valid and infringed by Google, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate I/P Engine as a reasonable royalty for any infringement by Google that you have found?

Answer in dollars and cents, if any.

Answer: _____

Signed this _____ day of October, 2012.

_____
JURY FOREPERSON

DATED: October 9, 2012

          */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation,
IAC Search & Media, Inc., and Gannett Co., Inc.*

By:  */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW,  GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile:  (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &

16

Dᴜɴɴᴇʀ, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on October 9, 2012, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

Craig C. Reilly Esq.
Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA  22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-2604
craig.reilly@ccreillylaw.com

Craig T. Merritt
Christian & Barton, LLP
909 E. Main Street, Suite 1200
Richmond VA 23219-3095
Telephone:  (804) 697-4128
Facsimile:  (804) 697-6128
cmerritt@cblaw.com

Roderick G. Dorman (pro hac vice)
Jeanne Irving (pro hac vice)
Alan P. Block (pro hac vice)
Jeffrey Huang (pro hac vice)
McKool Smith Hennigan P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, CA  90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234
rdorman@mckoolsmithhennigan.com
jirving@mckoolsmithhennigan.com
ablock@mckoolsmithhennigan.com
jhuang@mckoolsmithhennigan.com

Douglas A. Cawley (pro hac vice)
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, TX  75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044
dcawley@mckoolsmithhennigan.com
acurry@mckoolsmithhennigan.com

*Counsel for Plaintiff Suffolk Technologies, LLC*

 */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

11972037v1