**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| _____ ) | |
| I/P ENGINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 2:11-cv-512 |
| ) | |
| AOL, INC. et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PLAINTIFF I/P ENGINE, INC.'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's February 15, 2012 Scheduling Order (Dkt. No. 90) and Local

Civil Rule 51, Plaintiff I/P Engine, Inc. ("I/P Engine") hereby submits its Proposed Jury

Instructions.  I/P Engine reserves the right to modify and/or supplement its Proposed Jury

Instructions based upon the evidence and theories presented at trial, and/or resolution of any

outstanding motions.

## TABLE OF CONTENTS

PRELIMINARY JURY INSTRUCTIONS ...................................................................1

    NO 1.  OPENING INSTRUCTIONS ...................................................2

    NO 2.  PROVINCE OF JUDGE AND JURY ....................................4

    NO 3.  JURY CONDUCT.....................................................................5

    NO 4.  EVIDENCE ...............................................................................7

    NO 5.  EVIDENCE—CREDIBILITY OF WITNESSES....................10

    NO 6.  WHAT A PATENT IS AND HOW ONE IS OBTAINED .............12

    NO 7.  SUMMARY OF CONTENTIONS .........................................16

    NO 8.  PATENTS AT ISSUE ..............................................................18

    NO 9.  PATENTS AT ISSUE—CLAIM CONSTRUCTION.....................19

    NO 10.  OVERVIEW OF APPLICABLE LAW .................................20

    NO 11.  GLOSSARY OF PATENT TERMS.....................................23

    NO 12.  OUTLINE OF TRIAL ..........................................................29

FINAL JURY INSTRUCTIONS ....................................................................32

    NO 13.  THE ROLE OF THE CLAIMS OF A PATENT ................35

    NO 14.  HOW A CLAIM DEFINES WHAT IT COVERS..............37

    NO 15.  INDEPENDENT AND DEPENDENT CLAIMS................39

    NO 16.  INFRINGEMENT GENERALLY .......................................40

    NO 17.  DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT" .............42

    NO 18.  DIRECT INFRINGEMENT "UNDER THE DOCTRINE OF
            EQUIVALENTS" .............................................................44

    NO 19.  INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT ........46

    NO 20.  WILLFUL INFRINGEMENT..............................................47

    NO 21.  INVALIDITY—BURDEN OF PROOF................................49

DSMDB-3104912v1

**NO 22. PRIOR ART** ..................................................................................................50

**NO 23. INVALIDITY-PRIOR ART-ANTICIPATION** ..............................................51

**NO 24. OBVIOUSNESS** ...........................................................................................53

**NO 25. SCOPE AND CONTENT OF THE PRIOR ART** ........................................57

**NO 26. LEVEL OF ORDINARY SKILL** ..................................................................58

**NO 27. PRIOR ART – ORAL TESTIMONY** ...........................................................59

**NO 28. DAMAGES – INTRODUCTION** ...................................................................60

**NO 29. REASONABLE ROYALTY - ENTITLEMENT** ...........................................62

**NO 30. REASONABLE ROYALTY – DEFINITION** ................................................63

**NO 31. REASONABLE ROYALTY – RELEVANT FACTORS** ..............................65

**NO 32. DATE OF COMMENCEMENT OF DAMAGES** .........................................69

DSMDB-3104912v1

# PRELIMINARY JURY INSTRUCTIONS

DSMDB-3104912v1

## INSTRUCTION NO. 1

## OPENING INSTRUCTIONS

WE ARE ABOUT TO BEGIN THE TRIAL OF THE CASE YOU HEARD ABOUT DURING THE JURY SELECTION.  BEFORE THE TRIAL BEGINS, I AM GOING TO GIVE YOU A BRIEF OVERVIEW OF THIS CASE AND INSTRUCTIONS THAT WILL HELP YOU UNDERSTAND WHAT WILL BE PRESENTED TO YOU AND HOW YOU SHOULD CONDUCT YOURSELF DURING THE TRIAL.

LET ME BEGIN BY EXPLAINING SOME OF THE TERMS YOU WILL HEAR DURING THE TRIAL.  YOU WILL SOMETIMES HEAR ME REFER TO "COUNSEL." "COUNSEL" IS ANOTHER WAY OF SAYING "LAWYER" OR "ATTORNEY."  I WILL SOMETIMES REFER TO MYSELF AS THE "COURT."  WHEN I "SUSTAIN" AN OBJECTION, I AM EXCLUDING THAT EVIDENCE FROM THIS TRIAL FOR A GOOD REASON.  WHEN I "OVERRULE" AN OBJECTION, I AM PERMITTING THAT EVIDENCE TO BE ADMITTED.  WHEN I SAY "ADMITTED INTO EVIDENCE" OR "RECEIVED INTO EVIDENCE," I MEAN THAT THE PARTICULAR STATEMENT OR THE PARTICULAR EXHIBIT MAY BE CONSIDERED BY YOU IN MAKING THE DECISIONS YOU MUST MAKE AT THE END OF THE CASE.

BY YOUR VERDICT, YOU WILL DECIDE DISPUTED ISSUES OF FACT.  I WILL DECIDE ALL QUESTIONS OF LAW THAT ARISE DURING THE TRIAL.  BEFORE YOU BEGIN YOUR DELIBERATION AT THE CLOSE OF THE CASE, I WILL INSTRUCT YOU IN MORE DETAIL ON THE LAW THAT YOU MUST FOLLOW AND APPLY.  BECAUSE YOU WILL BE ASKED TO DECIDE THE FACTS OF THIS CASE, YOU SHOULD GIVE CAREFUL ATTENTION TO THE TESTIMONY AND EVIDENCE PRESENTED. DURING

2

THE TRIAL YOU SHOULD KEEP AN OPEN MIND AND SHOULD NOT FORM OR EXPRESS ANY OPINION ABOUT THE CASE UNTIL YOU HAVE HEARD ALL OF THE TESTIMONY AND EVIDENCE, THE LAWYERS' CLOSING ARGUMENTS, AND MY INSTRUCTIONS TO YOU ON THE LAW.

FROM TIME-TO-TIME DURING THE TRIAL, I MAY MAKE RULINGS ON OBJECTIONS OR MOTIONS MADE BY THE LAWYERS.  IT IS A LAWYER'S DUTY TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE LAWYER BELIEVES IS NOT ADMISSIBLE.  YOU SHOULD NOT BE UNFAIR OR PARTIAL AGAINST A LAWYER OR THE LAWYER'S CLIENT BECAUSE THE LAWYER HAS MADE OBJECTIONS.  IF I SUSTAIN OR UPHOLD AN OBJECTION TO A QUESTION THAT GOES UNANSWERED BY THE WITNESS, YOU SHOULD NOT DRAW ANY INFERENCES OR CONCLUSIONS FROM THE QUESTION.  YOU SHOULD NOT INFER OR CONCLUDE FROM ANY RULING OR OTHER COMMENT I MAY MAKE THAT I HAVE ANY OPINIONS ON THE MERITS OF THE CASE FAVORING ONE SIDE OR THE OTHER.  I DO NOT FAVOR ONE SIDE OR THE OTHER.

DURING THE TRIAL, IT MAY BE NECESSARY FOR ME TO TALK WITH THE LAWYERS OUT OF YOUR HEARING ABOUT QUESTIONS OF LAW OR PROCEDURE. SOMETIMES, YOU MAY BE EXCUSED FROM THE COURTROOM DURING THESE DISCUSSIONS.  I WILL TRY TO LIMIT THESE INTERRUPTIONS AS MUCH AS POSSIBLE, BUT YOU SHOULD REMEMBER THE IMPORTANCE OF THE MATTER

YOU ARE HERE TO DETERMINE AND SHOULD BE PATIENT EVEN THOUGH THE CASE MAY SEEM TO GO SLOWLY.

Authority:   Adapted from 3 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, <u>Federal Jury Practice and Instructions – Civil</u> § 101.01 (5th ed. 2000).

3

## INSTRUCTION NO. 2

## PROVINCE OF JUDGE AND JURY

AFTER ALL THE EVIDENCE HAS BEEN HEARD AND ARGUMENTS AND INSTRUCTIONS ARE FINISHED, YOU WILL MEET TO MAKE YOUR DECISION.  YOU WILL DETERMINE THE FACTS FROM ALL THE TESTIMONY AND OTHER EVIDENCE THAT IS PRESENTED.  YOU ARE THE SOLE AND EXCLUSIVE JUDGE OF THE FACTS. I MUST STRESS THAT YOU ARE REQUIRED TO ACCEPT THE RULES OF LAW THAT I GIVE YOU, WHETHER OR NOT YOU AGREE WITH THEM.

THE LAW PERMITS ME TO COMMENT ON THE EVIDENCE IN THE CASE DURING THE TRIAL OR WHILE INSTRUCTING THE JURY.  SUCH COMMENTS ARE ONLY EXPRESSIONS OF MY OPINION AS TO THE FACTS.  YOU MAY DISREGARD THESE COMMENTS ENTIRELY, BECAUSE YOU ARE TO DETERMINE FOR YOURSELF THE WEIGHT OF THE EVIDENCE AND THE CREDIBILITY OF EACH OF THE WITNESSES.

Authority:  Adapted from 3 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, <u>Federal Jury Practice and Instructions – Civil</u> § 101.10 (5th ed. 2000).

DSMDB-3104912v1

## INSTRUCTION NO. 3

## JURY CONDUCT

TO ENSURE FAIRNESS, YOU MUST OBEY THE FOLLOWING RULES:

1. DO NOT TALK TO EACH OTHER ABOUT THIS CASE OR ABOUT ANYONE INVOLVED WITH THIS CASE UNTIL THE END OF THE TRIAL WHEN YOU GO TO THE JURY ROOM TO DECIDE ON YOUR VERDICT.

2. DO NOT TALK WITH ANYONE ELSE ABOUT THIS CASE OR ABOUT ANYONE INVOLVED WITH THIS CASE UNTIL THE TRIAL HAS ENDED AND YOU HAVE BEEN DISCHARGED AS JURORS. "ANYONE ELSE" INCLUDES MEMBERS OF YOUR FAMILY AND YOUR FRIENDS. YOU MAY TELL PEOPLE YOU ARE A JUROR, BUT DO NOT TELL THEM ANYTHING ELSE ABOUT THE CASE.

3. OUTSIDE THE COURTROOM, DO NOT LET ANYONE TELL YOU ANYTHING ABOUT THE CASE, OR ABOUT ANYONE INVOLVED WITH IT UNTIL THE TRIAL HAS ENDED. IF SOMEONE SHOULD TRY TO TALK TO YOU ABOUT THE CASE DURING THE TRIAL, PLEASE REPORT IT TO ME IMMEDIATELY.

4. DURING THE TRIAL YOU SHOULD NOT TALK WITH OR SPEAK TO ANY OF THE PARTIES, LAWYERS OR WITNESSES INVOLVED IN THIS CASE—YOU SHOULD NOT EVEN PASS THE TIME OF DAY WITH ANY OF THEM. IT IS IMPORTANT NOT ONLY THAT YOU DO JUSTICE IN THIS CASE, BUT THAT YOU ALSO GIVE THE APPEARANCE OF DOING JUSTICE.

5. DO NOT READ ANY NEWS STORIES OR ARTICLES ABOUT THE CASE, OR ABOUT ANYONE INVOLVED WITH IT, OR LISTEN TO ANY RADIO OR TELEVISION REPORTS ABOUT THE CASE OR ABOUT ANYONE INVOLVED WITH IT.

6. DO NOT DO ANY RESEARCH, SUCH AS CHECKING DICTIONARIES, OR

DSMDB-3104912v1

MAKE ANY INVESTIGATION ABOUT THE CASE ON YOUR OWN.

7.  DO NOT MAKE UP YOUR MIND DURING THE TRIAL ABOUT WHAT THE VERDICT SHOULD BE.  KEEP AN OPEN MIND UNTIL AFTER YOU HAVE GONE TO THE JURY ROOM TO DECIDE THE CASE AND YOU AND THE OTHER JURORS HAVE DISCUSSED ALL THE EVIDENCE.

8. IF YOU NEED TO TELL ME SOMETHING, SIMPLY GIVE A SIGNED NOTE TO THE MARSHAL TO GIVE TO ME.

Authority:  Adapted from 3 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Federal Jury Practice and Instructions – Civil § 101.11 (5th ed. 2000).

DSMDB-3104912v1

## INSTRUCTION NO. 4

### EVIDENCE

THE EVIDENCE IN THIS CASE WILL CONSIST OF THE FOLLOWING:

1. THE SWORN TESTIMONY OF THE WITNESSES, NO MATTER WHO CALLED A WITNESS.

2. ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THE EXHIBITS.

3. ALL FACTS THAT ARE JUDICIALLY NOTICED, YOU MUST TAKE THEM AS TRUE FOR PURPOSES OF THIS CASE.

DEPOSITIONS MAY ALSO BE RECEIVED IN EVIDENCE.  DEPOSITIONS CONTAIN SWORN TESTIMONY, WITH THE LAWYERS FOR EACH PARTY BEING ENTITLED TO ASK QUESTIONS.  IN SOME CASES, ALL OR PART OF A DEPOSITION MAY BE PLAYED FOR YOU ON VIDEOTAPE.  DEPOSITION TESTIMONY MAY BE ACCEPTED BY YOU, SUBJECT TO THE SAME INSTRUCTIONS THAT APPLY TO WITNESSES TESTIFYING IN OPEN COURT.

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT.  A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE.  WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

I MAY TAKE JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS.  WHEN I DECLARE THAT I WILL TAKE JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU

DSMDB-3104912v1

MUST ACCEPT THAT FACT AS TRUE.

IF I SUSTAIN AN OBJECTION TO ANY EVIDENCE OR IF I ORDER EVIDENCE STRICKEN, THAT EVIDENCE MUST BE ENTIRELY IGNORED.  SOME EVIDENCE IS ADMITTED FOR A LIMITED PURPOSE ONLY.

WHEN I INSTRUCT YOU THAT AN ITEM OF EVIDENCE HAS BEEN ADMITTED FOR A LIMITED PURPOSE, YOU MUST CONSIDER IT ONLY FOR THAT LIMITED PURPOSE AND FOR NO OTHER PURPOSE.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE.  BUT IN YOUR CONSIDERATION OF THE EVIDENCE YOU ARE NOT LIMITED TO THE STATEMENTS OF THE WITNESS.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFIED.  YOU MAY DRAW FROM THE FACTS THAT YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES OR CONCLUSIONS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF YOUR EXPERIENCE. AT THE END OF THE TRIAL YOU WILL HAVE TO MAKE YOUR DECISION BASED ON WHAT YOU RECALL OF THE EVIDENCE.

YOU WILL NOT HAVE A WRITTEN TRANSCRIPT TO CONSULT, AND IT IS DIFFICULT AND TIME CONSUMING FOR THE REPORTER TO READ BACK LENGTHY TESTIMONY.  I URGE YOU TO PAY CLOSE ATTENTION TO THE TESTIMONY AS IT IS GIVEN.

THE EVIDENCE IN THIS CASE MAY BE EITHER OF TWO TYPES: "DIRECT EVIDENCE" AND "CIRCUMSTANTIAL EVIDENCE."  "DIRECT EVIDENCE" IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THE

DSMDB-3104912v1

WITNESS SAID OR HEARD OR DID.  "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF

ONE OR MORE FACTS FROM WHICH YOU COULD FIND ANOTHER FACT.  YOU

SHOULD CONSIDER BOTH KINDS OF EVIDENCE.  THE LAW MAKES NO

DISTINCTION BETWEEN THE WEIGHTS TO BE GIVEN TO EITHER DIRECT OR

CIRCUMSTANTIAL EVIDENCE.  YOU ARE TO DECIDE HOW MUCH WEIGHT TO

GIVE ANY EVIDENCE.


Authority:  Adapted from 3 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, <u>Federal</u>
<u>Jury Practice and Instructions – Civil</u> §§ 101.40 & 101.42 (5th ed. 2000).

DSMDB-3104912v1

## INSTRUCTION NO. 5

### EVIDENCE—CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.  YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, PART OF IT, OR NONE OF IT.  IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT MANY FACTORS, INCLUDING THE WITNESS' OPPORTUNITY AND ABILITY TO SEE AND HEAR OR KNOW THE THINGS THE WITNESS TESTIFIED ABOUT; THE QUALITY OF THE WITNESS' MEMORY; THE WITNESS' APPEARANCE AND MANNER WHILE TESTIFYING; THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE; ANY BIAS OR PREJUDICE THE WITNESS MAY HAVE; OTHER EVIDENCE THAT MAY HAVE CONTRADICTED THE WITNESS' TESTIMONY; AND THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE.  THE WEIGHT OF THE EVIDENCE DOES NOT NECESSARILY DEPEND UPON THE NUMBER OF WITNESSES WHO TESTIFY.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING THAT IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.  IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU MAY GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, IF ANY, YOU THINK IT DESERVES.

IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY

DSMDB-3104912v1

ABOUT ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH

WITNESS' OTHER TESTIMONY AND YOU MAY REJECT ALL THE TESTIMONY OF

THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY THINK IT DESERVES.

AN ACT OR OMISSION IS "KNOWINGLY" DONE, IF VOLUNTARY AND

INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER

INNOCENT REASON.

Authority:  Adapted from 3 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, <u>Federal Jury Practice and Instructions – Civil</u> §§ 101.43 & 105.04 (5th ed. 2000).

DSMDB-3104912v1

## JURY INSTRUCTION NO. 6

### WHAT A PATENT IS AND HOW ONE IS OBTAINED

THIS CASE INVOLVES A DISPUTE RELATING TO TWO UNITED STATES PATENTS.  BEFORE SUMMARIZING THE POSITIONS OF THE PARTIES AND THE ISSUES INVOLVED IN THE DISPUTE, LET ME TAKE A MOMENT TO EXPLAIN WHAT A PATENT IS AND HOW ONE IS OBTAINED.

THE UNITED STATES CONSTITUTION GRANTS CONGRESS THE POWERS TO ENACT LAWS "TO PROMOTE THE PROGRESS OF SCIENCE AND USEFUL ARTS, BY SECURING FOR LIMITED TIMES TO AUTHORS AND INVENTORS THE EXCLUSIVE RIGHT TO THEIR RESPECTIVE WRITINGS AND DISCOVERIES."  USING THIS POWER, CONGRESS ENACTED THE PATENT LAWS.

PATENTS ARE GRANTED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE (SOMETIMES CALLED "THE PATENT OFFICE" OR "PTO").  A UNITED STATES PATENT GIVES THE PATENT OWNER THE RIGHT, FOR UP TO TWENTY YEARS FROM THE DATE THAT THE PATENT APPLICATION WAS FILED, TO PREVENT  OTHERS FROM MAKING, USING, OFFERING TO SELL, OR SELLING THE PATENTED INVENTION WITHIN THE UNITED  STATES WITHOUT THE PATENT OWNER'S PERMISSION.  A VIOLATION OF THE PATENT OWNER'S RIGHTS IS CALLED INFRINGEMENT.  THE PATENT OWNER ENFORCES A PATENT AGAINST PERSONS BELIEVED TO BE INFRINGERS BY A LAWSUIT FILED IN FEDERAL COURT, LIKE THIS COURT.

THE PROCESS OF OBTAINING A PATENT IS CALLED PATENT PROSECUTION. TO OBTAIN A PATENT ONE MUST FILE AN APPLICATION WITH THE PTO.  THE PTO

DSMDB-3104912v1

IS AN AGENCY OF THE FEDERAL GOVERNMENT AND EMPLOYS TRAINED

EXAMINERS WHO REVIEW APPLICATIONS FOR PATENTS.  THE APPLICATION

INCLUDES WHAT IS CALLED A "SPECIFICATION," WHICH CONTAINS A WRITTEN

DESCRIPTION OF THE CLAIMED INVENTION TELLING WHAT THE  INVENTION IS,

HOW IT WORKS, HOW TO MAKE IT AND HOW TO USE IT SO THAT SOMEONE WITH

SKILL IN THAT FIELD WILL KNOW HOW TO MAKE OR USE IT.  THE SPECIFICATION

CONCLUDES WITH ONE OR MORE NUMBERED SENTENCES.  THESE ARE THE

PATENT "CLAIMS."  WHEN THE PATENT IS EVENTUALLY GRANTED BY THE PTO,

THE CLAIMS DEFINE THE BOUNDARIES OF ITS PROTECTION AND GIVE NOTICE TO

THE PUBLIC OF THOSE BOUNDARIES.

CLAIMS CAN BE INDEPENDENT OR DEPENDENT.  AN INDEPENDENT CLAIM

IS SELF-CONTAINED. A DEPENDENT CLAIM INCLUDES ITS OWN REQUIREMENTS

AND THE REQUIREMENTS OF THE INDEPENDENT CLAIM THAT IT REFERS BACK

TO.

AFTER THE APPLICANT FILES THE APPLICATION, AN EXAMINER REVIEWS

THE APPLICATION TO DETERMINE WHETHER THE CLAIMS ARE PATENTABLE

(APPROPRIATE FOR PATENT PROTECTION) AND WHETHER THE SPECIFICATION

ADEQUATELY DESCRIBES THE INVENTION CLAIMED.  IN EXAMINING A PATENT

APPLICATION, THE EXAMINER REVIEWS CERTAIN INFORMATION ABOUT THE

STATE OF THE TECHNOLOGY AT THE TIME THE APPLICATION WAS FILED.  THE

PTO SEARCHES FOR AND REVIEWS INFORMATION THAT IS PUBLICLY AVAILABLE

OR THAT IS SUBMITTED BY THE APPLICANT; THIS INFORMATION IS CALLED

"PRIOR ART."  THE EXAMINER REVIEWS THIS PRIOR ART TO DETERMINE

DSMDB-3104912v1

WHETHER OR NOT THE INVENTION IS TRULY AN ADVANCE OVER THAT OF THE ART AT THE TIME.  PRIOR ART IS DEFINED BY LAW, AND I WILL GIVE YOU, AT A LATER TIME SPECIFIC INSTRUCTIONS AS TO WHAT CONSTITUTES PRIOR ART. HOWEVER, IN GENERAL, PRIOR ART INCLUDES INFORMATION THAT DEMONSTRATES THE STATE OF TECHNOLOGY THAT EXISTED BEFORE THE CLAIMED  INVENTION WAS MADE OR BEFORE THE APPLICATION WAS FILED.  A PATENT LISTS THE PRIOR ART THAT THE EXAMINER CONSIDERED; THIS LIST IS CALLED THE "CITED REFERENCES."

AFTER THE PRIOR ART SEARCH AND EXAMINATION OF THE APPLICATION, THE EXAMINER INFORMS THE APPLICANT  IN WRITING OF WHAT THE EXAMINER HAS FOUND AND WHETHER THE EXAMINER CONSIDERS ANY CLAIM TO BE PATENTABLE, AND THUS, WILL BE "ALLOWED."  THIS WRITING FROM THE EXAMINER IS CALLED AN "OFFICE ACTION."  IF THE EXAMINER REJECTS THE CLAIMS, THE APPLICANT HAS AN OPPORTUNITY TO RESPOND TO THE EXAMINER TO TRY TO PERSUADE THE EXAMINER TO ALLOW THE CLAIMS, AND TO CHANGE THE CLAIMS.  THIS PROCESS MAY GO BACK AND FORTH FOR SOME TIME UNTIL THE EXAMINER IS SATISFIED THAT THE APPLICATION MEETS THE REQUIREMENTS FOR A PATENT AND THE APPLICATION ISSUES AS A PATENT, OR THAT THE APPLICATION SHOULD BE REJECTED AND NO PATENT SHOULD ISSUE. SOMETIMES, PATENTS ARE ISSUED AFTER APPEALS WITHIN THE PTO OR TO A COURT.  THE PAPERS GENERATED DURING THESE COMMUNICATIONS BETWEEN THE EXAMINER AND THE APPLICANT ARE CALLED THE "PROSECUTION HISTORY."

DSMDB-3104912v1

ONCE ISSUED, A PATENT IS PRESUMED TO BE VALID BECAUSE THE PTO, AS A GOVERNMENTAL AGENCY, IS PRESUMED TO HAVE PROPERLY DONE ITS JOB IN EXAMINING PATENT APPLICATIONS.  BUT THE FACT THAT THE PTO GRANTS A PATENT DOES NOT NECESSARILY MEAN THAT ANY INVENTION CLAIMED IN THE PATENT, IN FACT, DESERVES THE PROTECTION OF A PATENT.   ONE OR MORE CLAIMS MAY, IN FACT, NOT BE PATENTABLE UNDER LAW.  A PERSON ACCUSED OF INFRINGEMENT HAS THE RIGHT TO ARGUE HERE IN FEDERAL COURT THAT A CLAIMED INVENTION IN THE PATENT IS INVALID BECAUSE IT DOES NOT IN FACT MEET THE REQUIREMENTS FOR A PATENT.

Authority:  Adapted from Model Patent Jury Instructions § A.1, Federal Circuit Bar Association (February 2012).

DSMDB-3104912v1

**JURY INSTRUCTION NO. 7**

**SUMMARY OF CONTENTIONS**

TO HELP YOU FOLLOW THE EVIDENCE, I WILL NOW GIVE YOU A SUMMARY OF THE POSITIONS OF THE PARTIES.

THE PARTIES IN THIS CASE ARE THE PLAINTIFF, I/P ENGINE, INC., WHICH MAY BE REFERRED TO AS "I/P ENGINE," AND AOL INC., GOOGLE INC., IAC SEARCH & MEDIA, INC., TARGET CORPORATION, AND GANNETT COMPANY, INC., WHICH MAY BE REFERRED TO COLLECTIVELY AS "DEFENDANTS."

THIS IS A PATENT CASE. IT INVOLVES TWO U.S. PATENTS, UNITED STATES PATENT NOS. 6,314,420 AND 6,775,664. FOR CONVENIENCE, THE PARTIES AND I WILL OFTEN REFER TO PATENT NUMBERS 6,314,420 AND 6,775,664 BY THEIR LAST THREE NUMBERS, NAMELY, THE '420 PATENT AND THE '664 PATENT. THESE PATENTS GENERALLY INVOLVE SYSTEMS THAT COMBINE CONTENT AND COLLABORATIVE FEEDBACK DATA IN FILTERING FOR RELEVANCE TO A USER'S QUERY. DURING THE TRIAL, THE PARTIES WILL OFFER TESTIMONY TO FAMILIARIZE YOU WITH THE HISTORY AND DEVELOPMENT OF THE SYSTEMS, WHICH ARE THE SUBJECT OF THIS CASE.

I/P ENGINE FILED SUIT IN THIS COURT SEEKING MONEY DAMAGES FROM DEFENDANTS FOR ALLEGEDLY INFRINGING, DIRECTLY AND/OR INDIRECTLY, THE '420 PATENT AND THE '664 PATENT BY MAKING, USING, SELLING, AND OFFERING FOR SALE IN THE UNITED STATES SYSTEMS THAT I/P ENGINE ASSERTS ARE COVERED BY CLAIMS 10, 14, 15, 25, 27, AND 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28, AND 38 OF THE '664 PATENT. THE SYSTEMS THAT ARE

16

ALLEGED TO INFRINGE ARE GOOGLE'S ADWORDS, ADSENSE FOR SEARCH, AND ADSENSE FOR MOBILE SEARCH SYSTEMS, AND AOL'S SEARCH MARKETPLACE SYSTEM.

DEFENDANTS DENY THAT THEY HAVE INFRINGED ANY OF THE ASSERTED CLAIMS OF THE '420 OR '664 PATENTS. DEFENDANTS ALSO ARGUE THAT THE ASSERTED CLAIMS ARE INVALID. I WILL INSTRUCT YOU LATER AS TO THE WAYS IN WHICH A PATENT MAY BE INVALID. IN GENERAL, A PATENT IS INVALID IF IT IS NOT NEW OR IS OBVIOUS IN VIEW OF THE STATE OF THE ART AT THE RELEVANT TIME, OR IF THE DESCRIPTION IN THE PATENT DOES NOT MEET CERTAIN REQUIREMENTS.

YOUR JOB WILL BE TO DECIDE WHETHER OR NOT THE DEFENDANTS HAVE BEEN INFRINGING ANY OF THE CLAIMS OF THE PATENTS-IN-SUIT, AND WHETHER OR NOT THOSE CLAIMS ARE INVALID. IF YOU DECIDE THAT ANY CLAIM OF THE '420 OR '664 PATENTS IS VALID AND INFRINGED, YOU MUST THEN DECIDE THE MONEY DAMAGES TO BE AWARDED TO I/P ENGINE TO COMPENSATE IT FOR THE INFRINGEMENT. I WILL INSTRUCT YOU LATER AS TO HOW YOU DETERMINE DAMAGES. IN GENERAL, THE DAMAGES MUST BE ADEQUATE TO COMPENSATE I/P ENGINE FOR THE INFRINGEMENT.

YOU WILL ALSO NEED TO MAKE A FINDING AS TO WHETHER THE INFRINGEMENT WAS WILLFUL. IF YOU DECIDE THAT ANY INFRINGEMENT WAS WILLFUL, THAT DECISION SHOULD NOT AFFECT ANY DAMAGES AWARD YOU GIVE. I WILL TAKE WILLFULNESS INTO ACCOUNT LATER.

Authority: Adapted From Model Patent Jury Instructions §§ A.2, B.5.2, Federal Circuit Bar Association (February 2012).

17

# INSTRUCTION NO. 8

## PATENTS AT ISSUE

[THE COURT SHOWS THE JURY ONE OR MORE OF THE PATENTS-IN-SUIT AND POINTS OUT THE PARTS, WHICH INCLUDE THE SPECIFICATION, DRAWINGS, AND CLAIMS, INCLUDING CLAIMS AT ISSUE.]

LET'S TAKE A MOMENT TO LOOK AT THE TWO PATENTS INVOLVED IN THIS CASE.  THE FIRST PAGE OF EACH PATENT IDENTIFIES THE DATE THE PATENT WAS GRANTED AND PATENT NUMBER ALONG THE TOP, AS WELL AS THE NAMES OF THE INVENTORS, THE FILING DATE, AND A LIST OF THE REFERENCES CONSIDERED IN THE PTO.

THE SPECIFICATION OF THE PATENT BEGINS WITH AN ABSTRACT, ALSO FOUND ON THE FIRST PAGE.  THE ABSTRACT IS A BRIEF STATEMENT ABOUT THE SUBJECT MATTER OF THE INVENTION.  NEXT ARE THE DRAWINGS. THE DRAWINGS ILLUSTRATE VARIOUS ASPECTS OR FEATURES OF THE INVENTION. THE WRITTEN DESCRIPTION OF THE INVENTION APPEARS NEXT AND IS ORGANIZED INTO TWO COLUMNS ON EACH PAGE.  THE SPECIFICATION ENDS WITH NUMBERED PARAGRAPHS; AS I INDICATED, THESE ARE THE PATENT CLAIMS, WHICH DEFINE THE SCOPE OF THE INVENTION AND THE PATENT OWNER'S RIGHT TO EXCLUDE OTHERS FROM MAKING, USING, SELLING OR OFFERING TO SELL THAT INVENTION.

Authority:  Adapted from Adapted from Patent Jury Instructions, The National Patent Jury Instruction Project § 1.2 (June 17, 2009).

18

**INSTRUCTION NO. 9**

**PATENTS AT ISSUE—CLAIM CONSTRUCTION**

[THE COURT HANDS OUT ITS CLAIM CONSTRUCTIONS AT THIS TIME.  THE FOLLOWING INSTRUCTION SHOULD BE READ:]

I HAVE ALREADY DETERMINED THE MEANING OF SOME OF THE TERMS OF THE ASSERTED CLAIMS.  YOU HAVE BEEN GIVEN A DOCUMENT REFLECTING THOSE MEANINGS.  FOR ANY CLAIM TERM FOR WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU SHOULD APPLY ITS ORDINARY MEANING.  YOU ARE TO APPLY MY DEFINITIONS OF THESE TERMS THROUGHOUT THIS CASE.

HOWEVER, MY INTERPRETATION OF THE LANGUAGE OF THE CLAIMS SHOULD NOT BE TAKEN AS AN INDICATION THAT I HAVE A VIEW REGARDING ISSUES SUCH AS INFRINGEMENT OR INVALIDITY.  THOSE ISSUES ARE YOURS TO DECIDE.  I WILL PROVIDE YOU WITH MORE DETAILED INSTRUCTIONS ON THE MEANING OF THE CLAIMS BEFORE YOU RETIRE TO DELIBERATE YOUR VERDICT.

Authority:  Adapted from Model Patent Jury Instructions § A.3, Federal Circuit Bar Association (February 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 10

## OVERVIEW OF APPLICABLE LAW

IN DECIDING THE ISSUES I JUST DISCUSSED, YOU WILL BE ASKED TO CONSIDER SPECIFIC LEGAL STANDARDS.  I WILL GIVE YOU AN OVERVIEW OF THOSE STANDARDS NOW AND WILL REVIEW THEM IN MORE DETAIL BEFORE THE CASE IS SUBMITTED TO YOU FOR YOUR VERDICT.

THE FIRST ISSUE YOU WILL BE ASKED TO DECIDE IS WHETHER DEFENDANTS HAVE INFRINGED ANY OF THE CLAIMS OF THE PATENTS-IN-SUIT. INFRINGEMENT IS ASSESSED ON A CLAIM-BY-CLAIM BASIS.  THEREFORE, THERE MAY BE INFRINGEMENT AS TO ONE CLAIM BUT NOT INFRINGEMENT AS TO ANOTHER.  THERE ARE A FEW DIFFERENT WAYS THAT A PATENT MAY BE INFRINGED.  I WILL EXPLAIN THE REQUIREMENTS FOR EACH OF THESE TYPES OF INFRINGEMENT TO YOU IN DETAIL AT THE CONCLUSION OF THE CASE.  IN GENERAL, HOWEVER, AN ACCUSED INFRINGER MAY INFRINGE THE ASSERTED PATENTS BY MAKING, USING, SELLING, OR OFFERING FOR SALE IN THE UNITED STATES, A PRODUCT OR BY USING A METHOD MEETING ALL THE REQUIREMENTS OF A CLAIM OF THE ASSERTED PATENT.  AN ACCUSED INFRINGER MAY ALSO INDIRECTLY INFRINGE THE ASSERTED PATENTS BY CONTRIBUTING TO INFRINGEMENT BY ANOTHER ENTITY, OR BY INDUCING ANOTHER PERSON OR ENTITY TO INFRINGE.  I WILL PROVIDE YOU WITH MORE DETAILED INSTRUCTIONS ON THE REQUIREMENTS FOR EACH OF THESE TYPES OF INFRINGEMENT AT THE CONCLUSION OF THE CASE.

DSMDB-3104912v1

ANOTHER ISSUE YOU WILL BE ASKED TO DECIDE IS WHETHER I/P

ENGINE'S PATENTS IN SUIT ARE INVALID.  A PATENT MAY BE INVALID FOR A

NUMBER OF REASONS, INCLUDING BECAUSE IT CLAIMS SUBJECT MATTER THAT

IS NOT NEW OR IS OBVIOUS.  FOR A CLAIM TO BE INVALID BECAUSE IT IS NOT

NEW, DEFENDANTS MUST SHOW, BY CLEAR AND CONVINCING EVIDENCE, THAT

ALL OF THE ELEMENTS OF A CLAIM ARE PRESENT IN A SINGLE PREVIOUS

DEVICE OR METHOD, OR SUFFICIENTLY DESCRIBED IN A SINGLE PREVIOUS

PRINTED PUBLICATION OR PATENT.  WE CALL THESE "PRIOR ART."  IF A CLAIM IS

NOT NEW, IT IS SAID TO BE ANTICIPATED.

ANOTHER WAY THAT A CLAIM MAY BE INVALID IS THAT IT MAY HAVE

BEEN OBVIOUS.  EVEN THOUGH EVERY ELEMENT OF A CLAIM IS NOT SHOWN OR

SUFFICIENTLY DESCRIBED IN A SINGLE PIECE OF "PRIOR ART," THE CLAIM MAY

STILL BE INVALID IF IT WOULD HAVE BEEN OBVIOUS TO A PERSON OF

ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE

RELEVANT TIME.  YOU WILL NEED TO CONSIDER A NUMBER OF QUESTIONS IN

DECIDING WHETHER THE INVENTION(S) CLAIMED IN THE ASSERTED PATENTS

ARE OBVIOUS.  I WILL PROVIDE YOU DETAILED INSTRUCTIONS ON THESE

QUESTIONS AT THE CONCLUSION OF THE CASE.

IF YOU DECIDE THAT ANY CLAIM OF THE PATENTS-IN-SUIT HAS BEEN

INFRINGED AND IS NOT INVALID, YOU WILL THEN NEED TO DECIDE

ANY MONEY DAMAGES TO BE AWARDED TO I/P ENGINE TO COMPENSATE IT FOR

THE INFRINGEMENT.  A DAMAGES AWARD MUST BE ADEQUATE TO

COMPENSATE I/P ENGINE FOR THE INFRINGEMENT, BUT IN NO EVENT MAY THE

DSMDB-3104912v1

DAMAGES AWARD BE LESS THAN WHAT I/P ENGINE WOULD HAVE RECEIVED HAD IT BEEN PAID A REASONABLE ROYALTY.  I WILL INSTRUCT YOU LATER ON THE MEANING OF A REASONABLE ROYALTY.  THE DAMAGES YOU AWARD ARE MEANT TO COMPENSATE I/P ENGINE AND NOT TO PUNISH DEFENDANTS.  YOU MAY NOT INCLUDE IN YOUR AWARD ANY ADDITIONAL AMOUNT AS A FINE OR PENALTY, ABOVE WHAT IS NECESSARY TO COMPENSATE I/P ENGINE FOR THE INFRINGEMENT.  I WILL GIVE YOU MORE DETAILED INSTRUCTIONS ON THE CALCULATION OF DAMAGES AT THE CONCLUSION OF THE CASE.

Authority:  Adapted from Model Patent Jury Instructions § A.4, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 11

### GLOSSARY OF PATENT TERMS

TO ASSIST YOU IN YOUR DELIBERATION, I HAVE ATTACHED A GLOSSARY OF PATENT TERMS THAT IDENTIFIES TERMS USED IN PATENT MATTERS AND GIVES YOU A DEFINITION OF THOSE TERMS.

**ABSTRACT**:  A BRIEF SUMMARY OF THE TECHNICAL DISCLOSURE IN A PATENT TO ENABLE THE U.S. PATENT AND TRADEMARK OFFICE AND THE PUBLIC TO DETERMINE QUICKLY THE NATURE AND GIST OF THE TECHNICAL DISCLOSURE IN THE PATENT.

**AMENDMENT**:  A PATENT APPLICANT'S CHANGE TO ONE OR MORE OF THE CLAIMS OR TO THE SPECIFICATION EITHER IN RESPONSE TO AN OFFICE ACTION TAKEN BY AN EXAMINER OR INDEPENDENTLY BY THE PATENT APPLICANT DURING THE PATENT APPLICATION EXAMINATION PROCESS.

**APPLICATION:**  THE INITIAL PAPERS FILED BY THE APPLICANT IN THE UNITED STATES PATENT AND TRADEMARK OFFICE SEEKING ISSUANCE OF A PATENT.

**ANTICIPATION**:  A SITUATION IN WHICH A CLAIMED INVENTION DESCRIBES AN EARLIER INVENTION AND, THEREFORE, IS NOT CONSIDERED NEW AND IS NOT ENTITLED TO BE PATENTED.

**ASSIGNMENT**:  A TRANSFER OF PATENT RIGHTS TO ANOTHER CALLED AN "ASSIGNEE" WHO, UPON TRANSFER, BECOMES THE OWNER OF THE RIGHTS ASSIGNED.

23

**CLAIMS:** THE NUMBERED SENTENCES APPEARING AT THE END OF THE PATENT THAT DEFINE THE INVENTION.  THE WORDS OF THE CLAIMS DEFINE THE SCOPE OF THE PATENT OWNER'S EXCLUSIVE RIGHTS DURING THE LIFE OF THE PATENT.  CLAIMS CAN BE INDEPENDENT OR DEPENDENT.  AN INDEPENDENT CLAIM IS SELF-CONTAINED.  A DEPENDENT CLAIM REFERS BACK TO AN EARLIER CLAIM AND INCLUDES THE REQUIREMENTS OF THE EARLIER CLAIM.

**CRITICAL DATE:** THIS REFERS TO THE DATE OF THE INITIAL PLACING ON SALE, PUBLICATION, OR PUBLIC OR COMMERCIAL USE OF AN INVENTION.  AT THE END OF THE ONE-YEAR PERIOD, A U.S. PATENT APPLICATION CANNOT BE FILED BECAUSE THE STATUTE BARS SUCH FILING.

**DEPENDENT CLAIM:** THIS IS A CLAIM THAT MAKES EXPRESS REFERENCE TO AND DEPENDS ON A PRIOR CLAIM AND, THEREBY, INCORPORATES BY REFERENCE ALL OF THE ELEMENTS OF THE PRIOR CLAIM.  THIS CLAIM MUST BE READ AS IF IT CONTAINED ITS OWN EXPRESS ELEMENTS PLUS THE ELEMENTS OF EVERY CLAIM OR CLAIMS FROM WHICH IT DEPENDS.  CLAIMS THAT DO NOT DEPEND FROM ANOTHER ARE REFERRED TO AS INDEPENDENT CLAIMS.

**DRAWINGS**: THE DRAWINGS ARE VISUAL REPRESENTATIONS OF THE CLAIMED INVENTION CONTAINED IN A PATENT APPLICATION AND ISSUED PATENT, AND USUALLY INCLUDE SEVERAL FIGURES ILLUSTRATING VARIOUS ASPECTS OF THE CLAIMED INVENTION.

**ELEMENTS:** THE REQUIRED PARTS OF A DEVICE OR THE REQUIRED STEPS OF A METHOD. A DEVICE OR METHOD INFRINGES A PATENT CLAIM IF IT CONTAINS EACH AND EVERY REQUIREMENT OF THE CLAIM.

24

**EMBODIMENT:**  A PRODUCT OR METHOD THAT CONTAINS THE CLAIMED INVENTION.

**EXAMINATION**:  PROCEDURE BEFORE THE U.S. PATENT AND TRADEMARK OFFICE WHEREBY AN EXAMINER REVIEWS THE FILED PATENT APPLICATION TO DETERMINE IF THE CLAIMED INVENTION IS PATENTABLE.

**FILE WRAPPER**:   ANOTHER TERM FOR "PROSECUTION HISTORY" WHICH I WILL DEFINE SOON.

**FILING DATE**:  DATE A PATENT APPLICATION, WITH ALL THE REQUIRED SECTIONS, HAS BEEN SUBMITTED TO THE PTO.

**INDEPENDENT CLAIM:**  THIS IS A CLAIM THAT STANDS BY ITSELF AND MUST BE SO READ IN TERMS OF INFRINGEMENT AND VALIDITY DETERMINATION.  THIS IS CONTRASTED WITH A DEPENDENT CLAIM.

**INFRINGEMENT**:  VIOLATION OF A PATENT OCCURRING WHEN SOMEONE MAKES, USES, OR SELLS A PATENTED INVENTION WITHIN THE UNITED STATES, OR IMPORTS A PATENTED INVENTION INTO THE UNITED STATES, WITHOUT PERMISSION OF THE PATENT HOLDER, DURING THE TERM OF THE PATENT. INFRINGEMENT MAY BE DIRECT, BY INDUCEMENT, OR CONTRIBUTORY.  DIRECT INFRINGEMENT IS MAKING, USING, OR SELLING THE PATENTED INVENTION IN THE UNITED STATES, OR IMPORTING THE PATENTED INVENTION INTO THE UNITED STATES, WITHOUT PERMISSION.  INDUCING INFRINGEMENT IS INTENTIONALLY CAUSING ANOTHER TO DIRECTLY INFRINGE A PATENT. CONTRIBUTORY INFRINGEMENT IS OFFERING TO SELL OR SELLING A COMPONENT THAT IS A SIGNIFICANT PART OF THE INVENTION, SO THAT THE

DSMDB-3104912v1

BUYER DIRECTLY INFRINGES THE PATENT.  TO BE A CONTRIBUTORY INFRINGER, ONE MUST KNOW THAT THE PART BEING OFFERED OR SOLD IS DESIGNED SPECIFICALLY FOR INFRINGING THE PATENTED INVENTION AND IS NOT A COMMON OBJECT SUITABLE FOR SUBSTANTIAL NON-INFRINGING USES.

**LIMITATION**:   A REQUIRED PART OR STEP OF AN INVENTION SET FORTH IN A PATENT CLAIM.  THE WORD "ELEMENT" IS OFTEN USED INTERCHANGEABLY WITH THE WORD "LIMITATION."

**NON-OBVIOUSNESS**:   ONE OF THE REQUIREMENTS FOR SECURING A PATENT.  TO BE VALID, THE SUBJECT MATTER OF THE INVENTION MUST NOT HAVE BEEN OBVIOUS TO A PERSON OF ORDINARY SKILL IN THE ART AT THE TIME OF THE EARLIER OF THE FILING DATE OF THE PATENT APPLICATION OR THE DATE OF INVENTION.

**OFFICE ACTION**:   COMMUNICATION FROM THE PATENT EXAMINER REGARDING THE SPECIFICATION OF THE PATENT APPLICATION AND/OR THE CLAIMS PENDING IN THE PATENT APPLICATION.

**ORDINARY SKILL IN THE ART:**  THE LEVEL OF EXPERIENCE, EDUCATION, AND/OR TRAINING THAT THOSE INDIVIDUALS WHO WORKED IN THE FIELD OF THE INVENTION ORDINARILY POSSESSED AT THE TIME THE CLAIMED INVENTION WAS MADE.

**PATENT**:  A PATENT IS AN EXCLUSIVE RIGHT GRANTED BY THE U.S. PATENT AND TRADEMARK OFFICE TO AN INVENTOR TO PREVENT OTHERS FROM MAKING, USING, OR SELLING AN INVENTION FOR A TERM OF 20 YEARS FROM THE DATE THE PATENT APPLICATION WAS FILED (OR 17 YEARS FROM THE DATE

DSMDB-3104912v1

THE PATENT ISSUED).  WHEN THE PATENT EXPIRES, THE RIGHT TO MAKE, USE, OR SELL THE INVENTION IS DEDICATED TO THE PUBLIC.  THE PATENT HAS THREE PARTS, WHICH ARE A SPECIFICATION, DRAWINGS AND CLAIMS.  THE PATENT IS GRANTED AFTER EXAMINATION BY THE U.S. PATENT AND TRADEMARK OFFICE OF A PATENT APPLICATION FILED BY THE INVENTOR WHICH HAS THESE PARTS, AND THIS EXAMINATION IS CALLED THE PROSECUTION HISTORY.

**PATENT EXAMINERS:**  PROFESSIONAL PERSONNEL EMPLOYED BY THE PTO WHO REVIEW OR EXAMINE PATENT APPLICATIONS, EACH WITH EDUCATION AND/OR EXPERIENCE IN A SPECIFIC TECHNICAL FIELD, TO DETERMINE WHETHER THE CLAIMS OF A PATENT APPLICATION ARE PATENTABLE AND WHETHER THE DISCLOSURE ADEQUATELY DESCRIBES THE INVENTION.

**PATENT AND TRADEMARK OFFICE (PTO)**:  AN ADMINISTRATIVE BRANCH OF THE U.S. DEPARTMENT OF COMMERCE THAT IS CHARGED WITH OVERSEEING AND IMPLEMENTING THE FEDERAL LAWS OF PATENTS AND TRADEMARKS.  IT IS RESPONSIBLE FOR EXAMINING ALL PATENT APPLICATIONS AND ISSUING ALL PATENTS IN THE UNITED STATES.

**PRIOR ART:**  PRIOR ART IS NOT "ART" AS ONE MIGHT GENERALLY UNDERSTAND THE WORD ART.  RATHER, PRIOR ART IS A TECHNICAL TERM RELATING TO PATENTS.  IN GENERAL, IT INCLUDES THINGS THAT EXISTED BEFORE, OR "PRIOR" TO, THE CLAIMED INVENTION.  PRIOR ART TYPICALLY MIGHT INCLUDE THINGS LIKE A PATENT OR A PRINTED PUBLICATION.  I WILL GIVE YOU A MORE SPECIFIC DEFINITION OF PRIOR ART LATER.

DSMDB-3104912v1

**PROSECUTION HISTORY:**  THE WRITTEN RECORD OF PROCEEDINGS IN THE PTO BETWEEN THE APPLICANT AND THE PTO, INCLUDING THE ORIGINAL PATENT APPLICATION AND LATER COMMUNICATIONS BETWEEN THE PTO AND THE APPLICANT.  THE PROSECUTION HISTORY MAY ALSO BE REFERRED TO AS THE "FILE WRAPPER" OF THE PATENT DURING THE COURSE OF THIS TRIAL.

**REQUIREMENT**:  A REQUIRED PART OR STEP OF AN INVENTION SET FORTH IN A PATENT CLAIM.  THE WORD "REQUIREMENT" IS OFTEN USED INTERCHANGEABLY WITH THE WORDS "ELEMENT" OR "LIMITATION."

**ROYALTY:**  A ROYALTY IS A PAYMENT MADE TO THE OWNER OF A PATENT BY A NON-OWNER IN EXCHANGE FOR RIGHTS TO MAKE, USE, OR SELL THE CLAIMED INVENTION.

**SPECIFICATION**:  THE INFORMATION THAT APPEARS IN THE PATENT AND CONCLUDES WITH ONE OR MORE CLAIMS.  THE SPECIFICATION INCLUDES THE WRITTEN TEXT AND THE DRAWINGS (IF ANY).  IN THE SPECIFICATION, THE INVENTOR SETS FORTH A DESCRIPTION TELLING WHAT THE INVENTION IS, HOW IT WORKS, AND HOW TO MAKE AND USE IT SO AS TO ENABLE OTHERS SKILLED IN THE ART TO DO SO.

Authority:  Adapted from Model Patent Jury Instructions, The National Patent Jury Instruction Project §1.6 (June 17, 2009) and Model Patent Jury Instructions § C, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 12

### OUTLINE OF TRIAL

THE TRIAL WILL NOW BEGIN.  FIRST, EACH SIDE MAY MAKE AN OPENING STATEMENT.  AN OPENING STATEMENT IS NOT EVIDENCE.  IT IS SIMPLY AN OPPORTUNITY FOR THE LAWYERS TO EXPLAIN WHAT THEY EXPECT THE EVIDENCE WILL SHOW.

THERE ARE TWO STANDARDS OF PROOF THAT YOU WILL APPLY TO THE EVIDENCE, DEPENDING ON THE ISSUE YOU ARE DECIDING.  ON SOME ISSUES, YOU MUST DECIDE WHETHER CERTAIN FACTS HAVE BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE.  PREPONDERANCE OF THE EVIDENCE MEANS THAT THE FACT THAT IS TO BE PROVEN IS MORE LIKELY TRUE THAN NOT.  IN OTHER WORDS, THE EVIDENCE IN FAVOR OF THAT FACT BEING TRUE IS SUFFICIENT TO TIP THE SCALE, EVEN IF SLIGHTLY, IN ITS FAVOR.

ON OTHER ISSUES THAT I WILL IDENTIFY FOR YOU, YOU MUST USE A HIGHER STANDARD AND DECIDE WHETHER THE FACT HAS BEEN PROVEN BY CLEAR AND CONVINCING EVIDENCE.  IN OTHER WORDS, YOU HAVE BEEN LEFT WITH A CLEAR CONVICTION THAT THE FACT HAS BEEN PROVEN.

THESE STANDARDS ARE DIFFERENT FROM WHAT YOU MAY HAVE HEARD ABOUT IN CRIMINAL PROCEEDINGS WHERE A FACT MUST BE PROVEN BEYOND A REASONABLE DOUBT.  ON A SCALE OF THESE VARIOUS STANDARDS OF PROOF, AS YOU MOVE FROM PREPONDERANCE OF THE EVIDENCE, WHERE THE PROOF NEED ONLY BE SUFFICIENT TO TIP THE SCALE IN FAVOR OF THE PARTY PROVING THE FACT, TO BEYOND A REASONABLE DOUBT, WHERE THE FACT MUST BE

29

PROVEN TO A VERY HIGH DEGREE OF CERTAINTY, YOU MAY THINK OF CLEAR AND CONVINCING EVIDENCE AS BEING BETWEEN THE TWO STANDARDS.

AFTER THE OPENING STATEMENTS, I/P ENGINE WILL PRESENT ITS EVIDENCE IN SUPPORT OF ITS CONTENTION THAT SOME OF THE CLAIMS OF THE PATENTS-IN-SUIT HAVE BEEN AND CONTINUE TO BE INFRINGED BY DEFENDANTS AND THAT THE INFRINGEMENT HAS BEEN AND CONTINUES TO BE WILLFUL. TO PROVE INFRINGEMENT OF ANY CLAIM, I/P ENGINE MUST PERSUADE YOU UNDER THE PREPONDERANCE OF THE EVIDENCE STANDARD THAT IT IS MORE LIKELY THAN NOT THAT DEFENDANTS HAVE INFRINGED THAT CLAIM. TO PERSUADE YOU THAT ANY INFRINGEMENT WAS WILLFUL, I/P ENGINE MUST PROVE THAT THE INFRINGEMENT WAS WILLFUL BY CLEAR AND CONVINCING EVIDENCE.

DEFENDANTS WILL THEN PRESENT THEIR EVIDENCE THAT THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID. TO PROVE INVALIDITY OF ANY CLAIM, DEFENDANTS MUST PERSUADE YOU BY CLEAR AND CONVINCING EVIDENCE THAT THE CLAIM IS INVALID. IN ADDITION TO PRESENTING ITS EVIDENCE OF INVALIDITY, DEFENDANTS WILL PUT ON EVIDENCE RESPONDING TO I/P ENGINE'S PROOF OF INFRINGEMENT AND WILLFULNESS.

I/P ENGINE MAY THEN PUT ON ADDITIONAL EVIDENCE RESPONDING TO DEFENDANTS EVIDENCE THAT THE CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID, AND TO OFFER ANY ADDITIONAL EVIDENCE OF INFRINGEMENT AND WILLFULNESS. THIS IS REFERRED TO AS "REBUTTAL" EVIDENCE. I/P ENGINE'S

DSMDB-3104912v1

"REBUTTAL" EVIDENCE MAY RESPOND TO ANY EVIDENCE OFFERED BY

DEFENDANTS.

DURING THE PRESENTATION OF THE EVIDENCE, THE ATTORNEYS WILL BE

ALLOWED BRIEF OPPORTUNITIES TO EXPLAIN WHAT THEY BELIEVE THE

EVIDENCE HAS SHOWN OR WHAT THEY BELIEVE UPCOMING EVIDENCE WILL

SHOW.  THE ATTORNEYS' COMMENTS ARE NOT EVIDENCE AND THE ATTORNEYS

ARE BEING ALLOWED TO COMMENT SOLELY FOR THE PURPOSE OF HELPING

YOU TO UNDERSTAND THE EVIDENCE.

AFTER THE EVIDENCE HAS BEEN PRESENTED, THE ATTORNEYS WILL

MAKE CLOSING ARGUMENTS AND I WILL GIVE YOU FINAL INSTRUCTIONS ON

THE LAW THAT APPLIES TO THE CASE.  THESE CLOSING ARGUMENTS BY THE

ATTORNEYS ARE NOT EVIDENCE.  AFTER THE CLOSING ARGUMENTS AND

INSTRUCTIONS, YOU WILL THEN DECIDE THE CASE.

Authority:  Adapted from Model Patent Jury Instructions § A.5, Federal Circuit Bar Association
(Feb. 2012).

DSMDB-3104912v1

**<u>FINAL JURY INSTRUCTIONS</u>**

DSMDB-3104912v1

## INSTRUCTION NO. 13

## SUMMARY OF CONTENTIONS

AS I DID AT THE START OF THE TRIAL, I WILL FIRST GIVE YOU A SUMMARY OF EACH SIDE'S CONTENTIONS IN THIS CASE. I WILL THEN PROVIDE YOU WITH DETAILED INSTRUCTIONS ON WHAT EACH SIDE MUST PROVE TO WIN ON EACH OF ITS CONTENTIONS.

AS I PREVIOUSLY TOLD YOU, I/P ENGINE SEEKS MONEY DAMAGES FROM DEFENDANTS FOR ALLEGEDLY INFRINGING, DIRECTLY AND/OR INDIRECTLY, THE '420 AND '664 PATENTS BY MAKING, USING, SELLING AND OFFERING FOR SALE IN THE UNITED STATES SYSTEMS THAT I/P ENGINE ARGUES ARE COVERED BY CLAIMS 10, 14, 15, 25, 27, AND 28 OF THE '420 PATENT AND CLAIMS 1, 5, 6, 21, 22, 26, 28, AND 38 OF THE '664 PATENT.  THESE ARE THE ASSERTED CLAIMS OF I/P ENGINE'S PATENTS.

THE SYSTEMS THAT ARE ALLEGED TO INFRINGE ARE GOOGLE'S ADWORDS, ADSENSE FOR SEARCH, AND ADSENSE FOR MOBILE SEARCH SYSTEMS, AND THE AOL SEARCH MARKETPLACE SYSTEM.  I/P ENGINE ALSO ARGUES THAT GOOGLE HAS ACTIVELY INDUCED AND CONTRIBUTED TO INFRINGEMENT OF THESE CLAIMS BY THE OTHER DEFENDANTS.

DEFENDANTS DENY THAT THEY HAVE INFRINGED ANY OF THE ASSERTED CLAIMS OF THE '420 PATENT AND OR THE '664 PATENT.  DEFENDANTS ALSO ARGUE THAT THE ASSERTED CLAIMS ARE INVALID.  GOOGLE ALSO DENIES THAT IT HAS ACTIVELY INDUCED THE OTHER DEFENDANTS TO INFRINGE THE PATENTS IN SUIT.

DSMDB-3104912v1

YOUR JOB WILL BE TO DECIDE WHETHER OR NOT THE DEFENDANTS HAVE BEEN INFRINGING ANY OF THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT, AND WHETHER OR NOT THOSE CLAIMS ARE INVALID.  IF YOU DECIDE THAT ANY CLAIM OF THE '420 PATENT OR THE '664 PATENT IS INFRINGED AND NOT INVALID, YOU MUST THEN DECIDE THE MONEY DAMAGES TO BE AWARDED TO I/P ENGINE TO COMPENSATE IT FOR THE INFRINGEMENT.  I WILL INSTRUCT YOU LATER AS TO HOW YOU DETERMINE DAMAGES.  IN GENERAL, THE DAMAGES MUST BE ADEQUATE TO COMPENSATE I/P ENGINE FOR THE INFRINGEMENT.

IF YOU DETERMINE THAT INFRINGEMENT HAS OCCURRED, YOU WILL ALSO NEED TO MAKE A FINDING AS TO WHETHER THE INFRINGEMENT WAS WILLFUL. IF YOU DECIDE THAT ANY INFRINGEMENT WAS WILLFUL, THAT DECISION SHOULD NOT AFFECT ANY DAMAGES AWARD YOU GIVE. I WILL TAKE WILLFULNESS INTO ACCOUNT LATER.

Authority: *Video Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.1, Federal Circuit Bar Association (Nov. 12, 2009)).

DSMDB-3104912v1

## INSTRUCTION NO. 12

### THE ROLE OF THE CLAIMS OF A PATENT

BEFORE YOU CAN DECIDE MANY OF THE ISSUES IN THIS CASE, YOU WILL NEED TO UNDERSTAND THE ROLE OF PATENT "CLAIMS." THE PATENT CLAIMS ARE THE NUMBERED SENTENCES AT THE END OF EACH PATENT. THE CLAIMS ARE IMPORTANT BECAUSE IT IS THE WORDS OF THE CLAIMS THAT DEFINE WHAT A PATENT COVERS. THE FIGURES AND TEXT IN THE REST OF THE PATENT PROVIDE A DESCRIPTION AND/OR EXAMPLES OF THE INVENTION AND PROVIDE A CONTEXT FOR THE CLAIMS, BUT IT IS THE CLAIMS THAT DEFINE THE BREADTH OF THE PATENT'S COVERAGE. EACH CLAIM IS EFFECTIVELY TREATED AS IF IT WERE A SEPARATE PATENT, AND EACH CLAIM MAY COVER MORE OR LESS THAN ANOTHER CLAIM. THEREFORE, WHAT A PATENT COVERS DEPENDS, IN TURN, ON WHAT EACH OF ITS CLAIMS COVERS.

YOU WILL FIRST NEED TO UNDERSTAND WHAT EACH CLAIM COVERS IN ORDER TO DECIDE WHETHER OR NOT THERE IS INFRINGEMENT OF THE CLAIM AND TO DECIDE WHETHER OR NOT THE CLAIM IS INVALID. THE LAW SAYS THAT IT IS MY ROLE TO DEFINE THE TERMS OF THE CLAIMS AND IT IS YOUR ROLE TO APPLY MY DEFINITIONS TO THE ISSUES THAT YOU ARE ASKED TO DECIDE IN THIS CASE.

THEREFORE, AS I EXPLAINED TO YOU AT THE START OF THE CASE, I HAVE DETERMINED THE MEANING OF SOME OF THE CLAIM TERMS, WHICH HAVE BEEN PROVIDED TO YOU.  YOU MUST ACCEPT MY DEFINITIONS OF THESE WORDS IN THE CLAIMS AS BEING CORRECT. IT IS YOUR JOB TO TAKE THESE

DSMDB-3104912v1

DEFINITIONS AND APPLY THEM TO THE ISSUES THAT YOU ARE DECIDING,

INCLUDING THE ISSUES OF INFRINGEMENT AND VALIDITY.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.2.1, Federal Circuit Bar Association (Nov. 12, 2009)); Model Patent Jury Instructions § B.2.1, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 13

### HOW A CLAIM DEFINES WHAT IT COVERS

I WILL NOW EXPLAIN HOW A CLAIM DEFINES WHAT IT COVERS. A CLAIM SETS FORTH, IN WORDS, A SET OF REQUIREMENTS. EACH CLAIM SETS FORTH ITS REQUIREMENTS IN A SINGLE SENTENCE.  IF A SYSTEM OR A METHOD SATISFIES EACH OF THESE REQUIREMENTS, THEN IT IS COVERED BY THE CLAIM.

THERE CAN BE SEVERAL CLAIMS IN A PATENT.  EACH CLAIM MAY BE NARROWER OR BROADER THAN ANOTHER CLAIM BY SETTING FORTH MORE OR FEWER REQUIREMENTS.  THE COVERAGE OF A PATENT IS ASSESSED CLAIM-BY CLAIM.

IN PATENT LAW, THE REQUIREMENTS OF A CLAIM ARE OFTEN REFERRED TO AS "CLAIM ELEMENTS" OR "CLAIM LIMITATIONS."  WHEN A THING (SUCH AS A SYSTEM OR A PROCESS) MEETS ALL OF THE REQUIREMENTS OF A CLAIM, THE CLAIM IS SAID TO "COVER" THAT THING, AND THAT THING IS SAID TO "FALL" WITHIN THE SCOPE OF THAT CLAIM.  IN OTHER WORDS, A CLAIM COVERS A SYSTEM OR PROCESS WHERE EACH OF THE CLAIM ELEMENTS OR LIMITATIONS IS PRESENT IN THAT SYSTEM OR PROCESS.

SOMETIMES THE WORDS IN A PATENT CLAIM ARE DIFFICULT TO UNDERSTAND, AND THEREFORE IT IS DIFFICULT TO UNDERSTAND WHAT REQUIREMENTS THESE WORDS IMPOSE.  IT IS MY JOB TO EXPLAIN TO YOU THE MEANING OF THE WORDS IN THE CLAIMS AND THE REQUIREMENTS THESE WORDS IMPOSE.

AS I JUST INSTRUCTED YOU, THERE ARE CERTAIN SPECIFIC TERMS THAT I

37

DSMDB-3104912v1

HAVE DEFINED AND YOU ARE TO APPLY THE DEFINITIONS THAT I PROVIDE TO

YOU.  BY UNDERSTANDING THE MEANING OF THE WORDS IN A CLAIM AND BY

UNDERSTANDING THAT THE WORDS IN A CLAIM SET FORTH THE REQUIREMENTS

THAT A SYSTEM OR PROCESS MUST MEET TO BE COVERED BY THAT CLAIM, YOU

WILL BE ABLE TO UNDERSTAND THE SCOPE OF COVERAGE FOR EACH CLAIM.

ONCE YOU UNDERSTAND WHAT EACH CLAIM COVERS, THEN YOU ARE

PREPARED TO DECIDE THE ISSUES THAT YOU WILL BE ASKED TO DECIDE, SUCH

AS INFRINGEMENT AND INVALIDITY.

Authority:  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.2.2, Federal Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury Instructions § B.2.2, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

# INSTRUCTION NO. 14

## INDEPENDENT AND DEPENDENT CLAIMS

THIS CASE INVOLVES TWO TYPES OF PATENT CLAIMS: INDEPENDENT CLAIMS AND DEPENDENT CLAIMS.  AN "INDEPENDENT CLAIM" SETS FORTH ALL OF THE REQUIREMENTS THAT MUST BE MET TO BE COVERED BY THAT CLAIM. THUS, IT IS NOT NECESSARY TO LOOK AT ANY OTHER CLAIM TO DETERMINE WHAT AN INDEPENDENT CLAIM COVERS.  IN THIS CASE, CLAIMS 10 AND 25 OF THE '420 PATENT, AND 1 AND 26 OF THE '664 PATENT ARE EACH INDEPENDENT CLAIMS.  THE REMAINDER OF THE ASSERTED CLAIMS ARE "DEPENDENT CLAIMS."

A DEPENDENT CLAIM DOES NOT ITSELF RECITE ALL OF THE REQUIREMENTS OF THE CLAIM BUT REFERS TO ANOTHER CLAIM FOR SOME OF ITS REQUIREMENTS.  IN THIS WAY, THE CLAIM "DEPENDS" ON ANOTHER CLAIM. A DEPENDENT CLAIM INCORPORATES ALL OF THE REQUIREMENTS OF THE CLAIM(S) TO WHICH IT REFERS.  THE DEPENDENT CLAIM THEN ADDS ITS OWN ADDITIONAL REQUIREMENTS.  TO DETERMINE WHAT A DEPENDENT CLAIM COVERS, IT IS NECESSARY TO LOOK AT BOTH THE DEPENDENT CLAIM AND ANY OTHER CLAIM(S) TO WHICH IT REFERS.  A SYSTEM OR PROCESS THAT MEETS ALL OF THE REQUIREMENTS OF BOTH THE DEPENDENT CLAIM AND THE CLAIM(S) TO WHICH IT REFERS IS COVERED BY THAT DEPENDENT CLAIM.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.2.2a, Federal Circuit Bar Association (Nov. 12, 2009)); Model Patent Jury Instructions § B.2.2a, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 16

## INFRINGEMENT GENERALLY

I WILL NOW INSTRUCT YOU ON HOW TO DECIDE WHETHER OR NOT DEFENDANTS HAVE INFRINGED ANY OF THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT.  INFRINGEMENT IS ASSESSED ON A CLAIM-BY-CLAIM BASIS. THEREFORE, THERE MAY BE INFRINGEMENT AS TO ONE CLAIM BUT NO INFRINGEMENT AS TO ANOTHER.  IN THIS CASE, THERE ARE TWO POSSIBLE WAYS THAT A CLAIM MAY BE INFRINGED.  ONE, IS DIRECT INFRINGEMENT; AND THE OTHER IS INDIRECT INFRINGEMENT.  INDIRECT INFRINGEMENT IS REFERRED TO AS ACTIVE INDUCEMENT OR CONTRIBUTORY INDUCEMENT.  THERE CANNOT BE INDIRECT INFRINGEMENT WITHOUT SOMEONE ELSE ENGAGING IN DIRECT INFRINGEMENT.  TO PROVE INDIRECT INFRINGEMENT, THE PATENT HOLDER MUST ALSO PROVE THAT THE ACCUSED INFRINGER'S INDIRECT INFRINGEMENT CAUSED DIRECT INFRINGEMENT.

IN THIS CASE, I/P ENGINE ALLEGES THAT DEFENDANTS DIRECTLY INFRINGE THE PATENTS-IN-SUIT.  I/P ENGINE ALSO ALLEGES THAT GOOGLE IS LIABLE FOR ACTIVELY INDUCING THE DIRECT INFRINGEMENT OF THE OTHER DEFENDANTS IN THIS CASE.

TO PROVE INFRINGEMENT, I/P ENGINE MUST PROVE THAT THE REQUIREMENTS FOR ONE OR MORE OF THESE TYPES OF INFRINGEMENT ARE MET BY A PREPONDERANCE OF THE EVIDENCE.  IN OTHER WORDS, IT IS MORE LIKELY THAN NOT THAT ALL OF THE REQUIREMENTS OF ONE OR MORE OF EACH

DSMDB-3104912v1

OF THESE TYPES OF INFRINGEMENT HAVE BEEN PROVED.  I WILL NOW EXPLAIN

EACH OF THESE TYPES OF INFRINGEMENT IN MORE DETAIL.

Authority:  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va.
Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.3.1, Federal
Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury
Instructions § B.3.1, Federal Circuit Bar Association (Feb. 2012).

41

## INSTRUCTION NO. 17

### DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT"

THERE ARE TWO TYPES OF "DIRECT INFRINGEMENT": (1) "LITERAL INFRINGEMENT" AND (2) "INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS."  I/P ENGINE IS ASSERTING BOTH TYPES OF DIRECT INFRINGEMENT IN THIS CASE.

TO PROVE DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT, I/P ENGINE MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE.  IN OTHER WORDS, IT IS MORE LIKELY THAN NOT, THAT THE DEFENDANTS MADE, USED, SOLD, OR OFFERED FOR SALE IN THE U.S., A SYSTEM OR PROCESS THAT MEETS ALL OF THE REQUIREMENTS OF ONE OF THE ASSERTED CLAIMS, WITHOUT I/P ENGINE'S PERMISSION.

YOU MUST COMPARE THE ACCUSED SYSTEMS OR PROCESSES WITH EACH AND EVERY ONE OF THE REQUIREMENTS OF A CLAIM TO DETERMINE WHETHER ALL OF THE REQUIREMENTS OF THAT CLAIM ARE MET.

YOU MUST DETERMINE, SEPARATELY FOR EACH ASSERTED CLAIM, WHETHER OR NOT THERE IS INFRINGEMENT.  IF YOU FIND THAT AN INDEPENDENT CLAIM IS INFRINGED, THAT CLAIM INFRINGES.  TO FIND THAT A DEPENDENT CLAIM INFRINGES REQUIRES AN ADDITIONAL STEP.

IF YOU FIND THAT AN INDEPENDENT CLAIM IS NOT INFRINGED, THEN ANY CLAIM DEPENDENT UPON THAT INDEPENDENT CLAIM ALSO MUST BE FOUND NOT TO INFRINGE.  ON THE OTHER HAND, IF YOU FIND THAT AN INDEPENDENT CLAIM HAS BEEN INFRINGED, YOU MUST STILL DECIDE, SEPARATELY, WHETHER

DSMDB-3104912v1

THE SYSTEM OR PROCESS MEETS THE ADDITIONAL REQUIREMENTS OF ANY

DEPENDENT CLAIMS THAT DEPEND FROM THE INDEPENDENT CLAIM; THUS,

WHETHER THOSE CLAIMS HAVE ALSO BEEN INFRINGED.  AGAIN, A DEPENDENT

CLAIM INCLUDES ALL OF THE REQUIREMENTS OF ANY OF THE CLAIMS TO

WHICH IT REFERS PLUS THE ADDITIONAL REQUIREMENTS OF ITS OWN.

Authority:  Adapted from Model Patent Jury Instructions § B.3.1a, Federal Circuit Bar
Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

## INSTRUCTION NO. 18

### DIRECT INFRINGEMENT "UNDER THE DOCTRINE OF EQUIVALENTS"

IF A COMPANY MAKES, USES, SELLS, OR OFFERS TO SELL WITHIN THE UNITED STATES A SYSTEM OR PROCESS THAT DOES NOT MEET ALL OF THE REQUIREMENTS OF A CLAIM AND THUS DOES NOT LITERALLY INFRINGE THAT CLAIM, THERE CAN STILL BE DIRECT INFRINGEMENT IF THAT SYSTEM OR PROCESS SATISFIES THAT CLAIM "UNDER THE DOCTRINE OF EQUIVALENTS."

UNDER THE DOCTRINE OF EQUIVALENTS, A SYSTEM OR PROCESS INFRINGES A CLAIM IF THE ACCUSED SYSTEM OR PROCESS CONTAINS ELEMENTS OR PERFORMS STEPS CORRESPONDING TO EACH AND EVERY REQUIREMENT OF THE CLAIM THAT IS EQUIVALENT TO, EVEN THOUGH NOT LITERALLY MET BY, THE ACCUSED SYSTEM OR PROCESS.

YOU MAY FIND THAT AN ELEMENT OR STEP IS EQUIVALENT TO A REQUIREMENT OF A CLAIM THAT IS NOT MET LITERALLY IF A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT WOULD HAVE CONSIDERED THE DIFFERENCES BETWEEN THEM TO BE "INSUBSTANTIAL" OR WOULD HAVE FOUND THAT THE STRUCTURE OR ACTION: (1) PERFORMS SUBSTANTIALLY THE SAME FUNCTION AND (2) WORKS IN SUBSTANTIALLY THE SAME WAY (3) TO ACHIEVE SUBSTANTIALLY THE SAME RESULT AS THE REQUIREMENT OF THE CLAIM.

FOR THE STRUCTURE OR ACTION TO BE CONSIDERED INTERCHANGEABLE, THE STRUCTURE OR ACTION MUST HAVE BEEN KNOWN AT THE TIME OF THE ALLEGED INFRINGEMENT TO A PERSON HAVING ORDINARY SKILL IN THE FIELD

44

OF TECHNOLOGY OF THE PATENT.  INTERCHANGEABILITY AT THE PRESENT

TIME IS NOT SUFFICIENT.  TO PROVE INFRINGEMENT BY "EQUIVALENTS," I/P

ENGINE MUST PROVE THE EQUIVALENCY OF THE STRUCTURE OR ACTIONS TO A

CLAIM ELEMENT BY A PREPONDERANCE OF THE EVIDENCE.

Authority:  Adapted from Model Patent Jury Instructions § B.3.1c, Federal Circuit Bar
Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

## INSTRUCTION NO. 19

## INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT

I/P ENGINE ALSO ACCUSES GOOGLE OF INDIRECT INFRINGEMENT.  ONE TYPE OF INDIRECT INFRINGEMENT IS ACTIVE INDUCEMENT.  GOOGLE IS LIABLE FOR ACTIVE INDUCEMENT OF INFRINGEMENT OF A CLAIM IF I/P ENGINE PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT:

1) GOOGLE TOOK ACTION DURING THE TIME THAT THE PATENTS IN SUIT WERE IN FORCE INTENDING TO CAUSE ACTS BY THE OTHER DEFENDANTS;

2) GOOGLE WAS AWARE OF THE PATENTS-IN-SUIT AND KNEW OR SHOULD HAVE KNOWN THAT THE ACTS, IF TAKEN, WOULD CONSTITUTE INFRINGEMENT OF THOSE PATENTS; AND

3) THE ACTS ARE ACTUALLY CARRIED OUT BY THE OTHER DEFENDANTS AND DIRECTLY INFRINGE THAT CLAIM.

TO ESTABLISH ACTIVE INDUCEMENT OF INFRINGEMENT, IT IS NOT SUFFICIENT THAT THE OTHER DEFENDANTS THEMSELVES DIRECTLY INFRINGE THE CLAIM.  NOR IS IT SUFFICIENT THAT GOOGLE WAS AWARE OF THE ALLEGEDLY INFRINGING ACTS BY THEM.  RATHER, YOU MUST FIND THAT GOOGLE SPECIFICALLY INTENDED THE OTHER DEFENDANTS TO INFRINGE THE PATENT.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.3.2, Federal Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury Instructions § B.3.2, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 20

## WILLFUL INFRINGEMENT

I/P ENGINE ARGUES BOTH THAT GOOGLE INFRINGES AND, FURTHER, THAT GOOGLE INFRINGES WILLFULLY.  IF YOU HAVE DECIDED THAT GOOGLE HAS INFRINGED, YOU MUST GO ON AND ADDRESS THE ADDITIONAL ISSUE OF WHETHER OR NOT THIS INFRINGEMENT WAS WILLFUL.  WILLFULNESS REQUIRES YOU TO FIND BY CLEAR AND CONVINCING EVIDENCE THAT GOOGLE ACTED RECKLESSLY.

TO PROVE THAT GOOGLE ACTED WILLFULLY, I/P ENGINE MUST PROVE TWO THINGS BY CLEAR AND CONVINCING EVIDENCE.  THE FIRST PART OF THE TEST IS OBJECTIVE.  YOU DO NOT CONSIDER GOOGLE'S STATE OF MIND.  I/P ENGINE MUST PERSUADE YOU THAT GOOGLE ACTED DESPITE A HIGH LIKELIHOOD THAT ITS ACTIONS INFRINGED A VALID PATENT.  IN DETERMINING THIS, YOU MAY CONSIDER LEGITIMATE OR CREDIBLE DEFENSES TO INFRINGEMENT, EVEN IF NOT ULTIMATELY SUCCESSFUL, THAT DEMONSTRATE A LACK OF RECKLESSNESS.

IF YOU FIND THE FIRST THRESHOLD IS MET, THEN YOU MUST CONSIDER THE SUBJECTIVE PART OF THE TEST.  HERE, YOU DO CONSIDER GOOGLE'S STATE OF MIND.  I/P ENGINE MUST PERSUADE YOU THAT GOOGLE KNEW OR SHOULD HAVE KNOWN THAT ITS ACTIONS CONSTITUTED AN UNJUSTIFIABLY HIGH RISK OF INFRINGEMENT OF A VALID PATENT.

IN DETERMINING GOOGLE'S STATE OF MIND, YOU MAY CONSIDER MANY FACTORS.  AN EXAMPLE OF SEVERAL INCLUDE:

DSMDB-3104912v1

(1) WHETHER OR NOT GOOGLE ACTED IN ACCORDANCE WITH THE

STANDARDS OF COMMERCE FOR ITS INDUSTRY;

(2) WHETHER OR NOT THERE IS A REASONABLE BASIS TO BELIEVE THAT

GOOGLE DID NOT INFRINGE OR HAD A REASONABLE DEFENSE TO

INFRINGEMENT;

(3) WHETHER OR NOT GOOGLE MADE A GOOD-FAITH EFFORT TO AVOID

INFRINGING THE PATENTS-IN-SUIT.  FOR EXAMPLE, WHETHER GOOGLE

ATTEMPTED TO DESIGN AROUND THESE PATENTS; AND

(4) WHETHER OR NOT GOOGLE TRIED TO COVER UP ITS INFRINGEMENT.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.3.8, Federal Circuit Bar Association (Nov. 12, 2009)); Model Patent Jury Instructions § B.3.8, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

**INSTRUCTION NO. 21**

**INVALIDITY—BURDEN OF PROOF**

I WILL NOW INSTRUCT YOU ON THE RULES YOU MUST FOLLOW IN

DECIDING WHETHER OR NOT DEFENDANTS HAVE PROVEN THAT CERTAIN

CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID.  TO PROVE THAT ANY CLAIM OF

THE PATENTS-IN-SUIT IS INVALID, DEFENDANTS MUST PERSUADE YOU BY

CLEAR AND CONVINCING EVIDENCE.  IN OTHER WORDS, YOU MUST BE LEFT

WITH A CLEAR CONVICTION THAT THE CLAIM IS INVALID.  INVALIDITY MUST BE

ASSESSED SEPARATELY FOR EACH CLAIM.

Authority:  Adapted from Model Patent Jury Instructions § B.4.1, Federal Circuit Bar
Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

# INSTRUCTION NO. 22

# PRIOR ART

IN ADDRESSING DEFENDANTS' INVALIDITY DEFENSES, YOU WILL HAVE TO CONSIDER WHAT IS DISCLOSED IN THE "PRIOR ART."  AS WE DISCUSSED BRIEFLY AT THE BEGINNING OF THE TRIAL, IN PATENT CASES, THE TERM "PRIOR ART" GENERALLY INCLUDES ANYTHING THAT WAS PUBLICLY KNOWN BEFORE PLAINTIFFS' INVENTION.

PRIOR ART MAY INCLUDE ITEMS THAT WERE PUBLICLY KNOWN OR THAT HAVE BEEN USED OR OFFERED FOR SALE, PUBLICATIONS, OR PATENTS THAT DISCLOSE THE CLAIMED INVENTION OR ELEMENTS OF THE CLAIMED INVENTION. TO BE PRIOR ART, THE ITEM OR REFERENCE MUST HAVE BEEN MADE, KNOWN, USED, PUBLISHED, OR PATENTED EITHER BEFORE THE INVENTION WAS MADE OR MORE THAN ONE YEAR BEFORE THE FILING DATE OF THE EARLIEST PATENT APPLICATION.  HOWEVER, PRIOR ART DOES NOT INCLUDE A PUBLICATION THAT DESCRIBES THE INVENTOR'S OWN WORK OR THAT WAS PUBLISHED LESS THAN ONE YEAR BEFORE THE DATE OF INVENTION.

IN THIS CASE, DEFENDANTS ALLEGE THAT EACH OF THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID BECAUSE THEY ARE EITHER "ANTICIPATED" BY THE PRIOR ART AND/OR WOULD HAVE BEEN "OBVIOUS" BECAUSE OF THE PRIOR ART.

I WILL NOW INSTRUCT YOU ON EACH OF THESE GROUNDS FOR INVALIDITY.

Authority:  Adapted from Model Patent Jury Instructions § B.4.3a, Federal Circuit Bar Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

## INSTRUCTION NO. 23

## INVALIDITY-PRIOR ART-ANTICIPATION

FOR SOMEONE TO BE ENTITLED TO A PATENT, THE INVENTION MUST BE "NEW."  IN GENERAL, INVENTIONS ARE NEW WHEN THE IDENTICAL SYSTEM OR PROCESS HAS NOT BEEN MADE, USED, OR DISCLOSED BEFORE.  IF THERE IS "PRIOR ART" THAT ALREADY SHOWS THE SAME INVENTION COVERED BY A PATENT CLAIM, THEN THE CLAIM IS INVALID BECAUSE IT IS "ANTICIPATED" BY THE "PRIOR ART."  ANTICIPATION MUST BE DETERMINED ON A CLAIM-BY-CLAIM BASIS.

DEFENDANTS CONTEND THAT ALL OF THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID BECAUSE THE CLAIMED INVENTIONS ARE ANTICIPATED.  DEFENDANTS MUST CONVINCE YOU OF THIS BY CLEAR AND CONVINCING EVIDENCE.  IN OTHER WORDS, THE EVIDENCE HIGHLY PROBABLY DEMONSTRATES THAT THE CLAIMS ARE INVALID.

THE DESCRIPTION IN A WRITTEN REFERENCE DOES NOT HAVE TO BE IN THE SAME WORDS AS THE CLAIM, BUT ALL OF THE REQUIREMENTS OF THE CLAIM MUST BE THERE, EITHER STATED OR NECESSARILY IMPLIED, SO THAT SOMEONE OF ORDINARY SKILL IN THE FIELD LOOKING AT THAT ONE REFERENCE WOULD BE ABLE TO MAKE AND USE THE CLAIMED INVENTION.

BELOW ARE TWO WAYS THAT THE DEFENDANTS MAY SHOW THAT A CLAIM OF THE PATENTS IN SUIT IS NOT NEW:

(1) AN INVENTION IS NOT NEW IF IT WAS KNOWN TO OR USED BY OTHERS IN THE UNITED STATES BEFORE THE DATE OF INVENTION.  AN

51

INVENTION IS KNOWN WHEN THE INFORMATION ABOUT IT WAS REASONABLY

ACCESSIBLE TO THE PUBLIC ON THAT DATE.

(2) AN INVENTION IS NOT NEW IF IT WAS ALREADY PATENTED OR

DESCRIBED IN A PRINTED PUBLICATION, ANYWHERE IN THE WORLD BEFORE

THE DATE OF INVENTION.  A DESCRIPTION IS A "PRINTED PUBLICATION" ONLY IF

IT WAS PUBLICLY ACCESSIBLE.

Authority:  Adapted from Model Patent Jury Instructions § B.4.3b, Federal Circuit Bar
Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

## INSTRUCTION NO. 24

## OBVIOUSNESS

DEFENDANTS CONTEND THAT ALL OF THE ASSERTED CLAIMS OF THE '420 PATENT AND CLAIMS 5, 21 AND 22 OF THE '664 ARE INVALID BECAUSE THEY ARE OBVIOUS.  DEFENDANTS MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT A PERSON OF ORDINARY SKILL IN THE FIELD OF THE INVENTION, WHO KNEW ABOUT ALL THE "PRIOR ART" EXISTING AT THE TIME THE INVENTION WAS MADE, WOULD HAVE COME UP WITH THE INVENTION DISCLOSED BY THE ASSERTED CLAIMS AT THAT TIME.

IN DETERMINING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MUST CONSIDER THE LEVEL OF ORDINARY SKILL IN THE FIELD OF THE INVENTION THAT SOMEONE WOULD HAVE HAD AT THE TIME THE CLAIMED INVENTION WAS MADE OR AT THE CRITICAL DATE, THE SCOPE AND CONTENT OF THE PRIOR ART, AND ANY DIFFERENCES BETWEEN THE PRIOR ART AND THE CLAIMED INVENTION.

KEEP IN MIND THAT THE EXISTENCE OF EACH AND EVERY ELEMENT OF THE CLAIMED INVENTION IN THE PRIOR ART DOES NOT NECESSARILY PROVE OBVIOUSNESS.  MOST, IF NOT ALL, INVENTIONS RELY ON BUILDING BLOCKS OF THE PRIOR ART.

IN CONSIDERING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MAY BUT ARE NOT REQUIRED TO FIND OBVIOUSNESS IF YOU FIND THAT AT THE TIME OF THE CLAIMED INVENTION OR THE CRITICAL DATE THERE WAS A REASON THAT WOULD HAVE PROMPTED A PERSON HAVING ORDINARY SKILL IN

53

THE FIELD OF THE INVENTION TO COMBINE THE KNOWN ELEMENTS IN A WAY THAT THE CLAIMED INVENTION DOES, TAKING INTO ACCOUNT SUCH FACTORS AS:

(1) WHETHER THE CLAIMED INVENTION WAS MERELY THE PREDICTABLE RESULT OF USING PRIOR ART ELEMENTS ACCORDING TO THEIR KNOWN FUNCTION(S);

(2) WHETHER THE CLAIMED INVENTION PROVIDES AN OBVIOUS SOLUTION TO A KNOWN PROBLEM IN THE RELEVANT FIELD;

(3) WHETHER THE PRIOR ART TEACHES OR SUGGESTS THE DESIRABILITY OF COMBINING ELEMENTS CLAIMED IN THE INVENTION;

(4) WHETHER THE PRIOR ART TEACHES AWAY FROM COMBINING ELEMENTS IN THE CLAIMED INVENTION;

(5) WHETHER IT WOULD HAVE BEEN OBVIOUS TO TRY THE COMBINATIONS OF ELEMENTS, SUCH AS WHEN THERE IS A DESIGN NEED OR MARKET PRESSURE TO SOLVE A PROBLEM AND THERE ARE A FINITE NUMBER OF IDENTIFIED, PREDICTABLE SOLUTIONS; AND

(6) WHETHER THE CHANGE RESULTED MORE FROM DESIGN INCENTIVES OR OTHER MARKET FORCES.  TO FIND IT RENDERED THE INVENTION OBVIOUS, YOU MUST FIND THAT THE PRIOR ART PROVIDED A REASONABLE EXPECTATION OF SUCCESS.  OBVIOUS TO TRY IS NOT SUFFICIENT IN UNPREDICTABLE TECHNOLOGIES.

IN DETERMINING WHETHER THE CLAIMED INVENTION WAS OBVIOUS,

DSMDB-3104912v1

CONSIDER EACH CLAIM SEPARATELY. DO NOT USE HINDSIGHT.  IN OTHER WORDS, CONSIDER ONLY WHAT WAS KNOWN AT THE TIME OF THE INVENTION OR THE CRITICAL DATE.

IN MAKING THESE ASSESSMENTS, YOU SHOULD TAKE INTO ACCOUNT ANY OBJECTIVE EVIDENCE (SOMETIMES CALLED "SECONDARY CONSIDERATIONS") THAT MAY HAVE EXISTED AT THE TIME OF THE INVENTION OR THE CRITICAL DATE AND AFTERWARDS THAT MAY SHED LIGHT ON THE OBVIOUSNESS OR NOT OF THE CLAIMED INVENTION, SUCH AS:

A. WHETHER THE INVENTION WAS COMMERCIALLY SUCCESSFUL AS A RESULT OF THE MERITS OF THE CLAIMED INVENTION (RATHER THAN THE RESULT OF DESIGN NEEDS OR MARKET-PRESSURE ADVERTISING OR SIMILAR ACTIVITIES);

B. WHETHER THE INVENTION SATISFIED A LONG-FELT NEED;

C. WHETHER OTHERS HAD TRIED AND FAILED TO MAKE THE INVENTION;

D. WHETHER OTHERS INVENTED THE INVENTION AT ROUGHLY THE SAME TIME;

E. WHETHER OTHERS COPIED THE INVENTION;

F. WHETHER THERE WERE CHANGES OR RELATED TECHNOLOGIES OR MARKET NEEDS CONTEMPORANEOUS WITH THE INVENTION;

G. WHETHER THE INVENTION ACHIEVED UNEXPECTED RESULTS;

H. WHETHER OTHERS IN THE FIELD PRAISED THE INVENTION;

I. WHETHER PERSONS HAVING ORDINARY SKILL IN THE ART OF THE

55

INVENTION EXPRESSED SURPRISE OR DISBELIEF REGARDING THE INVENTION;

J. WHETHER OTHERS SOUGHT OR OBTAINED RIGHTS TO THE PATENT

FROM THE PATENT HOLDER; AND

K. WHETHER THE INVENTOR PROCEEDED CONTRARY TO ACCEPTED

WISDOM IN THE FIELD.

Authority:  Adapted from Model Patent Jury Instructions § B.4.3c, Federal Circuit Bar
Association (Feb. 2012).

DSMDB-3104912v1

# INSTRUCTION NO. 25

## SCOPE AND CONTENT OF THE PRIOR ART

IN CONSIDERING WHETHER THE CLAIMED INVENTION WAS OBVIOUS, YOU MUST FIRST DETERMINE THE SCOPE AND CONTENT OF THE PRIOR ART. THE SCOPE AND CONTENT OF PRIOR ART FOR DECIDING WHETHER THE INVENTION WAS OBVIOUS INCLUDES PRIOR ART IN THE SAME FIELD AS THE CLAIMED INVENTION, REGARDLESS OF THE PROBLEM ADDRESSED BY THE ITEM OR REFERENCE, AND PRIOR ART FROM DIFFERENT FIELDS THAT A PERSON OF ORDINARY SKILL IN THE ART USING COMMON SENSE MIGHT COMBINE IF FAMILIAR SO AS TO SOLVE THE PROBLEM, LIKE FITTING TOGETHER THE PIECES OF A PUZZLE.

WHEN A PARTY ATTACKING THE VALIDITY OF A PATENT RELIES ON PRIOR ART WHICH WAS SPECIFICALLY CONSIDERED BY THE EXAMINER DURING THE PROSECUTION OF THE APPLICATION LEADING TO THE ISSUANCE OF THE PATENT, THAT PARTY BEARS THE BURDEN OF OVERCOMING THE DEFERENCE DUE TO A QUALIFIED GOVERNMENT AGENCY OFFICIAL PRESUMED TO HAVE PERFORMED HIS OR HER JOB.

Authority:  Adapted from Model Patent Jury Instructions § B.4.3c(ii), Federal Circuit Bar Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

**INSTRUCTION NO. 26**

**LEVEL OF ORDINARY SKILL**

IN DECIDING WHAT THE LEVEL OF ORDINARY SKILL IN THE FIELD OF THE

INVENTION IS, YOU SHOULD CONSIDER ALL THE EVIDENCE INTRODUCED AT

TRIAL, INCLUDING BUT NOT LIMITED TO: (1) THE LEVELS OF EDUCATION AND

EXPERIENCE OF THE INVENTOR AND OTHER PERSONS ACTIVELY WORKING IN

THE FIELD; (2) THE TYPES OF PROBLEMS ENCOUNTERED IN THE FIELD; (3) PRIOR

ART SOLUTIONS TO THOSE PROBLEMS; (4) RAPIDITY WITH WHICH INNOVATIONS

ARE MADE; AND (5) THE SOPHISTICATION OF THE TECHNOLOGY.

Authority:  Adapted from Model Patent Jury Instructions § B.4.3c(i), Federal Circuit Bar
Association (Feb. 2012) (and cases cited therein).

DSMDB-3104912v1

## INSTRUCTION NO. 27

## PRIOR ART – ORAL TESTIMONY

IN THIS CASE, DEFENDANTS HAVE INTRODUCED ORAL TESTIMONY TO

SUPPORT DEFENSES THAT CERTAIN PATENT CLAIMS ARE INVALID. ORAL

TESTIMONY REGARDING PRIOR INVENTION MUST BE CORROBORATED.

DOCUMENTARY OR PHYSICAL EVIDENCE MADE CONTEMPORANEOUSLY WITH

THE ALLEGED PRIOR INVENTION IS THE MOST RELIABLE PROOF OF

CORROBORATION OF A WITNESS'S TESTIMONY.

AUTHORITY: *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 741-43 (Fed. Cir. 2002); *TypeRight Keyboard Corp. v.Microsoft Corp.,* 374 F.3d 1151, 1159 (Fed.Cir.2004); *Dow Chem. Co. v. Mee Indus., Inc.,* 341 F.3d 1370, 1378 (Fed.Cir.2003); *Texas Digital Sys., Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1217 (Fed.Cir.2002).

DSMDB-3104912v1

**INSTRUCTION NO. 28**

**DAMAGES – INTRODUCTION**

IF YOU FIND THAT DEFENDANTS INFRINGED ANY VALID CLAIM OF THE

PATENTS-IN-SUIT, YOU MUST THEN CONSIDER WHAT AMOUNT OF DAMAGES TO

AWARD TO I/P ENGINE.  I WILL NOW INSTRUCT YOU ABOUT THE MEASURE OF

DAMAGES.  BY INSTRUCTING YOU ON DAMAGES, I AM NOT SUGGESTING WHICH

PARTY SHOULD WIN THIS CASE OR ANY ISSUE.

YOUR DAMAGES AWARD, IF YOU REACH THAT ISSUE, SHOULD

ADEQUATELY COMPENSATE I/P ENGINE FOR DEFENDANTS' INFRINGEMENT.

THEY ARE NOT MEANT TO PUNISH THE DEFENDANTS.

I/P ENGINE HAS THE BURDEN TO ESTABLISH THE AMOUNT OF ITS

DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.  IN OTHER WORDS, YOU

SHOULD AWARD ONLY THOSE DAMAGES THAT I/P ENGINE ESTABLISHES THAT IT

MORE LIKELY THAN NOT SUFFERED.  THERE ARE DIFFERENT TYPES OF

DAMAGES THAT A PATENT HOLDER MAY BE ENTITLED TO RECOVER.  IN THIS

CASE, I/P ENGINE SEEKS A REASONABLE ROYALTY.  A REASONABLE ROYALTY IS

DEFINED AS THE AMOUNT OF MONEY I/P ENGINE AND DEFENDANTS WOULD

HAVE AGREED UPON AS A FEE FOR USE OF THE INVENTION AT THE TIME

IMMEDIATELY PRIOR TO WHEN THE INFRINGEMENT BEGAN.  YOU REMEMBER

ALL THE QUESTIONS ABOUT THE HYPOTHETICAL NEGOTIATIONS.

I WILL GIVE YOU MORE DETAILED INSTRUCTIONS REGARDING DAMAGES

SHORTLY, BUT NOTE, HOWEVER, THAT I/P ENGINE IS ENTITLED TO RECOVER NO

DSMDB-3104912v1

LESS THAN A REASONABLE ROYALTY FOR EACH INFRINGING ACT.  IN OTHER

WORDS, "THE USE MADE OF THE INVENTION BY THE DEFENDANTS."

Authority:  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.6.1, Federal Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury Instructions § B.6.1, Federal Circuit Bar Association (Feb. 2012); 35 U.S.C. § 284.

DSMDB-3104912v1

**INSTRUCTION NO. 29**

**REASONABLE ROYALTY - ENTITLEMENT**

IF YOU FIND THAT I/P ENGINE HAS ESTABLISHED INFRINGEMENT, I/P

ENGINE IS ENTITLED TO AT LEAST A REASONABLE ROYALTY TO COMPENSATE

IT FOR THAT INFRINGEMENT.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va.
Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.6.5, Federal
Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury
Instructions § B.6.5, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

## INSTRUCTION NO. 30

## REASONABLE ROYALTY – DEFINITION

A ROYALTY IS A PAYMENT MADE TO A PATENT HOLDER IN EXCHANGE FOR THE RIGHT TO MAKE, USE, OR SELL THE CLAIMED INVENTION. A REASONABLE ROYALTY IS THE AMOUNT OF ROYALTY PAYMENT THAT A PATENT HOLDER AND THE INFRINGER WOULD HAVE AGREED TO IN A HYPOTHETICAL NEGOTIATION TAKING PLACE AT A TIME JUST PRIOR TO WHEN THE INFRINGEMENT FIRST BEGAN.

AT THE TIME OF THE HYPOTHETICAL NEGOTIATION IN THIS CASE, THE PATENT OWNER WAS NON-PARTY LYCOS, INC ("LYCOS"). IN CONSIDERING THIS HYPOTHETICAL NEGOTIATION, YOU SHOULD FOCUS ON WHAT THE EXPECTATIONS OF LYCOS AND THE DEFENDANTS WOULD HAVE BEEN HAD THEY ENTERED INTO AN AGREEMENT AT THAT TIME AND HAD THEY ACTED REASONABLY IN THEIR NEGOTIATIONS. IN DETERMINING THIS, YOU MUST ASSUME THAT BOTH PARTIES BELIEVED THE PATENT WAS VALID AND INFRINGED AND LYCOS AND DEFENDANTS WERE WILLING TO ENTER INTO AN AGREEMENT. THE REASONABLE ROYALTY YOU DETERMINE MUST BE A ROYALTY THAT WOULD HAVE RESULTED FROM THE HYPOTHETICAL NEGOTIATION AND NOT SIMPLY A ROYALTY EITHER PARTY WOULD HAVE PREFERRED.

EVIDENCE OF THE THINGS THAT HAPPENED AFTER THE INFRINGEMENT FIRST BEGAN CAN BE CONSIDERED IN EVALUATING THE REASONABLE ROYALTY ONLY TO THE EXTENT THAT THE EVIDENCE AIDS IN ASSESSING WHAT

DSMDB-3104912v1

ROYALTY WOULD HAVE RESULTED FROM A HYPOTHETICAL NEGOTIATION.

ALTHOUGH EVIDENCE OF THE ACTUAL PROFITS AN ALLEGED INFRINGER MADE

MAY BE USED TO DETERMINE THE ANTICIPATED PROFITS AT THE TIME OF THE

HYPOTHETICAL NEGOTIATION, THE ROYALTY MAY NOT BE LIMITED OR

INCREASED BASED ON THE ACTUAL PROFITS THE ALLEGED INFRINGER MADE.

Authority: *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.6.6, Federal Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury Instructions § B.6.6, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

**INSTRUCTION NO. 31**

**REASONABLE ROYALTY – RELEVANT FACTORS**

IN DETERMINING THE REASONABLE ROYALTY, YOU SHOULD CONSIDER ALL OF THE FACTS KNOWN AND AVAILABLE TO THE PARTIES AT THE TIME THE INFRINGEMENT BEGAN.  SOME OF THE KINDS OF FACTORS THAT YOU MAY CONSIDER IN MAKING YOUR DETERMINATION FOLLOW.  YOU MAY RECALL THE PARTIES DISCUSSING THE "GEORGIA-PACIFIC FACTORS" DURING THE DAMAGES PORTIONS OF THEIR CASES.  THESE ARE THOSE FACTORS:

(1) THE ROYALTIES RECEIVED BY THE PATENTEE FOR THE LICENSING OF THE PATENTS-IN-SUIT, PROVING OR TENDING TO PROVE AND ESTABLISH ROYALTY;

(2) THE RATES PAID BY THE LICENSEE FOR THE USE OF OTHER PATENTS COMPARABLE TO THE PATENTS-IN-SUIT;

(3) THE NATURE AND THE SCOPE OF THE LICENSE, EXCLUSIVE OR NONEXCLUSIVE, OR AS RESTRICTED OR NON-RESTRICTED IN TERMS OF TERRITORY OR WITH RESPECT TO WHOM THE MANUFACTURED PRODUCT MAY BE SOLD;

(4) THE LICENSOR'S ESTABLISHED POLICY AND MARKETING PROGRAM TO MAINTAIN HIS OR HER PATENT MONOPOLY BY NOT LICENSING OTHERS TO USE THE INVENTION OR BY GRANTING LICENSES UNDER SPECIAL CONDITIONS DESIGNED TO PRESERVE THAT MONOPOLY;

(5) THE COMMERCIAL RELATIONSHIP BETWEEN THE LICENSOR AND LICENSEE.  THE COMMERCIAL RELATIONSHIP BETWEEN THE LICENSOR AND

DSMDB-3104912v1

LICENSEE, SUCH AS WHETHER THEY ARE COMPETITORS IN THE SAME TERRITORY AND THE SAME LINE OF BUSINESS, OR WHETHER THEY ARE INVENTOR AND PROMOTER;

(6) THE EFFECT OF SELLING THE PATENTED SPECIALTY IN PROMOTING SALES OF OTHER PRODUCTS OF THE LICENSEE, THE EXISTING VALUE OF THE INVENTION TO THE LICENSOR AS A GENERATOR OF SALES OF HIS NON-PATENTED ITEMS AND THE EXTENT OF SUCH DERIVATIVE OR CONVOYED SALES;

(7) THE DURATION OF THE PATENT AND THE TERM OF THE LICENSE;

(8) THE ESTABLISHED PROFITABILITY OF THE PRODUCT MADE UNDER THE PATENTS, ITS COMMERCIAL SUCCESS, AND ITS CURRENT POPULARITY;

(9) THE UTILITY AND ADVANTAGES OF THE PATENTED PROPERTY OVER THE OLD MODES OR DEVICES, IF ANY, THAT HAD BEEN USED FOR WORKING OUT SIMILAR RESULTS;

(10) THE NATURE OF THE PATENTED INVENTION, THE CHARACTER OF THE COMMERCIAL EMBODIMENT OF IT AS OWNED AND PRODUCED BY THE LICENSOR, AND THE BENEFITS TO THOSE WHO HAVE USED THE INVENTION;

(11) THE EXTENT TO WHICH THE INFRINGER HAS MADE USE OF THE INVENTION AND ANY EVIDENCE PROBATIVE OF THE VALUE OF THAT USE;

(12) THE PORTION OF THE PROFIT OR THE SELLING PRICE THAT MAY BE CUSTOMARY IN THE PARTICULAR BUSINESS OR IN COMPARABLE BUSINESSES TO ALLOW FOR THE USE OF THE INVENTION OR THE ANALOGOUS INVENTIONS;

(13) THE PORTION OF THE REALIZABLE PROFITS THAT SHOULD BE CREDITED TO THE INVENTION AS DISTINGUISHED FROM NON-PATENTED

DSMDB-3104912v1

ELEMENTS, THE MANUFACTURING PROCESS, BUSINESS RISKS, OR SIGNIFICANT

FEATURES OR IMPROVEMENTS ADDED BY THE INFRINGER;

(14) THE OPINION AND TESTIMONY OF QUALIFIED EXPERTS;

(15) THE AMOUNT THAT A LICENSOR (SUCH AS THE PATENTEE) AND A

LICENSEE (SUCH AS THE INFRINGER) WOULD HAVE AGREED UPON AT THE TIME

THE INFRINGEMENT BEGAN IF BOTH HAD REASONABLY APPEARED

VOLUNTARILY TRYING TO REACH AN AGREEMENT; THAT IS, THE AMOUNT THAT

A PRUDENT LICENSEE WHO DESIRED, AS A BUSINESS PROPOSITION, TO OBTAIN A

LICENSE TO USE AND SELL A PARTICULAR ARTICLE EMBODYING THE PATENTED

INVENTION WOULD HAVE BEEN WILLING TO PAY AS A ROYALTY AND YET BE

ABLE TO MAKE A REASONABLE PROFIT AND WHICH AMOUNT WOULD HAVE

BEEN ACCEPTABLE BY A PROVEN PATENTEE WHO WAS WILLING TO GRANT A

LICENSE.

NO ONE FACTOR IS DISPOSITIVE, AND YOU CAN AND SHOULD CONSIDER

THE EVIDENCE THAT HAS BEEN PRESENTED TO YOU IN THIS CASE ON EACH OF

THESE FACTORS.

YOU MAY ALSO CONSIDER ANY OTHER FACTORS WHICH IN YOUR MIND

WOULD HAVE INCREASED OR DECREASED THE ROYALTY THE DEFENDANTS

WOULD HAVE BEEN WILLING TO PAY AND LYCOS WOULD HAVE BEEN WILLING

TO ACCEPT, ACTING AS NORMALLY PRUDENT BUSINESS PEOPLE.  THE FINAL

FACTOR ESTABLISHES THE FRAMEWORK WHICH YOU SHOULD USE IN

DETERMINING A REASONABLE ROYALTY, THAT IS, THE PAYMENT THAT WOULD

HAVE RESULTED FROM A NEGOTIATION BETWEEN I/P ENGINE AND THE

DSMDB-3104912v1

DEFENDANTS TAKING PLACE AT A TIME PRIOR TO WHEN THE INFRINGEMENT

BEGAN.

Authority:  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va. Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.6.7, Federal Circuit Bar Association (Nov. 12, 2009) (and cases cited therein)); Model Patent Jury Instructions § B.6.7, Federal Circuit Bar Association (Feb. 2012).

DSMDB-3104912v1

**INSTRUCTION NO. 32**

**DATE OF COMMENCEMENT OF DAMAGES**

IN DETERMINING THE AMOUNT OF DAMAGES, YOU MUST DETERMINE

WHEN THE DAMAGES BEGAN.  IN THIS CASE, BECAUSE THE PATENT WAS

GRANTED BEFORE THE INFRINGING ACTIVITY ALLEGEDLY BEGAN, DAMAGES

SHOULD BE CALCULATED AS OF THE DATE THAT THE INFRINGEMENT BEGAN.

I/P ENGINE AND DEFENDANTS AGREE THAT THIS DATE WAS THE FIRST

QUARTER OF 2004.

Authority:  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248 (E.D. Va.
Aug. 23, 2011) (Dkt. No. 1002) (Adapted from Model Patent Jury Instructions § B.6.8, Federal
Circuit Bar Association (Nov. 12, 2009)); Model Patent Jury Instructions § B.6.8, Federal Circuit
Bar Association (Feb. 2012).

DSMDB-3104912v1

Dated: October 9, 2012                    Respectfully submitted,


                                          By: /s/ Jeffrey K. Sherwood
                                          Donald C. Schultz (Virginia Bar No. 30531)
                                          W. Ryan Snow (Virginia Bar No. 47423)
                                          CRENSHAW, WARE & MARTIN PLC
                                          150 West Main Street
                                          Norfolk, VA 23510
                                          Telephone: (757) 623-3000
                                          Facsimile:  (757) 623-5735

                                          Jeffrey K. Sherwood (Virginia Bar No. 19222)
                                          Frank C. Cimino, Jr.
                                          Kenneth W. Brothers
                                          Charles J. Monterio, Jr.
                                          DICKSTEIN SHAPIRO LLP
                                          1825 Eye Street, NW
                                          Washington, DC 20006
                                          Telephone:    (202) 420-2200
                                          Facsimile:    (202) 420-2201

                                          Dawn Rudenko Albert
                                          DICKSTEIN SHAPIRO LLP
                                          1633 Broadway
                                          New York, NY 10019
                                          Telephone:    (212) 277-6500
                                          Facsimile:    (212) 277-6501


                                          Counsel for Plaintiff I/P Engine, Inc.

DSMDB-3104912v1

## CERTIFICATE OF SERVICE

I certify that on the ___9th___ day of October 2012, the foregoing was hand delivered to

the Clerk of Court and delivered to the following parties:

Via Hand Delivery:

> Stephen E. Noona, Esq.
> Kaufman & Canoles, P.C.
> 150 W Main St., Suite 2100
> Norfolk, VA  23510
> senoona@kaufcan.com

Via Electronic Transmission:

> David Bilsker, Esq.
> David Perlson, Esq.
> Quinn Emanuel Urquhart & Sullivan LLP
> 50 California Street, 22nd Floor
> San Francisco, CA  94111
> davidbilsker@quinnemanuel.com
> davidperlson@quinnemanuel.com

> Robert L. Burns, Esq.
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> Two Freedom Square
> 11955 Freedom Drive
> Reston, VA  20190
> robert.burns@finnegan.com

> Cortney S. Alexander, Esq.
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 3500 SunTrust Plaza
> 303 Peachtree Street, NE
> Atlanta, GA  94111
> cortney.alexander@finnegan.com