**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

I/P ENGINE, INC.,

Plaintiff,

v.

AOL, INC. et al.,

Defendants.

Civ. Action No. 2:11-cv-512

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF I/P ENGINE, INC.'S MOTION FOR AN AWARD OF PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND SUPPLEMENTAL DAMAGES FOR DEFENDANTS' POST-DISCOVERY/PRE-VERDICT INFRINGEMENT**

## I. INTRODUCTION

Pursuant to 35 U.S.C. § 284, the prevailing party in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as affixed by the court." As the prevailing party, I/P Engine, Inc. ("I/P Engine") respectfully moves this Court for an award in accordance with § 284 that includes prejudgment interest, post-judgment interest, and reasonable royalty damages from September 15, 2011 through entry of judgment against defendants AOL, Inc., Google Inc., IAC Search & Media, Inc., Gannett Company, Inc., and Target Corp. ("Defendants").

As the prevailing party, I/P Engine is presumptively entitled to prejudgment interest on the damages awarded. Prejudgment interest "is the rule, not the exception" and "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed.

Cir. 1996); *see also Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009) ("[w]hen a patentee asserts a patent claim that is held to be valid and infringed, prejudgment interest is generally awarded."). Consistent with this Court's decision in *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, I/P Engine requests that the Court award prejudgment interest at the prime rate compounded quarterly from the permitted damages period of infringement from September 15, 2011 until the date judgment is entered. *ActiveVideo Networks, Inc. v. Verizon Commc's., Inc.*, 2011 WL 4899922, *5-6 (E.D.Va., Oct. 14, 2011).

I/P Engine also requests that the Court award post-judgment interest from the date of entry of the judgment. By statute, 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System . . . ." *Id.* The "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b); *see also ActiveVideo Networks*, 2011 WL 4899922, at * 3-4.

I/P Engine also requests an accounting to determine the reasonable royalty damages to which it is entitled for Defendants' infringement after the period for which Defendants provided discovery. As this Court has recognized, a "patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *ActiveVideo Networks*, 2011 WL 4899922, at * 2. Such an accounting is needed here as Defendants produced revenue data only through September 30, 2012. The damages calculation presented at trial by Dr. Becker, and thus the jury's damages verdict, was based on this data. [Trial Tr. at 830-31; PX425.] As a result, a gap of more than one month exists between the produced revenue data and the jury verdict. In

accordance with the jury findings of infringement and damages, I/P Engine should be awarded supplemental damages for Defendants' post-discovery/pre-verdict infringement along with prejudgment and post-judgment interest on those damages. *ActiveVideo Networks*, 2011 WL 4899922, at *4-8.

**II. BACKGROUND**

On November 6, 2012, after a more than two-week trial, the jury determined that Defendants infringed I/P Engine's '420 and '664 patents (the "Asserted Patents"). [D.I. 789 (Verdict Form, Nov. 6, 2012).] The jury awarded I/P Engine damages of $30,496,155, not including interest. *See id.*

This verdict was in response to I/P Engine's evidence that Defendants infringed the Asserted Patents. Based upon a ruling of the Court, the recoverable damages period began September 15, 2011. [Trial Tr. at 1799-1807.] At trial, I/P Engine presented its damages case to the jury primarily through the testimony of Dr. Stephen Becker. Dr. Becker testified that damages should be calculated using a "reasonable royalty" methodology where a running royalty rate is determined based upon a hypothetical negotiation, and then that rate is applied to an apportioned royalty base comprised of Defendants' U.S. revenues from their accused products, including AdWords, AdSense for Search and AdSense for Mobile Search. [Trial Tr. at 764-66, 820-21, 826-827, 907-08, 1613-14.]

Dr. Becker determined the royalty base, in part, by reference to Defendants' responses to I/P Engine's discovery requests, specifically its Interrogatory No. 15, which sought U.S. revenue data for the accused products. [Trial Tr. at 830-31; PX 425.] Defendants' Fourth Supplemental Response to Interrogatory No. 15 provided U.S. revenue data only through September 30, 2012. [*Id.*] Therefore, the damages calculation presented to the jury did not include damages for

Defendants' infringing revenues between October 1, 2012 and November 6, 2012. Because Defendants' discovery responses were not brought current during the trial, the jury's damages award does not reflect all of Defendants' infringing conduct and does not fully compensate I/P Engine for that infringement.

On November 6, 2012, I/P Engine requested that Defendants provide a supplemental response to I/P Engine's Interrogatory No. 15 to include the missing revenues from October 1, 2012 to the present. [Declaration of Dawn Rudenko, ¶ 1, Exh. 1.] Defendants refused to provide that information. [*Id.*, ¶ 2 (Exh. 2).] I/P Engine requested a meet and confer on this issue November 7, 2012. Defendants did not respond to that request. [*Id.*, ¶ 3, Exh. 3.] On November 9, 2012, I/P Engine reiterated its request for either supplementation or a meet and confer. [*Id.*, ¶ 4, Exh. 4.] After additional correspondence between counsel on November 9, 2012, Defendants have not produced the requested supplemental data. [*Id.*, ¶ 5, Exh. 5.]

## III. LEGAL STANDARDS

### Prejudgment Interest

A prevailing plaintiff in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Prejudgment interest on the damages award "is the rule, not the exception." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Prejudgment interest "[s]erves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009). Courts generally award prejudgment interest from the date of infringement until the entry of judgment. *ActiveVideo Networks*, 2011 WL 4899922, at *6.

Unlike post-judgment interest, there is no mandatory interest rate or standard rate for calculating a prejudgment-interest award. *ActiveVideo Networks*, 2011 WL 4899922, at *3. Trial courts are afforded "wide latitude" in determining a prejudgment interest rate. *Id.* at *6. In *ActiveVideo Networks*, this Court determined that the calculation of prejudgment interest by using the prime rate, compounded quarterly, was proper. *Id.*

On November 7, 2012, I/P Engine filed its calculation of prejudgment interest. [D.I. 791.] Consistent with this Court's decision in the *ActiveVideo Networks*, I/P Engine requested that the Court award prejudgment interest at the prime rate compounded quarterly from September 15, 2011 until the date judgment is entered. I/P Engine's calculation of prejudgment interest based upon the total compensatory damages award set forth in Verdict Form, III.C. [D.I. 789, at 11] is $643,084. See Exhibit A, attached to Dr. Stephen Becker's Declaration ("Becker Decl.") submitted contemporaneously with this Memorandum of Law, setting forth I/P Engine's prejudgment-interest calculations. The time period that Dr. Becker used to arrive at this amount is September 11, 2011 to November 6, 2012, the date of the verdict. [Becker Decl.¶ 2.]

**Post-Judgment Interest**

Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The interest is calculated "[a]t a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System . . . ." *Id*. The "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b); *see also ActiveVideo Networks*, 2011 WL 4899922, at *7. "'[T]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the

ascertainment of the damage and payment by the defendant.'" *Id.* at *3 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 835-36 (1990)).

The Federal Circuit defers to the Circuits for interpretation of the post-judgment statute. *ActiveVideo Networks*, 2011 WL 4899922, at *3. Courts in the Fourth Circuit have found that awarding post-judgment interest on the "[e]ntire [damages] amount . . ., including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court." *Id.* (internal quotations and citations omitted). Post-judgment interest on money judgments begins to accrue "[f]rom the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Id.* (internal quotations and citations omitted). It is of no moment that Defendants may appeal or that post-trial motions are pending. *Id.* at *7. Courts routinely determine that a party is entitled to post-judgment interest pending such events. *Id.*

**<u>Supplemental Damages Before Verdict</u>**

Upon a finding of infringement, a prevailing patent holder is "[e]ntitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *ActiveVideo Networks*, 2011 WL 4899922, at *2, *4. Supplemental damages are compensatory in nature. *Id*. at *2. Such damages are calculated in accordance with the damages awarded in the jury verdict. *Id.* "[S]upplemental damages may take into account pre-verdict infringing sales that were not covered by the jury verdict due to deficiencies in the discovery production." *Id.* at *4.

Pursuant to 35 U.S.C. § 284, a prevailing patent holder is entitled to a damages remedy to compensate it for the infringement that is "[i]n no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

Courts routinely recognize that the only way to provide a complete remedy under § 284, is through an accounting following a jury verdict. *See TiVo Inc. v. Echostar Commc'ns. Corp.*, 2006 U.S. Dist. LEXIS 64291, at *6 (E.D. Tex. Aug. 17, 2006) ("[p]atentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict") (citing *Stryker Corp. v. Davol, Inc.*, 75 F. Supp. 2d 746 (W.D. Mich. 1999), *aff'd*, 234 F.3d 1252 (Fed. Cir. 2000); Indeed, post-judgment accountings in patent infringement actions have become standard practice. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, at *52 (D. Nev. Aug. 1, 2001) (citations omitted) (post-judgment accounting in patent infringement actions "appear to be standard practice").

## IV. ARGUMENT

### A. I/P Engine Is Entitled To An Award of Prejudgment Interest

As the prevailing patent holder in this patent infringement action, I/P Engine is entitled to prejudgment interest on the money damages awarded. The Supreme Court has held that "[i]n the typical [patent infringement] case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Thus, "[p]rejudgment interest should ordinarily be awarded under § 284 absent some justification for withholding such an award, [and] a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion." *Id.* at 657. Here, no justification exists for denying prejudgment interest. I/P Engine is entitled to prejudgment interest calculated from September 15, 2011 to the date of judgment. *See Nickson Indus. v. Rol Mfg. Co., Ltd.*, 847

F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").[1]

When awarding prejudgment interest, "[t]he rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). "In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest," which is to fully compensate the patent holder for use of funds it would have had but for the defendant's infringement. *Id*. "The merits of the infringer's challenges to the patent are immaterial in determining the amount of prejudgment interest." *Id*. Here, prejudgment interest should be awarded at the prime rate during the period of infringement, compounded quarterly.

Consistent with this Court's decision in *ActiveVideo Networks*, I/P Engine requests that the Court award prejudgment interest at the prime rate compounded quarterly from September 15, 2011 through the date that judgment is entered. *See ActiveVideo Networks*, 2011 WL 4899922, *6-7. This request is also consistent with other district court decisions, which have regularly awarded prejudgment interest at the prime rate compounded quarterly. *See, e.g., Telecomm. Sys. v. Mobile 365, Inc.,* 2007 U.S. Dist. LEXIS 99156 at * 5 (E.D.Va. Sept. 4, 2007) (awarding the patent owner "prejudgment interest at the prime rate plus 1.00% compounded quarterly."); *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 472 (D. Del. 2006) ("prejudgment interest should be calculated at the prime rate compounded quarterly"); *Applera Corp. v Micromass UK, Ltd*., 204 F. Supp. 2d 724, 783 (D. Del. 2002) (concluding that

[1] The court applied laches to preclude the recovery of damages prior to September 15, 2011. By this motion, I/P Engine does not seek prejudgment interest for any time prior to September 15, 2011.

"prejudgment interest, based on the prime rate and calculated quarterly, is reasonable"); *Voda v. Cordis Corp.*, 2006 U.S. Dist. LEXIS 63623, *5-6 (W.D. Okla. Sept. 5, 2006) (selecting the prime rate over defendant's proposal to use the three-month or one year Treasury bill rate, because "[t]he purpose of prejudgment interest is to make plaintiff whole by compensating him for the loss of use of the money owed him.").

An award of prejudgment interest is necessary to fully compensate I/P Engine for the damages caused by Defendants' infringement, and I/P Engine's lack of use of the royalty payments that should have been made since September 15, 2011. I/P Engine therefore seeks an award of prejudgment interest calculated at the prime rate and compounded quarterly for the damages award for infringing sales beginning in September 15, 2011 through November 6, 2012 in the amount of $643,084. [*See* Becker Decl., ¶ 4, Exh. A, for explanation and calculations.][2]

**B. I/P Engine Is Entitled To An Award of Post-Judgment Interest**

I/P Engine, as the prevailing party awarded a money judgment, is entitled by statute to post-judgment interest. 28 U.S.C. § 1961(a). Section 1961 recites in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *ActiveVideo Networks, Inc.*, 2011 WL 4899922, at *3. Post-judgment interest should accrue on the judgment, including prejudgment interest and any further damages resulting from an accounting, until the money judgment is satisfied. *Id.*

[2] I/P Engine, through Dr. Becker, is prepared to provide supplemental calculations for prejudgment interest through any subsequent judgment date.

Because the date of Defendants' satisfaction of the judgment is not yet known, I/P Engine requests only an award confirming its entitlement to post-judgment interest, not a particular amount. I/P Engine also requests that the Court find that such an award be calculated in the manner set forth in 28 U.S.C. § 1961(a), including prejudgment interest and any further damages resulting from an accounting of Defendants' post-discovery/pre-verdict revenues.

### C. I/P Engine Is Entitled To An Accounting and Award of Reasonable Royalty Damages for Defendants' Post-Discovery-Pre-Verdict Infringement

Pursuant to 35 U.S.C. § 284, I/P Engine is entitled to a damages remedy to compensate it for the infringement that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." In accordance with § 284, I/P Engine requests an accounting to determine the reasonable royalty damages to which it is entitled for Defendants' infringement after the period for which Defendants provided discovery, specifically, from October 1, 2012 through the date of judgment entry.

Courts routinely recognize that the only way to provide a complete remedy under § 284, is through an accounting following a jury verdict. *See TiVo Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6 ("patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict.") (citing *Stryker Corp.*, 75 F. Supp. 2d 746). Indeed, post-judgment accountings in patent infringement actions have become standard practice. *Mikohn Gaming Corp.*, 2001 U.S. Dist. LEXIS 23416, at *52 (post-judgment accounting in patent infringement actions "appear to be standard practice").[3] "[S]upplemental damages may take into account pre-verdict infringing

[3] The *Mikohn Gaming Corp.* court noted, "Federal Rule of Civil Procedure 62(a) makes clear that Congress contemplated accountings in patent actions. That rule provides that 'a judgment or order directing an accounting in an action for infringement of letters patent' shall not be stayed

sales that were not covered by the jury verdict due to deficiencies in the discovery production." *ActiveVideo Networks, Inc.*, 2011 WL 4899922, at *4; *see also Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1011 (D. Minn. 1995) (district court recognized that the prevailing patentee was "entitled to an accounting" for the period from the most recent sales data available to the jury at trial through the date the injunction was entered).

An accounting is needed here as Defendants produced revenues for the accused products only through September 30, 2012. The damages calculation presented at trial by Dr. Becker was based upon this revenue data. [Trial Tr. at 830-31; PX 425.] Consequently, the jury's verdict omitted over a month of Defendants' infringing revenues. To award the minimum relief mandated by § 284, this Court should grant I/P Engine's motion for an accounting of Defendants' infringing revenues from October 1, 2012 to the date of the judgment. Defendants should be ordered to produce, through supplementing Interrogatory No. 15, the revenue data for this period in the same form as comparable information was produced in response to I/P Engine's Interrogatory No. 15. The royalty base should then be determined using the methodology explained by Dr. Becker at trial [s*ee* Trial Tr. at 820-21, 826-27, 830-33, 907-08, 1613-14, 1715], and as determined by the jury [D.I. 789 (Verdict Form, at 11)]. *See TiVo Inc.*, 2006 U.S. Dist. LEXIS 64291, at *7 ("[s]upplemental damages are calculated consistent with the damages awarded in the jury verdict.").

Specifically, the apportionment percentage of 20.9%, which is the going forward apportionment percentage presented by Dr. Becker at trial [Trial Tr. at 821, 826, 1613-14, 1715], should be applied to Defendants' total U.S. revenues from the accused systems, AdWords, AdSense For Search, and AdSense For Mobile Search. This royalty base will be derived from

---

pending appeal." *Mikohn Gaming*, 2001 U.S. Dist. LEXIS 23416, at *53-54 (citing Fed. R. Civ. P. 62(a)).

the requested accounting of Defendants' U.S. revenues. The reasonable royalty rate for Defendants' pre-verdict infringement should be 3.5%, which is the rate determined by the jury. [D.I. 789 (Verdict Form, at 11).] The 3.5% rate should then be applied to the adjusted royalty base.

To deny I/P Engine's motion for an accounting would be to allow Defendants to "evade [their] obligation to pay damages for the remainder of the period of infringement and would contradict the patent law's purpose of compensating patent holders for the damage suffered due to infringement." *Mikohn Gaming*, 2001 U.S. Dist. LEXIS 23416, at *63.

**IV. CONCLUSION**

For each of the foregoing reasons, the Court should award I/P Engine prejudgment interest, supplemental damages based upon an accounting of Defendants' pre-verdict/post-discovery revenues, and post-judgment interest, including on prejudgment interest and supplemental damages through the date of judgment.

| | |
|---|---|
| Dated: November 9, 2012 | Respectfully submitted,<br><br>By: /s/ Jeffrey K. Sherwood<br><br>Donald C. Schultz (Virginia Bar No. 30531)<br>W. Ryan Snow (Virginia Bar No. 47423)<br>CRENSHAW, WARE & MARTIN PLC<br>150 West Main Street<br>Norfolk, VA 23510<br>Telephone: (757) 623-3000<br>Facsimile: (757) 623-5735<br><br>Jeffrey K. Sherwood (Virginia Bar No. 19222)<br>Frank C. Cimino, Jr.<br>Kenneth W. Brothers<br>Charles J. Monterio, Jr.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, NW |

| | |
|---|---|
| | Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br><br>Dawn Rudenko<br>DICKSTEIN SHAPIRO LLP<br>1633 Broadway<br>New York, New York 10019<br><br><br>Counsel for Plaintiff I/P Engine, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2012, the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF I/P ENGINE, INC.'S MOTION FOR AN AWARD OF PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND SUPPLEMENTAL DAMAGES FOR DEFENDANTS' POST-DISCOVERY/PRE-VERDICT INFRINGEMENT was served via the Court's CM/ECF system on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

/s/ Jeffrey K. Sherwood