IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 20 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

I/P ENGINE, INC.,

        **Plaintiff,**

V.

        CIVIL ACTION NO. 2:11cv512

AOL INC., *et al.*,

        **Defendants.**

## *MEMORANDUM ORDER*

At issue is whether the Defendants have proven, by clear and convincing evidence, that the '420 Patent and the '664 Patent are obvious and thus invalid. As part of the jury verdict form, the Court posed interrogatories to the jury to resolve any factual disputes underlying the question of nonobviousness. Neither party objected to the Court's posing of interrogatories to the jury on factual questions underlying nonobviousness. By stipulation, the parties agreed as to both the '420 Patent and the '664 Patent that the level of ordinary skill in the field that someone would have had at the time the claimed invention was made is "an individual with a bachelor's degree in computer science with at least 2 years of experience." The jury returned a verdict making underlying factual determinations on nonobviousness.

Specifically, with respect to the '420 patent, the jury found that "[n]o prior art applies because (1) the Bowman and Culliss references identified by Defendants lack any content analysis and filtering for relevance to the query and (2) other references identified by Defendants relate to profile system that do not disclose a tightly integrated search systems and could not filter information relevant to the query." As to the question of whether there were any differences between the claimed invention and the prior art at the time of the claimed invention,

the Jury found that "[t]he Bowman and Culliss references did not disclose either limitation (b) (a content-based filter and could not filter information relevant to the query or (d) (combining feedback data with content profile data) of independent claims 10 and 25. The other asserted references – Rose, Lashkari, and Fab, were profile systems that did not disclose a tightly integrated search system, and could not filter information relevant to the query."

As to the '664 Patent, the Jury found that "[n]o prior art applies because (1) the Bowman and Culliss references identified by Defendants lack any content analysis and filtering for relevance to the query and (2) other references identified by Defendants relate to profile system that do not disclose a tightly integrated search systems and could not filter information relevant to the query." As to the question of whether there were any differences between the claimed invention and the prior art at the time of the claimed invention, the Jury found that "[t]he Bowman and Culliss references do not disclose limitation (c) of the independent claims 1 and 26, because those references do not have a content-based filter that could not filter information relevant to a query, or combine information from a feedback system with content profile data. The other asserted references – Rose, Lashkari, and Fab, were profile systems that did not disclose a tightly integrated search system, and could not filter information relevant to the query."

Having considered the Jury's determinations, the Court finds that the Defendants have failed to prove, by clear and convincing evidence, that the '420 Patent or the '664 Patent are obvious. The Clerk is directed to send copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 20, 2012

Raymond A. Jackson
United States District Judge