**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 2:11-cv-512 |
| ) | |
| AOL, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION TO**
**SEAL AND REDACT PORTIONS OF TRIAL RECORD**

By its motion, Google seeks to redact portions of the trial transcript that reflect evidence presented in **open court.** The evidence that Google now seeks to redact has already been made part of the **public record**. As this Court repeatedly has observed, there is a strong public interest in this case, and the public has an ongoing right to access judicial proceedings, including the transcript. I/P Engine's principals and various members of the public, including journalists, Vringo shareholders and even a law professor, attended the public portions of the trial and should not now be required to unremember the information that Google seeks to conceal from the public. Google's attempt to remove information, *post hoc*, from the public record is without justification, and is unworkable. This motion should be denied, so that the entire trial transcript not under seal remains open to the public.

**Argument**

There is a presumption that the public has a right to access information contained in judicial documents. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (plurality opinion); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978*); In re Washington Post Co*., 807 F.2d 383, 390 (4th Cir. 1986). The public's right to access judicial proceedings is

guaranteed not only by common law, but also by the First Amendment.  *See Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988) ("We believe the more rigorous First Amendment standard should also apply to . . . civil case[s]").  Denying the public's right to this access must therefore advance a compelling government interest and be narrowly tailored to serve that interest.  *Id.*  Sealing or redacting a trial transcript is a form of denying the public access to a judicial proceeding or judicial records requiring the same rigorous First Amendment standard of justification.  *See United States v. Cousins*, 858 F. Supp. 2d 614, 617 FN. 4 (E.D. Va. 2012) ("[T]rial transcripts presumably would be entitled to protection under the First Amendment as well.").

     A.     <u>All Requested Redactions Fall into Categories of Information Previously Submitted to this Court for Review.</u>

In Google's previous Motion to Seal Documents and Close the Courtroom During Presentation of Confidential Material at Trial, Google asked this Court to consider the confidentiality of evidence falling into the following three categories: (1) how AdWords and AdSense for Search determine which advertisements to display to users, (2) Google's patent license agreements and other intellectual property agreements, and (3) Defendants' financial information.  (Dkt. 347 at 1).  At trial, the Court ruled that evidence of the operation of the source code could be submitted under seal, but that other technical information, license agreement details and financial information would not be sealed.

By Google's own admission, its present motion seeks to redact portions of the transcript relating to the non-source code operation of the AdWords system, and its revenues – the same categories of information that this Court already decided to keep public during trial.  (Dkt. 803 at 1).  For example, the requested redactions of portions of Bartholomew Furrow's public testimony refer to the functionality of Google's accused systems.  (Dkt. 803 at 4).  The second

set of requested redactions relate to the amounts paid for intellectual property rights under

licensing agreements with third parties.  (Dkt. 803 at 4-5).  The third set of redaction requests are

specific revenues for the accused systems.  (Dkt. 803 at 5).  All three of these categories were

previously considered and rejected by this Court.

      B.    <u>This Court Previously Refused to Keep this Information from the Public and Allowed it to Be Discussed in Open Court.</u>

After reviewing the arguments in Defendants' prior motion regarding the confidentiality

of these categories of information, this Court stated during trial that only "information that

clearly necessitates the public being excluded from the courtroom" would be kept from the

public.  (Dkt. 729 at 367:17-19).  The Court maintained throughout the trial that the only

evidence that met this standard was specific, highly confidential aspects of Google's source

code.  (Dkt. 729 at 367:10-368:5).  Regarding Google's requested redactions, the portions of

Bartholomew Furrow's testimony refer to Google's accused systems (Dkt. 803 at 4), but they do

not discuss the details of specific, highly confidential aspects of Google's source code that were

discussed in a closed courtroom.  And, Google concedes that this Court specifically decided

during trial that the information specifying the amounts paid for intellectual property rights under

licensing agreements with third parties and specific revenues for the accused systems should not

be sealed from the public.  (Dkt. 803 at 4-5).

      C.    <u>Google Waived Its Right to Remove Information from the Transcript that is Now Public by Failing to Object On the Record When the Information was Presented in Open Court.</u>

After ruling on Google's prior motion, this Court repeatedly gave both parties the

opportunity to ensure that proprietary information meeting the Court's standard for

confidentiality was kept from the public.  (*See, e.g.,* Dkt. 729 at 367:10-368:5).  Despite these

opportunities and this Court's ruling on this issue in general, Google now claims that certain

information should be redacted to prevent additional harm to Google's competitive standing. (Dkt. 803 at 2).  Yet, Google failed to object on the record at the time the allegedly harmful information they now seek to redact was discussed in open court.[1]  This Court has recognized that "[i]t is a well-established principle of American jurisprudence that the release of information in open trial is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its further use." *Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (quoting *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280,1301 (E.D.N.C. 1996), aff'd, 110 F.3d 1562,1572 (Fed. Cir. 1997)).  As Google made no objection during trial at the time the specific information they now seek to redact was made public, they have waived the right to restrict its further public use now, after the fact.

      D.    <u>Google Fails to Give Any New or Valid Justification for Redacting Information that Was Discussed in Open Court and is Now Part of Public Record.</u>

Further, despite recognizing that this Court already reviewed and declined to keep this information from the public in general, Google provides no new justification for why these specific portions of the transcript should now be redacted.  To the contrary, Google offers virtually the same arguments, sometimes word for word, as were provided in its earlier motion to

---

[1] Google claims to have reserved their rights by requesting that the Court take all steps necessary to protect confidential information and objecting in general to disclosure of confidential information during conferences with the Court.  (Dkt. 803 at 1).  However, these general objections were off the record and in reference to the Court's ruling on the prior motion to close the courtroom.  They were not specifically in reference to the portions of the trial transcript shared in open court that Google now seeks to redact.  Google has pointed to no specific objections made on the record when the allegedly harmful information was actually disclosed to the public.

close the courtroom.[2]  (Dkt. 803; Dkt. 347).  It claims that the information is confidential and will harm its competitive standing.  *Id.*  This Court has already considered and rejected these arguments.  The testimony referring to the way in which Google's accused systems function do not refer to the specific, highly confidential aspects of Google's source code that this Court determined must be kept from the public.  And, as the Court already indicated, the license information and financial data are common parts of all patent infringement trials and do not need to be removed from the public forum.

Google's motion is merely an attempt to have this Court reverse its prior decision without providing any new or valid justification.  This Court did not find Google's arguments convincing enough to keep this information from the public in the first place.  There is no new justification to remove information from public access that has already been discussed freely in open court.[3]

---

[2] While Google emphasizes that it has narrowly designated portions of the record, it never argues that the narrow designations were not part of its original requests to keep the information from the public.

[3] While Google cites *Woven Elecs. Corp v. Advance Group, Inc.*, to support the legitimacy of redacting a trial transcript to remove information from the public forum after it was presented in open court (Dkt. 803 at 3), the case does not factually apply to this situation.  In *Woven Elecs.*, the jury verdict distinctly established that trade secrets had been mistakenly discussed in open court and redaction of the trial transcript was seen as the best method of repairing that damage. 1991 U.S. App. LEXIS 6004, *17-19 (4th Cir. Apr. 15, 1991).  This is not the situation in this case.  There is no argument, and no finding, that confidential material was mistakenly presented in open court.

In particular, Google has provided no arguments that suggest that redacting this particular information from the trial transcript after it has been discussed in open court advances a compelling government interest and is narrowly tailored to serve that interest.  Absent such a showing, the presumption that the public should have access to the contents of the trial transcript remains in place and the information should not be removed from the public record.  *See Richmond Newspapers,* 448 U.S. 555.


Dated: December 5, 2012

By:  /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile:  (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Dawn Rudenko Albert
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile:  (202) 420-2201

Counsel for Plaintiff I/P Engine, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of December, 2012, the foregoing

**OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION TO SEAL AND REDACT**

**PORTIONS OF TRIAL RECORD,** was served via the Court's CM/ECF system, on the

following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

/s/ Jeffrey K. Sherwood