**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC. | |
| Plaintiff, | |
| v. | Civil Action No. 2:11-cv-512 |
| AOL, INC., *et al.*, | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO POSTPONE BRIEFING AND RULING ON PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES**

**Introduction**

Defendants request that the briefing and consideration of Plaintiff's Motion for an Award of Post-Judgment Royalties be postponed until after the Court has ruled on the parties' pending post-trial motions. This postponement makes sense for several reasons. Both Plaintiff and Defendants have made post-trial motions seeking to put aside some or all of the jury's verdict, Defendants as to both liability and damages, and Plaintiff as to the dollar amount of damages award and laches. Because analysis of post-judgment royalty rates begins with reference to the jury's award of pre-judgment damages, it would be an inefficient use of judicial and party resources for the Court to determine post-judgment royalties, if any, at this stage.

Moreover, Plaintiff's Motion raises a new damages theory, requiring substantial time and expense for Defendants to respond.  The Motion appends a new damages expert declaration, in which its expert provides a new opinion about a new hypothetical negotiation date, involving a different party, resulting in a higher rate than in his previous reports (a rate that Plaintiff further inflated in its Motion).  Defendants need time to examine this new opinion, and likely take a deposition of Plaintiff's expert and perhaps provide a rebuttal opinion.  Additionally, allowing the Court to first rule on the other pending post-trial motions would give the parties an opportunity to negotiate post-judgment royalties themselves.  Finally, Plaintiff would not be prejudiced in any way by a postponement.

## **Factual Background**

On December 18, 2012, Plaintiff filed a Motion for New Trial on the Dollar Amount of Past Damages, and also a Motion for Judgment Under Rule 52(b) and a New Trial Under Rule 59.  (D.N. 835,825.)  Defendants filed a Renewed Motion for Judgment as a Matter of Law on Damages or a New Trial, a Renewed Motion for Judgment as a Matter of Law on Invalidity or New Trial, and a Renewed Motion for Judgment as a Matter of Law on Non-Infringement or New Trial.  (D.N. 833, 820, 831.)

The same day, notwithstanding the fact that it had moved for a new trial on pre-judgment damages, Plaintiff also filed a Motion for an Award of Post-Judgment Royalties seeking to have this Court determine what a reasonable royalty would be for the post-judgment period.  (D.N. 822.)  Plaintiff's Motion included a "declaration" by its damages expert, Dr. Stephen Becker, which was essentially a new expert report setting forth a new damages theory.  (D.N. 824.)  In that report, Dr. Becker opined about a new hypothetical negotiation date (November 20, 2012) involving a different party to the negotiation (I/P Engine instead of Lycos).  (*Id.*, 3.)  Dr. Becker also suggested that, although the comparable licenses would be the same three Overture

agreements, "the range of rates that would reasonably result from these licenses would be different." (*Id.*, 4.)  Dr. Becker also for the first time in this litigation set forth a proposed reasonable royalty rate of 5%, applied to an apportioned base. (*Id.*, 6.)  In its motion, Plaintiff inflated that rate to 7% based on its theory of willful infringement. (D.N. 823, 11-12.)

Defendants requested that Plaintiff agree to extend the opposition and reply to Plaintiff's Motion for an Award of Post-Judgment Royalties until after the post-trial motions had been ruled on. (Ex. 1.)  Plaintiff would not agree.  Yet, after the December 18 motions were filed, Plaintiff proposed that the deadline for the oppositions to these motions be pushed back to January 18, and for the reply briefs, February 1. (Ex. 2.)  After further discussion, the parties agreed to jointly move the Court to extend the briefing schedule such that opposition briefs would be due January 25, and reply briefs February 15. (D.N. 846.)  As this does not alleviate the waste of resources from briefing Plaintiff's request for ongoing royalties at the same time as post-trial motions that may moot that request, nor even provide time to properly respond to Plaintiff's request, Defendants were forced to bring the present motion.

<u>**Argument**</u>

## I.   <u>POSTPONEMENT WARRANTED BECAUSE OF PENDING POST-TRIAL MOTIONS</u>

As an initial matter, it is well-established that in ruling on post-judgment royalties, courts begin their analysis with reference to the jury's award of pre-judgment royalties. *See, e.g.,* *Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 646 (E.D. Tex. 2011) ("[T]he Court will proceed by first determining a post-judgment reasonable (ongoing) royalty rate under *Georgia-Pacific* and <u>will use the jury's verdict in this case as a starting point</u> and determine how the circumstances may have changed.") (emphasis added).  Indeed, Plaintiff's brief consistently refers back to the jury's verdict in its attempt to persuade the Court of what would constitute

reasonable post-judgment royalties.  (*See* D.N. 823, *passim.*)  Yet Plaintiff and Defendants both believe that the jury erred in its award of pre-judgment royalties.  (D.N. 825, 833.)  Accordingly, Plaintiff's insistence that the Court rule now with respect to post-judgment royalties makes no sense, and will result in an inefficient use of judicial resources given that both parties believe the jury's verdict with respect to damages was incorrect.

Nor is there any requirement that the Court rule on post-judgment royalties at this stage of the proceedings.  *See, e.g.*, *Paice LLC v. Toyota Motor Corp*., 504 F.3d 1293, 1314-15 (Fed. Cir. 2007) (explaining that a court may postpone ruling on post-judgment royalties).  Because of this, courts routinely decide to sever the issue of post-judgment royalties from the other post-trial matters or postpone ruling on post-judgment royalties until other post-trial matters are resolved. *See, e.g.*, *Fractus, S.A. v. Samsung Elecs. Co. Ltd*., 2012 WL 2505741, at *45 (E.D. Tex. June 28, 2012) (severing the plaintiff's claim for an ongoing royalty based on the defendant's request for an opportunity to negotiate an ongoing royalty); *Mondis Tech. Ltd.*, 822 F. Supp. at 641 (severing *sua sponte* the motion for ongoing royalties because the court wanted to provide the parties with an appealable final judgment in the event that the judge retired before determining an ongoing royalty); *see also Cordance Corp. v. Amazon.com, Inc.*, 2010 WL 3155505, *7-8 (D. Del. 2010) (denying patentee's motion for ongoing royalty pending appeal of infringement and validity determinations).  This Court should follow a similar course.

## II.     OTHER PRACTICAL CONSIDERATIONS WARRANT POSTPONEMENT

Postponing the briefing on Plaintiff's Motion for an Award of Post-Judgment Royalties would also provide Defendants with the opportunity to marshal evidence in support of its opposition.  Plaintiff's Motion presents an entirely new damages theory never previously raised in this litigation and appends a new expert report.  For the first time, Dr. Becker propounds a hypothetical negotiation date of November 12, 2002 and explains how changes in the parties'

positions would affect certain *Georgia-Pacific* factors.  (D.N. 824, 3.)  For the first time, Dr.

Becker concludes that a reasonable royalty rate is 5% applied to an apportioned base.  (*Id.*, 6.)

At a minimum, Defendants need time to depose Dr. Becker on his new opinions and to consult

with their own damages expert.  *See Paice*, 504 F.3d at 1316-17 (Rader, J., concurring) ("In this

case, because the court imposed an ongoing royalty on the parties *sua sponte* after denying

injunctive relief, the parties had no meaningful chance to present evidence to the district court on

an appropriate royalty rate to compensate Paice for Toyota's *future* acts of infringement.

Evidence and argument on royalty rates were, of course, presented during the course of the trial,

for the purposes of assessing damages for Toyota's *past* infringement. But pre-suit and post-

judgment acts of infringement are distinct, and may warrant different royalty rates given the

change in the parties' legal relationship and other factors.  When given choices between taking

additional evidence or not, and between remanding to the parties or not, a district court may

prefer the simplest course—impose its own compulsory license.  This simplest course, however,

affords the parties the least chance to inform the court of potential changes in the market or other

circumstances that might affect the royalty rate reaching into the future.").  Defendants may also

need to obtain their own rebuttal expert.

     The question of designing around the patents-in-suit may also be at issue, and Defendants

are entitled to a reasonable amount of time to investigate, including time to consult with

technical experts.  Additional time would also provide the parties with an opportunity to

negotiate an agreeable post-judgment reasonable royalty, an approach strongly endorsed by the

Federal Circuit.  *See Telecordia Tech, Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378 (Fed. Cir.

2010) ("If the district court determines that a permanent injunction is not warranted, the district

court may, and is encouraged, to allow the parties to negotiate a license . . . . The district court may step in to assess a reasonably royalty should the parties fail to come to an agreement.").

## III.   POSTPONEMENT WILL NOT PREJUDICE PLAINTIFF

There will be no prejudice to Plaintiff in postponing determination of post-judgment damages until after the Court has ruled on the parties' pending Rule 50, 52 and 59 motions. Plaintiff itself sought an extension for the opposition briefs to the December 18 motions, including its own Motion for New Trial on the Dollar Amount of Past Damages and Defendants' Renewed Motion for Judgment as a Matter of Law on Damages or a New Trial.  Furthermore, Plaintiff agreed to postpone enforcement of the pre-judgment damages award until after the Court ruled on these motions.  (D.N. 808.)  Plaintiff itself is seeking a new trial on damages, and as a result the amount of pre-judgment damages that Plaintiff may be paid is still undetermined at this stage.  No post-judgment damages have been awarded yet, and therefore Plaintiff is not yet entitled to any monies that it is not being paid.  Finally, Defendants are financially solvent and will be able to pay the appropriate amount of damages, or post an appropriate bond, if necessary, once a final determination by the Court is made regarding post-judgment damages.

## Conclusion

For the foregoing reasons, Defendants respectfully request this Court grant their Motion to Postpone Briefing and Ruling on Plaintiff's Motion for Post-Judgment Royalties until the Court has ruled on all pending post-trial motions under Rules 50, 52, and 59.  In the alternative, should the Court not postpone briefing altogether until after a ruling on the parties' other post-trial motions, Defendants request that the Court extend the deadline for the opposition to Plaintiff's Motion for Post-Judgment Royalties to February 28, 2013.

DATED: December 21, 2012

_/s/ Stephen E. Noona_____
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624.3000
Facsimile:  (757) 624.3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation, IAC
Search & Media, Inc., and Gannett Co., Inc.*

By:  _/s/ Stephen E. Noona_____
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile:  (757) 624-3169

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile:  (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE

Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

  /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624.3000
Facsimile:  (757) 624.3169
senoona@kaufcan.com