UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| I/P ENGINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 2:11-cv-512 |
| ) | |
| AOL, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE BRIEFING AND RULING ON PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES**

In Defendants' Motion to Postpone Briefing and Ruling on Plaintiff's Motion for Post-Judgment Royalties ("Postponement Motion"), Defendants demand that the briefing and consideration of Plaintiff's Motion for an Award of Post-Judgment Royalties ("Ongoing Royalties Motion") be either indefinitely delayed or, alternatively, delayed until February 28, 2013.  Their demand seeks a further delay beyond the already agreed-upon extension between the parties of almost a month (now January 25, 2013).  D.I. 846.

As discussed in its Ongoing Royalty Motion and supporting brief, I/P Engine is entitled to receive ongoing royalties that adequately compensate it for the loss of its lawful right to exclude others from profiting from its invention.  *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, 600 F. Supp. 2d 620, 630 (E.D. Tex. 2009); *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007).  Defendants do not dispute this.  It is also proper for this Court to

determine ongoing royalties at this time.[1] I/P Engine would be substantially prejudiced by an indefinite delay, and Defendants provide no justification (other than their convenience) to extend their opposition indefinitely or until February 28.

<u>I/P Engine Would Be Substantially Prejudiced by an Indefinite Delay</u>

Adhering to the Federal Rules of Civil Procedure, I/P Engine timely filed its post-trial motions on December 18, 2012. Defendants are now seeking multiple motion phases, which will not only unreasonably delay I/P Engine's ability to license and enforce its patents, but may also negatively impact any future appeal. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 346 Fed.Appx. 580 (Fed. Cir. 2009) (dismissing an appeal as premature because proceedings concerning ongoing royalties were still pending before the district court). Defendants' assertions do not overcome or justify this prejudice. As discussed below, none of the post-trial motions filed by the parties impacts the amount of ongoing royalties to be paid to I/P Engine for Defendants' ongoing infringement. This issue is ripe for determination. I/P Engine has a verdict against Defendants in hand and is entitled to receive ongoing royalties that adequately compensate it for Defendants' ongoing willful infringement without undue delay.

<u>Defendants Provide No Justification to Indefinitely Delay this Court's Ruling on
I/P Engine's Ongoing Royalties Motion</u>

Defendants make three main arguments in support of their motion: 1) it would be more efficient for this Court to deal with post-judgment royalties after it has ruled on the parties' other pending post-trial motions; 2) I/P Engine's Ongoing Royalties Motion allegedly raises a new damages theory; and 3) allowing this Court to first rule on the other pending post-trial motions

---

[1] Courts routinely decide the issue of ongoing royalties along with the resolution of the typical post-trial motions. *See, e.g., Soverain Software v. J.C. Penney Corp.*, 2012 WL 4903268, *10-12 (E.D. Tex. Aug. 9, 2012); *Affinity Labs of Texas v. BMW North America*, 783 F. Supp. 2d 891 (E.D. Tex. 2011).

would give the parties an opportunity to negotiate post-judgment royalties themselves. D.I. 848 at 1-2. These reasons are meritless.

First, the parties' respective post-trial motions are not a proper reason to defer the resolution of I/P Engine's Ongoing Royalties Motion. *Voda v. Cordis Corp.*, 2006 WL 2570614, *6 (W.D. Okla. Sept. 5, 2006) (denying a motion for severance of a cause of action for the post-verdict damages, finding that there were no reasons to delay because there would be no new issues for decision except simple mathematical calculations based on defendant's sales). The analysis of a post-judgment royalty in this case is not impacted by any of the issues or arguments presented by either party in their post-trial motions. Here, post-judgment royalties depend solely on settled issues: 1) the jury's determination of a running royalty, and 2) the jury's determination that the reasonable royalty rate is 3.5%. *See* D.I. 789 (special interrogatories III.A and III.B from the verdict form). A "special verdict enables errors to be localized so that the sound portions of the verdict may be saved and only the unsound portions be subject to redeterminations through a new trial." *Richardson-Vicks, Inc. v. Upjohn Co.*, 122 F.3d 1476, 1484-85 (Fed. Cir. 1997).

I/P Engine's post-trial motions relate to the dollar amount of past damages calculated with respect to special interrogatory III.C, and the issue of laches. *See* D.I. 825 and 835. Neither of those motions impacts the jury's determination of a running royalty and a reasonable royalty rate of 3.5%. And, both are supported by substantial evidence on the record. There were no defects in any aspect of the trial or jury verdict regarding the running royalty finding or the 3.5% running royalty rate. *See also, e.g.*, *Johnson v. Ablt Trucking Co., Inc.*, 412 F.3d 1138, 1144 (10th Cir. 2005) (a reviewing court must affirm the judgment if there is any plausible theory that supports a special verdict).

Second, I/P Engine's Ongoing Royalties Motion does not raise a new damages theory. It requests that this Court rightfully enforce an ongoing royalty that is based on the *uncontroverted* jury verdict of a running royalty and a reasonable royalty rate of 3.5%. Defendants contend that because I/P Engine's Ongoing Royalties Motion requests an ongoing royalty rate of more than 3.5%, a new damages theory must exist – untrue. I/P Engine's Ongoing Royalties Motion simply requests that this Court follow the Federal Circuit's guidance that post-verdict infringement should entail a higher royalty rate than the reasonable royalty found at trial. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362, fn. 2 (Fed. Cir. 2008). Nothing about that request entails a new damages theory. This post-trial procedure is routine. *See Soverain Software*, 2012 WL 4903268, *10-12; *Affinity Labs*, 783 F. Supp. 2d 891.

The determination of a post-verdict ongoing royalty rate is an equitable determination that is "committed to the sound discretion of the district court" and does not require a trial by jury or reopening discovery. *Amado*, 517 F.3d at 1362, n.2; *Paice*, 504 F.3d at 1315-16. "[T]he trial testimony and jury findings with respect to past damages can provide a basis for calculating a market royalty for any ongoing infringement." *Affinity Labs*, 783 F.Supp.2d at 898. The only inquiry currently before this Court is what royalty would reasonably compensate I/P Engine for Defendants' ongoing willful infringement. *Paice*, 600 F. Supp. 2d at 624. Defendants fail to identify what further determinations are required – Defendants really are seeking to reargue damages, something already decided by the jury. Indeed, Defendants failed to rebut I/P Engine's evidence at trial relating to a running royalty and rate. D.I. 789 and 801. Instead, they are now

attempting to correct that failure by suggesting (without authority) that it would be appropriate to reopen discovery to address I/P Engine's allegedly "new" damages theory.[2]

Third, Defendants' claim that a delay is necessary for the parties to negotiate post-judgment royalties themselves is disingenuous. Defendants have not contacted I/P Engine at all since the jury's verdict to convene any such negotiations. While I/P Engine remains available – no matter the briefing schedule – to negotiate a resolution to this litigation in good faith, there is no justification to delay this Court's determination of what is inevitable (the awarding of post-judgment royalties based on an in-hand verdict). Such a delay would likely achieve the opposite, allowing Defendants to postpone any meaningful discussions given that there are no imminent rulings or deadlines looming over them.

Finally, whether Defendants plan to design around the patents-in-suit to alleviate future infringement has no effect on this Court's enforcement of a jury verdict post-judgment. Defendants state that "[t]he question of designing around the patents-in-suit may also be at issue, and Defendants are entitled to a reasonable amount of time to investigate, including time to consult with technical experts." D.I. 848 at 5. Defendants have had ample opportunity and time to consult with their technical experts regarding potential design arounds. Indeed, although they made such arguments during trial, in their Postponement Motion they merely indicate that they need an unidentified amount of time to investigate and consult with experts. Defendants cite to no authority that their potential future consideration possibly finding a design around for their

---

[2] Defendants' alternative request that the deadline for their opposition to I/P Engine's Ongoing Royalties Motion be extended to February 28 shows the deficiency of their motion. Other than making this request in the alternative, Defendants do not explain why they could not respond to I/P Engine's motion by January 25. For example, they do not claim that Dr. Ugone, their damages expert, is unavailable. Nor do they claim that they do not have sufficient time or resources to respond by January 25, or explain why they would be able to respond by February 28.

infringing system justifies delaying a finding of ongoing royalties for the infringing system.  This is because there is no such authority.

     Accordingly, the resolution of all pending post-trial motions concurrently is the most efficient and least prejudicial use of the judicial resources of this Court and any potential appeal before the Court of Appeals for the Federal Circuit.  For these reasons, I/P Engine respectfully requests that Defendants' Postponement Motion be denied and that they be ordered to file any opposition to I/P Engine's Ongoing Royalty Motion by January 25, 2013.

Dated: December 31, 2012

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile:  (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Dawn Rudenko Albert
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile:  (202) 420-2201

Counsel for Plaintiff I/P Engine, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December, 2012, the foregoing **OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE BRIEFING AND RULING ON PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES,** was served via the Court's CM/ECF system, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

/s/ Jeffrey K. Sherwood