UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

I/P ENGINE, INC.

              Plaintiff,

       v.

AOL, INC., *et al.*,

              Defendants.

Civil Action No. 2:11-cv-512

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND BRIEFING AND DELAY RULING ON PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES

Plaintiff's Opposition fails to meaningfully address the points raised in Defendants' Opening Brief. For example, Plaintiff fails to rebut Defendants' argument that a postponed decision would not prejudice Plaintiff, but would instead provide several efficiencies for the Court and parties. Instead, Plaintiff mischaracterizes the effect of the parties' other pending post-trial motions, suggesting that they will not have an effect on any post-judgment royalty when in fact those motions are directly relevant to any such determination. Plaintiff also fails to substantively rebut that in seeking contested post-judgment damages it has presented an entirely new damages theory with a new royalty rate and hypothetical negotiation date, but instead makes arguments that flatly contradict its own prior statements to the Court.[1] For the reasons below, and the reasons stated in Defendants' Opening Brief, Defendants respectfully request the Court to

---

[1] Plaintiff's contention that Defendants do not dispute Plaintiff's claim for post-judgment damages, (D.N. 852, 1), is incorrect.

delay briefing and consideration of Plaintiff's Motion for an Award of Post-Judgment Royalties until after the Court has ruled on the parties' pending post-trial motions.

## ARGUMENT

### I.    Plaintiff Fails to Show How A Delay Would Cause Prejudice

Delaying a decision on Plaintiff's request for post-judgment royalties will not cause prejudice.  Ignoring Defendants' explanations why it would suffer no prejudice from a delay, Plaintiff initially argues that if the Court delays ruling on post-judgment royalties, that would somehow delay Plaintiff's ability to license and enforce its patents and would negatively impact an appeal.  (D.N. 852, 2.)  But Plaintiff provides no explanation of how its ability to license and enforce its patents would be impacted by an extension to permit the Court to rule on the parties' post-trial motions.  Nor can it, as there would be no such impact.  Likewise, Plaintiff does not explain why it needs to appeal the post-trial damages issue immediately.  Finally, although Plaintiff does not even make this argument, if it is concerned with the impact on an appeal of the various other post-trial motions, then, as discussed in Defendants' Opening Brief, the Court could sever the issue of post-judgment royalties from the remainder of the case as several courts have done.  *See, e.g.*, *Fractus, S.A. v. Samsung Elecs,. Co. Ltd*., No. 6:09-CV-203, 2012 WL 2505741, at *45 (E.D. Tex. June 28, 2012); *Mondis Tech., Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 642 (E.D. Tex. 2011).

Plaintiff fails to address why severing the issue of post-judgment royalties from the remainder of the case would not protect its interests or be improper, tacitly admitting that it is an appropriate course of action.  *See, e.g.*, *Brand v. N.C. Dep't of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (citing cases and holding that failing to respond to an argument raised by the other party results in a concession that the other party's position is correct).  Nor has Plaintiff explained how it would be prejudiced if required to appeal any post-

2

judgment damages ruling at a later date, given that Defendants are financially solvent and Plaintiff agreed to postpone any recovery of pre-judgment damages until a later date.

Plaintiff purports to address the efficiencies from postponing briefing and ruling on ongoing royalties until after the Court has decided the parties' Rule 50, 52, and 59 motions by asserting that "none of the post-trial motions filed by the parties impacts the amount of ongoing royalties to be paid to I/P Engine for Defendants' ongoing infringement." (D.N. 852, 2.) This is simply untrue. Defendants' post-trial motions would go directly to the heart of the issue of what, if any, ongoing royalty should be paid.[2] For example, Defendants assert that the proper form of the reasonable royalty would be a lump sum, not a running royalty. (D.N. 834, 23-25.) In the event that Defendants' motion for judgment as a matter of law is granted on this issue, then an ongoing royalty would be improper. Additionally, Defendants assert that the royalty rate calculated by Dr. Becker and asserted by Plaintiff was grossly overinflated. (*Id.*, 25-29.) If the Court agrees, and grants Defendants' motion on this issue, then Plaintiff's demand for an even greater royalty rate for an ongoing royalty—based on Dr. Becker's continuation of his flawed methodology—would properly be questioned. Even more, Defendants assert that the royalty base that Dr. Becker calculated for post-judgment damages, which he also asserts is appropriate for an ongoing royalty, is fundamentally flawed. (*See, e.g., id.*, 14-19.) This too should be resolved before determining what, if any, ongoing royalty is appropriate. The Court is by now well aware of the deficiency of Plaintiff's evidence related to both apportionment of a royalty base and the calculation of a running royalty rate, both of which must necessarily be resolved before any finding on post-judgment royalties can be made. (*See* D.N. 823, 3 (Plaintiff arguing

---

[2] In addition to Defendants' motion regarding damages, the Court's analysis regarding post-judgment royalties would be significantly streamlined if the Court were to grant Defendants' motions regarding invalidity and infringement, which makes Plaintiff's assertion even more anomalous.

that a determination of the royalty base and royalty rate are necessary prerequisites to calculating any post-judgment ongoing royalty).)

Even more, a ruling on Plaintiff's <u>own</u> Rule 59 Motion for a New Trial on Damages could impact the amount of future royalties to be paid to I/P Engine.  (D.N. 825.)  Plaintiff itself argues that the amount of damages awarded against Google by the jury is fundamentally flawed, and warrants a new trial on damages.  (D.N. 826, 13-17.)  This is not simply a "mathematical issue" that can be resolved by the jury's responses to the special interrogatories.  Thus, Plaintiff's assertion that its Rule 59 motion relates solely "to the dollar amount of past damages" (D.N. 852, 3), is simply incorrect.  As Plaintiff knows, the jury did not base its award on the 20.9% royalty base that Plaintiff sought for pre-judgment damages.  Thus, there is no reason to simply assume this would be the appropriate royalty base to use in a new trial even if Plaintiff's motion is granted.  Rather, this issue would be hotly contested, just as it was at trial.

Plaintiff's citation to *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614, at *6 (W.D. Okla. Sept. 5, 2006), in support of this argument fails.  (D.N. 852, 3.)  In *Voda*, where <u>plaintiff's</u> request to sever the post-verdict damages determination was denied, the only determination to be made was the amount of damages to be paid each quarter, based on the defendants' sales of the infringing product.  *Id.*  Unlike here, neither party challenged the form or content of the jury's verdict or ongoing royalty.  *See id.*

Plaintiff also argues there is no need to wait to rule on ongoing royalties because it has an "*uncontroverted* jury verdict of a running royalty and a reasonable royalty rate of 3.5%."  (D.N. 852, 4.)  This argument does not pass the straight face test.  For the reasons outlined in their Renewed Motion for Judgment as a Matter of Law on Damages or New Trial, Defendants specifically contest a number of issues related to the jury's verdict—including that the proper

4

form of the award should be a lump sum, rather than a running royalty, as supported by the evidence introduced by Defendants at trial.  (D.N. 833, 834.)  In any event, Plaintiff <u>itself</u> contests the jury verdict, arguing that it is entitled to a new trial to determine the appropriate amount of past damages to be awarded against the Defendants.  (D.N. 826.)  Given its own challenges to the jury's verdict on past damages, let alone Defendants' pending motion, Plaintiff cannot credibly assert that the pending post-trial motions will have no impact on a determination of future royalties.

While Plaintiff argues that deciding post-judgment royalties at this stage is routine (D.N. 852, 2 n.1, 4), Plaintiff does not cite to a <u>single</u> case where the court elected to make this determination where the plaintiff was also seeking a new trial on damages.  Indeed, doing so would make no sense.  As explained in Defendants' Opening Brief, the most efficient use of the Court's resources would be to definitively rule on the other post-trial motions before attempting to rule on post-judgment royalties, if any, especially because neither party believes the jury's verdict regarding damages should stand.  To rule otherwise is to unnecessarily risk infecting any ruling on Plaintiff's request for post-judgment royalties with the uncertainties and flaws of the underlying ruling.

Plaintiff's failure to illustrate any true prejudice from Defendants' requested extension demonstrates that its argument is without merit.

## II.    Plaintiff is Asserting an Entirely New Damages Theory, and the Court Should Extend Briefing to Allow Additional Time to Develop the Factual Record and for the Parties to Negotiate Post-Judgment Royalties

Plaintiff argues that its motion for ongoing royalties "does not raise a new damages theory."  (D.N. 852, 4.)  This is simply untrue.  Plaintiff's motion, and the accompanying supplemental expert report of Dr. Becker, seek an ongoing royalty premised on a new royalty rate that was not previously argued by Plaintiff or awarded by the jury at trial.  (*See* D.N. 823.)

Indeed, Plaintiff admits that all of the relevant evidence related to its damages theory for an ongoing royalty was not presented to the jury. For example, Plaintiff attempts to introduce additional evidence through a declaration by Dr. Becker that sets out a new hypothetical negotiation date, one that is eight years after the date the jury considered, in order to justify the increased royalty rate that Plaintiff seeks for ongoing royalties. (D.N. 824, 2-3.) Dr. Becker's declaration, and Plaintiff's brief, cites numerous additional considerations not presented to the jury in support of Plaintiff's demand for a higher royalty rate than what the jury found. For example, Dr. Becker states that the parties to the hypothetical negotiation for an ongoing royalty would be I/P Engine and Google, rather than Lycos and Google. (*Id.*, 3-4.) Dr. Becker also states that the following factors would be different in the hypothetical negotiation for the on-going royalty, rather than for past damages: expectation of positive impact of the invention, range of comparable license agreement rates under *Georgia-Pacific* Factor 12, and outcome of the hypothetical negotiation. (*Id.*, 4-5.) All of this leads Dr. Becker to conclude that the royalty rate would be higher, 5% as opposed to his prior 3.5% opinion, for ongoing royalties than for past damages. (*Id.*, 5.) Plaintiff then takes this royalty rate and asks for additional enhancement to a 7% running royalty rate. (D.N. 823, 9-12.) In light of all of the above, Plaintiff cannot credibly argue that its ongoing royalty motion does not raise a new damages theory, or that Defendants should not be entitled the appropriate time to respond to this theory.

Contrary to Plaintiff's unsupported assertion (D.N. 852, 4-5), courts have allowed expert discovery in situations such as this one, where the plaintiff introduced new evidence in the form of a supplemental expert report. *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, No. 2:04-cv-00211-DF, D.N. 241 (E.D. Tex. Mar. 13, 2008) (setting a scheduling order over a three month time period that included supplemental expert reports and depositions in advance of an

evidentiary hearing).  Further, it is common practice for courts to hold an evidentiary hearing in connection with a motion for post-judgment damages.  *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 & n.15 (Fed. Cir. 2007); *id.* at 1316-17 (Rader, J., concurring).

Plaintiff continues to misstate the issue by arguing that it is merely seeking a royalty that the jury already determined, and thus there is no need to engage in further discovery to allow Defendants a meaningful opportunity to rebut its arguments.  (D.N. 852, 4-5.)  But as noted above, the jury did not opine on the numerous new considerations that Plaintiff and Dr. Becker raise to support Plaintiff's demand for an ongoing royalty, including the November 2012 hypothetical negotiation date, the different parties to the negotiation, etc.

Plaintiff cites two cases in support of its contention that awarding post-judgment royalties is routine and requires no additional discovery, neither of which involved the introduction of new evidence post-trial as Plaintiff is attempting to do here.  In *Soverain*, the plaintiff argued that the royalty rate the jury found should be adjusted upward based on changed circumstances, but the court rejected this argument because "the jury ha[d] already heard and considered the evidence of changed circumstances that Soverain now contends should be considered in a post-judgment royalty analysis."  *Soverain Software LLC v. J.C. Penney Corp.*, No 6:09-CV-274, 2012 WL 4903268, at *11 (E.D. Tex. Aug. 9, 2012).  Likewise, in *Affinity Labs*, the court found that "there do not appear to be any significant economic or commercial circumstances that have changed since the original hypothetical negotiation date."  *Affinity Labs of Texas, LLC v. BMW N. Am., LLC*, 783 F. Supp. 2d 891, 899 (E.D. Tex. 2011).  Therefore, in both cases Plaintiff relied upon, the procedure for determining an ongoing royalty was more routine because neither party introduced evidence that was not already before the court.

Plaintiff attempts to avoid the extensions that are commonly granted to pursue discovery and accommodate a hearing by painting Dr. Becker's new expert report as something other than a new damages theory, even though it involves a different party, a different hypothetical negotiation date, a different analysis of the allegedly comparable license agreements, and a different conclusion.  Rather than allowing Defendants a meaningful opportunity to respond to this evidence by deposing Dr. Becker and giving Defendants adequate time to present their own rebuttal expert declaration in response, Plaintiff seeks to have the Court rubber stamp its new damages theory by arguing, without support, that the result is a foregone conclusion based on a straightforward application of legal precedent rather than an analysis that is driven by facts. Instead of attempting to make the important determination of post-judgment royalties on an inadequate and hastily constructed record, the Court should refrain from ruling on Plaintiff's Motion for an Award of Post-Judgment Royalties until the record is complete, after either additional discovery and/or an evidentiary hearing.[3]  *See Paice*, 504 F.3d at 1315 & n.15; *id.* at 1316-17 (Rader, J., concurring).

Granting additional time to develop the evidence and the record would also allow Defendants time to provide a meaningful analysis of the possibility of a design around and the ease by which a design around could be implemented.  Contrary to Plaintiff's assertion, the

---

[3] For this reason, Defendants request that the Court delay ruling on Plaintiff's motion until after it has ruled on all pending post-trial motions, or in the alternative extend the deadline for opposition to Plaintiff's Motion to February 28, 2013.  This additional one month period should provide Defendants sufficient time to conduct any necessary additional discovery of Plaintiff and Dr. Becker, work with their damages expert to prepare a rebuttal declaration, as well as investigate a potential design around.  Plaintiff has provided no explanation as to why this one month extension would cause it any undue prejudice, and indeed cannot do so for the reasons outlined above.  Sorting through the complexities of the Plaintiff's new theory and expert opinion along with the thorny post-trial motions pending on both sides *before* resolving the post-judgment royalties issues will avoid compounding any error and mitigate the necessity of redoing and conforming any decision on post-judgment royalties to any changes in the calculus caused by such decisions.

potential of and difficulty in implementing a design around, in light of the jury's findings, is an important factor in the determination of an ongoing royalty.  *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 627 (E.D. Tex. 2009) ("[T]he cost of switching to an alternative design is a factor that the parties would consider in arriving at an appropriate ongoing royalty rate.").

 Plaintiff's criticism that Defendants do not intend to negotiate regarding post-judgment damages because they have not yet contacted Plaintiff overlooks the fact that negotiations are most effective when the parties are aware of the relevant facts.  As previously stated, Defendants do not agree that Plaintiff is entitled to an ongoing royalty.  However, to the extent an ongoing royalty is determined to be appropriate, Defendants prefer to come to the negotiating table armed with those facts and an accurate assessment of their bargaining position, rather than mere speculation and hyperbole.  Defendants were only recently presented with Plaintiff's additional evidence regarding what it perceived to be an appropriate ongoing royalty.  (*See* D.N. 824.) Defendants have yet to develop all of the relevant evidence that it can in response to this new evidence, including its own expert opinion and an assessment of the possibility of a design around.  Defendants also do not yet know how the Court will rule on the parties' Rule 50 and 59 motions, which would be useful for purposes of negotiating any potential future royalty amount. The Court should follow the Federal Circuit's direction and allow the parties time to negotiate any potential future royalty, with the commonsense understanding that an agreement is more likely when the parties have the relevant evidence at their disposal.  *See Telecordia Tech, Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378 (Fed. Cir. 2010).[4]

---

[4] Plaintiff also relied solely on *Soverain* and *Affinity Labs* to show that courts routinely address the issue of post-judgment royalties with other post-trial motions.  (D.N. 852, 1-2.)  Yet Plaintiff failed to mention that the court in both of these cases ordered the parties to attempt to

## Conclusion

For the foregoing reasons, Defendants respectfully request this Court grant their Motion to Extend Briefing and Delay Ruling on Plaintiff's Motion for Post-Judgment Royalties until the Court has ruled on all pending post-trial motions under Rules 50, 52, and 59.  In the alternative, Defendants request that the Court extend the deadline for the opposition to Plaintiff's Motion to February 28, 2013.

DATED: January 3, 2013

> */s/ Stephen E. Noona*
> Stephen E. Noona
> Virginia State Bar No. 25367
> KAUFMAN & CANOLES, P.C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> Telephone:  (757) 624.3000
> Facsimile:  (757) 624.3169
> senoona@kaufcan.com
>
> David Bilsker
> David A. Perlson
> QUINN EMANUEL URQUHART &
>   SULLIVAN, LLP
> 50 California Street, 22nd Floor
> San Francisco, California  94111
> Telephone:  (415) 875-6600
> Facsimile:  (415) 875-6700
> davidbilsker@quinnemanuel.com
> davidperlson@quinnemanuel.com
>
> *Counsel for Google Inc., Target Corporation, IAC Search & Media, Inc., and Gannett Co., Inc.*
>
> By: */s/ Stephen E. Noona*
> Stephen E. Noona

---

first negotiate an ongoing royalty on their own, thus delaying resolution of all of the post-trial issues.  *See Soverain*, 2012 WL 4903268, at *11; *Affinity Labs*, 783 F. Supp. 2d at 896-97. Therefore, even if some courts find it appropriate to address post-judgment royalties in conjunction with other post-trial matters, they do so only after allowing the parties time to negotiate on their own.

Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile:  (757) 624-3169

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile:  (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2013, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.

11

150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

 /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624.3000
Facsimile:  (757) 624.3169
senoona@kaufcan.com

12138662v1