

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

I/P ENGINE, INC.,

      Plaintiff,

V.

      CIVIL ACTION NO. 2:11cv512

AOL INC., *et al.*,

      Defendants.

## *ORDER*

Before the Court is Defendants' Renewed Motion for a Judgment as a Matter of Law on Invalidity (ECF No. 820), pursuant to Federal Rule of Civil Procedure 50(b). As an alternative to granting Defendants' Renewed Motion for a Judgment as a Matter of Law on Invalidity, the Defendants seek a new trial on invalidity, pursuant to Federal Rule of Civil Procedure Rule 59(a). Rule 50 permits a district court, if it "finds that the jury would not have a legally sufficient evidentiary basis to find for the party on that issue" to "resolve the issue against the party...[or] grant a motion for judgment as a matter of law[.]" F.R.C. P. 50(a). As to motions under Rule 50, only admissible evidence can be considered when determining whether there is a legally sufficient evidentiary basis to support a jury's verdict. *Weisgram v. Marley Co.*, 528 U.S. 440, 454 (U.S. 2000). Rule 59(a) instructs that "[t]he court may, on motion, grant a new trial on all or some of the issues--and to any party...after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" As a general matter, disturbing a jury's verdict by ordering a new trial under Rule 59(a) is an extreme remedy only warranted in a narrow set of circumstances:

> On such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that [1] the verdict is against the clear weight of the evidence, or [2] is based upon evidence which is false, or [3] will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.

*Atlas Food Sys. & Servs. v. Crane Nat'l Vendors*, 99 F.3d 587, 594 (4th Cir. 1996). Further, "[o]n a Rule 59 motion, courts may make credibility judgments in determining the clear weight of the evidence." *Attard Indus. v. United States Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 119119 (E.D. Va. Nov. 9, 2010) (citation omitted). Finally, "the court will search the record for evidence that could reasonably lead the jury to reach its verdict, drawing all reasonable inferences in favor of the verdict winner." 12 MOORE'S FEDERAL PRACTICE - Civil § 59.13 (3d ed. 1997).

Having reviewed the parties' memoranda, the Court first finds that there is a legally sufficient evidentiary basis for the jury's verdict on anticipation as well as the Court's determination on non-obviousness. Furthermore, the Court finds that the jury's verdict on anticipation and the Court's determination on non-obviousness are not against the clear weight of the evidence, nor based on evidence that is false, or will result in a miscarriage of justice. Defendants have raised issues that have already been resolved by the Court in prior rulings and orders. Accordingly, Defendants' Renewed Motion for a Judgment as a Matter of Law on Invalidity (ECF No. 820) is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 2, 2013

/s/
Raymond A. Jackson
United States District Judge