**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



FILED

APR - 2 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

I/P ENGINE, INC.,

        **Plaintiff,**

V.                                 **CIVIL ACTION NO. 2:11cv512**

AOL INC., *et al.*,

        **Defendants.**

## *ORDER*

Before the Court is Plaintiff's Motion for a New Trial on the Dollar Amount of Past

Damage (ECF No. 825), pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Rule

59(a) instructs that "[t]he court may, on motion, grant a new trial on all or some of the issues--

and to any party... after a jury trial, for any reason for which a new trial has heretofore been

granted in an action at law in federal court[.]" As a general matter, disturbing a jury's verdict by

ordering a new trial under Rule 59(a) is an extreme remedy only warranted in a narrow set of

circumstances:

> On such a motion it is the duty of the judge to set aside the verdict and grant a
> new trial, if he is of the opinion that [1] the verdict is against the clear weight of
> the evidence, or [2] is based upon evidence which is false, or [3] will result in a
> miscarriage of justice, even though there may be substantial evidence which
> would prevent the direction of a verdict.

*Atlas Food Sys. & Servs. v. Crane Nat'l Vendors*, 99 F.3d 587, 594 (4th Cir. 1996). Further,

"[o]n a Rule 59 motion, courts may make credibility judgments in determining the clear weight

of the evidence." *Attard Indus. v. United States Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 119119

(E.D. Va. Nov. 9, 2010) (citation omitted). Finally, "the court will search the record for

evidence that could reasonably lead the jury to reach its verdict, drawing all reasonable

inferences in favor of the verdict winner." 12 MOORE'S FEDERAL PRACTICE - Civil § 59.13 (3d ed. 1997).

Having reviewed the parties' memoranda, the Court finds that the verdict is not against the clear weight of the evidence, nor was the verdict of the jury based on evidence that is false, or will a miscarriage of justice result. Accordingly, Plaintiff's Motion for a New Trial on the Dollar Amount of Past Damages (ECF No. 825) is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 2 , 2013

Raymond A. Jackson
United States District Judge

2