UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| I/P ENGINE, INC. <br><br> Plaintiff, <br><br> v. <br><br> AOL, INC., *et al.*, <br><br> Defendants. | Civil Action No. 2:11-cv-512 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO COMPEL DEPOSITION OF DR. BECKER AND FOR ENLARGEMENT OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES**

**Introduction**

Plaintiff is seeking a significant enhancement for post-judgment royalties based solely on the opinion of an expert whom Plaintiff is unwilling to make available for deposition. Such a position is contrary to basic fairness and the law. Defendants renew their request that the Court compel Plaintiff to produce Dr. Becker for deposition to provide Defendants the opportunity to examine his new damages theory and to allow the Court to make a decision about ongoing royalties based on a complete and thorough record. Defendants further request that the briefing and consideration of Plaintiff's Motion for an Award of Post-Judgment Royalties be postponed until after Plaintiff offers its expert for a deposition concerning his new damages theories.

At a minimum, Defendants request an additional two weeks to allow Defendants to address the new damages theory presented in support of Plaintiff's Motion for an Award of Post-Judgment Royalties. Plaintiff's Motion appends a new damages expert declaration, in which Dr.

01980.51928/5268449.3

Becker provides a new opinion about a new hypothetical negotiation date, involving a different party, resulting in a higher rate than in his previous reports (a rate that Plaintiff further inflated in its Motion). A limited two week extension would allow Defendants to work with their own expert(s) to prepare a response to Plaintiff's new damages theory. Plaintiff has not and cannot state any prejudice it will suffer in response to such a limited extension. Indeed, Plaintiff previously <u>agreed</u> to this extension only to later rescind its agreement. Such conduct should not be rewarded, and Defendants' motion should be granted.

**Factual Background**

**I.    PLAINTIFF'S MOTION FOR AN AWARD OF POST-JUDGMENT ROYALTIES PROVIDED A NEW DAMAGES THEORY AND NEW EXPERT DECLARATION IN SUPPORT THEREOF.**

On December 18, 2012, the same day it filed a motion seeking a new trial on past damages, Plaintiff also filed a Motion for an Award of Post-Judgment Royalties seeking to have this Court determine what a reasonable royalty would be for the post-judgment period. (D.N. 822.) Plaintiff's Motion included a "declaration" by its damages expert, Dr. Stephen Becker, which was essentially a new expert report setting forth a new damages theory, including a new 5% reasonable royalty rate, which Plaintiff then inflated in its motion to 7% based on its theory of willful infringement. (D.N. 824; D.N. 823, 11-12.)

**II.   DEFENDANTS SOUGHT DEPOSITION OF DR. BECKER ON NEW EXPERT OPINIONS.**

Defendants requested that Plaintiff make Dr. Becker available for deposition to give Defendants time to question Dr. Becker about his new theories and then respond to Plaintiff's Motion for an Award of Post-Judgment Royalties. However, Plaintiff refused to produce Dr. Becker unless Defendants agreed to inappropriate, unrelated, and burdensome terms (*see* D.N. 856-1), and, thus, Defendants were forced to file a Motion to Compel Deposition of Dr. Becker.

(D.N. 856.) The Court subsequently ordered that briefing on Plaintiff's Motion for an Award of Post-Judgment Royalties would be postponed until after the Court ruled on various other post-trial motions. (D.N. 860.) Accordingly, Defendants withdrew their Motion to Compel Deposition of Dr. Becker without prejudice, reserving their right to re-file in the future. (D.N. 882.)

### III. DEFENDANTS MET AND CONFERRED IN AN EFFORT TO REACH AGREEMENT WITH PLAINTIFF ON DISCOVERY AND BRIEFING SCHEDULE.

On April 2, 2013, the Court ruled on the parties post-trial motions brought under Federal Rules of Civil Procedure 50, 52, and 59. (D.N. 905, 906, 907, 908.) That same day, the Court ordered Defendants to respond to Plaintiff's Motion for an Award of Post-Judgment Royalties within fifteen days and ordered Plaintiff to reply within seven days thereafter. (D.N. 909.)

On April 8, Defendant asked for dates for Dr. Becker's deposition that would allow completion of the deposition at least 5 days before Defendants opposition to Plaintiff's Motion for an Award of Post-Judgment Royalties was due to be filed. (Declaration of David A. Perlson ("Perlson Dec."), Ex. 1.) Defendants informed Plaintiff that Google will be launching a change in the operation of AdWords that would remove the functionality that Plaintiff has pointed to for infringement of the filtering step, and would not infringe under Plaintiff's theories. Defendants offered to provide discovery into this functionality in order to avoid wasteful, additional motion practice. (*Id.*)

Between April 9 and April 15, the parties met and conferred twice and exchanged correspondence on Plaintiff's Motion for an Award of Post-Judgment Royalties. (Perlson Dec., ¶¶ 2-4, Exs. 1-2.) Each party proposed a schedule for additional discovery of their damages experts in connection with Plaintiff's Motion, and for an extension on briefing to correspond

with the same. (*Id.*, ¶ 3, Ex. 2.) Defendants also requested a limited extension for the briefing while the parties discussed additional discovery. (*Id.*, ¶ 2, Ex. 2.) On April 15, Plaintiff agreed to a two week extension for Defendants' Opposition to Plaintiff's Motion for an Award of Post-Judgment Royalties , and a one week extension for Plaintiff's Reply in Support of its Motion for Post-Judgment Royalties, in order to give the parties time to discuss their proposed discovery and briefing schedules, pending approval by the Court. (*Id.*, ¶ 4.)

Later that same day, Plaintiff reversed its position and informed Defendants that Plaintiff would not agree to any extension. (*See id.*, Ex. 2.) Plaintiff also informed Defendants that it would not make Dr. Becker available for deposition. (*See id.*) Plaintiff stated "that I/P Engine does not believe that additional discovery is necessary for the parties to provide responses to I/P Engine's ongoing royalties motion." (*Id.*)

As a result of Plaintiff's refusal to allow Defendants opportunity to take discovery relevant to their opposition, Plaintiff's disinterest in taking discovery relevant to any post-judgment royalties, and Plaintiff's refusal to provide Defendants time to properly respond to its motion, Defendants were forced to bring the present motion in an attempt to avoid wasting Court resources due to inadequate discovery concerning damages theories and Google's scheduled launch of an admittedly non-infringing alternative functionality in AdWords.

## Argument

I.  **DEFENDANTS' OPPOSITION BRIEF SHOULD BE POSTPONED UNTIL AFTER THE DEPOSITION OF DR. BECKER**

   A.  **Plaintiff Should be Ordered to Produce Dr. Becker for a Deposition on His New Expert Theories.**

As Defendants explained in previous filings, Dr. Becker's "declaration" is really a supplemental expert report that puts forth an entirely new damages theory. (*See* D.N. 848, 4-5;

4

D.N. 853, 5-8.) It is black letter law that a party may depose opposing expert witnesses. *See* Fed. R. Civ. P. 26(b)(4)(A). Because Plaintiff's expert on damages submitted a supplemental report that relied on facts and reached a conclusion about which Defendants previously have not had the opportunity to examine him, Defendants should be able to question him about these new facts and opinions.

The right to depose experts that rely on additional evidence that was not presented at trial, as Dr. Becker has done here, is expressly supported in the post-judgment royalties context. *See Paice LLC v. Toyota Motor Corp.*, No. 2:04-cv-00211-DF, D.N. 241 (E.D. Tex. Mar. 13, 2008) (ordering discovery, including depositions, and briefing over a three month period leading up to an evidentiary hearing for purposes of determining an ongoing royalty). Indeed, the court in *Paice*, responding to the Federal Circuit's direction to allow the parties to present evidence before determining an ongoing royalty, also ruled that depositions may be taken of "any witness that execute[d] a declaration submitted with the other party's brief" in addition to "experts that submitted expert reports." *Paice*, No. 2:04-cv-00211-DF, D.N. 241 at 3; *see also Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 856-57 (E.D. Tex. 2009) (citing to deposition testimony produced post-trial in discussing ongoing royalty determination). Thus, Dr. Becker should be made available for deposition if even his declaration were not properly characterized as a supplemental expert report.

**B.      Postponement of Defendants' Opposition Brief is Warranted to Allow Discovery into Plaintiff's New Damages Theory.**

Postponing the briefing on Plaintiff's Motion for an Award of Post-Judgment Royalties and compelling the deposition of Dr. Becker would provide Defendants with the opportunity to marshal evidence in support of their opposition. Plaintiff's Motion for an Award of Post-Judgment Royalties presents an entirely new damages theory never previously raised in this

litigation and appends a new expert report. For the first time, Dr. Becker propounds a hypothetical negotiation date of November 12, 2012, a new licensor in the hypothetical negotiation, and explains how changes in the parties' positions would affect certain *Georgia-Pacific* factors. (D.N. 824, 3.) For the first time, Dr. Becker concludes that a reasonable royalty rate is 5% applied to an apportioned base. (*Id.*, 6.) At a minimum, Defendants need time to depose Dr. Becker on his new opinions and to consult with their own damages expert in response to this discovery. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1316-17 (Fed. Cir. 2007) (Rader, J., concurring) ("In this case, because the court imposed an ongoing royalty on the parties *sua sponte* after denying injunctive relief, the parties had no meaningful chance to present evidence to the district court on an appropriate royalty rate to compensate Paice for Toyota's *future* acts of infringement. Evidence and argument on royalty rates were, of course, presented during the course of the trial, for the purposes of assessing damages for Toyota's *past* infringement. But pre-suit and post-judgment acts of infringement are distinct, and may warrant different royalty rates given the change in the parties' legal relationship and other factors. When given choices between taking additional evidence or not, and between remanding to the parties or not, a district court may prefer the simplest course—impose its own compulsory license. This simplest course, however, affords the parties the least chance to inform the court of potential changes in the market or other circumstances that might affect the royalty rate reaching into the future."). Defendants have been seeking this discovery since January 2013 without success, when they filed their first Motion to Compel Deposition of Dr. Becker. (D.N. 856.)

### C. Plaintiff Will Not be Prejudiced by an Extension on Briefing Until After the Deposition of Dr. Becker

There will be no prejudice to Plaintiff in postponing determination of post-judgment damages until after the completion of discovery on Plaintiff's new damages theory. Plaintiff

itself appealed this Court's ruling on damages, and, as a result, the amount of pre-judgment damages that Plaintiff may be paid is still undetermined at this stage.

Further, Defendants have offered Plaintiff discovery concerning Google's admittedly non-infringing alternative functionality in AdWords. (Perlson Dec., ¶ 2.) Granting Plaintiff time to take such discovery would allow the Court to resolve at one time all issues surrounding the question of post-judgment royalties: any royalty rate, how such rate is affected by the changes in Google AdWords, and when any royalties stop accruing due to those changes. Instead, Plaintiff chooses to instead multiply the proceedings.

## II. AT A MINIMUM, A TWO WEEK EXTENSION—TO WHICH PLAINTIFF AGREED AND THEN RENEGED—SHOULD BE GRANTED.

Right after the Court's Order issued setting a new schedule for briefing on Plaintiff's Motion for an Award of Post-Judgment Royalties, Defendants renewed their request for the deposition of Dr. Becker in advance of filing their opposition brief. (Perlson Dec., Ex. 1.) Defendants and Plaintiff corresponded and met and conferred multiple times between April 8 and April 15, during which Plaintiff never indicated that it would take the position that Defendants were not entitled to any extension to oppose Plaintiff's motion. (Perlson Dec., ¶¶ 2, 3.) Instead, Plaintiff agreed to a two week extension for Defendants' Opposition brief, followed by a one week extension for Plaintiff's reply brief. (Perlson Dec., ¶ 4.) Plaintiff then rescinded this agreement mid-day on April 15. (*Id.*, Ex. 2.) Plaintiff's reversal in position is unfair and causes substantial prejudice to Defendants, given the late notice by Plaintiff that it would both rescind its earlier agreement and refuse to make Dr. Becker available for deposition under any circumstances. At minimum, Plaintiff should be bound by its earlier agreement, giving Defendants until May 2 to file their Opposition, and Plaintiff until May 16, a one week extension, to file its Reply.

Moreover, as Plaintiff is well aware, Defendants originally moved to postpone briefing on Plaintiff's Motion for Post-Judgment Damages because analysis of post-judgment royalty rates begins with reference to the jury's award of pre-judgment damages. Defendants therefore argued that it would be an inefficient use of judicial and party resources for the Court to determine post-judgment royalties, if any, until it had ruled on the parties' pending post-trial motions on past damages. (D.N. 848, 1, 3-4.) The Court agreed, granting Defendants' motion "in the interests of judicial economy and efficiency." (D.N. 860.) As Plaintiff is well aware, the Court did not rule on those post-trial motions until April 2, 2013, and filed its orders on April 3, 2013. The period for briefing Plaintiff's Motion for an Award of Post-Judgment Royalties did therefore not begin until April 3, less than two weeks ago. Defendants' alternative request for a limited two week extension on its brief is therefore reasonable and consistent with the Court's prior orders and guidance on briefing on this issue.

There will be absolutely no prejudice to Plaintiff in postponing the deadline for Defendants' Opposition brief until May 2. As noted above, Plaintiff itself appealed this Court's ruling on damages, and as a result the amount of pre-judgment damages that Plaintiff may be paid is still undetermined at this stage. And Plaintiff itself would gain an additional one week extension on preparing its reply to Defendants' brief. Plaintiff has not and cannot articulate any reason why such a limited extension would cause it any prejudice.

## Conclusion

For the foregoing reasons, Defendants respectfully request this Court grant their Motion and order Plaintiff to make Dr. Becker available for deposition. Defendants further request that the Court order that the deadline for Defendants' opposition to Plaintiff's Motion for an Award of Post-Judgment Royalties be extended until at least seven days after Plaintiff makes Dr. Becker

available for deposition, or May 2, 2013, whichever date is later.  In the alternative, Defendants request a minimum two week extension of the deadline for Defendants' opposition to Plaintiff's Motion for an Award of Post-Judgment Royalties, until May 2, 2013.

DATED: April 16, 2013

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624.3000
Facsimile: (757) 624.3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation, IAC Search & Media, Inc., and Gannett Co., Inc.*

By: /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive

9

Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile: (415) 653-6444

*Counsel for Defendant AOL, Inc*.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

    /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624.3000
Facsimile: (757) 624.3169
senoona@kaufcan.com

12331444v1