UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| I/P ENGINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 2:11-cv-512 |
| AOL, INC. et al., | ) |
| Defendants. | ) |

**OPPOSITION TO DEFENDANTS' RENEWED MOTION TO COMPEL
DEPOSITION OF DR. BECKER AND FOR ENLARGEMENT OF TIME
TO OPPOSE PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES**

**I.    INTRODUCTION**

Defendants' Renewed Motion to Compel Deposition of Dr. Becker and for Enlargement of Time to Oppose Plaintiff's Motion for Post-Judgment Royalties ("Postponement Motion"), should be denied. I/P Engine's Motion for Post-Judgment Royalties ("Ongoing Royalties Motion) is timely and proper. I/P Engine seeks ongoing royalties for Defendants' post-judgment infringement. Neither I/P Engine's motion nor Dr. Becker's supporting declaration proposes a "new" damages theory or relies on "additional evidence" not presented at trial requiring the reopening of expert discovery. I/P Engine's Ongoing Royalties Motion applies relevant precedent stating that continued, post-verdict infringement should entail a higher royalty rate than the reasonable royalty found at trial.

Consistent with the law, Dr. Becker's declaration explains how he starts with the jury's special interrogatory findings regarding a running royalty and royalty rate. His methodology is consistent with his report, deposition, trial testimony and the jury's verdict. There is no factual or legal basis for Defendants' contention that they are entitled to re-depose Dr. Becker about his

long-standing positions, evidence and analyses, which he now applies to arrive at a post-judgment royalty rate based on Defendants' continued, adjudged willful infringement.

Defendants' alternative request for an additional two-week extension to prepare a response to I/P Engine's motion (which has been pending for over four months), evidences the fallacy of their claimed need to redepose Dr. Becker. Defendants' concession that they are able to respond to I/P Engine's motion with an additional two weeks without taking Dr. Becker's deposition shows why their request for more discovery should be denied.

**II.     ARGUMENT**

    **A.     I/P Engine's Ongoing Royalties Motion Does Not Raise a New Damages Theory or Introduce New Evidence**

I/P Engine's Ongoing Royalties Motion requests that this Court rightfully enforce an ongoing royalty that is based on the jury verdict of a running royalty and a reasonable royalty rate of 3.5%. This Court has entered judgment, and has rejected Defendants' post-trial motions. Defendants do not dispute that this Court has the authority to consider the appropriate remedy for Defendants' deliberate ongoing infringement. The central issue is what royalty would reasonably compensate I/P Engine for Defendants' ongoing willful infringement. *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 624 (E.D. Tex. 2009). This is an equitable determination "committed to the sound discretion of the district court" and does not require a trial by jury or reopening discovery. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362, n.2 (Fed. Cir. 2008); *see also Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315-16 (Fed. Cir. 2007). "[T]he trial testimony and jury findings with respect to past damages can provide a basis for calculating a market royalty for any ongoing infringement." *Affinity Labs of Texas, LLC v. BMW N. Am.*, 783 F. Supp. 2d 891, 898 (E.D. Tex. 2011). This post-trial procedure is routine. *See*

*Soverain Software LLC v. J.C. Penney Corp., Inc.*, 2012 WL 4903268, *10-12 (E.D. Tex. 2012); *Affinity Labs*, 783 F. Supp. 2d 891.

The Federal Circuit has held that post-verdict infringement may entail a higher royalty rate than the reasonable royalty found at trial. *Amado*, 517 F.3d at 1362, n. 2. I/P Engine's Ongoing Royalties Motion simply requests that this Court follow the Federal Circuit's guidance, and apply a running royalty of 7% to the revenues attributable to Defendants' post-judgment infringement based on their continued infringement.

### 1. Dr. Becker Does Not Provide a New Damages Theory or Rely on New Evidence to Support his Declaration for a 5% Reasonable Royalty Rate for Ongoing Royalties

Dr. Becker does not set forth a "new" damages theory in his declaration. He instead provides the Court with a post-judgment analysis of his identical damages theory that was presented at trial and was adopted by the jury. Based on that evidence, Dr. Becker's declaration seeks "a running royalty of 5%, [applied] to an apportioned base of 20.9% of Google's U.S. revenues from infringing AdWords, AdSense for Search and AdSense for Mobile Search systems, and the U.S. revenues from AOL's infringing Search Marketplace system" for Defendants' ongoing infringement. D.I. 824 at 6.[1]

Defendants claim (at 6) that four things make Dr. Becker's declaration a "new" damages theory, thus requiring his deposition: (1) he propounds a hypothetical negotiation date as of the date of the final judgment, (2) he identifies a new licensor in the hypothetical negotiation, (3) he explains how changes in the parties' positions would affect certain *Georgia-Pacific* factors, and

---

[1] Dr. Becker's ongoing royalty rate does not yet reflect an enhancement under 35 U.S.C. § 284 for Defendants' willful infringement, which is committed to the discretion of this Court. *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1576 (Fed. Cir. 1991). Here, I/P Engine respectfully requested that this Court enhance the ongoing royalty rate of 5% to 7% in light of Defendants' ongoing willful infringement. D.I. 823 at 10-11.

3

(4) he concludes that a higher royalty rate (than the one found at trial) is appropriate post-judgment, based on Defendants' continued infringement. But each of these changes is required by law when calculating post-judgment damages for ongoing adjudged infringement. Dr. Becker applies his identical analysis and methodology to these legally-required changes. None of this constitutes a "new" theory of damages or new evidence.

The Federal Circuit has explained that damages for past infringement are separate and distinct from damages for ongoing acts of infringement. In lieu of an injunction, after judgment has been entered, ongoing infringement supports a greater royalty rate given the change in the parties' legal relationship, among other factors. *Paice*, 504 F.3d at 1317 (Radar, J. concurring); *Amado*, 517 F.3d at 1362. The alleged new "facts" that Defendants claim to seek discovery on are the result of the jury verdict and precedent. The date of the hypothetical negotiation (the date of entry of judgment), the jury's verdict, the fact that I/P Engine owns the patents, and the fact that Defendants have been found to be adjudged infringers, are all undisputed. They are not new evidence or the basis for a new damages theory. Dr. Becker's declaration sets forth these undisputable and legally required facts. And based on these facts, the evidence submitted at trial, and the guidance by the Federal Circuit, Dr. Becker explains the proper post-judgment royalty rate. He has not changed his damages theory or offered new evidence.[2]

Defendants examined Dr. Becker at length during his exhaustive deposition before trial and Defendants' cross-examination of him at trial. Defendants provide no justification for seeking a third opportunity to reexamine Dr. Becker on his already jury-adopted damages

---

[2] Dr. Becker relies upon, for example, PX-32, PX-34, PX-64, PX-184, PX-185, PX-228, PX-337, PX-424, trial testimony and testimony from the deposition of Mark Blais; all evidence that was presented at trial. Contrary to Defendants' assertions (at 5), Dr. Becker is not relying upon new evidence that was not presented at trial. Dr. Becker continues to set forth a running royalty damages theory, which is based on the same apportionment factor and the same evidence presented at trial.

positions and the evidence that he relied on in his expert reports and throughout trial.

Defendants claim that they need extra time to take Dr. Becker's deposition and to consult with their damages expert to respond to Dr. Becker's declaration. Prior to trial, however, Defendants responded to all of I/P Engine's detailed expert reports (infringement and damages) without prior depositions of I/P Engine's experts. Defendants' motion to seek Dr. Becker's deposition prior to the service of Defendants' own declaration is contrary to Fed. R. Civ. P. 26.[3]

### 2. The Cases Relied On By Defendants Do Not Support Reopening Expert Discovery

Defendants rely upon *Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 856-57 (E.D. Tex. 2009) and *Paice*, 504 F.3d at 1316-17 to support their assertion that they have a "right" to depose Dr. Becker based on his declaration supporting I/P Engine's Ongoing Royalties Motion. Neither case supports Defendants' motion.

In *Creative Internet*, the court allowed discovery because there was a new system in use that had not been adjudged to be infringing, as well as the "old" version that had been adjudged to be infringing. Regarding the adjudged infringing system (the "old" version), the court stated:

> [t]he Court cannot ignore that the [adjudged infringing] apparatus continues to be used in a manner identical to that which a jury found to infringe and Yahoo continues to profit from this infringing activity. Given the opportunity to disable the protocol, Yahoo has chosen not to, and therefore as long as the "old" version of Yahoo Messenger remains accessible to users, Yahoo will owe the patentee an ongoing royalty for future use. Thus, Yahoo has a choice: either to disable the infringing software or to pay CIAC an ongoing royalty for its continued use.

---

[3] Although not admitting so, Defendants' request, if granted, is essentially the reopening of expert discovery. If Defendants are permitted to depose I/P Engine's expert on his declaration, and Defendants then elect to serve a responsive declaration, then I/P Engine should have the right to depose that expert. I/P Engine notes that any expert declaration submitted by Defendants should be consistent with their prior damages position, and that Defendants are precluded by waiver and estoppel from adopting any position regarding a running royalty rate.

5

*Creative Internet*, 674 F. Supp. 2d at 858. There is no indication in the *Creative Internet* decision that that court reopened discovery to address ongoing royalties relating to the adjudicated, infringing "old" version. Here, there is only one system in use – the adjudged infringing AdWords system.[4]

Defendants' reliance on *Paice* is equally unavailing. In *Paice*, the district court, after declining to issue an injunction under the four-factor test for a permanent injunction, imposed an ongoing royalty *sua sponte* of $25 per infringing vehicle. 504 F.3d at 1316. Because the district court's order provided no support for that royalty, and the parties had not argued for such a royalty during trial, the Federal Circuit held that it was unable to determine whether the district court abused its discretion in setting that rate. The Federal Circuit remanded the case for "[t]he limited purpose of having the district court reevaluate the ongoing royalty rate." *Id*. at 1315. Even under these circumstances, the Federal Circuit did not require additional discovery, but instead stated that the district court "may take additional evidence if necessary to account for any additional economic factors arising out of the imposition of an ongoing royalty" and that this process should "[a]llow the parties the opportunity to present evidence regarding an appropriate royalty rate . . . ." *Id.* at 1315, n.15. Here, the Court has all of the evidence before it that it needs to determine the appropriate royalty rate. Reopening expert discovery would serve no valid purpose.

---

[4] Defendants' suggestion that the briefing schedule of I/P Engine's Ongoing Royalties Motion should somehow be tied to the chance that Google may, sometime in the future, try to design around I/P Engine's patents is meritless. Whether Google may, at some point, in the future, try to modify its infringing AdWords system is a separate and unrelated issue. I/P Engine's Ongoing Royalties Motion is based on (1) Defendants' ongoing infringement and use of Google's adjudged infringing system – which is the current and only system, and (2) the jury's special interrogatory determinations on the verdict. I/P Engine is entitled to ongoing royalties for Defendants' admitted continued use of the adjudged infringing system.

I/P Engine and Dr. Becker have followed the relevant precedent in seeking an ongoing royalty based on the willful infringement of adjudged infringers. *See e.g., Soverain Software*, 2012 WL 4903268 at *10-12; *Affinity Labs*, 783 F. Supp. 2d 891. Further delay would undermine justice.

### B. Defendants' Alternative Request for An Additional Two-Week Extension Is Both Unjustified And Undermines Their Motion

Defendants alternatively request (at 1) an "additional two-weeks to allow Defendants to address the new damages theory" presented in I/P Engine's Ongoing Royalties Motion, regardless of whether they are permitted to re-depose Dr. Becker. Defendants provide no independent basis for this request. Their only justification for not being able to prepare a timely response to I/P Engine's motion is that they could not do so without re-deposing Dr. Becker. Yet Defendants claim (at 2) that a "limited two week extension would allow Defendants to work with their own expert(s) to prepare a response to Plaintiff's new damages theory" *without* re-deposing Dr. Becker. Hence, Defendants admit that they are able to respond to I/P Engine's Ongoing Royalties Motion without deposing Dr. Becker.

Defendants have had Dr. Becker's declaration for over four months. A further delay only delays justice. *See* Local Rules 7(I) and 16(B) (extensions of time require showing of good cause and are looked upon with disfavor).

### III. CONCLUSION

For these reasons, I/P Engine respectfully requests that Defendants' Postponement Motion be denied and that they be ordered to immediately file their opposition to I/P Engine's Ongoing Royalties Motion.

Dated: April 22, 2013

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Dawn Rudenko Albert
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 277-6715
Facsimile: (212) 277-6501

Counsel for Plaintiff I/P Engine, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2013, the foregoing **OPPOSITION TO DEFENDANTS' RENEWED MOTION TO COMPEL DEPOSITION OF DR. BECKER AND FOR ENLARGEMENT OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR POST-JUDGMENT ROYALTIES,** was served via the Court's CM/ECF system, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

                /s/ Jeffrey K. Sherwood