UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
| I/P ENGINE, INC.,        | ) |                          |
|                          | ) |                          |
| Plaintiff,               | ) |                          |
| v.                       | ) | Civ. Action No. 2:11-cv-512 |
|                          | ) |                          |
| AOL INC. et al.,         | ) |                          |
|                          | ) |                          |
| Defendants.              | ) |                          |

**PLAINTIFF I/P ENGINE, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL EVIDENCE**

**I.    INTRODUCTION**

The jury determined the appropriate measure of damages to be a 3.5% running royalty. This Court is currently being asked to decide *post-judgment* royalties in view of the jury's finding. The I/P Engine-Microsoft settlement agreement ("Microsoft Settlement") does not reflect the type of agreement I/P Engine would enter into with Defendants post-judgment. It is a pre-litigation settlement and Microsoft was in a completely different bargaining position than Defendants:

- Defendants have been found to infringe I/P Engine's asserted patents; there is no such finding of infringement as to Microsoft;
- The jury found that Defendants should pay a running royalty of 3.5%; there is no such finding against Microsoft;
- As compared to Google, Microsoft is a smaller player in the search advertising market; and
- I/P Engine spent time and money over a year litigating against Defendants; Microsoft was never even served with a Complaint.

Indeed, contrary to Defendants' position, the Microsoft Settlement demonstrates that I/P Engine would *not* consider a lump sum payment. While the Microsoft Settlement provided for Microsoft making a $1 million upfront payment, Microsoft also agrees to pay I/P Engine 5% of

any amounts Google pays I/P Engine.[1]  Microsoft also assigned I/P Engine six patents.
Defendants do not and cannot attempt to put a lump-sum value on this settlement.  The Microsoft
Settlement is contingent, it is variable, and to the extent Defendants are ordered to pay a running
royalty and do so, the Microsoft Agreement falls into the category of a running royalty.

The Microsoft Agreement is simply irrelevant to this Court's modified *Georgia-Pacific*
and *Read* analyses in determining post-judgment royalties.  As such, the Microsoft Settlement is
not relevant supplemental evidence and, thus, Defendants' motion should be denied.

## II.  THE MICROSOFT SETTLEMENT AGREEMENT IS NOT MATERIAL TO A DETERMINATION OF ONGOING ROYALTIES AGAINST DEFENDANTS

In this case, there has been a substantial shift in the bargaining positions between I/P
Engine and Defendants.  *See ActiveVideo Networks, Inc. v. Verizon Communications, Inc.,* 694
F.3d 1312, 1343 (Fed. Cir. 2012) (*ActiveVideo II*); *see also* D.I. 823, at 6-11; D.I. 949, at 4-17.
As this Court has recognized, "[i]t would be improper to base a royalty rate" on a separate
agreement that a patentee had reached "[w]hen the bargaining positions of the involved parties in
any hypothetical negotiation post-verdict has clearly improved." *ActiveVideo Networks, Inc. v.
Verizon Communications, Inc.*, 827 F. Supp. 2d 641, 656 (E.D. Va. 2011) ("*ActiveVideo I*"),
confirmed by *ActiveVideo II*.  I/P Engine's bargaining position with Microsoft is wholly different
than its post-judgment bargaining position with Defendants.

Again, the Microsoft Settlement is a pre-litigation settlement.  The circumstances for
early settlement and the determination of ongoing, post-verdict, royalties greatly differ, including
the knowledge that the primary market participant (Google) had litigated and lost on
infringement, validity and damages, a jury awarded a running royalty of 3.5%, Microsoft's
smaller market share in search advertising, the avoidance of discovery and litigation costs by

---

[1]  The parties also agreed to a limitation on Microsoft's total liability.

early-stage settlement, and the perceived strengths and weaknesses of the claims and defenses. *See LaserDynamics, Inc. v. Quanta Computer, Inc.* 694 F.3d 51, 78 (Fed. Cir. 2012) (remanding with instructions to exclude settlement agreement because it was outside the scope of circumstances where settlements are admissible and probative); *see also ePlus, Inc. v. Lawson Software, Inc.*, 2011 WL 2119410, at *14 (E.D.Va. May 23, 2011) (rejecting defendant's assertion that settlement agreements could permit an adequate basis to calculate reasonable royalty, specifically noting the avoidance of litigation costs by early-stage settlement). This Court and the Federal Circuit have warned against using such agreements in a post-royalty determination. *See ActiveVideo I*, 827 F.Supp.2d at 656; *ActiveVideo II*, 694 F.3d at 1342; *see also LaserDynamics,* 694 F.3d at 77.

Given I/P Engine's much stronger bargaining position and the parties' changed circumstances under the modified *Georgia-Pacific* and *Read* factors post-verdict, I/P Engine would, at a minimum, insist on a license for *more* than the royalty awarded by the jury for Defendants' pre-verdict infringement, not less as Defendants suggest. *See* D.I. 949, at 17.

### III. THE MICROSOFT SETTLEMENT AGREEMENT IS NOT A LUMP-SUM LICENSE TO THE PATENTS-IN-SUIT

Even if this Court were to consider the Microsoft Settlement, it is not a lump-sum license, as Defendants suggest. Tellingly, Defendants do not even attempt to–and cannot–put a lump-sum value on the Microsoft Settlement.

In addition to the $1 million upfront payment by Microsoft, Microsoft agrees to pay I/P Engine 5% of any amounts paid by Google and assigned 6 patents to I/P Engine. Defendants argument that these form part of some vague "lump sum transfer" is unsupportable. For instance, to the extent that Defendants are ordered to pay I/P Engine a running royalty, Microsoft will pay I/P Engine a running royalty equal to 5% of Google's payments. Nevertheless, since

3

Microsoft's liability is derivative of Google's liability, which is itself a variable, the Microsoft Settlement reflects conditions that defy quantification. *See ePlus, Inc.*, 2011 WL 2119410, at *14. Regarding the six assigned patents, there is no reasonable way to quantify their values (and Defendants have not attempted to do so), much less argue that they support a "lump sum transfer" that should be considered in determining the form of ongoing royalties for Defendants' continued infringement.

## IV. CONCLUSION

The Microsoft Settlement is not material to I/P Engine's Motion for an Award of Post-Judgment Royalties. It is not based on the changed circumstances of the parties as a result of the jury verdict and this Court's final judgment—factors that must be considered in determining ongoing royalties for Defendants' adjudged, post-judgment willful infringement. Accordingly, this Court should deny Defendants' Motion for Leave.

Dated: June 17, 2013

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Dawn Rudenko
DICKSTEIN SHAPIRO LLP

1633 Broadway  
New York, New York 10019  
Telephone: (212) 277-6715  
Facsimile: (212) 277-6501  

Counsel for Plaintiff I/P Engine, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2013, the foregoing **PLAINTIFF I/P ENGINE, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL EVIDENCE,** was served via the Court's CM/ECF system, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

                                                         /s/ Jeffrey K. Sherwood