IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG 1 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

I/P ENGINE, INC.,

    Plaintiff,

V.      CIVIL ACTION NO. 2:11cv512

AOL INC., *et al.*,

    Defendants.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiff's Motion for an Award of Prejudgment Interest, Post-Judgment Interest, and Supplemental Damages for Defendants' Post-Discovery and Pre-Verdict Infringement (ECF No. 792). Having carefully considered the parties' arguments, this matter is ripe for judicial decision.

### I. BACKGROUND

On September 15, 2011, I/P Engine, Inc. ("I/P Engine") filed a complaint against AOL, Inc., Google, Inc., IAC Search & Media, Inc., Gannett Company, Inc. and Target Corporation (collectively known as "Google" or "Defendants") in which I/P Engine alleged that the Defendants had infringed several of I/P Engine's patents. On November 6, 2012, the jury reached a verdict finding that the Defendants had infringed the asserted claims of two of I/P Engine's patents: U.S. Patent Nos. 6,314,420 ("the '420 patent") and 6,775,664 ("the '664 patent") (collectively the "Patents"). *See* Verdict Form, Nov. 6, 2012, Dkt. No. 789. The jury awarded I/P Engine damages in the amount of $30,496,155, which did not include interest. *See id.* The jury also awarded I/P Engine a Running Royalty Rate of 3.5%. On November 20, 2012, the formal judgment of the Court was entered into the record. *See* Judgment of the Court,

November 20, 2012, Dkt. No. 801. As a result of this favorable verdict, I/P Engine now asks this Court for an award of prejudgment interest, post-judgment interest, and supplemental damages for Defendants' post-discovery and pre-verdict infringement ("Supplemental Damages").

## II. LEGAL STANDARD

### A. Supplemental Damages Before Verdict

Where a patent infringer is found to have infringed one or more patents, the "patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS 64291, at *6 (E.D. Tex. Aug. 17, 2006) (citing *Stryker Corp. v. Davol, Inc.*, 75 F. Supp. 2d 746 (W.D. Mich. 1999), *aff'd*, 234 F.3d 1252 (Fed. Cir. 2000) (affirming district court's decision that a court may award a successful patent plaintiff supplemental damages to compensate the plaintiff for any infringement occurring between the date of the jury's verdict and the date of the judgment.).

Additionally, supplemental damages are compensatory in nature. *See Nat'l Instruments Corp. v. Mathworks, Inc.*, 2003 U.S. Dist. LEXIS 25863, *6-*7 (E.D. Tex. June 23, 2003) ("A failure to award such damages would grant an infringer a windfall by enabling it to infringe without compensating a patentee for the period of time between the jury's verdict and the judgment."). Further, supplemental damages are calculated in accordance with the damages awarded in the jury verdict. *See, e.g., id.* at *12; *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, at *65 (D. Nev. Aug. 1, 2001) (applying the reasonable royalty rate found by the jury in order to calculate additional damages owed to the plaintiff); *Aero Products Int'l, Inc., et al. v. Intex Recreation Corp.*, 2005 WL 1498667, at *2 (N.D. Ill. June 9,

2005) ("It is proper to use the royalty rate determined by the jury to assess damages for the sales at issue in this motion [to enter supplemental damages calculation].").

It should be noted that supplemental damages are distinguishable from "increased" or "enhanced" damages, which refer to punitive damages awarded to a successful patentee where the infringer is found to have willfully infringed the patent. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996) ("Because increased damages are punitive, the requisite conduct for imposing them must include some degree of culpability."). Under 35 U.S.C. § 284, damages may be increased up to three times at the discretion of the district court based on a finding of willful infringement. *See generally Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002).

### B. Prejudgment Interest

In patent litigation, prejudgment interest on a damages award is awarded pursuant to 35 U.S.C. § 284, which states, in part, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." The U.S. Supreme Court has interpreted section 284 as follows:

> In light of [Congress' overriding purpose of affording patent owners complete compensation], we conclude that prejudgment interest should ordinarily be awarded. In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment.

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). Further, the Supreme Court has held "that prejudgment interest should be awarded under § 284 absent some justification for

withholding such an award." *Id.* at 657. In *General Motors*, the Court gave an example of where it "may be appropriate to limit prejudgment interest, or perhaps even deny it altogether": "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id.* Further, because the purpose of prejudgment interest is not punitive, "it must be applied only to the compensatory damages, not enhanced or other punitive damages." *Humanscale Corp. v. CompX Intern., Inc.*, 2010 WL 3397455, at *1 (E.D. Va. Aug. 23, 2010) (citing *General Motors Corp.*, 461 U.S. at 655).

"Unlike post-judgment interest for which the interest rate is set by statute [discussed *infra*] there is no mandatory interest rate and no standard rate for calculating an award of prejudgment interest." *TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS 64291, at *5 (E.D. Tex. Aug. 17, 2006). Rather, a trial court is afforded "wide latitude" in selecting a prejudgment interest rate. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). Thus, while courts have selected different rates, courts most often award either the prime rate or the U.S. Treasury rate. *TiVo, Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6 (collecting cases). Lastly, prejudgment interest generally "should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *General Motors Corp.*, 461 U.S. at 656).

### C. Post-Judgment Interest

Under the post-judgment statute, 28 U.S.C. § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . ." Section 1961 further provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment." 28 U.S.C. § 1961. The Supreme Court has stated that "[t]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (internal quotations and citation omitted).

The Federal Circuit defers to the relevant circuit for interpretation of the post-judgment statute. *Transmatic Inc. v. Gulton Indus. Inc.*, 180 F.3d 1343, 1347-48 (Fed. Cir. 1999). Accordingly, the United States Court of Appeals for the Fourth Circuit has stated that "awarding post-judgment interest on the entire [damages] amount . . . including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing *Bonjorno*, 494 U.S. at 835). Further, post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935 (E.D. Va. 2000) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999)).

### III. DISCUSSION

#### A. Supplemental Damages for Infringement Not Covered by the Jury's Verdict

I/P Engine seeks an award of supplemental damages for the Defendants' infringement from the period in which the Defendants provided discovery through the date of judgment entry, that is October 1, 2012 to November 20, 2012. The Court **FINDS** that I/P Engine is entitled to supplemental damages for the period of October 1, 2012 to November 20, 2012. Because I/P Engine was only provided revenue data for the accused products through September 30, 2012,

the Defendants are **ORDERED** to provide an accounting of revenue for the accused products through the date of judgment, November 20, 2012, **WITHIN FIFTEEN (15) DAYS OF THE ENTRY OF THIS ORDER**. Upon receipt of the additional accused products revenue data, the Plaintiff shall furnish the Court with its calculation of supplemental damages **WITHIN FIVE (5) DAYS**. The Defendants shall have **FIVE (5) DAYS** to respond to Plaintiff's calculations. No reply to the Defendants' response is permitted or necessary.

### B. Prejudgment Interest

I/P Engine seeks an award of prejudgment interest. The Defendants oppose such an award given the Plaintiff's delay in bringing this case, citing the U.S. Supreme Court's pronouncement in *General Motors Corp* that it may be appropriate to limit or deny prejudgment interest "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." Given the Court's ruling on laches, *see* ECF No. 800, it is appropriate to limit prejudgment interest. The Court does not find it necessary or equitable to deny prejudgment interest altogether but will instead limited it in accordance with its prior laches ruling.

As courts typically use either the prime rate or the U.S. Treasury rate, *TiVo, Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6 (collecting cases), the Court, within its broad discretion, **FINDS** the use of the prime rate, compounded quarterly, is proper. Further, as prejudgment interest runs from the date of infringement, as limited by the Court's laches' ruling, September 15, 2011, to the date of judgment, November 20, 2012, the Court **FINDS** that I/P Engine is entitled to prejudgment interest in an amount to be determined after I/P Engine updates its prejudgment interest calculation consistent with the additional infringing products revenue data the Court ordered the Defendant to furnish and the applicable period for which prejudgment interest is proper. Upon submitting its supplemental damages calculation, the Plaintiff is **DIRECTED** to

also file the amount it believes the Defendants owe in prejudgment interest in accordance with this Order. The Defendants shall have **FIVE (5) DAYS** to respond to Plaintiff's calculations. No reply to the Defendants' response is permitted or necessary.

### C. Post-Judgment Interest

I/P Engine also asserts that it is entitled to post-judgment interest on its damages award. The Court **FINDS** that I/P Engine is entitled to such interest, calculated in the manner set forth in 28 U.S.C. § 1961(a), "including [on] pre-judgment interest, [which] most closely comports with the purpose of post-judgment interest articulated by the Supreme Court," *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d at 1031. Plaintiff is entitled to post-judgment interest from the date of the entry of the judgment until payment is made in full. The Court also **FINDS** that it is proper to apply 28 U.S.C. § 1961(a)'s provisions to any supplemental damages assessed by the Court. Since the Court must address the issue of supplemental damages and the precise date when the Plaintiff's judgment will be satisfied is unknown, upon submitting its supplemental damages calculation, the Plaintiff is **DIRECTED** to also file the amount it believes the Defendants owe in post-judgment interest in accordance with this Order. The Defendants shall have **FIVE (5) DAYS** to respond to Plaintiff's calculations. No reply to the Defendants' response is permitted or necessary.

## IV. CONCLUSION

The Court **FINDS** that I/P Engine is entitled to supplemental damages for October 1, 2012 to November 20, 2012, in an amount to be determined, prejudgment interest in an amount to be determined from September 15, 2011 to November 20, 2012, and post-judgment interest for Defendants' infringement in an amount to be determined. Accordingly, I/P Engine's motion is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
August *1*, 2013

/s/
Raymond A. Jackson
United States District Judge