**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

I/P ENGINE, INC.      Plaintiff,

             v.                                Civil Action No. 2:11-cv-512

AOL, INC., *et al.*,      Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff argues that it should have leave to submit a recent PTO reexamination action because this action allegedly found the claims valid on the same grounds that I/P Engine had asserted in its validity case at trial.  (D.N. 959 at 2.)  Plaintiff argues that "Defendants could not have formed a good faith belief that the '420 patent was invalid" due to this re-examination action, and therefore Plaintiff's post-judgment royalties should be enhanced due to willfulness. (*Id.*)

This argument is unavailing for several reasons.  First, as explained in Defendants' Opposition to Plaintiff's Motion for Post-Judgment Royalties (D.N. 938), the only time period for which post-judgment royalties could be in play is the period between the November 2012 judgment and May 2013, when Defendants finished removing the allegedly-infringing filtering steps from the accused systems.  During this time period, the asserted '420 claims indisputably stood as rejected in the pending re-examination.  The fact that the PTO subsequently withdrew these rejections in the recent *ex parte* re-examination action says nothing about whether Defendants were willful or had a good-faith invalidity belief during the relevant November 2012-May 2013 period.  As Defendants explained in their Opposition to Plaintiff's Motion for Post-Judgment Royalties : "Any alleged infringement between the time of the jury's verdict and the completion of Google's re-design was therefore not willful and was subject to reasonable

validity and infringement challenges that had not been fully resolved." (*Id.* at 21.) The recent

re-examination action cannot change this fact, given that it issued two months after Google's

design-around was completed.

In any event, the fact that the PTO itself has flip-flopped on the question of whether the

'420 claims are invalid simply underscores how a reasonable person could certainly hold a good-

faith invalidity belief. This is particularly true given that Plaintiff was only able to convince the

PTO to reverse itself after a protracted *ex parte* process in which Plaintiff repeatedly argued its

validity case while Defendants were unable to respond or participate. This process included an

*ex parte* interview, reflected in the recent re-examination action, in which Plaintiff's counsel

argued its validity positions in person to the Examiner – again, without any ability for

Defendants to raise counter-arguments. The fact that Plaintiff was able to overcome the

invalidity rejections after this sustained *ex parte* attack certainly does not show that Defendants

could not have a good-faith invalidity belief.

Furthermore, willfulness is not even relevant to the question of post-judgment royalties,

as Defendants previously explained at length. (*See id.* at 19-23.) Willfulness is a punitive

enhancement to damages under 35 U.S.C. § 284, but an award of post-judgment royalties is an

equitable remedy under 35 U.S.C. § 283, which lacks a punitive component. (*See id.* at 19-20.)

For this reason as well, Plaintiff's Motion should be denied.

Finally, even if willfulness were relevant, the recent re-examination would do nothing to

vitiate Defendants' "good faith belief that the '420 patent was invalid," as Plaintiff alleges.

Defendants' anticipation case in this litigation has focused solely on the Bowman and Culliss

references. (*See, e.g.*, Trial Tr. at 1319:3-6.) Neither Bowman nor Culliss was addressed at all

in the recent re-examination action.  Thus, the recent re-examination action is irrelevant to Defendants' good-faith belief that the '420 patent is invalid for anticipation.

Meanwhile, Defendants' obviousness case has focused on the WebHound (a/k/a Lashkari) and Rose references.  (*See id.* at 1294:25-1295:3; 1298:13-17.)  The recent re-examination action found that WebHound and Rose do not anticipate the asserted independent claims, and on that basis withdrew rejections based on WebHound and Rose.  (*See* D.N. 958-1, Ex. 1-A at 5-7) (finding that Rose and WebHound have certain differences from independent claims 10 and 25).[1]  This does nothing to negate Defendants' invalidity position, because Defendants have consistently asserted WebHound and Rose as obviousness references, not anticipation references.  (*See, e.g.*, D.N. 892 at 9-12) (explaining why it would be obvious to bridge any difference between WebHound/Rose and the asserted claims).  In finding that WebHound and Rose do not anticipate the asserted claims, the recent re-examination action says nothing about Defendants' good-faith belief that the asserted claims are obvious over WebHound and Rose.

It short, the recent re-examination action does nothing to negate the invalidity position that Defendants have asserted in this litigation and are still asserting on appeal.  For this reason as well, Plaintiff's Motion should be denied.

---

[1]   As for the asserted dependent claims, the recent re-examination action simply stated: "Dependent claims 14, 15, 27, and 28 incorporate this language [from claims 10 and 25] and are allowable for at least the same reason."  (*Id.* at 9.)

DATED: August 2, 2013

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation,
IAC Search & Media, Inc., and Gannett Co., Inc.*

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &

4

DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC   20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

 */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

12560224v1