**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| I/P ENGINE, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:11-cv-512 |
| AOL, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

**I/P ENGINE, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

In Defendants' Opposition to I/P Engine's Motion to Leave to File Notice of Supplemental Authority, Defendants claim that "the recent re-examination action does nothing to negate the invalidity position that Defendants have asserted in this litigation and are still asserting on appeal." Opposition at 3. In making this claim, Defendants utterly ignore the circumstance in which they find themselves—adjudicated infringers of valid patents. They ignore the critically important facts that both the jury and this Court have already convincingly rejected their "invalidity position." That the PTO has now confirmed those findings demonstrates that—post adverse jury verdict—Defendants could not have formed a good faith belief of invalidity based on an *interim* PTO decision.

Google suggests that it did not have an opportunity to participate in the ex parte reexamination proceeding. IPE's motion, however, focuses on Defendants' status as adjudicated infringers of patents the jury and this Court found valid. Google certainly participated in the trial, having a full and fair opportunity to present its invalidity theories there. And, Google neglects to mention that it is the party that requested and initiated the ex parte reexamination

proceeding. It did so by filing a *70* page request laying out in substantial detail with claim charts its invalidity theories. Like the jury, the PTO rejected those theories (even when viewed against the substantially lower burden of proof the PTO applies). The Notice of Intent therefore confirmed the merits of (1) Dr. Jamie Carbonell's trial testimony that the '420 patent was valid, (2) the jury's factual findings with respect to the cited prior art, and (3) this Court's ruling that the patents are not obvious—all events that occurred in November 2012. Defendants cannot assert that, as of November 2012, after being adjudicated infringers of valid patents, they held a reasonable good-faith belief that the patents were invalid. And, they can "hardly justify" relying on an *interim* PTO decision as the basis for that belief. *See Acoustical Design, Inc. v. Control Elecs. Co*., 932 F.2d 939, 942 (Fed. Cir. 1991) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"), *cert. denied*, 502 U.S. 863 (1991).

     Google also suggests that its good faith invalidity belief is based on two prior art references, Bowman and Culliss, that were not considered by the PTO during the reexamination proceedings. That is not correct—both Bowman and Culliss were of record and considered by the PTO in the reexamination proceeding. Ex. A. (showing Bowman was acknowledged as considered by the Examiner and that Culliss was already of record).[1] In addition to the references themselves, the PTO also had before it Defendants' invalidity expert report that included approximately 20 pages of detailed explanation of Bowman and Culliss, and how those references invalidated the patents. *Id*. Yet, despite having those references, the PTO determined not to issue any rejections of the '420 patent based on them. The PTO did not deem them

---

[1] It is important to note that Defendants' appeal only asserts one anticipatory reference, Culliss. Defendants have dropped their anticipation theory with respect to Bowman.

relevant enough to the '420 patent to even raise an interim question of invalidity, again undermining Google's unreasonable belief of invalidity based on Bowman and Culliss.

Defendants also claim that the PTO only "found that WebHound and Rose do not <u>anticipate</u>" the claims of the '420 patent and that the PTO stated nothing about WebHound and Rose as obviousness references. Opposition at 3 (emphasis in original). Again, Defendants are incorrect. The Notice of Intent explicitly discussed obviousness—the PTO withdrew six different § 103(a) obviousness rejections including several based on WebHound and Rose. Notice of Intent at 8-9. The Notice of Intent specifically also states that:

> . . . none of the cited references, alone or *in combination*, teach or *suggest* the following claimed features:
>
>> (Claim 10) "… the filter system combining pertaining feedback data from the feedback system with the content profile data in filtering each informon for relevance to the query."
>> (Claim 25) "… combining pertaining feedback data with the content profile data in filtering each informon for relevance to the query."

*Id*. at 9 (emphasis added). The PTO therefore found that none of the prior art references, even when considered "in combination" with one another, "suggest" the claimed invention. That is classic language finding the patent claims are not "obvious."

As I/P Engine explained in its Memorandum in Support of its Motion for Leave, the Notice of Intent demonstrates (even under a lower burden of proof) that—post adverse jury verdict—Defendants could not have formed a good faith belief that the '420 patent was invalid.[2]

Dated: August 8, 2013    By:  /s/ Jeffrey K. Sherwood
                               Donald C. Schultz (Virginia Bar No. 30531)
                               W. Ryan Snow (Virginia Bar No. 47423)
                               CRENSHAW, WARE & MARTIN PLC

---

[2] Defendants' unilateral claim to have designed around the patents-in-suit is completely unsupported, and given the testimony at trial unlikely. In any event, Defendants' alleged design around is not relevant to the present motion. *See* D.I. 949 at 17-20.

150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Charles J. Monterio, Jr.
Jonathan Falkler
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Dawn Rudenko Albert
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Counsel for Plaintiff I/P Engine, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 8th day of August 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

>Stephen Edward Noona
>Kaufman & Canoles, P.C.
>150 W Main St, Suite 2100
>Norfolk, VA 23510 senoona@kaufcan.com
>
>David Bilsker
>David Perlson
>Quinn Emanuel Urquhart & Sullivan LLP
>50 California Street, 22nd Floor San Francisco, CA 94111
>davidbilsker@quinnemanuel.com
>davidperlson@quinnemanuel.com
>
>Robert L. Burns
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP Two Freedom Square
>11955 Freedom Drive Reston, VA 20190
>robert.burns@finnegan.com
>
>Cortney S. Alexander
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>3500 SunTrust Plaza
>303 Peachtree Street, NE Atlanta, GA 94111
>cortney.alexander@finnegan.com

    /s/ Jeffrey K. Sherwood