UNITED STATES DISTRICT COURT      REDACTED
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| I/P ENGINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 2:11-cv-512 |
| ) | |
| AOL, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF I/P ENGINE, INC.'S NOTICE OF CALCULATION OF SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST**

In its August 1, 2013 Order (D.I. 960), this Court held "that I/P Engine is entitled to supplemental damages for October 1, 2012 to November 20, 2012," "prejudgment interest … from September 15, 2011 to November 20, 2012," and "post-judgment interest for Defendants' infringement." Order at 7. In accordance with this Court's Order, I/P Engine provides herein its calculation of supplemental damages, the amount Defendants owe in prejudgment interest, and the amount Defendants owe in post-judgment interest.

**I. SUPPLEMENTAL DAMAGES**

Supplemental damages are calculated in accordance with the damages awarded in the jury verdict. Order at 2. In its verdict, the jury awarded damages in the form of a running royalty, and found that the royalty rate should be 3.5%. D.I. 789 at 11. The starting point for calculating supplemental damages is "an accounting of revenue for the accused products through the date of judgment, November 20, 2012." Order at 6.

On August 16, 2013, Defendants provided I/P Engine with revenues for the accused systems for the time period of October 1, 2012 through November 20, 2012 totaling

1

█████ The second step is to apportion the total revenues to create an apportioned royalty base. In its Order of August 13, 2013, this Court ordered an apportionment factor of 20.9% for post-judgment royalties, noting that this Court would not re-litigate this issue. D.I. 963 at 6. That same 20.9% apportionment factor also applies to supplemental damages. Accordingly, to determine the apportioned royalty base, the 20.9% apportionment factor is applied to the total revenues of ████████. The apportioned royalty base is ████████.

The third step is to apply the royalty rate to the apportioned royalty base. The jury found a 3.5% royalty rate. D.I. 789 at 11. Applying that 3.5% royalty rate to the apportioned royalty base, supplemental damages are $16,792,982 (3.5% of ████████). *See* Exhibit A for I/P Engine's supplemental damages calculations (an allocation by Defendant is provided below).

| Defendant | Apportioned Royalty Base | Supplemental Damages |
|---|---|---|
| Google | ████ | $15,637,463 |
| AOL | ████ | $384,160 |
| Gannett | ████ | $165 |
| IAC | ████ | $753,903 |
| Target | ████ | $8,800 |
| AOL Search Marketplace | ████ | $8,491 |

## II. PREJUDGMENT INTEREST

In its Order, this Court identified the parameters for calculating prejudgment interest stating that the "use of the prime rate, compounded quarterly, is proper" and that it should run "from the date of infringement, as limited by the Court's laches' ruling, September 15, 2011, to the date of judgment, November 20, 2012." Order at 6. In accordance with those parameters, prejudgment interest based upon the total compensatory damages (the award set forth in Verdict Form III.C. plus the supplemental damages award calculated above) is $536,708. *See* Exhibit B for I/P Engine's prejudgment interest calculations (an allocation by Defendant is provided below).

| Defendant | Total Damages | Interest |
|---|---|---|
| Google | $15,800,000 | $278,067 |
| AOL | $7,943,000 | $139,790 |
| Gannett | $4,322 | $76 |
| IAC | $6,650,000 | $117,035 |
| Target | $98,833 | $1,739 |

## III. POST-JUDGMENT INTEREST

This Court also found that post-judgment interest should be "calculated in the manner set forth in 28 U.S.C. § 1961(a)" and run "from the date of the entry of the judgment until payment is made in full." Order at 7. In accordance with that, post-judgment interest based upon the total compensatory damages (the award set forth in Verdict Form III.C. plus the supplemental damages award calculated above) and the prejudgment interest calculated above to date is $60,811. *See* Exhibit C for I/P Engine's post-judgment interest calculations. Post-judgment interest accrues in the amount of approximately $222.75/day. Because the date of Defendants' satisfaction of the judgment is not yet known, I/P Engine will provide an updated post-judgment interest amount upon Defendants' satisfaction of the judgment.

Dated: August 21, 2013

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Charles J. Monterio, Jr.
Jonathan Falkler
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Dawn Rudenko Albert
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Telephone:    (212) 277-6500
Facsimile:     (212) 277-6501

Counsel for Plaintiff I/P Engine, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2013, the foregoing **PLAINTIFF I/P ENGINE, INC.'S NOTICE OF CALCULATION OF SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST**, was served via the Court's CM/ECF system on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

                                                                                /s/ Jeffrey K. Sherwood