**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC. <br><br> Plaintiff, <br><br> v. <br><br> AOL, INC., *et al.*, <br><br> Defendants. | Civil Action No. 2:11-cv-512 |

**DECLARATION OF KEITH R. UGONE, PH.D. IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFF I/P ENGINE, INC.'S NOTICE OF CALCULATION OF
SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST,
AND POST-JUDGMENT INTEREST**

I, Keith R. Ugone, Ph.D., declare as follows:

1. I submitted an expert report and provided oral testimony at trial in this matter on behalf of Defendants Google Inc., AOL, Inc., IAC Search & Media, Inc., Gannett Co., Inc., and Target Corp. ("Defendants"). I described my qualifications in both my trial testimony and expert report. I have personal knowledge of the facts set forth in this Declaration. If called upon to testify, I could and would certify competently to these facts.

2. I have been asked to provide certain calculations in support of Defendants' Response to Plaintiff I/P Engine, Inc.'s Notice of Calculation of Supplemental Damages, Prejudgment Interest, and Post-Judgment Interest.

**Supplemental Damages**

3. I have been asked to calculate I/P Engine's supplemental damages for the time period from October 1, 2012 to November 20, 2012 using the 3.5% royalty rate awarded by the jury and the 2.8% apportionment factor I derived previously based upon the damages awarded by the jury. My derivation of the 2.8% apportionment factor (based upon the jury's damages award) is explained in the declaration I submitted on November 29, 2012 and is repeated below for convenience.

4. In response to an interrogatory, the jury found that the appropriate form of damages was a running royalty and set the royalty rate at 3.5%. (D.N. 789, 11.) The jury awarded total damages of $30,496,155, attributed as follows: Google - $15,800,000, AOL- $7,943,000, IAC - $6,650,000, Target - $98,833, and Gannett - $4,322. (*Id.*) Plaintiff asserts that 20.9% of the revenues for the accused products is the appropriate royalty base to which the

1

3.5% royalty should be applied (D.N.793, 11), but the amounts the jury awarded do not equate to a royalty base apportioned at 20.9% of revenue. I was informed that the only information Plaintiff provided the jury for the relevant damages period was a demonstrative slide (i.e., a "bar chart") that Dr. Becker discussed in relation to a damages period barred by laches (D.N. 807 ¶ 2 & Ex. B (PDX-441)), and that in closing argument, Plaintiff used the slide to display a royalty amount in the recoverable period that was derived from its 20.9% apportionment of revenue multiplied by its 3.5% royalty. I have reviewed PDX-441. Based upon the "bars" presented from third quarter 2011 through third quarter 2012, the height of each bar appears to reach between approximately $25 million and $29 million (as determined from a rough comparison to the scale on the left hand side of the chart). The jury awarded total damages from Google of $15,800,000. (D.N. 789, 11.) This award was based upon a 3.5% running royalty rate. (*Id.*) Using the information from the slide covering the allowable damages period and accounting for the 3.5% royalty rate yields an apparent apportionment value of approximately 2.8%. Specifically, the 2.8% estimated apportionment percentage is derived as follows. (I previously provided the details of my estimation at D.N. 806-2.)

> (a) The demonstrative exhibit that Plaintiff displayed for the allowable damages period (i.e., damages period beginning September 15, 2011) showed a claimed damages amount of approximately $118 million. (Trial Tr. 2005:13-2008:24; D.N. 807 at ¶ 2 & Ex. B (PDX-441).)

> (b) The jury's award of $15,800,000 is approximately 13.4% of the total royalties Plaintiff demanded against Google for the allowable damages period (i.e., $15.8 million divided by $118 million).

(c) Given the relative magnitude of the jury damages award and Plaintiff's claimed damages, the royalty base apportionment percentage based upon the jury verdict is 2.8% (i.e., 13.4% multiplied by the 20.9% apportionment percentage demanded by Plaintiff).

5. Revenue information for the time period from October 1, 2012 to November 20, 2012 has been provided for AdWords, AdSense for Search, AdSense for Mobile Search, and AOL Search Marketplace. It is my understanding that the total revenues provided for AdSense for Search include revenues associated with Google's AdSense for Search partners and co-defendants AOL, Gannett / USA Today, IAC, and Target. However, revenue information specific to each co-defendant also was provided for the time period from October 1, 2012 to November 30, 2012. In order to calculate I/P Engine's supplemental damages specific to each co-defendant, it was necessary to prorate the revenue amounts provided for the co-defendants to reflect the appropriate supplemental damages period (i.e., October 1, 2012 to November 20, 2012). Further, in both my calculation and I/P Engine's calculation, to avoid double counting (because Google's AdSense for Search revenues include revenues associated with the co-defendants), co-defendants' damages are subtracted from Google's damages to yield the damages specific to Google, net of the co-defendants.

6. Apportioning the total revenues for the October 1, 2012 to November 20, 2012 using the 2.8% apportionment factor and applying the 3.5% royalty rate yields total supplemental damages of $2,249,777. Supplemental damages associated with each Defendant are shown in the table below; the details of my calculations are provided in **Exhibit 1**.

| I/P Engine's Supplemental Damages October 1, 2012 – November 20, 2012 ||
|---|---:|
| Google | $2,120,939 |
| AOL | $42,390 |
| Gannett (USA Today) | $18 |
| IAC | $84,387 |
| Target | $906 |
| AOL Search Marketplace | $1,138 |
| **Total** | **$2,249,777** |

**Prejudgment Interest**

7.  I have been asked to calculate prejudgment interest in this matter using both the prime rate and U.S. Treasury rate and compounding quarterly. Throughout the time period from September 15, 2011 to November 20, 2012, the prime rate was 3.25%.

8.  The methodology that I employed in deriving my prejudgment interest calculation is as follows.

   (a) I allocated the jury's royalty damages award to the quarters between September 15, 2011 and September 30, 2012 using the number of days in each quarter relative to the number of days in the entire time period.

   (b) I assumed that these quarterly royalty amounts would have been paid at the end of each quarter, which would be in line with the likely arrangement of royalty reporting and payment in a real-world business situation.

9.  Using this methodology, I calculated the prejudgment interest that would be due on the damages awarded by the jury from September 15, 2011 to November 20, 2012 to be $537,616 using the prime rate compounded quarterly pursuant to the Court's instruction. Using the U.S. Treasury Rate, the corresponding amount would be $29,296. The results of my

4

calculations are presented in the tables below; the details of my calculation are provided in **Exhibit 2**.

| Prime Rate<br>Prejudgment Interest Calculation<br>September 15, 2011 – November 20, 2012 | |
|---|---|
| Google | $278,538 |
| AOL | $140,027 |
| Gannett | $76 |
| IAC | $117,233 |
| Target | $1,742 |
| **Total** | **$537,616** |

| U.S. Treasury Rate<br>Prejudgment Interest Calculation<br>September 15, 2011 – November 20, 2012 | |
|---|---|
| Google | $15,178 |
| AOL | $7,630 |
| Gannett | $4 |
| IAC | $6,388 |
| Target | $95 |
| **Total** | **$29,296** |

### Post-Judgment Interest

10. I have been asked to calculate post-judgment interest in the manner set forth in 28 U.S.C. § 1961(a) ("from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment") on the sum of (a) the damages awarded by the jury, (b) I/P Engine's supplemental damages, and (c) the prejudgment interest amounts shown above.

11. The average 1-year constant maturity Treasury yield for the week ending November 16, 2012 was 0.17%. The results of my calculation of post-judgment interest are presented in the table below; the details of my calculation are provided in **Exhibit 3**.

|  | **Using Prime Rate for Prejudgment Interest** | | **Using Treasury Rate for Prejudgment Interest** | |
| --- | --- | --- | --- | --- |
|  | **Post-Judgment Interest Per Day** | **Post-Judgment Interest Accrued as of 8/21/2013** | **Post-Judgment Interest Per Day** | **Post-Judgment Interest Accrued as of 8/21/2013** |
| Google | $84.76 | $23,225.52 | $83.54 | $22,889.43 |
| AOL | $37.84 | $10,369.37 | $37.23 | $10,200.41 |
| Gannett | $0.02 | $5.64 | $0.02 | $5.54 |
| IAC | $31.91 | $8,743.79 | $31.40 | $8,602.34 |
| Target | $0.47 | $129.51 | $0.46 | $127.40 |
| AOL Search Marketplace | $0.01 | $1.45 | $0.01 | $1.45 |
| **Total** | **$155.02** | **$42,475.28** | **$152.65** | **$41,826.58** |

12. I declare under penalty of perjury that the foregoing is true and correct.

_Keith R. Ugone_

Keith R. Ugone, Ph.D.
August 26, 2013

6

DATED: August 26, 2013         /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation, IAC Search & Media, Inc., and Gannett Co., Inc.*


 /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP

3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile: (415) 653-6444

*Counsel for Defendant AOL Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

        */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com