UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |  |
|---|---|---|
| I/P ENGINE, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:11-cv-512 |
| AOL, INC. *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**I/P ENGINE, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR DEFENDANTS TO SHOW CAUSE UNDER RULE 37
FOR NONCOMPLIANCE WITH AUGUST 13, 2013 ORDER**

Plaintiff I/P Engine, Inc. ("I/P Engine"), by counsel, in support of its Motion for Defendants to Show Cause under Rule 37 for Noncompliance with this Court's Order entered August 13, 2013, states as follows:

**Introduction**

Despite an Order from this Court "to produce *any documents relevant* for determining whether New AdWords is no more than a colorable variation of the adjudicated product" by August 25, 2013 (D.I. 963, p. 8), Defendants produced a mere seventeen (17) documents, and boundless source code (which was not available until August 28, 2013), and no custodial documents. Declaration of Charles J. Monterio, Jr. ¶¶ 4-5 ("Monterio Declaration"). Among other things, their production included no emails. *Id*. ¶ 7. Defendants produced this limited number of documents despite the fact that they claim that Google fundamentally re-designed one of the most profitable components of its business, and despite the fact that the discovery record leading up to

trial shows that Google carefully studies and analyzes all changes it makes to its systems before implementation. *Id.* ¶ 5. In their own words, Defendants assert that "custodial emails are not relevant." Ex. A. It is implausible that the alleged re-design for a multi-billion dollar system would have been engineered, tested, analyzed, approved and implemented on the basis of such scant documentation and *no relevant custodial documents*, such as emails discussing the changes.[1]

The consequences of this failure to comply are significant and disrupt this Court's schedule. Plainly, this Court's Order sought to eliminate any maneuvering between the parties over any discovery obligations by requiring that each party "must produce any documents relevant to" the alleged changes. This Court's schedule made the expert report, deposition, and briefing schedule reasonable in a short time frame. And, since the information about the alleged redesign rests entirely with Google, Google bears the responsibility of producing documents sufficient to permit this Court and I/P Engine to evaluate whether the alleged changes are not more than colorably different.

Instead, Google seeks to play discovery games, leaving I/P Engine with virtually no meaningful discovery after 20% of the discovery period has passed, denying I/P Engine a fair opportunity to produce the expert report envisioned by this Court's Order, and depriving this Court of a chance to have a fair hearing on the alleged changes in accordance with this Court's schedule. I/P Engine respectfully requests that this Court require Defendants to show cause for their noncompliance and to issue an appropriate remedy.

---

[1] Google has adopted a strategy of tirelessly re-litigating every issue and ignoring this Court's orders. This happened repeatedly at trial. Most recently, this Court ruled that it would adopt a 20.9% apportionment factor for the royalty base and would not "relitigate" that issue. *See* Order of August 13, 2013; D.I. 963 at 6. Google nonetheless selectively ignored that ruling in its filing of August 26, 2013 (D.I. 973) and argued again for a 2.8% apportionment factor – *an argument that this Court had just rejected*.

## Background

On November 20, 2012, this Court entered judgment on a jury verdict in favor of I/P Engine against Defendants for $30,496,155 with a running royalty rate of 3.5%. *See* D.I. 801. I/P Engine thereafter moved for an award of post-judgment royalties. *See* D.I. 822. In opposing the award of post-judgment royalties, Defendants claimed that, as of May 11, 2013, they re-designed the accused functionalities of the adjudged infringing system so as not to infringe the patents-in-suit. In particular, Defendants stated:

> As Google informed I/P Engine, Google has changed the accused system in ways that render it *far more than just "colorably different" from the adjudicated system*. Specifically, Google has removed *all three alternative bases* that I/P Engine presented at trial to meet the "filtering for relevance to the query" required in every asserted claims [*sic*].

D.I. 938, p. 5 (emphasis added).

By Memorandum Opinion and Order dated August 13, 2013, this Court, because of Google's argument that it re-designed its adjudged infringing AdWords system as of May 11, 2013 (*see* D.I. 963, p. 7), established a discovery schedule for New AdWords including a document production date of August 25, 2013:

> August 25, 2013 – The parties must produce *any documents relevant* for determining whether New AdWords is no more than a colorable variation of the adjudicated product. Any additional discovery is limited to three (3) depositions per side, including expert witnesses.

D.I. 963, p. 8 (emphasis added). The phrase "must produce any documents relevant for determining whether New AdWords is no more than a colorable varation of the adjudicated product" put the burden on Google to produce *any* documents that are relevant to making that determination; it did not give Google the right to handpick a subset of those documents.

3

## Grounds for Show Cause Order

Federal Rule of Civil Procedure 37(b)(2) provides that, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Such orders may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED.R.CIV.P. 37(b)(2).

Defendants have failed to comply with this Court's August 13, 2013 Order, and it appears they have done so purposefully.[2] Defendant Google, the party in control of the AdWords system and with sole custody of all relevant non-public documents, has produced just seventeen (17) non-source code documents. Monterio Decl. ¶ 4. And it has admitted to producing no custodial documents. Ex. A.

Google attempts to excuse its behavior by stating that "Google already produced technical documents and made the source code available for your inspection in compliance with

---

[2] On August 25, 2013, in compliance with the Order, I/P Engine produced such documents as it could find on Google's website that describe the current AdWords system. Monterio Decl. ¶ 3. None of those documents indicate any relevant change to the AdWords system. *Id*.

the Court's Order" (*Id*.), but the source code is not a substitute for producing all relevant documents. While Google may have made source code available, the review of that source code (without a roadmap) is unduly burdensome, if possible at all, based on this Court's truncated schedule. For example, the directory listing of the produced source code itself shows over 17 single-spaced pages of individual files. The communications between Google personnel, especially its engineers, and other custodial documents describing Google's efforts regarding the relevant changes serves as a necessary tool in efficiently mapping out what changes Google actually implemented and where they have been implemented, which provides a roadmap to review the source code. Monterio Decl. ¶ 8. In other words, the unproduced relevant emails and custodial documents are expected to explain: (1) who worked on the removal or modifications of the adjudged infringing functionalities and the new replacement features; (2) what functionalities were removed or modified and what they were replaced with; and (3) how Google implemented each alleged change in its code. All of this information is relevant to this Court's inquiry, and vital to I/P Engine's ability to prove that the New AdWords System is no more than colorably different from the adjudged infringing system.

Instead of complying with this Court's Order and providing all relevant documents, Google seeks to delay. This is Google's *modus operandi*. Google ultimately took 6 months to produce its original custodial documents. *Id*. ¶ 6. Recognizing these same tactics in response to this Court's August 13 Order, counsel for I/P Engine immediately raised these concerns at a meet and confer conference on August 27, 2013, two days after Google's deadline for production. *Id*. The very next day counsel for Google hedged its position stating:

> "Google is in the process of identifying custodians and search terms. We will provide additional information later this week regarding the timing of the production."

5

Ex. A. Again, counsel for Google seeks to delay its obligations by simply promising additional information about the timing of its supplemental production "later this week." *Id*. These documents should have been identified and produced on or before this Court's ordered deadline of August 25, 2013. Now almost a week has passed since the deadline and I/P Engine still does not have the documents. Given this Court's clear directive and truncated schedule, I/P Engine cannot afford to wait for Google to decide whether it will comply with this Court's Order and to what extent. Based on its actions, Google's "discovery plan" appears to be the same plan that previously took 6 months. Monterio Decl. ¶ 6.

This Court placed the burden on Google to produce *ab initio* and Google chose not to comply with this Court's Order. Google is in willful contempt of this Court's Order. That contempt should be sanctioned because it thwarts this Court's schedule and requires I/P Engine to seek this relief. The relief should reflect the fact that Google's stall tactic has already prejudiced I/P Engine. Simply stated, this Court's schedule allows no time for gameplay. I/P Engine must produce an expert witness report in just four (4) weeks. It is limited to three (3) depositions, including expert witnesses, leaving no room to wait to find out from a witness which documents were not produced or to review documents and determine which other witnesses should be deposed. This Court's schedule presupposed that depositions would be conducted based on a prior review of the "relevant" documents.

If past is prologue, then we know two facts: (1) Google generates a far larger amount of documents about changes to its systems than 17 documents; and (2) Google regularly refuses to stop re-litigating issues it has lost. Here, those two facts demonstrate that Google chose not to produce all "relevant" documents as required by this Court's order, and is therefore in contempt and should be sanctioned.

As a remedy for this contempt and as a sanction for Google's willful failure to produce the ordered documents, I/P Engine requests the following:

1. An order that the alleged changes to AdWords are not colorably different than the adjudged infringing systems; or

2. An order that Defendants shall produce all such documents, in native format, within 3 days and that I/P Engine shall have an additional 10 days to comply with each deadline in this Court's August 13, 2013 order, while the Defendants shall have no such extension of time;

3. An order that, in addition to the witnesses who may be produced pursuant to this Court's August 13, 2013 Order, Google shall also produce a person knowledgeable about the existence and location of the documents described in the August 13 Order upon 3 days notice of such deposition by I/P Engine;

4. An order that I/P Engine shall have an additional 7 hours to depose the original three Google witnesses;

5. An order that the produced source code be placed on a single, non-networked computer that is password protected and maintained in a secure, locked area in accordance with the Protective Order in the D.C. offices of counsel for I/P Engine (instead of the D.C. offices of counsel for Google) to afford I/P Engine the ability to review the unmanageable source code (especially without a roadmap) around the clock; and

6. An order awarding to I/P Engine all fees and costs associated with this motion including I/P Engine's fees and costs associated with conferring with Google regarding this issue.

# Conclusion

WHEREFORE, I/P Engine, by counsel, respectfully asks this Court to require Defendants to appear and show cause why their failure to fully and timely comply with this Court's Order entered August 13, 2013 should not result in sanctions under Rule 37, and for such other relief as is appropriate under the circumstances, including all means of relief allowed under Rule 37.

Dated: August 29, 2013      I/P ENGINE, INC.

By: /s/ Jeffrey K. Sherwood

Donald C. Schultz, VSB No. 30531
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
dschultz@cwm-law.com
wrsnow@cwm-law.com

Jeffrey K. Sherwood, VSB No. 19222
Kenneth W. Brothers (admitted pro hac vice)
Frank C. Cimino, Jr. (admitted pro hac vice)
Dawn Rudenko Albert (admitted pro hac vice)
Charles J. Monterio, Jr. (admitted pro hac vice)
Jonathan Falkler (admitted pro hac vice)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
*Counsel for I/P Engine, Inc.*

# **CERTIFICATE OF SERVICE**

I certify that on this 29th day of August 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

>Stephen Edward Noona
>Kaufman & Canoles, P.C.
>150 W Main St, Suite 2100
>Norfolk, VA 23510 senoona@kaufcan.com
>
>David Perlson
>Quinn Emanuel Urquhart & Sullivan LLP
>50 California Street, 22nd Floor San Francisco, CA 94111
>davidbilsker@quinnemanuel.com
>davidperlson@quinnemanuel.com
>
>Robert L. Burns
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP Two Freedom Square
>11955 Freedom Drive Reston, VA 20190
>robert.burns@finnegan.com
>
>Cortney S. Alexander
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>3500 SunTrust Plaza
>303 Peachtree Street, NE Atlanta, GA 94111
>cortney.alexander@finnegan.com

                /s/ Jeffrey K. Sherwood