UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |  |
|---|---|---|
| I/P ENGINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 2:11-cv-512 |
| | ) | |
| AOL, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF CHARLES J. MONTERIO, JR.
IN SUPPORT OF I/P ENGINE'S MOTION FOR DEFENDANTS TO SHOW CAUSE**

I, Charles J. Monterio, Jr., declare as follows:

1. I am an attorney with the law firm of Dickstein Shapiro LLP, 1825 Eye Street N.W., Washington, DC 20006 and am counsel for Plaintiff I/P Engine, Inc. ("I/P Engine") in the above-captioned case.

2. In its August 13, 2013 Order, this Court ordered the parties to "produce any documents relevant for determining whether New AdWords is no more than a colorable variation of the adjudicated product" by August 25, 2013.

3. On August 25, 2013, in compliance with the August 13 Order, I/P Engine produced the documents it could find on Google's website that describe the current AdWords system. None of those documents indicates any relevant change to the AdWords system.

4. Defendant Google, the party in control of the AdWords system and with sole custody of all relevant non-public documents, produced seventeen (17) total documents.

5. Those 17 documents do not appear to include much of the materials that Google historically created when it made changes to its AdWords system. Based on our review of Google's document productions before trial, Google carefully studies and analyzes all changes it makes to its systems before implementation. The 17 produced documents included no custodial documents that describe or relate to any alleged change.

6. At a meet and confer conference on August 27, 2013, I/P Engine raised its concerns as to Google's production because this is the same discovery tactic that Google employed before trial. Google ultimately took 6 months to produce its custodial documents (i.e., 6 months transpired between when I/P Engine served its document requests and when Google produced its documents).

7. As of the time of this filing, Google has produced no emails or other custodial documents.

8. The communications between Google personnel, especially its engineers, describing Google's efforts regarding the relevant changes serve as a helpful tool in mapping out what changes Google actually implemented, which provides a roadmap to review the source code.

Dated: August 29, 2013                By: ___/s/ Charles J. Monterio, Jr._____
                                      Charles J. Monterio Jr.
                                      DICKSTEIN SHAPIRO LLP
                                      1825 Eye Street, NW
                                      Washington, DC 20006
                                      Telephone: (202) 420-2200
                                      Facsimile:  (202) 420-2201

                                      Counsel for Plaintiff I/P Engine, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of August 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

> Stephen Edward Noona
> Kaufman & Canoles, P.C.
> 150 W Main St, Suite 2100
> Norfolk, VA 23510 senoona@kaufcan.com
>
> David Perlson
> Quinn Emanuel Urquhart & Sullivan LLP
> 50 California Street, 22nd Floor San Francisco, CA 94111
> davidbilsker@quinnemanuel.com
> davidperlson@quinnemanuel.com
>
> Robert L. Burns
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP Two Freedom Square
> 11955 Freedom Drive Reston, VA 20190
> robert.burns@finnegan.com
>
> Cortney S. Alexander
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 3500 SunTrust Plaza
> 303 Peachtree Street, NE Atlanta, GA 94111
> cortney.alexander@finnegan.com

            /s/ Jeffrey K. Sherwood