UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |  |
|---|---|---|
| I/P ENGINE, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:11-cv-512 |
| AOL, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

**I/P ENGINE, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO SHOW CAUSE UNDER RULE 37 FOR NONCOMPLIANCE
WITH AUGUST 13, 2013 ORDER AND REQUEST FOR HEARING**

By its own admission, Google failed to comply with this Court's Order. As set forth in its Opposition, Google only produced "the source code for the accused system and the relevant technical documents" (Opp. at 5) even though this Court's Order clearly required the production of "*any documents* relevant for determining whether New AdWords is no more than a colorable variation of the adjudicated product."

Google attempts to justify its violation of this Court's Order by arguing that it has produced the best evidence *Google* believes shows the actual changes to New AdWords. *Id*. at 3. By doing so Google is unilaterally imposing what it considers "proof" of infringement, disregarding other documents in its possession that are also relevant. But, Google does not get to make such a determination. It must produce "any relevant document." Google seems to ignore that it was *ordered* by this Court to do so – this is not a discovery dispute as Google's Opposition strongly implies. This Court fully understood the parameters of its Order when it required

Google to produce "any relevant document."  Google does not have the freedom to unilaterally change that.

Making its behavior even more egregious, by its own admission, soon after trial Google knew that it was going to assert non-infringement based on an alleged design around, yet Google apparently did nothing to prepare for such discovery, despite arguing that it offered that same discovery to I/P Engine five months ago.  Plainly that must have been an empty offer as Google now claims that it cannot comply with this Court's deadline, and requires an army of attorneys to review millions of emails.

Telling of Google's discovery gamesmanship, Google does not even explain why it did not maintain records of emails related to its modification of AdWords – emails that it knew (before such emails were created) would be relevant to discovery related to its alleged design around.  Also telling is the fact that, despite its promise to make a "targeted production of emails" in its email of August 28th, Google has failed to produce any additional documents to I/P Engine on a rolling basis to date.

Given the speed at which Google implemented its alleged design around (over a period of months), an example of relevant custodial documents would be those documents that describe in simple English-language (versus source code) the New AdWords system.  Such documents would assist I/P Engine and this Court in understanding the functionality of New AdWords.

To be clear, however, I/P Engine is not seeking only custodial emails, as repeatedly characterized by Defendants.  I/P Engine also seeks the production of any document – including technical documents, custodial documents, emails and any other document – "relevant for determining whether New AdWords is not more than a colorable variation of the adjudicated product."

Google claims to be the good guy here because it produced 2 million lines of source code and 17 technical documents, offered "to produce email to avoid further dispute" *after* this Court's deadline, and offered to consider an extension to this Court's schedule. Opp. at 8. But none of those acts excuse Google's violation of this Court's Order. If Google needed more time or other relief from this Court's Order, it could have sought relief. Yet, it did nothing.

Google's offer to produce documents after this Court's deadline does not eliminate the prejudice to I/P Engine caused by Google's violation. I/P Engine still must produce an expert report by this Court's ordered deadline of September 25 without possessing all of the relevant information. Indeed, Google has indicated that it will use more than 60% of the discovery period to produce only some of the documents ordered by this Court leaving I/P Engine with less than *two weeks* to analyze them, depose witnesses and produce an expert report. Google failed to mitigate I/P Engine's prejudice by declining to produce documents on a rolling basis. Two weeks have come and gone since Google purports to have agreed to produce these documents and as of today, not a single one has been produced.

For at least these reasons, this Court should grant I/P Engine's Motion to Show Cause. I/P Engine additionally requests a hearing on its Motion at this Court's earliest date.

Dated: September 12, 2013

By: /s/ Jeffrey K. Sherwood
Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone:   (757) 623-3000
Facsimile:   (757) 623-5735

Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers

Charles J. Monterio, Jr.
Jonathan Falkler
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Dawn Rudenko Albert
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Counsel for Plaintiff I/P Engine, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of September 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

>Stephen Edward Noona
>Kaufman & Canoles, P.C.
>150 W Main St, Suite 2100
>Norfolk, VA 23510
>senoona@kaufcan.com
>
>David Bilsker
>David Perlson
>Quinn Emanuel Urquhart & Sullivan LLP
>50 California Street, 22nd Floor San Francisco, CA 94111
>davidbilsker@quinnemanuel.com
>davidperlson@quinnemanuel.com
>
>Robert L. Burns
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP Two Freedom Square
>11955 Freedom Drive Reston, VA 20190
>robert.burns@finnegan.com
>
>Cortney S. Alexander
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>3500 SunTrust Plaza
>303 Peachtree Street, NE Atlanta, GA 94111
>cortney.alexander@finnegan.com

          /s/ Jeffrey K. Sherwood