**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| I/P ENGINE, INC. <br><br> Plaintiff, <br><br> v. <br><br> AOL, INC., *et al.*, <br><br> Defendants. | Civil Action No. 2:11-cv-512 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**
**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SHOW CAUSE**

Apparently, no good deed goes unpunished. Along with its August 29 Motion to Show Cause, Plaintiff filed a Motion to Shorten Time, requesting that Defendants respond to the Motion to Show Cause just 3 business days later – on September 4, 2013. (D.I. 981.) In return, Plaintiff stated that it "will <u>waive</u> its right to reply to Defendants' response." (*Id.* at 2) (emphasis added).

The next day, despite the fact that Plaintiff rushed to file its motion instead of engaging with Defendants in good faith regarding Plaintiff's (unjustified) requests for additional discovery, Defendants informed Plaintiff that they would agree to Plaintiff's expedited briefing schedule. Indeed, at Plaintiff's insistence, Plaintiff's counsel Donald Schultz and Defendants' counsel Stephen Noona jointly called this Court's Courtroom Clerk, Ms. Patrice Thompson, and left a voice message that Defendants would respond on an expedited basis by the date Plaintiff requested. Specifically, the message confirmed that Defendants agreed to file their Opposition to

1

the Motion to Show Cause by September 4. (Noona Decl., ¶ 4.) Defendants did file their Opposition on September 4 – instead of taking the full 11 days allowed under Local Rule 7 – by working diligently over the Labor Day weekend to meet Plaintiff's schedule. (D.I. 982.)

Yet, eight days later, on September 12 – after securing the benefit of Defendants' expedited response, without meeting and conferring with Defendants, and despite explicitly waiving its Reply if Defendants filed their Opposition on an expedited basis – Plaintiff took advantage of the situation and filed a Reply. (D.I. 986.) Like Plaintiff's Motion to Show Cause, Plaintiff's Reply is mostly an exercise in heated rhetoric and hyperbole aimed at Google.[1] (*See* D.I. 986 at 2 ("Plainly that must have been an empty offer [by Google]"); *id.* at 3 ("Google claims to be the good guy.")) Given that Plaintiff waived its right to a Reply in light of the expedited briefing schedule, Defendants asked Plaintiff to withdraw the Reply. Plaintiff refused, claiming now that its offer to waive Reply was premised on the Court granting a prompt hearing on the Motion to Show Cause, and that hearing had not occurred. (Noona Decl., Ex. 1.) But the language of the Motion to Shorten Time makes clear that Plaintiff's offer to waive its Reply was not <u>contingent</u> upon an oral hearing; Plaintiff merely requested one. (D.I. 981 at 2.) And certainly at no point did Plaintiff indicate to Defendants that Plaintiff's waiver of a Reply was contingent on Plaintiff's view as to whether the Court held a hearing fast enough.

Plaintiff's reneging on its commitment to waive a Reply is bad enough, and alone justifies striking Plaintiff's Reply. But Plaintiff's tactics are even more egregious when one considers the unfairness that these tactics created in the briefing schedule for the Motion to Show Cause. Defendants were forced to work very hard over the Labor Day weekend to prepare their

---

[1] Unfortunately, such rhetoric from Plaintiff has pervaded its filings throughout this case. (*See, e.g.,* D.I. 979 at 2 ("Google seeks to play discovery games"); 5 (delay is "Google's *modus operandi*;"); D.I. 201 at 2 (accusing Google of "sandbagging" in its assertion of prior art).)

2

Opposition Brief by the September 4 response deadline. The only *quid pro quo* for this shortened timeframe was Plaintiff's agreement to waive its Reply. Yet Plaintiff not only filed a Reply, but it filed this Reply a full eight days later, a <u>longer</u> timeframe than Plaintiff demanded for Defendants' Opposition.

    Plaintiff must be accountable for its own commitments and actions. Here, Plaintiff committed to not filing a Reply and induced Defendants to dramatically shorten the briefing schedule on the strength of that commitment. Plaintiff must be held to its commitment, regardless of whether the Court does nor does not set a hearing. Certainly, Plaintiff cannot use the <u>Court's</u> decision on when or if to hold a hearing in Plaintiff's requested timeframe as an excuse to nullify <u>Plaintiff's</u> commitments and representations to the Court and Defendants. Not striking Plaintiff's Reply will only encourage similar conduct by Plaintiff in the future.

    For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's Reply in Support of its Motion to Show Cause, and whatever further relief the Court feels justified, including Defendants' fees in briefing this motion.

DATED: September 13, 2013

   /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

David Bilsker
David A. Perlson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor

3

San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

*Counsel for Google Inc., Target Corporation,
IAC Search & Media, Inc., and Gannett Co., Inc.*


 */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile:  (202) 408-4400

Cortney S. Alexander
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
Telephone: (404) 653-6400
Facsimile:  (415) 653-6444

*Counsel for Defendant AOL Inc*.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 13, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey K. Sherwood
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
sherwoodj@dicksteinshapiro.com
brothersk@dicksteinshapiro.com

Donald C. Schultz
W. Ryan Snow
Steven Stancliff
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, VA  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
dschultz@cwm-law.cm
wrsnow@cwm-law.com
sstancliff@cwm-law.com

*Counsel for Plaintiff, I/P Engine, Inc.*

    /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com