UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| I/P ENGINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 2:11-cv-512 |
| AOL, INC. et al., | ) |
| Defendants. | ) |

**PLAINTIFF I/P ENGINE, INC.'S SUPPLEMENTAL MEMORANDUM SETTING FORTH ADDITIONAL NEW FACTS JUSTIFYING ITS REQUEST FOR DEFAULT JUDGMENT IN I/P ENGINE'S MOTION FOR DEFENDANTS TO SHOW CAUSE UNDER RULE 37 FOR NONCOMPLIANCE WITH THE AUGUST 13, 2013 ORDER**

Additional evidence supporting sanctions against Google came to light during the deposition of Mr. Bartholomew Furrow, which was conducted after I/P Engine filed its reply in support of its Motion to Show Cause. Mr. Furrow's testimony revealed that Google has (1) deleted relevant electronic records, (2) purposefully avoided producing relevant launch documents, (3) withheld relevant English-language descriptions of the changes to its source code, and (4) withheld relevant ████████ documents until well after this Court's deadline for production. There is no explanation for this pattern of behavior other than gamesmanship. I/P Engine filed its motion because it expected to see such documents (e.g., launch documents and emails) – something it had seen previously during discovery before trial, as Google has historically created such documents.

Mr. Furrow's deposition confirmed I/P Engine's suspicions – Google actively contrived to at least obfuscate the facts and made it as hard as possible for I/P Engine to obtain the relevant facts to understand what changes Google made to its AdWords system. Google should be

1

sanctioned for the intentional spoliation of relevant material with default judgment, or at a minimum, an adverse inference that the deleted evidence would have shown no more than colorable differences.

I. **GOOGLE SHOULD BE SANCTIONED WITH DEFAULT JUDGMENT, OR AT A MINIMUM, AN ADVERSE INFERENCE FOR INTENTIONAL SPOLIATION OF HIGHLY RELEVANT COMMUNICATIONS RELATING TO ITS ALLEGED DESIGN-AROUND OF ITS ADJUDICATED INFRINGING ADWORDS SYSTEM**

Google intentionally failed to preserve relevant evidence. Google is, and has been, "under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request." *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 439 F. Supp. 2d 524, 543 (E.D. Va. 2006), *vacated on other grounds*, 523 F.3d 1374 (Fed. Cir. 2008) (citation and quotation marks omitted).[1] At this juncture, it cannot be disputed that Google knows that evidence related to the alleged changes it made to its AdWords system (which it believes alters its adjudged infringer status) is relevant.



Yet, Mr. Furrow testified that ████████████████████████████████████████ ████████████████████████████████████████████████████████ (Monterio Decl., ¶ 10 (136:2-22)) ████████████████████████████████████ ████████████████████████████████████████ ████████████████ (*Id.* (137:13-15)). Mr. Furrow explained that ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ (*Id.* (136:14-18)).

---

[1] I/P Engine and Google have been in the present litigation since September 2011. Google was obligated to "suspend its routine document retention/destruction polic[ies] and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

But electronic conversations that occur through Google Talk or Google Hangouts can be logged and retained. *Id.* at ¶ 11. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[2] Deleting evidence – whether in bad faith or inadvertently – amounts to spoliation; spoliation that has prejudiced I/P Engine. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("Spoliation refers to the destruction or material alteration of evidence ... for another's use as evidence in pending or reasonably foreseeable litigation.").[3] In the Fourth Circuit, this is grounds for an adverse inference. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156-57 (4th Cir. 1995) (applied adverse inference where "[t]he party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction," and not merely from a party's "negligent loss or destruction of evidence."); *see also Silvestri*, 271 F.3d at 595 (granting default judgment based on spoliation); *VideoJet Sys. Int'l, Inc. v. Eagle Inks, Inc.*, 251 F.3d 170 (Fed. Cir. 2000) (same); *Taylor v. Mitre Corp.*, No. 1:11-cv-01247, 2012 WL 5473715 (E.D. Va. Sept. 10, 2012) (same).

---

[2] This is akin to failing to turn off auto-delete after a party knows that its duty to preserve has been triggered. *See e.g.*, *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 881 F. Supp. 2d 1132, 1149 (N.D. Cal. 2012) (the court held that failure to turn off an email auto-delete function alone constituted willful spoliation).

[3] In the Fourth Circuit, any level of fault, whether it is bad faith, willfulness, gross negligence, or ordinary negligence, suffices to support a finding of spoliation. *See Victor Stanley Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 529 (D. Md. 2010) ("In the Fourth Circuit, for a court to impose some form of sanctions for spoliation, any fault ... is a sufficiently culpable mindset."); *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 518 (D. Md. 2009) (listing bad faith/knowing destruction, gross negligence, and ordinary negligence as three states of mind to satisfy culpable deletion element); *Pandora Jewelry, LLC v. Chamilia, LLC*, No. CCB–06–3041, 2008 WL 4533902, at *9 (D. Md. Sept. 30, 2008) ("The Fourth Circuit requires only that the party seeking sanctions demonstrate fault, with the degree of fault impacting the severity of sanctions." (*citing Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001))); *Samsung*, 439 F. Supp. 2d at 540 (noting that spoliation can occur when destruction of evidence is willful or the result of inadvertent, albeit negligent, conduct).

## II.   GOOGLE'S CONDUCT IS ALSO SANCTIONABLE BECAUSE IT ALTERED ITS GENERAL BUSINESS PRACTICES TO AVOID CREATING RELEVANT, DISCOVERABLE DOCUMENTS

Mr. Furrow's deposition testimony also shows that Google changed its general business practices to avoid creating relevant documents for the *sole* purpose of thwarting I/P Engine's discovery in this proceeding. Mr. Furrow testified that ███████████████████████ ███████████████████████████████████████████████ (Monterio Decl., ¶ 10 (191:25-192:7)), ███████████████████████████████ ████████████████████████████████████ At his deposition, Mr. Furrow explained that ██████████████████████████████████████████████████ ██████████████ (Monterio Decl., ¶ 10 (192:21-24.)) ██████████████████ ██████████████████████████████ (*Id.* (193:6-21)). ███████████████ █████████████████████████████████████ (*Id.* (194:10-17)).

## III.  GOOGLE'S WITHHOLDING AND UNTIMELY PRODUCTION OF HIGHLY RELEVANT DOCUMENTS IS ADDITIONAL SUPPORT FOR I/P ENGINE'S MOTION FOR SANCTIONS

Google also withheld and failed to timely produce documents that it knew would aid I/P Engine in determining how New AdWords works – a failure that has severely prejudiced I/P Engine. First, Google withheld English-language descriptions of the source code from I/P Engine, leaving I/P Engine to sort through the underlying source code (968 source code files and almost two million lines of code (D.I. 982 at 3)) without the aid of these descriptions. Monterio Decl., ¶¶ 5-6. Mr. Furrow testified that ████████████████████████████ ████████████████████████████████████████████████████ (Monterio Decl., ¶ 10 (229:16-230:22)). Google did not produce these descriptions until after Mr. Furrow's deposition, and only in response to a request from I/P Engine. Monterio Decl., ¶¶ 5-6. But a prejudice because of the delay remains. Google's production came *the same day* as

4

I/P Engine's deadline to serve its expert reports, forcing I/P Engine to serve its reports without having sufficient time to consider and analyze these descriptions. *Id.*

Second, Google withheld relevant ▮▮▮▮▮▮ documents again until *the same day* as I/P Engine's deadline to serve its expert reports (after I/P Engine had already sorted through the source code). Monterio Decl., ¶¶ 7-8. Mr. Furrow confirmed that ▮▮▮▮▮▮ ▮▮▮▮▮▮ (*Id.* at ¶ 10 (137:9-12; 138:13-14)). These documents would have similarly aided I/P Engine's analysis of the source code. *Id.* at ¶¶ 7-8.

## IV. CONCLUSION

Google has no justification, reasonable or otherwise, for its conduct, and I/P Engine, though it has served its expert reports, has been greatly prejudiced because of it. This Court should impose sanctions against Google by entering default judgment against Google that the alleged changes to New AdWords are no more than colorably different than Old AdWords, as requested in I/P Engine's motion, or at a minimum, drawing an adverse inference against Google that the deleted evidence would have shown no more than colorable differences between New AdWords and Old AdWords; a lesser sanction would not cure the prejudice against I/P Engine.

Dated: October 31, 2013

Donald C. Schultz (Virginia Bar No. 30531)
W. Ryan Snow (Virginia Bar No. 47423)
CRENSHAW, WARE & MARTIN PLC
150 West Main Street
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

By: /s/ Jeffrey K. Sherwood
Jeffrey K. Sherwood (Virginia Bar No. 19222)
Frank C. Cimino, Jr.
Kenneth W. Brothers
Dawn Rudenko Albert
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Counsel for Plaintiff I/P Engine, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2013, the foregoing was served via the

Court's CM/ECF system, on the following:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com

David Bilsker
David Perlson
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidbilsker@quinnemanuel.com
davidperlson@quinnemanuel.com

Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
robert.burns@finnegan.com

Cortney S. Alexander
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 94111
cortney.alexander@finnegan.com

/s/ Jeffrey K. Sherwood