UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC 11 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

I/P ENGINE, INC.,

    Plaintiff,

v.                              Case No. 2:11cv512

AOL, INC., *et al.*,

    Defendants.

### SETTLEMENT CONFERENCE ORDER

This case has been referred to the undersigned for a settlement conference. In order to facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear at a settlement conference scheduled in the chambers of the undersigned at the United States District Court, 600 Granby Street, Norfolk, Virginia 23510, at **9:30 a.m. on Wednesday, January 22, 2014,** for the purpose of conducting discussions, in good faith, towards a compromised resolution of this case. Counsel must notify parties attending the settlement conference that electronic equipment (cell phones, pagers, laptops, etc.) is not permitted in the courthouse without the express permission of the Court.

2. **EACH PARTY MUST BRING TO THE SETTLEMENT CONFERENCE A PERSON WITH FULL AND COMPLETE AUTHORITY TO SETTLE THE CASE.** Local Civil Rule 83.6.

3. No party representative or party shall appear at the conference via telephone without first obtaining Court approval.

4. The authority of persons in attendance shall include the ability to completely

resolve all facets of the case without the need to seek or obtain additional authority from persons not in attendance. An insured party shall appear together with a representative of the insurer with authority to negotiate and conclude a settlement. An uninsured corporate party shall appear by a party representative with authority to negotiate and conclude a settlement. If there are issues involving medical or other liens, plaintiff shall attempt to have a representative for the lienholder present or available by telephone with authority to negotiate and conclude a settlement.

5. Prior to the settlement conference, the parties should make a good faith effort to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand should be exchanged.

6. The substantive negotiations at the settlement conference are confidential and may not be used by the parties for any purpose other than settlement. Federal Rule of Evidence 408.

7. The parties must:

   a. **Submit a brief memorandum of five pages or less directly to the chambers of the undersigned (do not file in the clerk's office) by NOON on THURSDAY, JANUARY 16, 2014.** Do not serve a copy of the letter on the opposing party unless you wish to disclose your settlement position. The memorandum can be faxed to (757) 222-7028.

   b. The memorandum will be considered and maintained on a confidential basis and will be destroyed upon conclusion of the conference, regardless of outcome.

   c. The memorandum should address the following:

      i. An objective overview of the basic allegations and relevant facts;

      ii. A realistic assessment of the strengths and weaknesses of each

2

        party's position;

   iii.    A summary of settlement discussions to date;

   iv.    A statement of settlement expectations (to include proposed settlement offers); and

   v.    Identify the lawyers and party representatives who will attend the conference.

8.    If the case presents unusual circumstances, or if you have any questions, counsel are encouraged to set up a conference call with the undersigned.

9.    At the settlement conference, counsel must be prepared to provide a brief oral presentation outlining the factual and legal highlights of the case to be followed by separate confidential caucuses.

10.    The parties must be prepared to reduce to memorandum form at the conclusion of the conference the basic terms of any settlement agreement. In the alternative, the court may require counsel and the parties to state the terms of the settlement agreement on the record.

11.    If *ex parte* or other *confidential* discussions occur during the settlement conference, the undersigned will not conduct any other hearing or make any further decisions in this case after beginning the settlement conference. The undersigned will not disclose the information received during the settlement conference to anyone without the permission of the party providing the information. The discussions occurring in the settlement conference may not be used by or against any party. Federal Rule of Evidence 408.

12.    If a party appears at the settlement conference without having complied with the requirements of this Order, the Court may continue or cancel the settlement conference, and may assess against the noncomplying party, attorney, or both, a monetary sanction which may include

the fees and expenses incurred by the other parties in attending the settlement conference.

13.  **IF THE MATTER IS SETTLED AT ANY TIME BEFORE THE CONFERENCE TAKES PLACE, THE PARTIES ARE DIRECTED TO APPRISE THE CHAMBERS OF THE UNDERSIGNED.**

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED.**

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 11, 2013