IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



I/P ENGINE, INC.,

    Plaintiff,

V.                                                    CIVIL ACTION NO. 2:11cv512

AOL INC., *et al.*,

    Defendants.

## *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiff's Notice of Calculation of Supplemental Damages, Prejudgment Interest, and Post-Judgment Interest, Dkt. No. 968, and Defendants' Opposition, Dkt. No. 973. The Court has carefully considered the parties' pleadings and finds it appropriate to enter judgments of supplemental damages and prejudgment interest, and to defer a ruling on post-judgment interest.

### I. BACKGROUND

On September 15, 2011, Plaintiff I/P Engine, Inc. filed a complaint against Defendants AOL, Inc., Google, Inc., IAC Search & Media, Inc., Gannett Company, Inc. and Target Corporation in which I/P Engine alleged that the Defendants had infringed several of its patents. On November 6, 2012, a jury reached a verdict finding that the Defendants had infringed the asserted claims of two of I/P Engine's patents. *See* Verdict Form, Nov. 6, 2012, Dkt. No. 789. The jury awarded I/P Engine damages in the amount of $30,496,155, which did not include interest. *Id.* The jury also awarded I/P Engine a running royalty rate of 3.5%. *Id.* On November 20, 2012, the formal judgment of the Court was entered into the record. *See*

Judgment of the Court, November 20, 2012, Dkt. No. 801. As a result of this favorable verdict, I/P Engine asked this Court for an award of prejudgment interest, post-judgment interest, and supplemental damages for Defendants' post-discovery and pre-verdict infringement. Dkt. No. 792. On August 1, 2013, the Court entered an Order finding that all three forms of relief were warranted, and ordered further discovery and briefing to facilitate calculation of the relevant amounts. Dkt. No. 960. On August 21, 2013, I/P Engine filed is Notice of Calculation. Dkt. No. 968. On August 26, 2013, Defendants filed their Opposition. Dkt. No. 973.

## II. DISCUSSION

### A. Supplemental Damages for Infringement Not Covered by the Jury's Verdict

In its August 1, 2013 Order, the Court concluded that I/P Engine is entitled to supplemental damages for the period of October 1, 2012 to November 20, 2012. Defendants have provided an accounting of revenue for the accused products for the relevant time period, Dkt. No. 969-2 (sealed), and I/P Engine and Defendants have submitted competing calculations of damages based on those revenues. Despite the widely differing amounts that the parties have concluded are warranted (Defendants estimate supplemental damages at $2,249,778, Dkt. No. 973, at 5, and I/P Engine at $16,792,982, Dkt. No. 968, at 2), the parties agree on most of the relevant factors. First, they agree that the proper calculation method is to apply the royalty apportionment factor, or royalty base, to the revenues, and then to apply the royalty rate to that figure. Second, they agree that it is proper to use the royalty rate explicitly found by the jury in an interrogatory on the verdict form: 3.5%. The parties disagree principally on the royalty apportionment factor to be used: I/P Engine contends it should be 20.9%, the figure its expert presented at trial, and Defendants contend it should be 2.8%. Defendants arrived at this figure by hypothesizing how the jury might have arrived at its ultimate damages calculation for

2

Defendant Google, extrapolating from that hypothesis, and applying the resulting figure to all Defendants. Their second disagreement is to the underlying revenues: Defendants contend that I/P Engine based its calculations on revenues through November 30, 2012, rather than through November 20, 2013.

"The amount of supplemental damages following a jury verdict 'is a matter committed to the sound discretion of the district court.' *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n. 2 (Fed.Cir.2008)." *SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365, 1384 (Fed. Cir. 2013). The Court has already concluded that 20.9% is the proper apportionment factor to use to determine the royalty base for the infringing systems. Dkt. No. 963, at 6. This figure was presented by I/P Engine's expert at the trial in this case, and the Court found his testimony credible and persuasive. By contrast, the Court finds Defendants' calculation overly speculative and therefore inappropriate to rely upon. Accordingly, the Court will award supplemental damages to I/P Engine by applying a 20.9% apportionment to the revenues for the relevant time period, and then a 3.5% royalty rate.

However, the Court cannot fully adopt I/P Engine's calculations because Defendants have shown that as to the non-Google Defendants, I/P Engine relied upon revenue figures for the entire month of November 2012, rather than through November 20, 2012. *Compare* Dkt. No. 969-2 (sealed) *with* Dkt. Nos. 976, 977 (sealed). However, Defendants and I/P Engine agree as to the total revenues for *all* Defendants, meaning that the total supplemental damages to be awarded is the same as that requested by I/P Engine but will be apportioned somewhat differently among the Defendants. Utilizing the pro-rated total revenue figures provided by Defendants, Dkt. No. 976 (sealed) with a 20.9% apportionment rate and 3.5% royalty rate results

in $16,784,491 total, apportioned as follows: $316,408 for AOL, $137 for Gannett, $629,891 for IAC, $6,760 for Target, and $15,831,295 for Google.[1]

### B. Prejudgment & Post-Judgment Interest

In its August 1, 2013 Order, the Court also found that I/P Engine should receive an award of prejudgment interest, calculated by applying the prime rate compounded quarterly to the damages from September 15, 2011 to November 20, 2012. Applying those directions, the parties have accordingly arrived at very similar figures for the damages awarded by the jury. *See* Dkt. No. 968, at 3; Dkt. No. 973, at 5. Accordingly, the Court will adopt I/P Engine's (slightly lower) figures, and will award prejudgment interest to I/P Engine as follows: $278,067 from Google, $139,790 from AOL, $76 from Gannett, $117,035 from IAC, and $1,739 from Target.

The parties agree, however, that because prejudgment interest is to be compounded quarterly, the interest on supplemental damages, which began on October 1, 2012, will not accrue until the end of this year and should be included in post-judgment interest. *See* Dkt. No. 973, at 5; Dkt. No. 969-3 (sealed). Finally, although the Court directed the parties to submit their calculations on post-judgment interest, this amount will not be finally known until payment of the judgment is made in full. Accordingly, the parties are **DIRECTED** to submit their calculations of post-judgment interest, incorporating the supplemental damages and prejudgment interest awarded in this Order, when Defendants have satisfied the judgment.

---

[1] Both Defendants and Plaintiff include calculations for "AOL Search Marketplace," which they both name as a "Defendant." Dkt. No. 968, at 2; Dkt. No. 973, at 4. AOL Search Marketplace is not a named Defendant in the case and was not part of the jury's verdict. Accordingly, the Court declines to enter an award against it.

4

## III. CONCLUSION

For the reasons stated above:

**IT IS ORDERED AND ADJUDGED** that Plaintiff, I/P Engine, Inc., recover of Defendant, Google, Inc., the sum of Sixteen Million One Hundred Nine Thousand Three Hundred Sixty-Two Dollars and 00/100 ($16,109,362).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, I/P Engine, Inc., recover of Defendant AOL, Inc., the sum of Four Hundred Fifty-Six Thousand One Hundred Ninety-Eight Dollars ($456,198).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, I/P Engine, Inc., recover of Defendant IAC Search & Media, Inc., the sum of Seven Hundred Forty-Six Thousand Nine Hundred Twenty-Six Dollars ($746,926).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, I/P Engine, Inc., recover of Defendant Gannett Co., Inc., the sum of Two Hundred Thirteen Dollars ($213).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, I/P Engine, Inc., recover of Defendant Target Corp., the sum of Eight Thousand Four Hundred Ninety-Nine Dollars ($8,499).

The parties are **DIRECTED** to submit their calculations of post-judgment interest once Defendants have satisfied the judgments against them.

The Clerk is **DIRECTED** to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 3 , 2014

Raymond A. Jackson
United States District Judge